IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C., and,<br>ANDRX CORPORATION,<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

In this patent infringement action, Plaintiffs ALZA Corporation and McNeil-PPC, Inc. (collectively "Plaintiffs"), for their complaint against Defendants, Impax Laboratories, Inc., Andrx Pharmaceuticals, L.L.C. and Andrx Corporation, allege as follows:

### PARTIES

1. Plaintiff ALZA Corporation is a corporation incorporated in Delaware, having its principal place of business at 1900 Charleston Road, P.O. Box 7210, Mountain View, CA 94039-7210.

2. Plaintiff McNeil-PPC, Inc. is a corporation incorporated in New Jersey, having a place of business at 7050 Camp Hill Road, Fort Washington, PA 19034.

3. On information and belief, Defendant Impax Laboratories, Inc. ("Impax") is incorporated in Delaware, having its principal place of business at 30831 Huntwood Avenue, Hayward, CA 94544.

4. On information and belief, Defendant Andrx Pharmaceuticals, L.L.C. ("Andrx LLC") is a company organized and existing under the laws of Delaware, having its principal place of business at 4955 Orange Drive, Davie, FL 33314.

5. On information and belief, Defendant Andrx Corporation ("Andrx Corp.") is a corporation incorporated in Delaware, having its principal place of business at 4955 Orange Drive, Davie, FL 33314.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under 35 U.S.C. § 1 *et seq.* generally, and 35 U.S.C. § 271(e)(2) specifically.

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Impax, Andrx LLC and Andrx Corp. because they are either incorporated in Delaware or organized and existing under the laws of Delaware.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

10. On July 19, 2005, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,919,373 ("the '373 Patent"). A true and correct copy of the '373 Patent is attached hereto as Exhibit A.

11. On August 16, 2005, the USPTO issued U.S. Patent No. 6,930,129 ("the '129 Patent"). A true and correct copy of the '129 Patent is attached hereto as Exhibit B.

12. ALZA Corporation is the current assignee of the '373 and '129 Patents.

13. ALZA Corporation manufactures the drug covered by the United States Food and Drug Administration ("FDA")-approved New Drug Application ("NDA") No. 21-121

and marketed under the tradename Concerta®, the active ingredient of which is methylphenidate hydrochloride (hereinafter "Concerta®" or "the Concerta® drug product"), in the United States.

14. McNeil-PPC, Inc. is the sole authorized distributor under the '373 and '129 Patents and NDA No. 21-121 for the Concerta® drug product.

15. Plaintiffs own all rights, title and interest in the '373 and '129 Patents, including all rights needed to bring this action in Plaintiffs' names.

16. The '373 and '129 Patents are now listed in the list of Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book"), maintained by the Food and Drug Administration ("FDA"), as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" Concerta®. 21 U.S.C. § 355(b)(1).

17. The '373 Patent is directed to a method for treating Attention Deficit Disorder ("ADD") and Attention Deficit Hyperactivity Disorder ("ADHD") comprising administering a dosage form containing methylphenidate that provides a release of methylphenidate at an ascending release rate over an extended period of time.

18. The '129 patent is directed to a method of treating ADD and ADHD by administering to a patient a composition comprising methylphenidate and a pharmaceutically acceptable carrier in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a period of time of 8 hours or more following said administration.

19. On information and belief, Impax filed an abbreviated new drug application (ANDA) with the FDA seeking approval to market generic copies of all dosage strengths of the Concerta® drug product for the treatment of ADHD prior to the expiration of the '373 and '129 Patents.

20. On information and belief, if its ANDA is approved by the FDA, Impax will market generic copies of all dosage strengths of the Concerta® drug product for the

3

treatment of ADHD, and doctors and patients will use each of the dosage strengths of Impax's generic copies of the Concerta® drug product for the indications marketed by Impax.

21. Pursuant to FDA regulation 21 C.F.R. § 314.94, each of Impax's generic copies of Concerta®'s dosage strengths must be the same as the respective dosage strengths of Concerta® with respect to various attributes including bioequivalence.

22. On information and belief, Impax elected to file an ANDA referencing New Drug Application (NDA) No. 21-121, which is the NDA that authorizes the marketing of the drug product Concerta® in four dosage strengths (i.e., 18 mg, 27 mg, 36 mg and 54 mg).

23. On information and belief, Impax has asserted to the FDA that its generic copies of Concerta®'s dosage strengths are the same as the respective dosage strengths of Concerta® with respect to various attributes including bioequivalence.

24. On information and belief, Impax's generic copies of the respective dosage strengths of Concerta® provide for an ascending rate of release as claimed in the '373 Patent and provide a substantially increasing blood plasma concentration for at least eight hours in patients that ingest them as claimed in the '129 Patent, which provides the Impax generic copies of the respective dosage strengths of Concerta® with the same unique safety and efficacy results as the respective dosage strengths of Concerta®.

25. On information and belief, Impax included in its ANDA, or amended its ANDA to include, a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '373 and '129 Patents are invalid or will not be infringed by the manufacture, use, or sale of the generic copies of the respective dosage strengths of Concerta® covered by Impax's ANDA.

26. Plaintiffs received letters from Impax on or about July 20, 2005 and on or about August 17, 2005, purporting to be the notices of Impax's ANDA and "Paragraph IV" certification(s) required by 21 U.S.C. § 355(j)(2)(B)(i)-(ii).

27. The letters received contain representations that the Impax product that is the subject of their ANDA does not have an ascending *in vitro* release rate of methylphenidate as determined by a dissolution test through at least the mid-point of the period of time required for 90% of the methylphenidate dosage to be released, and upon this basis, represent that the Impax drug product does not infringe the claims of the '373 patent. The letters further represent that Impax does not administer its drug product to patients, and thus, is not a direct infringer of the '129 patent. The letters further represent that the Impax drug product does not achieve a substantially ascending methylphenidate plasma drug concentration over a time period of 8 hours after administration, and on this basis, assert that use of the Impax drug product would not infringe the claims of the '129 patent.

28. After receiving Impax's earliest dated notice letter, Plaintiffs requested samples of the Impax drug product that is the basis of their ANDA for the purpose of testing and evaluation of such product(s). Plaintiffs subsequently reiterated their request for samples. After initially indicating that they were considering Plaintiffs' request for samples, Impax informed Plaintiffs on or around August 26, 2005 that they would not provide samples of their drug product. Impax provided a portion of their ANDA related to *in vitro* testing of their products on or around August 26, 2005, but failed to provide other requested portions of their ANDA including *in vivo* test data despite Plaintiff's good faith efforts to obtain such.

29. Pursuant to 35 U.S.C. § 271(e)(2)(A), Impax's filing of an ANDA, or amended ANDA, seeking approval to market its generic copies of the respective dosage strengths of the Concerta® drug product is an act of infringement of one or more claims of the '373 and '129 Patents entitling Plaintiffs to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Impax's ANDA be a date which is not earlier than the expiration date of the later of the '373 and '129 Patents, including any extensions of those dates.

30. On information and belief, Impax did not have an adequate good-faith basis for filing the "Paragraph IV" certification(s) accompanying its ANDA and/or amended ANDA.

31. On information and belief, Andrx LLC has filed ANDAs with the FDA seeking approval to market generic copies of all dosage strengths of the Concerta® drug product for the treatment of ADHD prior to the expiration of the '373 and '129 Patents. On information and belief, if its ANDAs are approved by the FDA, Andrx LLC will market generic copies of all dosage strengths of the Concerta® drug product for the treatment of ADHD, and doctors and patients will use each of the dosage strengths of Andrx LLC's generic copies of the Concerta® drug product for the indications marketed by Andrx LLC.

32. Pursuant to FDA regulation 21 C.F.R. § 314.94, each of Andrx LLC's generic copies of Concerta®'s dosage strengths must be to the same as the respective dosage strengths of Concerta® with respect to various attributes including bioequivalence.

33. On information and belief, Andrx LLC has asserted to the FDA that its generic copies of Concerta®'s dosage strengths are the same as the respective dosage strengths of Concerta® with respect to various attributes including bioequivalence.

34. On information and belief, Andrx elected to file ANDAs referencing New Drug Application (NDA) No. 21-121, which is the NDA that authorizes the marketing of the drug product Concerta® in four dosage strengths (i.e., 18 mg, 27 mg, 36 mg and 54 mg).

35. On information and belief, Andrx LLC's generic copies of the respective dosage strengths of Concerta® provide for an ascending rate of release as claimed in the '373 Patent and provide a substantially increasing blood plasma concentration for at least eight hours in patients that ingest them as claimed in the '129 Patent, which provides the Andrx LLC generic copies of the respective dosage strengths of Concerta® with the same unique safety and efficacy results as the respective dosage strengths of Concerta®.

36. On information and belief, Andrx LLC included in its ANDAs, or amended its ANDAs to include, a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '373 and '129 Patents are invalid or will not be infringed by the manufacture, use, or sale of the generic copies of the respective dosage strengths of Concerta® covered by Andrx LLC's ANDAs.

37. Plaintiffs received letters on or about July 22, 2005 and on or about August 18, 2005, purporting to be notices of Andrx LLC's ANDAs and "Paragraph IV" certification(s) required by 21 U.S.C. § 355(j)(2)(B)(i)-(ii).

38. An Andrx Corp. employee signed the Andrx LLC notice letters to ALZA on behalf of Andrx Corp. The offer of confidential access to Andrx LLC's ANDAs accompanying the notice letters is from "Andrx Corporation and its subsidiaries, including Andrx Pharmaceuticals, LLC." On information and belief, the sole and managing member of Andrx LLC is Andrx Corp.

39. On information and belief, Andrx LLC and Andrx Corp. jointly made the ultimate decision to, and did, file the above-described Andrx LLC ANDAs and "Paragraph IV" certifications. On information and belief, Andrx LLC and Andrx Corp. were necessarily aware of the '373 and '129 Patents when they filed the above-described ANDAs and "Paragraph IV" certifications. Unless otherwise indicated, Andrx LLC and Andrx Corp. shall hereinafter be referred to collectively as "Andrx."

40. The notice letters received from Andrx contain representations that the Andrx product that is the subject of their ANDA does not provide an ascending *in vitro* release rate of methylphenidate, and upon this basis, represent that the Andrx drug product does not infringe the claims of the '373 patent. The letters further represent that the Andrx drug product, inter alia, has a substantially constant release rate and does not achieve a substantially ascending methylphenidate plasma drug concentration over a time period of 8 hours after administration,

and on this basis, Andrx represents that the use of the Andrx drug product would not infringe the claims of the '129 patent.

41. After receiving Andrx's earliest dated notice letter, Plaintiffs engaged in continuous and good faith efforts to obtain samples of the Andrx drug product that is the subject of Andrx's ANDAs for the purpose of testing and evaluation of such product(s). After initially indicating that it was prepared to supply samples of its drug product for independent testing by Plaintiffs, on or about August 23, 2005 Andrx indicated that it would not provide samples for testing. Andrx provided Plaintiffs with a copy of their ANDA pertaining to their proposed 54 mg dosage strength product on or about August 23, 2005 and a copy of their ANDA pertaining to their proposed 18, 27 and 36 mg dosage strength products on September 1, 2005.

42. Pursuant to 35 U.S.C. § 271(e)(2)(A), Andrx's filing of ANDAs seeking approval to market its generic copies of the respective dosage strengths of the Concerta® drug product is an act of infringement of one or more claims of the '373 and '129 Patents entitling Plaintiffs to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Andrx's ANDAs be a date which is not earlier than the expiration date of the later of the '373 and '129 Patents, including any extensions of those dates.

43. On information and belief, Andrx did not have an adequate good-faith basis for filing the "Paragraph IV" certification(s) accompanying its ANDA(s).

### COUNT ONE
### (Direct Infringement of the '373 and '129 Patents Against Impax)

44. Plaintiffs incorporate and reallege paragraphs 1 through 43 above, as if set forth in full herein.

45. On information and belief, through the conduct alleged above, Impax has directly infringed, and continues to infringe directly, the '373 and '129 Patents.

46. By reason of Impax's direct infringement of the '373 and '129 Patents, Impax has caused and continues to cause Plaintiffs to suffer damage and irreparable harm. On information and belief, Impax's direct infringement of the '373 and '129 Patents will continue unless enjoined by this Court.

47. Plaintiffs have no adequate remedy at law for Impax's direct infringement of the '373 and '129 Patents.

48. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

## COUNT TWO
### (Contributory Infringement of the '373 and '129 Patents Against Impax)

49. Plaintiffs incorporate and reallege paragraphs 1 through 43 above, as if set forth in full herein.

50. On information and belief, through the conduct alleged above, Impax has, and/or will if its ANDA is approved, contributory infringed, and continue to contributory infringe, the '373 and '129 Patents.

51. By reason of Impax's contributory infringement, and/or impending contributory infringement once its ANDA is approved, of the '373 and '129 Patents, Impax has caused and continues to cause Plaintiffs to suffer damage and irreparable harm. On information and belief, Impax's contributory infringement, and/or impending contributory infringement once its ANDA is approved, of the '373 and '129 Patents will continue unless enjoined by this Court.

52. Plaintiffs have no adequate remedy at law for Impax's contributory infringement, and/or impending contributory infringement once its ANDA is approved, of the '373 and '129 Patents.

53. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

## COUNT THREE
### (Inducement of Infringement of the '373 and '129 Patents Against Impax)

54. Plaintiffs incorporate and reallege paragraphs 1 through 43 above, as if set forth in full herein.

55. On information and belief, through the conduct alleged above, Impax has, and/or will if its ANDA is approved, knowingly and actively induced doctors and patients to infringe, and continue to infringe, the '373 and '129 Patents.

56. By reason of Impax's inducement, and/or impending inducement once its ANDA is approved, of doctors and patients' direct infringement of the '373 and '129 Patents, Impax has caused and continues to cause Plaintiffs to suffer damage and irreparable harm. On information and belief, Impax's inducement, and/or impending inducement once its ANDA is approved, of doctors and patients' direct infringement of the '373 and '129 Patents will continue unless enjoined by this Court.

57. Plaintiffs have no adequate remedy at law for Impax's inducement, and/or impending inducement once its ANDA is approved, of doctors and patients' direct infringement of the '373 and '129 Patents.

58. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

## COUNT FOUR
### (Direct Infringement of the '373 and '129 Patents Against Andrx)

59. Plaintiffs incorporate and reallege paragraphs 1 through 43 above, as if set forth in full herein.

60. On information and belief, through the conduct alleged above, Andrx has directly infringed, and continues to infringe directly, the '373 and '129 Patents.

61. By reason of Andrx's direct infringement of the '373 and '129 Patents, Andrx has caused and continues to cause Plaintiffs to suffer damage and irreparable harm. On information and belief, Andrx's direct infringement of the '373 and '129 Patents will continue unless enjoined by this Court.

62. Plaintiffs have no adequate remedy at law for Andrx's direct infringement of the '373 and '129 Patents.

63. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

## COUNT FIVE
### (Contributory Infringement of the '373 and '129 Patents Against Andrx)

64. Plaintiffs incorporate and reallege paragraphs 1 through 43 above, as if set forth in full herein.

65. On information and belief, through the conduct alleged above, Andrx has, and/or will if its ANDAs are approved, contributory infringed, and continue to contributory infringe, the '373 and '129 Patents.

66. By reason of Andrx's contributory infringement, and/or impending contributory infringement once its ANDAs are approved, of the '373 and '129 Patents, Andrx has caused and continues to cause Plaintiffs to suffer damage and irreparable harm. On

11

information and belief, Andrx's contributory infringement, and/or impending contributory infringement once its ANDAs are approved, of the '373 and '129 Patents will continue unless enjoined by this Court.

67. Plaintiffs have no adequate remedy at law for Andrx's contributory infringement, and/or impending contributory infringement once its ANDAs are approved, of the '373 and '129 Patents.

68. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

## COUNT SIX
### (Inducement of Infringement of the '373 and '129 Patents Against Andrx)

69. Plaintiffs incorporate and reallege paragraphs 1 through 43 above, as if set forth in full herein.

70. On information and belief, through the conduct alleged above, Andrx has, and/or will if its ANDAs are approved, knowingly and actively induced doctors and patients to infringe, and continue to infringe, the '373 and '129 Patents.

71. By reason of Andrx's inducement, and/or impending inducement once its ANDAs are approved, of doctors and patients' direct infringement of the '373 and '129 Patents, Andrx has caused and continues to cause Plaintiffs to suffer damage and irreparable harm. On information and belief, Andrx's inducement, and/or impending inducement once its ANDAs are approved, of doctors and patients' direct infringement of the '373 and '129 Patents will continue unless enjoined by this Court.

72. Plaintiffs have no adequate remedy at law for Andrx's inducement, and/or impending inducement once its ANDAs are approved, of doctors and patients' direct infringement of the '373 and '129 Patents.

73. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs request that:

A. Judgment be entered that both Impax and Andrx have directly infringed, either literally or under the doctrine of equivalents, the '373 and '129 Patents;

B. Judgment be entered that the sale or offer to sell within the United States of the generic copy of Concerta® described in Impax's and Andrx's ANDAs contributorily infringes the '373 and '129 Patents;

C. Judgment be entered that both Impax and Andrx have, and/or will if their ANDAs are approved, contributorily infringed the '373 and '129 Patents;

D. Judgment be entered that the sale or offer to sell within the United States of the generic copy of Concerta® described in Impax's and Andrx's ANDAs for the indications listed in those ANDAs induces infringement of the '373 and '129 Patents;

E. Judgment be entered that both Impax and Andrx have, and/or will if their ANDAs are approved, induced infringement of the '373 and '129 Patents;

F. An order be entered directing the FDA not to approve Impax and Andrx's ANDAs effective any earlier than the later expiration date of the '373 and '129 Patents, including any extensions of those dates;

G. A permanent injunction be granted preventing Impax and Andrx, their officers, directors, agents, servants, employees, successors and assigns, and all others in concert and privity with them from directly infringing the '373 and '129 Patents;

H.  A permanent injunction be granted preventing Impax and Andrx, their officers, directors, agents, servants, employees, successors and assigns, and all others in concert and privity with them from contributorily infringing the '373 and '129 Patents;

I.  A permanent injunction be granted preventing Impax and Andrx, their officers, directors, agents, servants, employees, successors and assigns, and all others in concert and privity with them from inducing infringement of the '373 and '129 Patents;

J.  Judgment be entered that, in view of Impax and Andrx's relevant acts, this case is an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

K.  Plaintiffs be awarded their reasonable attorneys' fees incurred in connection with this action;

L.  Plaintiffs be awarded pre-judgment and post-judgment interest on each and every award;

M.  Plaintiffs be awarded their costs and expenses in bringing and prosecuting this action; and

N.  Plaintiffs be granted such other and further relief as the Court may deem just and proper.

                                                ASHBY & GEDDES

                                                /s/ Steven J. Balick
                                                Steven J. Balick (I.D. #2114)
                                                John G. Day (I.D. #2403
                                                222 Delaware Avenue
                                                17th Floor
                                                P.O. Box 1150
                                                Wilmington, Delaware 19899
                                                sbalick@ashby-geddes.com
                                                jday@ashby-geddes.com

                                                *Attorneys for Plaintiffs*
*Of Counsel:*                                       *ALZA Corporation and*
                                                *McNeil-PPC, Inc.*

David T. Pritikin
Lisa A. Schneider
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 S. Dearborn Street
55th Floor
Chicago, Illinois 60603
312.853.7000

- and -

Jeffrey P. Kushan
David A. Steffes
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
202.736.8000

- and –

Michael D. Hatcher
Sidley Austin Brown & Wood LLP
717 North Harwood
Suite 3400
Dallas, Texas 75201
214.981.3428

Dated: September 1, 2005