UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC., INC., | )<br>)<br>)<br>) |  |
| Plaintiffs | )<br>) | CIVIL ACTION NO. |
| v. | )<br>) | 05-CV-0642 |
| IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, LLC. and<br>ANDRX CORPORATION | )<br>)<br>)<br>) |  |
| Defendant. | ) |  |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants, Andrx Pharmaceuticals, LLC and Andrx Corporation (hereinafter "Andrx"), by its attorneys, answers the Complaint herein as follows:

1. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4. Andrx admits the allegations contained in paragraph 4 of the Complaint.

5. Andrx admits the allegations contained in paragraph 5 of the Complaint.

6. Andrx denies the characterization of the action, but admits the remaining allegations contained in paragraph 6 of the Complaint.

7. Andrx admits the allegations contained in paragraph 7 of the Complaint.

1

8.  To the extent that paragraph 8 of the Complaint pertains to Andrx, Andrx admits the allegations contained in paragraph 8 of the Complaint.  To the extent that paragraph 8 of the Complaint pertains to Impax Laboratories, Inc. ("Impax"), Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint and therefore denies same.

9.  To the extent that paragraph 9 of the Complaint pertains to Andrx, Andrx admits the allegations contained in paragraph 9 of the Complaint.  To the extent that paragraph 9 of the Complaint pertains to Impax Laboratories, Inc. ("Impax"), Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. To the extent that Paragraph 10 of the Complaint states conclusions of law Andrx states that no response is required.  To the extent that Paragraph 10 of the Complaint states allegations of fact, Andrx admits that United States Patent No. 6,919,373 ("the '373 patent") was issued on July 19, 2005 and that a copy of the '373 patent is attached to the Complaint as Exhibit A.  Andrx denies the remaining allegations of fact contained in paragraph 10 of the Complaint.

11. To the extent that Paragraph 11 of the Complaint states conclusions of law Andrx states that no response is required.  To the extent that Paragraph 11 of the Complaint states allegations of fact, Andrx admits that United States Patent No. 6,930,129 ("the '129 patent") was issued on August 16, 2005 and that a copy of the '129 patent is attached to the Complaint as Exhibit B.  Andrx denies the remaining allegations of fact contained in paragraph 11 of the Complaint.

12. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint except that Andrx does admit that CONCERTA® is a drug product approved by the United States Food and Drug Administration ("FDA") that contains methylphenidate hydrochloride. Andrx denies the remaining allegations in paragraph 13 of the Complaint.

14. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. To the extent that Paragraph 16 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 16 of the Complaint states allegations of fact, Andrx admits that the '373 and '129 patents are listed in the FDA's list of Therapeutic Equivalence Evaluations ("Orange Book") for the CONCERTA® drug products. Andrx denies the remaining allegations in paragraph 16 of the Complaint.

17. To the extent that Paragraph 17 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 17 of the Complaint states allegations of fact, Andrx denies the allegations contained in paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 18 of the Complaint

states allegations of fact, Andrx denies the allegations contained in paragraph 18 of the Complaint.

19. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and therefore denies same.

23. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and therefore denies same.

24. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and therefore denies same.

25. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and therefore denies same.

26. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and therefore denies same.

27. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and therefore denies same.

28. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and therefore denies same.

29. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and therefore denies same.

30. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and therefore denies same.

31. Andrx admits that Andrx LLC has filed Abbreviated New Drug Applications ("ANDAs") with the FDA seeking approval of its proposed methylphenidate hydrochloride products, which are bioequivalent to the CONCERTA® drug products. Andrx also admits that upon approval by the FDA, Andrx intends to market its proposed methylphenidate hydrochloride products. Andrx denies and/or believes that it has insufficient knowledge or information to form a belief about the remaining allegations and mischaracterizations of fact alleged in Paragraph 31 and therefore denies same.

32. Andrx admits that pursuant to FDA regulations Andrx's proposed methylphenidate hydrochloride products are bioequivalent to the CONCERTA® drug products. Andrx denies and/or believes that it has insufficient knowledge or information to form a belief about the remaining allegations and mischaracterizations of fact alleged in Paragraph 32 and therefore denies same.

33. Andrx admits that it has asserted to the FDA that its proposed methylphenidate hydrochloride products are bioequivalent to the CONCERTA® drug products. Andrx denies and/or believes that it has insufficient knowledge or information to form a belief about the remaining allegations and mischaracterizations of fact alleged in Paragraph 33 and therefore denies same.

34. To the extent that Paragraph 34 of the Complaint states conclusions of law, Andrx states that no response is required. To the extent that Paragraph 34 of the Complaint states allegations of fact, Andrx admits that its ANDAs reference New Drug Application (NDA) No. 21-121, which contains information on all four CONCERTA® drug products. Andrx denies the remaining allegations of fact contained in paragraph 34 of the Complaint.

35. Andrx denies the allegations and mischaracterizations contained in Paragraph 35 of the Complaint.

36. To the extent that Paragraph 36 of the Complaint states conclusions of law, Andrx states that no response is required. Andrx admits that on July 20, 2005 and August 16, 2005, pursuant to the provisions of 35 U.S.C. § 355(j)(2)(B)(ii), Andrx sent letters to ALZA Corporation and McNeil Consumer & Specialty Pharmaceuticals ("Plaintiffs") notifying them that Andrx had previously submitted ANDAs to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use and sell methylphenidate hydrochloride tablets, generic versions of the CONCERTA® products. Further, in the above referenced letters, Andrx stated that its proposed methylphenidate drug products will not infringe any valid claim of the '373 or '129 patents. Andrx denies the remaining allegations contained in paragraph 36 of the Complaint.

37. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and therefore denies same.

38. Andrx admits the allegations contained in paragraph 38 of the Complaint.

39. Andrx denies the allegations in paragraph 39 with regard to the filing of its ANDAs. Andrx admits that it had knowledge of the '373 patent and the '129 patent when it filed the respective Paragraph IV certification letters. Andrx denies the remaining allegations in paragraph 39 of the Complaint.

40. To the extent that Paragraph 40 of the Complaint states conclusions of law, Andrx states that no response is required. Andrx admits that its Paragraph IV certification letters state that its proposed methylphenidate drug products will not infringe any valid claim of the '373 or '129 patents. Andrx denies the remaining allegations of fact and mischaracterization contained in paragraph 40 of the Complaint.

41. Andrx admits that it acted in a continuous and good faith effort and provided Plaintiffs with a copy of Andrx's 54 mg methylphenidate hydrochloride ANDA on or about August 23, 2005 and a copy of Andrx's 18, 27 and 36 mg ANDA on or about September 1, 2005. Andrx denies the remaining allegations and mischaracterizations in paragraph 41.

42. Andrx denies the allegations and mischaracterizations contained in paragraph 42 of the Complaint.

43. Andrx denies the allegations and mischaracterizations contained in paragraph 43 of the Complaint.

**COUNT ONE**

44. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 44 of the Complaint.

45. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint and therefore denies same.

46. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint and therefore denies same.

47. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint and therefore denies same.

48. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint and therefore denies same.

## COUNT TWO

49. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 49 of the Complaint.

50. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint and therefore denies same.

51. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint and therefore denies same.

52. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint and therefore denies same.

53. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint and therefore denies same.

## COUNT THREE

54. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 54 of the Complaint.

55. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint and therefore denies same.

56. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint and therefore denies same.

57. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint and therefore denies same.

58. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint and therefore denies same.

## COUNT FOUR

59. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 59 of the Complaint.

60. Andrx denies the allegations contained in paragraph 60 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

61. Andrx denies the allegations contained in paragraph 61 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

62. Andrx denies the allegations contained in paragraph 62 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

63. Andrx denies the allegations contained in paragraph 63 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents and this case is not an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT FIVE

64. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 64 of the Complaint.

65. Andrx denies the allegations contained in paragraph 65 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

66. Andrx denies the allegations contained in paragraph 66 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

67. Andrx denies the allegations contained in paragraph 67 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

68. Andrx denies the allegations contained in paragraph 68 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents and this case is not an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT SIX

69. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 69 of the Complaint.

70. Andrx denies the allegations contained in paragraph 70 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

71. Andrx denies the allegations contained in paragraph 71 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

72. Andrx denies the allegations contained in paragraph 72 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

73. Andrx denies the allegations contained in paragraph 73 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents and this case is not an exceptional case under 35 U.S.C. § 285.

### FIRST AFFIRMATIVE DEFENSE

74. Upon information and belief, Andrx has not infringed any valid and enforceable claim of United States Patent No. 6,919,373 ("the '373 patent").

### SECOND AFFIRMATIVE DEFENSE

75. Upon information and belief, Andrx alleges that the '373 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 102 because the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '373 patent.

### THIRD AFFIRMATIVE DEFENSE

76. Upon information and belief, Andrx alleges that the '373 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 103 because the alleged invention, discovery or improvement was obvious in view of patents and/or printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '373 patent.

### FOURTH AFFIRMATIVE DEFENSE

77. Upon information and belief, Andrx alleges that the '373 patent is invalid because it was not obtained in a manner consistent with the provisions of title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §112.

### FIFTH AFFIRMATIVE DEFENSE

78. Upon information and belief, Andrx has not infringed any valid and enforceable claim of United States Patent No. 6,930,129 ("the '129 patent").

**SIXTH AFFIRMATIVE DEFENSE**

79.  Upon information and belief, Andrx alleges that the '129 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 102 because the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '129 patent.

**SEVENTH AFFIRMATIVE DEFENSE**

80.  Upon information and belief, Andrx alleges that the '129 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 103 because the alleged invention, discovery or improvement was obvious in view of patents and/or printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '373 patent.

**EIGHTH AFFIRMATIVE DEFENSE**

81.  Upon information and belief, Andrx alleges that the '129 patent is invalid because it was not obtained in a manner consistent with the provisions of title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §112.

**COUNTERCLAIMS**

82.  Andrx counterclaims against Plaintiffs, ALZA Corporation and McNeil-PPC, INC., ("Plaintiffs") for declaratory relief and damages and alleges as follows:

## COUNT I – DECLARATORY REFLIEF OF NONINFRINGEMENT OF THE '373 PATENT

83. Subject matter jurisdiction for this counterclaim is based upon 28 U.S.C. §§ 1338, 2201 and 2202 and Rule 13 of the Federal Rules of Civil Procedure.

84. An actual case or controversy exists between Plaintiffs and Andrx based upon Plaintiffs having filed a Complaint against Andrx.

85. Andrx does not infringe any valid and enforceable claim of the '373 patent.

## COUNT II – DECLARATORY RELIEF OF INVALIDITY OF THE '373 PATENT

86. Andrx realleges paragraphs 83-84 above into this counterclaim by reference with the same force and effect as if repeated herein in full.

87. The '373 patent is invalid for the reasons alleged in paragraphs 75-77 above, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

## COUNT III – DECLARATORY RELIEF OF NONINFRINGEMENT OF THE '129 PATENT

88. Andrx realleges paragraphs 83-84 above into this counterclaim by reference with the same force and effect as if repeated herein in full.

89. Andrx does not infringe any valid and enforceable claim of the '129 patent.

## COUNT IV – DECLARATORY RELIEF OF INVALIDITY OF THE '129 PATENT

90. Andrx realleges paragraphs 83-84 above into this counterclaim by reference with the same force and effect as if repeated herein in full.

91.  The '129 patent is invalid for the reasons alleged in paragraphs 79-81 above, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

**WHEREFORE**, Andrx demands:

A.  that the Complaint filed herein be dismissed and that the Plaintiff have and recover nothing by reason thereof;

B.  that United States Patent No. 6,919,373 be declared and adjudged invalid;

C.  that it be declared and adjudged that Andrx has not infringed and will not infringe any valid claim of United States Patent No. 6,919,373;

D.  that United States Patent No. 6,930,129 be declared and adjudged invalid;

E.  that it be declared and adjudged that Andrx has not infringed and will not infringe any valid claim of United States Patent No. 6,930,129;

F.  that this case be adjudged and decreed an exceptional case under 35 U.S.C. §285 and that Andrx be entitled to recover reasonable attorneys' fees and costs incurred in this action;

G. that Andrx be awarded damages, including punitive damages, for the assertion of a patent which Counterclaim Defendants knew to be invalid; and

H. such other and further relief as the Court deems just and equitable.

                                              **RAWLE & HENDERSON, LLP**

                                              /s/ William J. Cattie, III
                                              William J. Cattie, III, Esq.
                                              I. D. No. 953
                                              300 Delaware Avenue, Suite 1015
                                              P. O. Box 588
                                              Wilmington, DE 19899-0588
                                              (302) 778-1200
                                              Attorney for Defendant
                                              ANDRX PHARMACEUTICALS, LLC
                                              ANDRX CORPORATION

**OF COUNSEL**:
James V. Costigan, Esq.
Alan B. Clement, Esq.
Nicholas P. Chiara, Esq.
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
(212) 302-8989

Eric D. Isicoff, Esq.
ISICOFF, RAGATZ & KOENIGSBERG, P.A.
1200 Brickell Avenue
Miami, Florida 33131
(305) 373 3232

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC., INC., | )<br>)<br>) |  |
| Plaintiffs | )<br>) | CIVIL ACTION NO. |
| v. | ) | 05-CV-0642 |
| IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, LLC. and<br>ANDRX CORPORATION | )<br>)<br>)<br>) |  |
| Defendant. | ) |  |

### CERTIFICATE OF SERVICE

I, William J. Cattie, III, Esq., do hereby certify that on October 25, 2005, I have E-filed through LEXIS NEXIS the **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** upon the following individual(s):

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
222 Delaware Avenue
17th Floor
P. O. Box 1150
Wilmington, DE 19899
Attorneys for plaintiffs

                              **RAWLE & HENDERSON, LLP**

                              /s/ William J. Cattie, III
                              William J. Cattie, III, Esq.
                              I. D. No. 953
                              300 Delaware Avenue, Suite 1015
                              P. O. Box 588
                              Wilmington, DE 19899-0588
                              (302) 778-1200
                              Attorney for Defendants
                              ANDRX PHARMACEUTICALS, LLC and
                              ANDRX CORPORATION.