## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION<br>and McNEIL-PPC. INC.,<br>　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C., and<br>ANDRX CORPORATION,<br>　　　　　　　Defendants. | Civil Action No. 05-642-JJF |

### IMPAX LABORATORIES, INC.'S ANSWER AND COUNTERCLAIMS

Defendant IMPAX Laboratories, Inc. ("IMPAX"), by way of Answer to the Complaint filed by Alza Corporation and McNeil-PPC Inc. (collectively "Plaintiffs"), states as follows:

#### THE PARTIES

1.　　IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2.　　IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies them.

3.　　IMPAX admits the allegations contained in paragraph 3 of the Complaint.

4.　　IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies them.

5.　　IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

6.      IMPAX admits that Plaintiffs purport to bring this action under Title 35 United States Code § 1 et seq. and specifically § 271(e)(2), for patent infringement. To the extent paragraph 6 of the Complaint makes allegations directed to Andrx LLC and/or Andrx Corp., IMPAX is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. IMPAX denies the remaining allegations of paragraph 6.

7.      IMPAX admits the allegations contained in paragraph 7 of the Complaint. To the extent paragraph 7 of the Complaint makes allegations directed to Andrx LLC and/or Andrx Corp., IMPAX is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

8.      IMPAX admits the allegations contained in paragraph 8 of the Complaint. To the extent paragraph 8 of the Complaint makes allegations directed to Andrx LLC and/or Andrx Corp., IMPAX is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

9.      IMPAX admits the allegations contained in paragraph 9 of the Complaint. To the extent paragraph 9 of the Complaint makes allegations directed to Andrx LLC and/or Andrx Corp., IMPAX is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them.

## GENERAL ALLEGATIONS

10.      IMPAX admits that the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,919,373 (the "'373 patent") on July 19, 2005, and that a copy of the '373 patent is attached to the Complaint as Exhibit A. IMPAX denies the remaining allegations of paragraph 10 of the Complaint.

DB02:5102351.1                                                                                    059844.1003

11.     IMPAX admits that the PTO issued U.S. Patent No. 6,930,129 ("the '129 patent") on August 16, 2005, and that a copy of the '129 patent is attached to the Complaint as Exhibit B. IMPAX denies the remaining allegations of paragraph 11 of the Complaint.

12.     IMPAX is without knowledge or information sufficient to form a belief as to the current assignee of the '373 and '129 patents and therefore denies the same.

13.     IMPAX admits that Concerta® is a drug product that contains methylphenidate hydrochloride and is approved by the United States Food and Drug Administration ("FDA"). IMPAX is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 13, and therefore denies them.

14.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore denies them.

15.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore denies them.

16.     IMPAX admits that the '373 and '129 patents are listed in the FDA Orange Book with respect to the Concerta® drug product. IMPAX denies the remaining allegations of paragraph 16 of the Complaint.

17.     To the extent that Paragraph 17 of the Complaint states conclusions of law, IMPAX states that no response is required. IMPAX denies the remaining allegations of paragraph 17 of the Complaint.

18.     To the extent that Paragraph 18 of the Complaint states conclusions of law, IMPAX states that no response is required. IMPAX denies the remaining allegations of paragraph 18 of the Complaint.

19.    IMPAX admits that it filed an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval of the methylphenidate hydrochloride extended-release tablets that are the subject of IMPAX's ANDA as bioequivalent to the Concerta® drug product. IMPAX denies the remaining allegations of paragraph 19 of the Complaint.

20.    IMPAX denies the allegations contained in paragraph 20 of the Complaint.

21.    IMPAX admits that pursuant to FDA regulations, the methylphenidate hydrochloride extended-release tablets that are the subject of IMPAX's ANDA are bioequivalent to the Concerta® drug products. IMPAX denies the remaining allegations of paragraph 21 of the Complaint.

22.    To the extent paragraph 22 of the Complaint states conclusions of law, no response is required by IMPAX. IMPAX admits that its ANDA references NDA No. 21-121. IMPAX denies the remaining factual allegations of paragraph 22 of the Complaint.

23.    IMPAX admits that it has informed the FDA that the methylphenidate hydrochloride extended-release tablets that are the subject of IMPAX's ANDA are bioequivalent to the Concerta® drug products. IMPAX denies the remaining factual allegations of paragraph 23 of the Complaint.

24.    IMPAX denies the allegations and mischaracterizations contained in paragraph 24 of the Complaint.

25.    IMPAX admits that it amended its ANDA to include a "paragraph IV" certification with regard to the '373 patent under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), stating: "the ['373] patent is invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of the methylphenidate HCl extended-release tablets for which [the ANDA] is submitted." IMPAX admits that it amended its ANDA to include a "paragraph IV" certification with regard

to the '129 patent under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), stating: "the ['129] patent is invalid, unenforceable, or will not be infringed by the manufacture, use, or sale of the methylphenidate HCl extended-release tablets for which [the ANDA] is submitted." IMPAX denies the remaining allegations of paragraph 25 of the Complaint.

26.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies them.

27.     IMPAX's Notices of Paragraph IV Certification speak for themselves. IMPAX admits that those Notices provide bases of non-infringement of the '373 and '129 patents. IMPAX denies the remaining allegations of paragraph 27 of the Complaint.

28.     IMPAX admits that Plaintiffs requested samples of the methylphenidate hydrochloride extended-release tablets that are the subject of IMPAX's ANDA. After receiving Plaintiffs' request, IMPAX requested that Plaintiffs explain their need for such samples. Upon Plaintiffs' failure to provide an adequate explanation, IMPAX informed Plaintiffs that IMPAX would not provide the requested samples. IMPAX further admits that it provided Plaintiffs portions of its ANDA and that Plaintiffs requested additional portions of IMPAX's ANDA. After receiving Plaintiffs' request, IMPAX requested that Plaintiffs explain their need for additional portions of IMPAX's ANDA. Upon Plaintiffs' failure to provide an adequate explanation, IMPAX informed Plaintiffs that IMPAX would not provide the additional requested portions of the IMPAX ANDA. IMPAX denies the remaining allegations of paragraph 28 of the Complaint.

29.     IMPAX denies the allegations contained in paragraph 29 of the Complaint.

30.     IMPAX denies the allegations contained in paragraph 30 of the Complaint.

31.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore denies them.

32.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and therefore denies them.

33.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and therefore denies them.

34.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and therefore denies them.

35.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and therefore denies them.

36.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and therefore denies them.

37.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and therefore denies them.

38.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and therefore denies them.

39.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and therefore denies them.

40.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and therefore denies them.

41.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and therefore denies them.

42.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and therefore denies them.

43.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and therefore denies them.

## COUNT ONE
### (DIRECT INFRINGEMENT OF THE '373 AND '129 PATENTS AGAINST IMPAX)

44.    In response to the allegations contained in paragraph 44 of the Complaint, IMPAX realleges paragraphs 1-43 above as if fully set forth herein.

45.    IMPAX denies the allegations contained in paragraph 45 of the Complaint.

46.    IMPAX denies the allegations contained in paragraph 46 of the Complaint.

47.    IMPAX denies the allegations contained in paragraph 47 of the Complaint.

48.    IMPAX denies the allegations contained in paragraph 48 of the Complaint.

## COUNT TWO
### (CONTRIBUTORY INFRINGEMENT OF THE '373 AND '129 PATENTS AGAINST IMPAX)

49.    In response to the allegations contained in paragraph 49 of the Complaint, IMPAX realleges paragraphs 1-43 above as if fully set forth herein.

50.    IMPAX denies the allegations contained in paragraph 50 of the Complaint.

51.    IMPAX denies the allegations contained in paragraph 51 of the Complaint.

52.    IMPAX denies the allegations contained in paragraph 52 of the Complaint.

53.    IMPAX denies the allegations contained in paragraph 53 of the Complaint.

## COUNT THREE
### (INDUCEMENT OF INFRINGEMENT OF THE '373 AND '129 PATENTS AGAINST IMPAX)

54.    In response to the allegations contained in paragraph 54 of the Complaint, IMPAX realleges paragraphs 1-43 above as if fully set forth herein.

55.    IMPAX denies the allegations contained in paragraph 55 of the Complaint.

DB02:5102351.1                                                                  059844.1003

56.    IMPAX denies the allegations contained in paragraph 56 of the Complaint.

57.    IMPAX denies the allegations contained in paragraph 57 of the Complaint.

58.    IMPAX denies the allegations contained in paragraph 58 of the Complaint.

## COUNT FOUR
### (DIRECT INFRINGEMENT OF THE '373 AND '129 PATENTS AGAINST ANDRX)

59.    In response to the allegations contained in paragraph 59 of the Complaint, IMPAX realleges paragraphs 1-43 above as if fully set forth herein.

60.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and therefore denies them.

61.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint and therefore denies them.

62.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint and therefore denies them.

63.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and therefore denies them.

## COUNT FIVE
### (CONTRIBUTORY INFRINGEMENT OF THE '373 AND '129 PATENTS AGAINST ANDRX)

64.    In response to the allegations contained in paragraph 64 of the Complaint, IMPAX realleges paragraphs 1-43 above as if fully set forth herein.

65.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and therefore denies them.

66.    IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint and therefore denies them.

67.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint and therefore denies them.

68.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint and therefore denies them.

## COUNT SIX
### (INDUCEMENT OF INFRINGEMENT OF THE '373 AND '129 PATENTS AGAINST ANDRX)

69.     In response to the allegations contained in paragraph 69 of the Complaint, IMPAX realleges paragraphs 1-43 above as if fully set forth herein.

70.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and therefore denies them.

71.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and therefore denies them.

72.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and therefore denies them.

73.     IMPAX is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and therefore denies them.

74.     IMPAX further answers that any allegations in the Complaint requiring a response from IMPAX not specifically admitted are denied.  IMPAX also denies that Plaintiffs are entitled to any of the relief they have requested.


## FIRST AFFIRMATIVE DEFENSE

75.     The methylphenidate hydrochloride extended release tablets that are the subject of IMPAX's ANDA and their administration to patients has not and will not infringe any valid claims of the '373 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

76.　All claims of the '373 patent are invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. §§ 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

77.　The methylphenidate hydrochloride extended release tablets that are the subject of IMPAX's ANDA and their administration to patients has not and will not infringe any valid claims of the '129 patent, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

78.　All claims of the '129 patent are invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. §§ 102, 103 and 112.

## COUNTERCLAIMS

For its Counterclaims, IMPAX alleges as follows:

### THE PARTIES

79.　IMPAX is a corporation organized under the laws of the State of Delaware having its principal place of business at 30831 Huntwood Avenue, Hayward, California 94544.

80.　In the Complaint, Plaintiffs allege that ALZA is a corporation incorporated under the laws of Delaware, having a principal place of business at 1900 Charlestown Road, P.O. Box 7210, Mountain View, CA 94039-7210.

81.　In the Complaint, Plaintiffs allege that McNeil is a corporation incorporated under the laws of New Jersey and has a principal place of business at 7050 Camp Hill Road, Fort Washington, PA 19034.

## JURISDICTION AND VENUE

82.    These Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

83.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

84.    This Court has personal jurisdiction over ALZA for at least the reason that ALZA is incorporated in Delaware and has submitted to the jurisdiction of this Court by virtue of filing its Complaint.

85.    This Court has personal jurisdiction over McNeil for at least the reason that McNeil has submitted to the jurisdiction of this Court by virtue of filing its Complaint.

86.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS AT ISSUE

87.    In the Complaint, Plaintiffs allege that Alza owns the '373 and '129 patents and that McNeil is the sole authorized distributor under the '373 and '129 Patents and NDA No. 21-121 for the Concerta® drug product.

88.    Plaintiffs further allege that IMPAX has infringed one or more claims of the '373 and '129 Patents.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '373 PATENT)

89.    IMPAX realleges paragraphs 79 through 88 above as if fully set forth herein.

90.    A case or controversy exists between IMPAX and Plaintiffs concerning the alleged infringement of the '373 patent, which requires a declaration of rights by this Court.

91.    The methylphenidate hydrochloride extended release tablets that are subject of IMPAX's ANDA and their administration to patients has not and will not infringe any valid claim of the '373 patent.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '373 PATENT)

92.    IMPAX realleges paragraphs 79 through 88 above as if fully set forth herein.

93.    A case or controversy exists between IMPAX and Plaintiffs concerning the alleged validity of the claims of the '373 Patent, which requires a declaration of rights by this court.

94.    All claims of the '373 patent are invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. §§ 102, 103, and 112.

## THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '129 PATENT)

95.    IMPAX realleges paragraphs 79 through 88 above as if fully set forth herein.

96.    A case or controversy exists between IMPAX and Plaintiffs concerning the alleged infringement of the '129 patent, which requires a declaration of rights by this court.

97.    The methylphenidate hydrochloride extended release tablets that are subject of IMPAX's ANDA and their administration to patients has not and will not infringe any valid and enforceable claim of the '129 patent.

## FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '129 PATENT)

98.    IMPAX realleges paragraphs 79 through 88 above as if fully set forth herein.

99.    A case or controversy exists between IMPAX and Plaintiffs concerning the alleged validity of the claims of the '129 patent, which requires a declaration of rights by this court.

100.    All claims of the '129 patent are invalid for failing to comply with the requirements of the patent laws of the United States, 35 U.S.C. §§ 102, 103, and 112.

WHEREFORE, IMPAX prays that this Court:

(a)    Dismiss the Complaint herein with prejudice and denying Alza and McNeil the relief requested in the Complaint;

(b)    Enter judgment that the methylphenidate hydrochloride extended release tablets that are the subject of IMPAX's ANDA do not and will not infringe any valid claim of the '373 patent;

(c)    Enter judgment that all claims of the '373 patent are invalid;

(d)    Permanently enjoin Plaintiffs ALZA and McNeil, their officers, agents, directors, servants, employees, subsidiaries and assigns, and all those acting under the authority of or in privity with them or with any of them, from asserting or otherwise seeking to enforce the '373 patent against IMPAX;

(e)    Enter judgment that the methylphenidate hydrochloride extended release tablets that are the subject of IMPAX's ANDA do not and will not infringe any valid claim of the '129 patent;

(f)    Enter judgment that all claims of the '129 patent are invalid;

(g)    Permanently enjoin Plaintiffs ALZA and McNeil, their officers, agents, directors, servants, employees, subsidiaries and assigns, and all those acting under the authority of or in privity with them or with any of them, from asserting or otherwise seeking to enforce the '129 patent against IMPAX;

(h)    Award costs incurred by IMPAX in this action;

13

059844.1003

(i)    Declare this case exceptional and award reasonable attorneys' fees to

IMPAX pursuant to 35 U.S.C. § 285; and

(j)    Grant such other and further relief as the Court deems just and proper.

Dated:  November 16, 2005

Respectfully Submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
jingersoll@ycst.com

OF COUNSEL:

GOODWIN PROCTER LLP
David M. Hashmall, Esq.
Frederick H. Rein, Esq.
Keith A. Zullow, Esq.
599 Lexington Avenue
New York, NY  10022
(212) 813-8800

DB02:5102351.1                                                                059844.1003

# CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on November 16, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

> William J. Cattie, III, Esquire
> RAWLE & HENDERSON LLP
> 300 Delaware Avenue, Suite 1015
> PO Box 588
> Wilmington, DE 19899

I further certify that on November 16, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> David T. Pritikin
> Lisa A. Schneider
> SIDLEY AUSTIN BROWN & WOOD LLP
> Bank One Plaza
> 10 S. Dearborn Street, 55th Floor
> Chicago, IL 60603

> James V. Costigan, Esquire
> HEDMAN & COSTIGAN, P.C.
> 1185 Avenue of the Americas
> New York, NY 10036

Eric D. Isicoff, Esquire
ISICOFF, RAGATZ & KOENIGSBERG, P.A.
1200 Brickell Avenue
Miami, FL 33131


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Josy W. Ingersoll (No. 1088)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Impax Laboratories, Inc.