IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C. and<br>ANDRX CORPORATION,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-642-JJF |

## REPLY TO COUNTERCLAIMS

ALZA Corporation and McNeil-PPC, Inc. (collectively "Plaintiffs"), by their attorneys, hereby reply to the counterclaims of defendant IMPAX Laboratories, Inc. ("Defendant") as follows:

Plaintiffs admit that Defendant purports to assert counterclaims for declaratory relief and damages, but deny that any meritorious counterclaim has arisen.

### The Parties

79.　Plaintiffs admit the allegations in Paragraph 79 based on information and belief.

80.　Plaintiffs admit the allegations in Paragraph 80.

81.　Plaintiffs admit the allegations in Paragraph 81.

### Jurisdiction and Venue

82.　Plaintiffs admit that Defendant purports to assert counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq., as alleged in Paragraph 82.

83. Plaintiffs admit that Defendant purports to assert that subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, as alleged in Paragraph 83, and aver, solely for the purpose of this action, that they do not contest the existence of subject matter jurisdiction.

84. Plaintiffs admit the allegations in Paragraph 84.

85. Plaintiffs admit the allegations in Paragraph 85.

86. Plaintiffs admit the allegations in Paragraph 86.

### The Patents at Issue

87. Plaintiffs admit the allegations in Paragraph 87.

88. Plaintiffs admit the allegations in Paragraph 88.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '373 Patent)

89. Plaintiffs incorporate by reference their responses to Paragraphs 79-88 of Defendant's counterclaims, above.

90. Plaintiffs admit the allegations in Paragraph 90.

91. Plaintiffs deny the allegations in Paragraph 91.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '373 Patent)

92. Plaintiffs incorporate by reference their responses to Paragraphs 79-88 of Defendant's counterclaims, above.

93. Plaintiffs admit that Defendant purports to assert that a case or controversy exists between Defendant and Plaintiffs concerning the validity of the claims of the '373 patent for jurisdictional purposes under the declaratory judgment statute, as alleged in Paragraph 93, but deny that Defendant has asserted a meritorious claim.

94.  Plaintiffs deny the allegations in Paragraph 94.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '129 Patent)

95.  Plaintiffs incorporate by reference their responses to Paragraphs 79-88 of Defendant's counterclaims, above.

96.  Plaintiffs admit the allegations in Paragraph 96.

97.  Plaintiffs deny the allegations in Paragraph 97.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '129 Patent)

98.  Plaintiffs incorporate by reference their responses to Paragraphs 79-88 of Defendant's counterclaims, above.

99.  Plaintiffs admit that Defendant purports to assert that a case or controversy exists between Defendant and Plaintiffs concerning the validity of the claims of the '129 patent for jurisdictional purposes under the declaratory judgment statute, as alleged in Paragraph 99, but deny that Defendant has asserted a meritorious claim.

100.  Plaintiffs deny the allegations in Paragraph 100.

Plaintiffs further reply that any allegations requiring an answer at this time that are not specifically admitted are denied.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(i) enter judgment on Defendant's counterclaims in favor of Plaintiffs, and against Defendant; and

(ii) deny Defendant any relief on its counterclaims, including but not limited to the relief sought in prayers for relief (a)-(j), inclusive.

*Of Counsel:*

David T. Pritikin
Thomas D. Rein
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 S. Dearborn Street
55th Floor
Chicago, Illinois 60603
(312) 853-7000

Jeffrey P. Kushan
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Michael D. Hatcher
Sidley Austin Brown & Wood LLP
717 North Harwood
Suite 3400
Dallas, Texas 75201
(214) 981-3428

Dated: December 6, 2005
164298.1

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*
*ALZA Corporation and McNeil-PPC, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2005, the attached **REPLY TO COUNTERCLAIMS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| David M. Hashmall, Esquire<br>Goodwin Procter LLP<br>599 Lexington Avenue<br>New York, NY 10022 | VIA FEDERAL EXPRESS |
| William J. Cattie, III, Esquire<br>Rawle & Henderson, LLP<br>300 Delaware Avenue, Suite 1015<br>Wilmington, DE 19899-0588 | HAND DELIVERY |
| James V. Costigan, Esquire<br>Hedman & Costigan, P.C.<br>1185 Avenue of the Americas<br>New York, NY 10036 | VIA FEDERAL EXPRESS |
| Eric D. Isicoff, Esquire<br>Isicoff, Ragatz & Koenigsberg, P.A.<br>1200 Brickell Avenue<br>Miami, FL 33131 | VIA FEDERAL EXPRESS |

/s/ Tiffany Geyer Lydon
_____
Tiffany Geyer Lydon