IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>   Plaintiffs,<br><br>   v.<br><br>IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C. and<br>ANDRX CORPORATION,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-642-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

## **RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),[*]

IT IS ORDERED that:

1. PRE-DISCOVERY DISCLOSURES. The parties will exchange by February 6, 2006, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. JOINDER OF OTHER PARTIES. All motions to join other parties shall be filed on or before July 3, 2006.

---

[*] In the spirit of cooperation, Andrx is willing to adopt the proposed schedule outlined in this submission, however, Andrx strongly believes that the dates can be condensed and a trial conducted sooner than proposed. Plaintiffs believe that this is an ambitious schedule that can only be met if the requested samples are provided by Defendants by March 1, 2006.

3. DISCOVERY.

(a) Exchange and completion of document requests shall be commenced so as to be completed by May 1, 2006. One hundred tablets of each strength of each drug product that is the basis of an ANDA at issue shall be made available no later than March 1, 2006 to persons on behalf of plaintiffs who are authorized to receive and handle methylphenidate. The Fact Discovery Cut-off shall be August 16, 2006. Exchange of contention interrogatories shall be commenced so that responses will be due no later than September 15, 2006.

(b) A maximum of 50 total interrogatories by plaintiffs and 50 total interrogatories by defendants (to be divided amongst the co-plaintiffs and co-defendants as necessary), including contention interrogatories and including all discrete subparts, to be responded to within thirty (30) days of service.

(c) A maximum of 60 total requests for admission by plaintiffs and 60 total requests for admission by defendants (to be divided amongst the co-plaintiffs and co-defendants as necessary) to be responded to within thirty (30) days of service.

(d) A maximum of 15 total depositions by plaintiffs and 15 total depositions by defendants, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a, b, and c) is completed.

(e) Initial reports from retained experts required by Fed. R. Civ. P. 26 (a)(2) are due from the party carrying the burden of proof on an issue by September 22, 2006.

Responsive Expert Reports are due by October 23, 2006. Reply Expert Reports are due by November 3, 2006.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than the Expert Discovery Cut-off of December 15, 2006.

4.    DISCOVERY DISPUTES.

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

3

5.  AMENDMENT OF THE PLEADINGS. All motions to amend the pleadings shall be filed on or before July 3, 2006.

6.  CASE DISPOSITIVE MOTIONS. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before January 8, 2007. Oppositions shall be due on January 28, and Reply briefs shall be due on February 5, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days prior to the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.  MARKMAN. A Markman Hearing will be held on February 15, 2007. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing, and pursuant to agreement of the parties, in accordance with the following schedule: opening Markman briefs shall be due on January 8, 2007, and Opposition briefs shall be due on January 28, 2007. There will be no reply. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8.  APPLICATIONS BY MOTION.

(a)  Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_vivil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. PRETRIAL CONFERENCE AND TRIAL. After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to (90) days of the Pretrial Conference.

_____  _____
DATE                              UNTIED STATES DISTRICT JUDGE