IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>   Plaintiffs,<br><br>   v.<br><br>IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C. and<br>ANDRX CORPORATION,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-642-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties recognize that pursuant to discovery they may be required to disclose trade secrets and other confidential or proprietary information.

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such information.

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) Fed. R. Civ. P. to protect against improper disclosure or use of confidential or proprietary information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1. Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure ("discovery material") which, in the good-faith opinion of the party providing such material (the "producing

party") contains any trade secret or other confidential or proprietary research, development, or commercial information may be designated by the producing party as "Protected Information." Protected Information, designated as such in accordance with this order, shall be disclosed or made available only to persons permitted by paragraphs 5–6.

2. This Protective Order establishes two categories of Protected Information. Information in the higher category is referred to as "Highly Confidential Information." Information in the lower category is referred to as "Confidential Information."

3. The parties may designate especially sensitive Protected Information as "Highly Confidential Information." This designation shall be made in good faith and shall be reserved for Protected Information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the producing party such as, by way of example only, information on the producing party's products currently in development and not yet commercially released, including pending patent applications on those products. Where the marking or designation of documents, testimony, pleadings, or things is required under this paragraph 3, a legend bearing the word "Highly" shall be used in addition to the legend bearing the word "Confidential" for such information.

4. Protected Information may be designated as subject to this Protective Order as follows:

    (a) With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Protected Information appears with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a marking of like import. Documents that have been marked "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY" will be treated as if

marked "HIGHLY CONFIDENTIAL" as that term is defined in this Order. In the case of computer medium, the marking shall be placed on the medium and its label and/or cover. To the extent practical, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be placed near the Bates number.

(b) In lieu of marking the original of a document which contains Protected Information prior to inspection, counsel for the producing party may orally or in writing designate documents being produced for inspection as containing Protected Information, thereby making them subject to this Order; however, subject to paragraph 20, any copies of such documents must be marked by the producing party in accordance with subparagraph (a) at the time copies are provided.

(c) Testimony or information disclosed at a deposition may be designated by a party as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order. Whenever possible, the stenographic reporter shall be requested to separate those portions of the transcript containing Confidential Information or Highly Confidential Information and separately bind them from each other and from the non-confidential portions. Alternatively, a party may designate testimony or information disclosed at a deposition as Protected Information by notifying the other parties, in writing, within thirty (30) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as Protected Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Highly Confidential Information from the taking of the deposition until thirty (30) calendar days after

receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

Notwithstanding the foregoing, any employee of a party who is not authorized to receive Protected Information under paragraphs 5–6 may attend a deposition at which Protected Information may be disclosed. In such event, a party desiring to designate specific testimony or information as Protected Information must do so by indicating on the record at the deposition that such testimony or information is subject to the provisions of this Protective Order. The designating party shall have the right to exclude such persons from the deposition only during the period any Protected Information is disclosed or discussed.

      (d)    In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Protected Information by prominently marking such paper with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or a marking of like import.

      (e)    If a document has more than one designation, the more restrictive designation applies.

5. Highly Confidential Information and any analysis or report containing Highly Confidential Information may be made available to and inspected by:

      (a)    Outside counsel of record and its employees whose duties and responsibilities require access to such materials.

(b) Subject to paragraph 8: (i) up to three (3) specified in-house attorneys of Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson ("Plaintiffs") who now have responsibility for maintaining, defending or evaluating this litigation (but who do not have direct responsibility for prosecuting patent applications related to methylphenidate compounds, methods or compositions used to treat ADD or ADHD) and who do not have competitive decision making responsibilities (i.e. who are not directly involved in decisions regarding pricing or marketing and who do not directly communicate with purchasers and suppliers about non-legal issues) with respect to methylphenidate compounds, methods or compositions used to treat ADD or ADHD, and their employees whose duties and responsibilities require access to such materials. Two of the three attorneys for Plaintiffs are Patricia C. Lukens, Litigation Attorney; and Taysen Van Itallie, Associate General Counsel, Litigation. Plaintiffs reserve the right to name one additional attorney at a later date. Plaintiffs may, as necessary, on a one-for-one basis, substitute other in-house counsel meeting the above criteria provided Plaintiffs provide Andrx and Impax ten (10) calendar days written notice prior to said substitution. (ii) Up to three (3) specified in-house attorneys of Andrx Pharmaceuticals, LLC and Andrx Corporation ("Andrx") who now have responsibility for maintaining, defending or evaluating this litigation (but who do not have direct responsibility for prosecuting patent applications related to methylphenidate compounds, methods or compositions used to treat ADD or ADHD) and who do not have competitive decision making responsibilities (i.e. who are not directly involved in decisions regarding pricing or marketing and who do not directly communicate with purchasers and suppliers about non-legal issues) with respect to methylphenidate compounds, methods or compositions used to treat ADD or ADHD, and their employees whose duties and responsibilities require access to such materials. Two of the three attorneys for Andrx are

5

Roberta Loomar, Vice President and Assistant General Counsel; and Herschel Sparks, Litigation Counsel. Andrx reserves the right to name one additional attorney at a later date. Andrx may, as necessary, on a one-for-one basis, substitute other in-house counsel meeting the above criteria provided Andrx provides Plaintiffs ten (10) calendar days written notice prior to said substitution. (iii) Up to three (3) specified in-house attorneys of Impax Laboratories, Inc. ("Impax") who now have responsibility for maintaining, defending or evaluating this litigation (but who do not have direct responsibility for prosecuting patent applications related to methylphenidate compounds, methods or compositions used to treat ADD or ADHD) and who do not have competitive decision making responsibilities (i.e. who are not directly involved in decisions regarding pricing or marketing and who do not directly communicate with purchasers and suppliers about non-legal issues) with respect to methylphenidate compounds, methods or compositions used to treat ADD or ADHD, and their employees whose duties and responsibilities require access to such materials. One of the three attorneys for Impax is Margaret Snowden, Legal Department. Impax reserves the right to name two additional attorneys at a later date. Impax may, as necessary, on a one-for-one basis, substitute other in-house counsel meeting the above criteria provided Impax provides Plaintiffs ten (10) calendar days written notice prior to said substitution.

      (c)     Subject to paragraph 9, independent consultants (including jury consultants) and their staffs (including members of mock juries). Protected Information and any analysis or report containing Protected Information may also be disclosed to experts and their staffs retained by or for the parties and their counsel, including technical consultants and accounting or financial experts, who are employed to furnish expert or technical services or to

6

give expert testimony with regard to this action and not otherwise affiliated in any way with a party.

   (d) Subject to paragraph 8, vendors retained by or for the parties for preparing audiovisual aids, *e.g.*, exhibits, models, graphics, and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation.

   (e) The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this action.

   (f) Outside document copying services and/or document coding or computerization services for the specific and limited purpose of providing photocopies or document coding or computerization services, who agree to be bound by this protective order.

6. Confidential Information may be disclosed to the individuals described in paragraph 5. Additionally, Confidential, but not Highly Confidential Information, may also be disclosed to additional attorneys employed by Alza Corporation, McNeil-PPC, Inc., Johnson & Johnson, Andrx and Impax whose duties and responsibilities require access to the materials and their employees whose duties and responsibilities require access to such materials. As a condition precedent to disclosure of Confidential Information to any persons described in this paragraph, he or she must (a) be provided with a copy of this order and, if necessary, its terms must be explained to the person, and (b) sign the Declaration and Agreement to be Bound attached hereto.

7.  Nothing in this Protective Order shall permit the disclosure of Impax Highly Confidential Information or Impax Confidential Information to Andrx or persons retained or employed by Andrx. Nothing in this Protective Order shall permit the disclosure of Andrx Highly Confidential Information or Andrx Confidential Information to Impax or persons retained or employed by Impax. Notwithstanding the restrictions of this paragraph, nothing in this Protective Order shall bar any agreements between Impax and Andrx made in writing subsequent to this Order to permit such disclosure. Any subsequent agreement between Andrx and Impax shall not void any other portion of this Protective Order and shall not diminish or expand any rights or obligations of Plaintiffs pursuant to this Protective Order.

8.  As a condition precedent to disclosure of Highly Confidential Information or Confidential Information to any persons described in paragraphs 5(b) and 5(d), he or she must (a) be provided with a copy of this order and, if necessary, its terms must be explained to the person, and (b) sign the Declaration and Agreement to be Bound attached hereto.

9.  As a condition precedent to disclosure of Confidential Information or Highly Confidential Information to the persons described in paragraph 5(c), he or she must (a) be provided with a copy of this order and, if necessary, its terms must be explained to the person, and (b) sign the Declaration and Agreement to be Bound attached hereto. For each independent expert who executes a declaration, counsel who retained the independent expert shall forward by facsimile a copy of the executed declaration and a curriculum vitae of the person to counsel for the other parties at least ten (10) calendar days prior to the proposed disclosure of Protected Information. Any party may object to the proposed disclosure to the expert within ten (10) calendar days after receipt of the executed declaration. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an

agreement cannot be reached, the objecting party shall make an appropriate motion within ten (10) calendar days after the objection is made. The burden shall be on the objecting party to show the Court why the disclosure should not be made. If an objection is made, no Protected Information shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely motion.

10. The signing of this Protective Order or failure of a party, at the time it receives discovery materials designated as Confidential Information or Highly Confidential Information to challenge or object to the Confidential Information or Highly Confidential Information designation shall not be deemed a waiver of its right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any discovery materials as Confidential Information or Highly Confidential Information and may request permission to use or disclose information with the Confidential Information or Highly Confidential Information designation other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the producing party before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Protected Information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The producing party shall thereafter respond to the request in writing within ten (10) calendar days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

11. Any document or object may be filed with the Clerk's Office and placed under seal by submitting it with a cover sheet containing (a) the caption for this action, (b) the title or description of the document or object; and (c) the words "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." Any document or object submitted with such a cover sheet will be maintained under seal by the Clerk's Office.

12. (a) Nothing in this Protective Order shall prevent a party from using Protected Information at trial or during a hearing. However, the party using Protected Information must request (i) that the portion of the proceeding where use is made be *in camera* or protected from public disclosure to the maximum extent practicable, and (ii) that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 11 hereof, with access thereto limited to persons entitled to access under this Protective Order.

(b) A witness at a deposition or trial may be shown any document that contains or reveals Protected Information provided the document was authored by, received by, or known to the witness, or provided that the producing party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is an officer, director, or employee of the producing party.

13. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

14. Protected Information obtained from a producing party pursuant to pretrial discovery in this action, including any notes, memoranda or other similar documents relating thereto, may be used and disclosed only for purposes of this action, i.e., Civil Action No. 05-642 (JJF), and any appeals therefrom. No party or person shall make any other use of any such Protected

Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court. No party or person shall make available, disclose or summarize Protected Information to any persons, including the parties, other than to qualified persons under the terms of this Protective Order. Protected Information shall be maintained by the receiving party under the overall supervision of outside counsel.

15. Any person in possession of Protected Information shall exercise reasonably appropriate care (at least the same level of care that the party receiving the Protected Information takes with regard to its own Protected Information) with regard to the storage, custody or use of such Protected Information in order to ensure that the confidential nature of the same is maintained.

16. If Protected Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately (but in no instance more than three (3) business days after learning of such disclosure): (a) bring all pertinent facts relating to such disclosure to the attention of the producing party; (b) make every reasonable effort to retrieve such Protected Information and to prevent further disclosure; (c) identify any third party to whom Protected Information has been improperly disclosed; and (d) destroy all notes or other documents prepared by each unauthorized receiving party that incorporates the improperly disclosed Protected Information.

17. Nothing in this Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act or omission of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any

specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the producing party shall have the burden of proving its claim, and no disclosure shall be made until the dispute is resolved by the Court or the parties.

18. Entering into, agreeing to and/or producing Protected Information or otherwise complying with the terms of the Protective Order shall not:

    a) Operate as an admission by any party that any discovery material designated as Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Information;

    c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

    d) Prejudice in any way the rights of any party to seek a determination by the Court whether any discovery material or Protected Information should be subject to the terms of this Protective Order;

    e) Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Information;

    f)  Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

    g)  Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular discovery material designated as Protected Information by that party.

19.  A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point with the designation by the producing party of any information as Protected Information, the parties shall make a good-faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the producing party shall have the burden of proving that its designation was appropriate.

20.  The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

21.  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

22.  Inadvertent production of documents (including physical objects) to the receiving party shall not constitute a waiver of the attorney-client privilege or work product immunity with respect to any document or physical object so produced, if within ten (10) calendar days after learning of the inadvertent production, the producing party designates any such documents as within either the attorney-client privilege or work product immunity and requests return of any such documents to the producing party.  Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have ten (10) calendar days to respond.  The producing party's response shall: (1) state whether the document was or was not inadvertently produced; (2) if applicable, designate the document as within the attorney-client privilege or work product immunity; and (3) state whether return of the document is requested.  Upon request by the producing party for return of any such documents designated as within either the attorney-client privilege or work product immunity, the receiving party immediately shall return to the producing party all copies of such documents, or shall immediately confirm in writing that all electronic copies of the documents have been deleted from electronic records and all paper copies of the documents have been destroyed.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity designation by filing an appropriate motion with the Court.  In such a motion, the burden of establishing privilege shall remain on the party asserting the privilege. If a document or information has been used during a deposition, used at a hearing, identified in a pleading filed with the Court, identified in a pretrial order or interrogatory response, identified for use at trial, or disclosed to the Court, no claim of inadvertent production may be made unless such claim is made within ten days of such use, identification or disclosure.

23. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. All substantive aspects of all communications with an expert with respect to his work on this case are exempt from discovery. However, the fact that such communications occurred is not exempt. Notwithstanding the foregoing, a testifying expert must produce his final report and all materials on which the expert relied, and any testing conducted by or considered by the expert, whether or not relied upon.

24. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals until further Order of the Court, unless the parties otherwise agree in writing. Within sixty (60) calendar days after the conclusion of this action, all documents, objects, and other materials produced or designated as Protected Information, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of trial or hearing transcripts, one copy of any exhibit used at trial, one copy of each piece of correspondence, and documents constituting work product which were internally generated based upon or which include Protected Information. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of Protected Information to another party or third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the producing party of the subpoena so that the latter may protect its interests. If the materials are destroyed, counsel

responsible for the destruction shall within seven (7) calendar days of such destruction certify to counsel for the producing party that destruction has taken place. Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Order(s).

25.   This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

26.   The terms of this Protective Order shall apply to materials produced in connection with this litigation by a non-party and designated by the non-party as Protected Information.

27.   Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material.

28.   This Court shall retain jurisdiction over the parties and this Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Protective Order or its terms.

29.   Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

| | |
|---|---|
| ASHBY & GEDDES | RAWLE & HENDERSON, LLP |
| */s/ Tiffany Geyer Lydon* | */s/ William J. Cattie, III* |
| Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. # 2403)<br>Tiffany Geyer Lydon (I.D. #3950)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br><br>*Attorneys for Plaintiffs*<br>*Alza Corporation and McNeil-PPC, Inc.* | William J. Cattie, III (I.D. #953)<br>300 Delaware Avenue, Suite 1015<br>P.O. Box 588<br>Wilmington, DE 19899-0588<br>(302) 778-1200<br><br>*Attorney for Defendants*<br>*Andrx Pharmaceuticals, LLC and*<br>*Andrx Corporation* |
| | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/ Josy W. Ingersoll* |
| | Josy W. Ingersoll (I.D. #1088)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19801<br>(302) 571-6672<br><br>*Attorney for Defendant Impax Laboratories, Inc.* |

SO ORDERED this ____ day of _____, 2006.

_____
Judge Joseph J. Farnan, Jr.

171419.1

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>             Plaintiffs,<br><br>             v.<br><br>IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C. and<br>ANDRX CORPORATION,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-642-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION AND AGREEMENT TO BE BOUND

    I, _____ declare and state under penalty of perjury that:

    1.    My present residential address is _____

_____.

    2.    My present employer is _____

and the address of my present employer is _____.

    3.    My present occupation or job description is _____

_____.

    4.    I have been retained by counsel for _____.

    5.    I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked CONFIDENTIAL or HIGHLY CONFIDENTIAL to anyone other than the persons permitted by paragraphs 5–6 of the Protective Order. I further understand that I am not to disclose to anyone other than the persons permitted by paragraphs 5–6 of the Protective Order any words,

substances, summaries, abstracts or indices of any Protected Information disclosed to me. I will use the Protected Information (other than that disclosed by my own company) solely for purposes relating to the above-captioned litigation. I will never use, nor will I knowingly permit others to use, any Protected Information (other than that disclosed by my own company), directly or indirectly, in competition with any party or non-party or in the prosecution of any patent. This Agreement does not preclude disclosure of Protected Information if required by governmental or judicial process, provided that notice of such process is promptly provided to the disclosing party in order that it may have every opportunity to intercede in such process to contest such disclosure. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

6.   At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Protected Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

7.   I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____        _____
                                                                       Signature