## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
                                            )
ALZA CORPORATION, and                       )
McNEIL-PPC., INC.,                          )
                                            )
                    Plaintiffs              )    CIVIL ACTION NO.
                                            )
                    v.                      )    05-CV-0642
IMPAX LABORATORIES, INC.,                   )
ANDRX PHARMACEUTICALS, LLC.  and            )
ANDRX CORPORATION                           )
                                            )
                    Defendant.              )
-----------------------------------------------------------X
```

# REDACTED PUBLIC VERSION

## FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, Andrx Pharmaceuticals, LLC and Andrx Corporation (hereinafter "Andrx"), by its attorneys, amend their answers the Complaint herein as follows:

1.   Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2.   Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3.   Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4.   Andrx admits the allegations contained in paragraph 4 of the Complaint.

5.   Andrx admits the allegations contained in paragraph 5 of the Complaint.

6.   Andrx denies the characterization of the action, but admits the remaining allegations contained in paragraph 6 of the Complaint.

7.     Andrx admits the allegations contained in paragraph 7 of the Complaint.

8.     To the extent that paragraph 8 of the Complaint pertains to Andrx, Andrx admits the allegations contained in paragraph 8 of the Complaint. To the extent that paragraph 8 of the Complaint pertains to Impax Laboratories, Inc. ("Impax"), Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint and therefore denies same.

9.     To the extent that paragraph 9 of the Complaint pertains to Andrx, Andrx admits the allegations contained in paragraph 9 of the Complaint. To the extent that paragraph 9 of the Complaint pertains to Impax Laboratories, Inc. ("Impax"), Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10.    To the extent that Paragraph 10 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 10 of the Complaint states allegations of fact, Andrx admits that United States Patent No. 6,919,373 ("the '373 patent") was issued on July 19, 2005 and that a copy of the '373 patent is attached to the Complaint as Exhibit A. Andrx denies the remaining allegations of fact contained in paragraph 10 of the Complaint.

11.    To the extent that Paragraph 11 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 11 of the Complaint states allegations of fact, Andrx admits that United States Patent No. 6,930,129 ("the '129 patent") was issued on August 16, 2005 and that a copy of the '129 patent is attached to the Complaint as Exhibit B. Andrx denies the remaining allegations of fact contained in paragraph 11 of the Complaint.

12.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint except that Andrx does admit that CONCERTA® is a drug product approved by the United States Food and Drug Administration ("FDA") that contains methylphenidate hydrochloride. Andrx denies the remaining allegations in paragraph 13 of the Complaint.

14.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16.    To the extent that Paragraph 16 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 16 of the Complaint states allegations of fact, Andrx admits that the '373 and '129 patents are listed in the FDA's list of Therapeutic Equivalence Evaluations ("Orange Book") for the CONCERTA® drug products. Andrx denies the remaining allegations in paragraph 16 of the Complaint.

17.    To the extent that Paragraph 17 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 17 of the Complaint states allegations of fact, Andrx denies the allegations contained in paragraph 17 of the Complaint.

18.    To the extent that Paragraph 18 of the Complaint states conclusions of law Andrx states that no response is required. To the extent that Paragraph 18 of the Complaint

states allegations of fact, Andrx denies the allegations contained in paragraph 18 of the Complaint.

19.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and therefore denies same.

23.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint and therefore denies same.

24.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and therefore denies same.

25.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and therefore denies same.

26.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and therefore denies same.

27.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and therefore denies same.

28.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and therefore denies same.

29.     Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and therefore denies same.

30.     Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and therefore denies same.

31.     Andrx admits that Andrx LLC has filed Abbreviated New Drug Applications ("ANDAs") with the FDA seeking approval of its proposed methylphenidate hydrochloride products, which are bioequivalent to the CONCERTA® drug products. Andrx also admits that upon approval by the FDA, Andrx intends to market its proposed methylphenidate hydrochloride products. Andrx denies and/or believes that it has insufficient knowledge or information to form a belief about the remaining allegations and mischaracterizations of fact alleged in Paragraph 31 and therefore denies same.

32.     Andrx admits that pursuant to FDA regulations Andrx's proposed methylphenidate hydrochloride products are bioequivalent to the CONCERTA® drug products. Andrx denies and/or believes that it has insufficient knowledge or information to form a belief about the remaining allegations and mischaracterizations of fact alleged in Paragraph 32 and therefore denies same.

33.     Andrx admits that it has asserted to the FDA that its proposed methylphenidate hydrochloride products are bioequivalent to the CONCERTA® drug products. Andrx denies and/or believes that it has insufficient knowledge or information to form a belief about the remaining allegations and mischaracterizations of fact alleged in Paragraph 33 and therefore denies same.

34.     To the extent that Paragraph 34 of the Complaint states conclusions of law, Andrx states that no response is required.  To the extent that Paragraph 34 of the Complaint states allegations of fact, Andrx admits that its ANDAs reference New Drug Application (NDA) No. 21-121, which contains information on all four CONCERTA® drug products.  Andrx denies the remaining allegations of fact contained in paragraph 34 of the Complaint.

35.     Andrx denies the allegations and mischaracterizations contained in Paragraph 35 of the Complaint.

36.     To the extent that Paragraph 36 of the Complaint states conclusions of law, Andrx states that no response is required.  Andrx admits that on July 20, 2005 and August 16, 2005, pursuant to the provisions of 35 U.S.C. § 355(j)(2)(B)(ii), Andrx sent letters to ALZA Corporation and McNeil Consumer & Specialty Pharmaceuticals ("Plaintiffs") notifying them that Andrx had previously submitted ANDAs to the FDA under 21 U.S.C. § 355(j) seeking approval to manufacture, use and sell methylphenidate hydrochloride tablets, generic versions of the CONCERTA® products.  Further, in the above referenced letters, Andrx stated that its proposed methylphenidate drug products will not infringe any valid claim of the '373 or '129 patents.  Andrx denies the remaining allegations contained in paragraph 36 of the Complaint.

37.     Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and therefore denies same.

38.     Andrx admits the allegations contained in paragraph 38 of the Complaint.

39.  Andrx denies the allegations in paragraph 39 with regard to the filing of its ANDAs. Andrx admits that it had knowledge of the '373 patent and the '129 patent when it filed the respective Paragraph IV certification letters. Andrx denies the remaining allegations in paragraph 39 of the Complaint.

40.  To the extent that Paragraph 40 of the Complaint states conclusions of law, Andrx states that no response is required. Andrx admits that its Paragraph IV certification letters state that its proposed methylphenidate drug products will not infringe any valid claim of the '373 or '129 patents. Andrx denies the remaining allegations of fact and mischaracterization contained in paragraph 40 of the Complaint.

41.  Andrx admits that it acted in a continuous and good faith effort and provided Plaintiffs with a copy of Andrx's 54 mg methylphenidate hydrochloride ANDA on or about August 23, 2005 and a copy of Andrx's 18, 27 and 36 mg ANDA on or about September 1, 2005. Andrx denies the remaining allegations and mischaracterizations in paragraph 41.

42.  Andrx denies the allegations and mischaracterizations contained in paragraph 42 of the Complaint.

43.  Andrx denies the allegations and mischaracterizations contained in paragraph 43 of the Complaint.

**COUNT ONE**

44.  Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 44 of the Complaint.

45.  Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint and therefore denies same.

46.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint and therefore denies same.

47.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint and therefore denies same.

48.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint and therefore denies same.

## COUNT TWO

49.    Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 49 of the Complaint.

50.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint and therefore denies same.

51.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint and therefore denies same.

52.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint and therefore denies same.

53.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint and therefore denies same.

## COUNT THREE

54.    Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 54 of the Complaint.

55.    Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint and therefore denies same.

56. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint and therefore denies same.

57. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint and therefore denies same.

58. Andrx is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint and therefore denies same.

## COUNT FOUR

59. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 59 of the Complaint.

60. Andrx denies the allegations contained in paragraph 60 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

61. Andrx denies the allegations contained in paragraph 61 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

62. Andrx denies the allegations contained in paragraph 62 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

63. Andrx denies the allegations contained in paragraph 63 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents and this case is not an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT FIVE

64. Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 64 of the Complaint.

65. Andrx denies the allegations contained in paragraph 65 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

66.    Andrx denies the allegations contained in paragraph 66 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

67.    Andrx denies the allegations contained in paragraph 67 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

68.    Andrx denies the allegations contained in paragraph 68 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents and this case is not an exceptional case within the meaning of 35 U.S.C. § 285.

### COUNT SIX

69.    Andrx repeats the admissions and denials of paragraphs 1 through 43 above in response to the allegations in paragraph 69 of the Complaint.

70.    Andrx denies the allegations contained in paragraph 70 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

71.    Andrx denies the allegations contained in paragraph 71 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

72.    Andrx denies the allegations contained in paragraph 72 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents.

73.    Andrx denies the allegations contained in paragraph 73 of the Complaint because Andrx does not infringe any valid claim of the '373 or '129 patents and this case is not an exceptional case under 35 U.S.C. § 285.

## FIRST AFFIRMATIVE DEFENSE

74.  Upon information and belief, Andrx has not infringed any valid and enforceable claim of United States Patent No. 6,919,373 ("the '373 patent").

## SECOND AFFIRMATIVE DEFENSE

75.  Upon information and belief, Andrx alleges that the '373 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 102 because the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '373 patent.

## THIRD AFFIRMATIVE DEFENSE

76.  Upon information and belief, Andrx alleges that the '373 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 103 because the alleged invention, discovery or improvement was obvious in view of patents and/or printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '373 patent.

## FOURTH AFFIRMATIVE DEFENSE

77.  Upon information and belief, Andrx alleges that the '373 patent is invalid because it was not obtained in a manner consistent with the provisions of title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §112.

## FIFTH AFFIRMATIVE DEFENSE

78.  Upon information and belief, Andrx has not infringed any valid and enforceable claim of United States Patent No. 6,930,129 ("the '129 patent").

## SIXTH AFFIRMATIVE DEFENSE

79.     Upon information and belief, Andrx alleges that the '129 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 102 because the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '129 patent.

## SEVENTH AFFIRMATIVE DEFENSE

80.     Upon information and belief, Andrx alleges that the '129 patent as asserted by the Plaintiffs is invalid under 35 U.S.C. § 103 because the alleged invention, discovery or improvement was obvious in view of patents and/or printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '373 patent.

## EIGHTH AFFIRMATIVE DEFENSE

81.     Upon information and belief, Andrx alleges that the '129 patent is invalid because it was not obtained in a manner consistent with the provisions of title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §112.

## NINTH AFFIRMATIVE DEFENSE

82.     Upon information and belief, Andrx alleges that the '373 patent is unenforceable as a result of inequitable conduct and/or fraud committed by the applicants for the '373 patent during the prosecution and/or procurement of the '373 patent. More specifically, Andrx alleges the following facts in support of this defense:

**A.   Applicants Knowingly Withheld Material Prior Art From The United States Patent And Trademark Office.**

1384676 v.1

83.      Upon information and belief, during the prosecution and/or procurement of the '373 patent, applicants and/or those involved with the prosecution of the '373 patent (collectively, "Applicants") knowingly withheld a prior art printed publication that was more material than the prior art disclosed to the examiner during the prosecution of the '373 patent, with the intent to mislead the United States Patent and Trademark Office.

84.      The prior art publication which applicants for the '373 patent failed to disclose to the United States Patent and Trademark Office was United States Patent No. 5,156,850, entitled "Dosage Form for Time-Varying Patterns of Drug Delivery", assigned to Alza Corporation and which was published on October 20, 1992.

85.      Upon information and belief, Applicants knew of the publication referred to in Paragraph 84 above at least as early as October 20, 1992, which was more than one year before the '373 patent application was filed with the United States Patent and Trademark Office.

86.      Specifically, Atul Ayer was a listed inventor of both the '850 patent and the '373 patent.  Accordingly, Atul Ayer had knowledge of the '850 patent and its materiality to the '373 patent.

87.      Atul D. Ayer executed a Declaration on March 25, 1999, in which he expressly acknowledged a duty to disclose "information which is material to patentability as defined in Title 37 Code of Federal Regulations, §1.56"; which would include United States Patent No. 5,156,850.

88.     Additionally, Paul Sabatine is the prosecuting attorney listed on the '850 patent and on applications that led to the '373 patent. Accordingly, Paul Sabatine had knowledge of the '850 patent and its materiality to the '373 patent.

89.     Alza Corporation is the assignee of record of both the '850 patent and the '373 patent. Both Messrs. Ayer and Sabatine were employees of Alza during the time period that the inequitable conduct occurred.

90.     The '850 patent is highly material because it discloses a dosage form that can include methylphenidate and provide a dissolution profile that is ascending for an extended period of time as claimed in the '373 patent. In particular, methylphenidate is disclosed at col. 10, lines 26-28 of the '850 patent and the ascending profile is shown in Figure 10.

91.     The fact that Applicants knew of the materiality of the '850 patent is evident from Applicants' disclosure of the United States Patent No. 5,785,994 ("the '994 patent").

92.     The '994 patent (as well as United States Patent No. 5,232,705, which Applicants also failed to cite) is related to the '850 patent, in that they claim priority from a common patent application.

93.     Applicants did cite the '994 patent to the United States Patent and Trademark Office. The issue date of the '994 patent, however, was not until July 28, 1998. The '373 and the '129 patents claim priority to at least November 12, 1996. Therefore the Examiner likely did not review the subject matter disclosed in the '994 patent as it was not a proper prior art reference due to its late publication.

94.    Applicants' citation of the '994 patent constitutes an admission that they believed the '994 patent to be relevant to the '373 patent.

95.    Applicants, while disclosing the later published '994 patent, did not disclose the '850 patent to the United States Patent and Trademark Office.

## 96.  REDACTED

97.    Applicants' disclosure of the '994 patent but failure to disclose the '850 patent constitutes evidences that Applicants' intended to deceive the United States Patent Office into granting the '373 patent.  Applicants' knowingly withheld the '850 patent, which constitutes proper prior art to the '373 and '129 patent, while providing the Examiner with the related '994 patent, shows that the Applicants attempted to get the teachings of the '994 (and '850 patents) before the Examiner, but with a reference that the Examiner would ignore as of improper date to constitute prior art.

98.    Upon information and belief, Applicants made the material omissions regarding the '373 patent referred to above, knowingly and willfully, and with the intent to deceive the United States Patent and Trademark Office because it had relevant information in its possession, custody and control, specifically, United States Patent No. 5,156,850, which was published on October 20, 1992.

99.    Andrx and the public are harmed by Applicant's omissions referred to in paragraph 84-99 above.  Andrx is harmed by the cost of this meritless litigation on an invalid and unenforceable patent.  The public is also harmed by the fraudulent conduct as a result of the expected delay in the introduction of a generic efficacious once a day extended release methylphenidate tablets.

100.  Because the '129 patent is a continuation of the '373 patent, any inequitable conduct occurring during the prosecution of the '373 patent also taints the '129 patent with inequitable conduct.

101.  Additionally, as with the '373 patent, Applicants only disclosed the '994 patent and not the '850 patent to the Examiner during the prosecution of the '129 patent.

**B.    Alza Corporation Intentionally Made False and Misleading Statements and/or Omissions Concerning the Prior Art and the Properties of their Extended Release Methylphenidate Product as Compared to the Prior Art.**

102.  During the prosecution of the '373 patent, in an attempt to overcome a rejection by the United States Patent and Trademark Office that the subject matter of the '373 patent was obvious in view of the prior art, Alza Corporation submitted a declaration of one of the purported inventors of the '373 patent, Suneel K. Gupta ("The First Gupta Declaration").   The First Gupta Declaration contains misstatements and omissions of material fact, including, but not limited to those set forth below.

103.  In the First Gupta Declaration, Dr. Gupta attempts to distinguish the purported invention of the '373 patent over the cited prior art.  The cited prior art is *Patrick et al., Biopharmaceuticals & Drug Disposition*, 1989, 10, 165 ("the Patrick References").

104.  In paragraph 3 of the First Gupta Declaration, Dr. Gupta states that "I have been asked to assess the extent to which one can determine the rate at which the Ritalin SR product releases methylphenidate based on the plasma concentration data for that product that are provided in *Patrick et al.*".  Paragraph 3 further states "To make this determination, I supervised application of the Wagner-Nelson, mathematical

deconvolution method (Wagner et al., J. Pharm. Sci. 1963 52, 610) to the plasma concentration that the Patrick Reference discloses in Figure 2."

105.    In paragraph 4 of the First Gupta Declaration, Dr. Gupta states that "[b]y deconvoluting the plasma concentration data that the Patrick reference discloses in Figure 2, one is able to approximate the release rate that the Ritalin SR product would have needed to achieve to produce the plasma concentrations that the reference reports." Then in paragraph 5 of the First Gupta Declaration, Dr. Gupta states "[b]y applying the Wagner-Nelson method to the data that the Patrick reference reports in Figure 2, I was able to determine that the methylphenidate release rate for the Ritalin SR actually decreased during most of the 12-hour period over which the authors gathered their data". This data was then expressed in graph form to the examiner. Dr. Gupta then stated that "[a]s this graph shows, the data reported in the Patrick Reference indicates that although the rate of methylphenidate release increased over approximately the first hour with the Ritalin SR product, it decreased in a fairly steady manner thereafter. I do not believe that anyone skilled in field of drug delivery would consider this to constitute the 'ascending release rate over an extended period of time' that I understand to be recited in the claims of the above-identified patent application."

106.    Upon information and belief, the statements in paragraphs 4-5 of the First Gupta Declaration are misleading because they purposefully talked about in vivo absorption as being equivalent to in vitro dissolution, when in fact Dr. Gupta knew this was not true.

## 107.   REDACTED

108.    Dr. Gupta knowingly did not inform the Examiner that his Wagner deconvolution could not provide any evidence as to the dissolution profile because if he had informed the Examiner of this fact, the Examiner would not have allowed the claims, which related to in vitro dissolution and not in vivo absorption, over the cited prior art reference.

109.    In the Reply Pursuant to 37 CFR §1.116 that accompanied the First Gupta Declaration, Alza through its representative, stated that "Applicants hereby provide data which demonstrates that the Ritalin SR product that is disclosed in the Patrick reference does *not* exhibit the claimed ascending release rate profile over an extended period of time" (see Reply dated August 4, 2003 page 4) (emphasis in original).

110.    This represents another incorrect statement designed to mislead the Examiner into believing that the First Gupta Declaration provided evidence that "demonstrates" that the prior art product did not have an in vitro ascending release rate profile, when Applicants knew that the First Gupta Declaration could not provide such evidence.

111.    Further, the Reply states "[s]ince the instant rejection of Applicants' claims was based on an alleged teaching of ascending release rates in the Patrick Reference- and since that teaching is not, in fact, present, Applicants respectfully request that the rejection be withdrawn" (see Reply dated August 4, 2004 at page 5). REDACTED

112.    Later in the prosecution of the '373 patent, in an attempt to overcome a rejection by the United States Patent and Trademark Office that the subject matter of the '373 patent was anticipated by the prior art, Alza Corporation submitted a supplemental

declaration by Suneel K. Gupta ("the Supplemental Gupta Declaration"). The Supplemental Gupta Declaration contains misstatements and omissions of material fact including, but not limited to, those set forth below.

113.   In paragraph 2 of the Supplemental Gupta Declaration, Dr. Gupta states that "I have been asked to assess the extent to which one can determine the rate at which the Ritalin SR product releases methylphenidate based on the plasma concentration data for that product that are provided in Hubbard, *et al., Journal of Pharmaceutical Sciences* 1989, 78:11, 944 ('the Hubbard reference')".

114.   In paragraph 3 of the Supplemental Gupta Declaration, Dr. Gupta states that "[b]y deconvoluting the above noted plasma concentration data that the Hubbard reference discloses, one is able to approximate the release rate that the Ritalin SR product would have needed to achieve to produce the plasma concentrations that the reference reports".

115.   In paragraph 4 of the Supplemental Gupta Declaration, Dr. Gupta states "I was able to determine that the methylphenidate release rate for the Ritalin SR actually decreased during the 6-hour period over which the authors gathered their data."

116.   Upon information and belief, because the Supplemental Gupta Declaration does not distinguish between or give any information regarding the differences between in vitro methylphenidate release rates and an in vivo absorption profile, like the First Gupta Declaration, it is inherently misleading.

117.   Again, Gupta knew that the deconvolution was only useful to estimate in vivo absorption rates, knew that the claims referred to in vitro dissolution rates, knew that the two were different, knew that he could not predict the in vitro dissolution rate

from the in vivo absorption rate for the formulation of the Hubbard reference, yet did not inform the Examiner of any of this highly material information.

118.    Gupta concealed that highly material information from the Examiner in order to deceive the Examiner into allowing the patent, when Gupta knew that the Declaration did not provide the relevant information.

119.    In the Reply that accompanied the Supplemental Gupta Declaration, Alza Corporation, through its representative, stated that "[a]pplicants provide herewith data demonstrating that the Ritalin SR product disclosed in the Hubbard reference does *not* exhibit the claimed ascending release rate profile over an extended period of time.  In fact, as is discussed in the accompanying declaration of inventor Suneel Gupta, the rate at which the Ritalin SR product releases methylphenidate appears to actually *decrease* over an extended period of time." (Reply dated March 24, 2004 at page 4) (emphasis in original).

120.    Upon information and belief, the statements made in the Reply dated March 24, 2004 were misleading because the pending claims of the application that became the '373 patent pertained to in vitro release rates of methylphenidate and the information in the Supplemental Gupta Declaration only contained data about estimates of in vivo absorption rates, which could not be correlated to the in vitro release rates. Therefore, the Remarks in the Reply dated March 24, 2004 were inherently misleading.

121.    Upon information and belief, Applicants made the misleading statements regarding the '373 patent referred to in paragraphs 103-121 above, knowingly and willfully, and with the intent to deceive the United States Patent and Trademark Office.

Moreover, Applicants (at least Dr. Gupta, a purported inventor, and Joseph Lucci and Richard D. Watkins, prosecuting attorneys) with intent to deceive made material written misrepresentations and/or omissions to the United States Patent and Trademark Office as referred to in paragraphs 103-121 above.

122.    Dr. Gupta executed the above referenced First Gupta Declaration on July 17, 2003, and the Supplemental Gupta Declaration on March 19, 2004, both of which expressly acknowledged "I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true, and further, that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under §1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon."

123.    Richard D. Watkins was the attorney responsible for signing the Reply dated August 4, 2003, which provided the First Gupta Declaration to the Patent Office.  Joseph Lucci was the attorney responsible for signing the Reply dated March 23, 2004, which provided the Supplemental Gupta Declaration to the Patent Office.

124.    Andrx and the public are harmed by Applicant's misleading statements referred to in paragraphs 102-123 above.  Andrx is harmed by the cost of the meritless litigation on an invalid and unenforceable patent.  The public is also harmed by the fraudulent conduct as a result of the expected delay in the introduction of an efficacious once a day extended release generic methylphenidate tablet.

**TENTH AFFIRMATIVE DEFENSE**

125.    Andrx realleges paragraphs 102-124 above in this affirmative defense by reference with the same force and effect as if repeated here and in full.

126.    Upon information and belief Andrx alleges that Plaintiffs are equitably estopped from enforcing the '373 patent because Plaintiffs have unclean hands with respect thereto, in accordance with Keystone Driller Co. v. General Excavator Co., 290 U.S. 240 (1933).

127.    Plaintiffs are equitably estopped from asserting both the '373 patent and the '129 patent against Andrx in this litigation to the fullest extent permitted by the application of the law of Keystone and its progeny.

**ELEVENTH AFFIRMATIVE DEFENSE**

128.    Upon information and belief, Andrx alleges that the '129 patent is unenforceable as a result of inequitable conduct and/or fraud committed by the Applicants for the '129 patent during the prosecution and procurement of the '373 patent identified in paragraphs 102-124 above.

**TWELFTH AFFIRMATIVE DEFENSE**

129.    Andrx realleges paragraphs 102-124 above in this affirmative defense by reference with the same force and effect as if repeated here and in full.

130.    Upon information and belief Andrx alleges that Plaintiffs are equitably estopped from enforcing the '129 patent because Plaintiffs have unclean hands with respect thereto, in accordance with Keystone and its progeny.

131.  Plaintiffs are equitably estopped from asserting both the '373 patent and the '129 patent against Andrx in this litigation to the fullest extent permitted by the application of the law of Keystone and its progeny.

## COUNTERCLAIMS

82.132. Andrx counterclaims against Plaintiffs, ALZA Corporation and McNeil-PPC, INC., ("Plaintiffs") for declaratory relief and damages and alleges as follows:

## COUNT I – DECLARATORY REFLIEF OF NONINFRINGEMENT OF THE '373 PATENT

83.133. Subject matter jurisdiction for this counterclaim is based upon 28 U.S.C. §§ 1338, 2201 and 2202 and Rule 13 of the Federal Rules of Civil Procedure.

84.134. An actual case or controversy exists between Plaintiffs and Andrx based upon Plaintiffs having filed a Complaint against Andrx.

85.135. Andrx does not infringe any valid and enforceable claim of the '373 patent.

## COUNT II – DECLARATORY RELIEF OF INVALIDITY OF THE '373 PATENT

86.136. Andrx realleges paragraphs 133-134 83-84 above into this counterclaim by reference with the same force and effect as if repeated herein in full.

87.137. The '373 patent is invalid for the reasons alleged in paragraphs 75-77 above, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

## COUNT III – DECLARATORY RELIEF OF NONINFRINGEMENT OF THE '129

## PATENT

88.138. Andrx realleges paragraphs 133-134 ~~83-84~~ above into this counterclaim by reference with the same force and effect as if repeated herein in full.

89.139. Andrx does not infringe any valid and enforceable claim of the '129 patent.

## COUNT IV – DECLARATORY RELIEF OF INVALIDITY OF THE '129 PATENT

90.140. Andrx realleges paragraphs 133-134 ~~83-84~~ above into this counterclaim by reference with the same force and effect as if repeated herein in full.

91.141. The '129 patent is invalid for the reasons alleged in paragraphs 79-81 above, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

## COUNT V – DECLARATORY RELIEF OF UNENFORCEABILITY
## OF THE '373 PATENT

142.    Andrx realleges and incorporates herein by reference paragraphs 133-134 above with the same force and effect as if repeated herein in full.

143.    The '373 patent is unenforceable for the reasons alleged in paragraphs 102-124 above, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

## COUNT VI – DECLARATORY RELIEF OF UNENFORCEABILITY
## OF THE '129 PATENT

144.    Andrx realleges incorporates herein by reference paragraphs 133-134 above with the same force and effect as if repeated herein in full.

145.    The '129 patent is unenforceable for the reasons alleged in paragraphs 102-128 above, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

**WHEREFORE**, Andrx demands:

A.    that the Complaint filed herein be dismissed and that the Plaintiff have and recover nothing by reason thereof;

B.    that United States Patent No. 6,919,373 be declared and adjudged invalid;

C.    that it be declared and adjudged that Andrx has not infringed and will not infringe any valid claim of United States Patent No. 6,919,373;

D.    that United States Patent No. 6,930,129 be declared and adjudged invalid;

E.    that it be declared and adjudged that Andrx has not infringed and will not infringe any valid claim of United States Patent No. 6,930,129;

F.    that United States Patent No. 6,919,373 be declared and adjudged unenforceable;

G.    that United States Patent No. 6,930,129 be declared and adjudged unenforceable;

~~F~~H.    that this case be adjudged and decreed an exceptional case under 35 U.S.C. §285 and that Andrx be entitled to recover reasonable attorneys' fees and costs incurred in this action;

~~G~~I.    that Andrx be awarded damages, including punitive damages, for the assertion of a patent which Counterclaim Defendants knew to be invalid; and

1384676 v.1

25

H̶J̶.    such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**RAWLE & HENDERSON,** LLP

/s/ William J. Cattie, III  #953
William J. Cattie, III, Esq.
I. D. No. 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
(302) 778-1200
Attorney for Defendant
ANDRX PHARMACEUTICALS, LLC
ANDRX CORPORATION

**OF COUNSEL:**
James V. Costigan, Esq.
Alan B. Clement, Esq.
Nicholas P. Chiara, Esq.
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
(212) 302-8989

Eric D. Isicoff, Esq.
ISICOFF, RAGATZ & KOENIGSBERG, P.A.
1200 Brickell Avenue
Miami, Florida 33131
(305) 373 3232

1384676 v.1