# EXHIBIT P

DOCKET NO.: ALZA-0023/ARC2865N1   PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:    Confirmation No.: 1161
**Lam, et al.**

Application No.: **09/802,709**   Group Art Unit: **1614**

Filing Date: **March 8, 2001**   Examiner: **Z. Fay**

For:   **Methods And Devices For Providing Drug Therapy**

EXPRESS MAIL LABEL NO: **EL 998515342 US**
DATE OF DEPOSIT: **July 14, 2004**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

## REPLY PURSUANT TO 37 CFR § 1.111

In response to the Official Action dated **June 18, 2004**, reconsideration is respectfully requested in view of the amendments and/or remarks as indicated below:

☐   **Amendments to the Specification** begin on page ___ of this paper.

☒   **Amendments to the Claims** are reflected in the listing of the claims which begins on page 2 of this paper.

☐   **Amendments to the Drawings** begin on page ___ of this paper and include an attached replacement sheet.

☒   **Remarks** begin on page 5 of this paper.

DOCKET NO.: ALZA-0023/ARC2865N1                                           PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1-36.   (Previously Canceled)

37.   (Currently Amended) A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising ~~100 ng to 500 mg of~~ methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following said administration.

38-45.   (Previously Canceled)

46.   (Previously Presented) The method of claim 37 wherein said substantially ascending methylphenidate plasma drug concentration is over a time period of about 4 to about 5.5 hours.

47.   (Previously Presented) The method of claim 37 wherein said substantially ascending methylphenidate plasma drug concentration is over a time period of about 5.5 to about 8 hours.

48.   (Previously Presented) The method of claim 37 wherein said substantially ascending methylphenidate plasma drug concentration is over a time period of about 5.5 to about 9.5 hours.

49.   (Currently Amended) A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising ~~100 ng to 500 mg of~~ methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 8 hours following said administration.

DOCKET NO.: ALZA-0023/ARC2865N1                                      PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

50. **(Currently Amended)** A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising ~~100 ng to 500 mg of~~ methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 9.5 hours following said administration.

51. **(New)** A method of claim 37 wherein said composition comprises about 14 mg of methylphenidate.

52. **(New)** A method of claim 37 wherein said composition comprises about 18 mg of methylphenidate.

53. **(New)** A method of claim 37 wherein said composition comprises about 36 mg of methylphenidate.

54. **(New)** A method of claim 37 wherein said composition comprises about 54 mg of methylphenidate.

55. **(New)** A method of claim 49 wherein said composition comprises about 14 mg of methylphenidate.

56. **(New)** A method of claim 49 wherein said composition comprises about 18 mg of methylphenidate.

57. **(New)** A method of claim 49 wherein said composition comprises about 36 mg of methylphenidate.

58. **(New)** A method of claim 49 wherein said composition comprises about 54 mg of methylphenidate.

DOCKET NO.: ALZA-0023/ARC2865N1                                              PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

59.   (New) A method of claim 50 wherein said composition comprises about 14 mg of methylphenidate.

60.   (New) A method of claim 50 wherein said composition comprises about 18 mg of methylphenidate.

61.   (New) A method of claim 50 wherein said composition comprises about 36 mg of methylphenidate.

62.   (New) A method of claim 50 wherein said composition comprises about 54 mg of methylphenidate.

DOCKET NO.: ALZA-0023/ARC2865N1         PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

## REMARKS

Claims 37 and 46-50 stand rejected under 35 U.S.C. § 112, first paragraph, as allegedly lacking disclosure with respect to the recited dosage range. Although Applicants do not necessarily concur, they seek to advance prosecution by deleting the claim language for which support has been alleged to be lacking. Accordingly, the rejection under § 112, first paragraph, is believed to be moot.

Claims 37 and 46-48 stand rejected under 35 U.S.C. § 102(b) as allegedly being anticipated by the data disclosed in relation to "Patient Profile 2" in Figure 1 and in Figure 2 of Hubbard, *et al.*, *Journal of Pharmaceutical Sciences* **1989**, *78:11*, 944 ("the Hubbard reference"). Applicants respectfully request reconsideration because the cited disclosure in the Hubbard reference is not anticipatory. The reference, for example, does not disclose or suggest any method that achieves "a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours" following administration of a pharmaceutically acceptable composition comprising methylphenidate and a pharmaceutically acceptable carrier. As is discussed in the accompanying declaration of inventor Suneel Gupta, the graphs provided in Figures 1 and 2 plot methylphenidate plasma concentrations in log scale, such that the distance between the various data points is compressed along the y-axis (Gupta Declaration, ¶4). In each of these graphs, for example, the distance along the y-axis between 1.0 g/ml and 10.0 g/ml, respectively, is the *same* as that between 10.0 g/ml and 100.0 g/ml, respectively, even though the difference between 1.0 g/ml and 10.0 g/ml (i.e., 9.0 g/ml) is *ten time less* than the difference between 10.0 g/ml and 100.0 g/ml (i.e., 90.0 g/ml) (*id.*). When re-plotted on a non-logarithmic basis (as shown in Dr. Gupta's declaration), the data that the Hubbard reference provides in Figure 1 for "Patient Profile 2" and in Figure 2 clearly do not disclose or suggest Applicants' claimed "substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following ... administration" (*id.* at ¶¶4,5). In fact, the data in both instances discloses substantial *decrease* in methylphenidate plasma concentration over the relevant interval. Accordingly, Applicants respectfully request that the rejection for alleged anticipation be withdrawn.

DOCKET NO.: ALZA-0023/ARC2865N1    PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

Claims 37 and 46-50 stand rejected under the judicially created doctrine of obviousness-type double patenting as allegedly being unpatentable over certain claims of Application Serial No. 09/253,317 because both sets of claims allegedly involve "administering methylphenidate at the ascending rate" (Office Action at page 4). Applicants note, however, that the instant claims are not limited to methods that involve administration of methylphenidate at an ascending rate. Moreover, the Office Action does not demonstrate that those of ordinary skill in the art having the claims of Application Serial No. 09/253,317 before them would have found the subject matter of the instant claims to have been obvious. Those of ordinary skill, for example, would have recognized that a variety of factors (such as the extent to which a drug of interest is cleared from a patient's body) affects plasma drug concentration, such that the use of an ascending drug release rate might not result in an ascending drug plasma concentration. Accordingly, the rejection for alleged obviousness-type double patenting lacks adequate basis and should be withdrawn.

Claims 51-62 have been added. Support for these claims may be found throughout the specification, for example, in examples 1-3 and 6-9 where particular drug concentrations are exemplified.

Applicants invite the Examiner to contact their undersigned representative if any questions arise or further information regarding the instant patent application is needed.

In view of the foregoing, however, Applicants submit that the pending claims are in condition for ready allowance, and therefore respectfully request an early indication of allowability.

Date: July 14, 2004

Joseph Lucci
Registration No. 33,307

Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia PA  19103
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| **In re Application of:** Lam, et al. | **Confirmation No.:** 1161 |
| **Application No.:** 09/802,709 | **Group Art Unit:** 1614 |
| **Filing Date:** March 8, 2001 | **Examiner:** Z. Fay |
| **For:** Methods And Devices For Providing Drug Therapy | |

JUL 2 0 2004
TECH CENTER 1600/2900

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## DECLARATION OF SUNEEL K. GUPTA

1. I am one of the named inventors of the above-identified patent application, and make this declaration in support thereof.

2. I have been practicing in the field of drug delivery for at least the last 16 years. I received my Ph.D. degree in Pharmacokinetics from the University of Manchester in Manchester, United Kingdom in 1987, and served a post-doctoral fellowship in Pharmacokinetics and Pharmacodynamics at the University of California, San Francisco from 1987 to 1989. I joined Alza Corporation in 1989 as a Staff Scientist in the Biopharmaceutics department, and have held various positions with Alza since then. I currently hold the position of Senior Vice President & Distinguished Research Fellow.

3. I have evaluated methylphenidate plasma concentration data that are provided for the Ritalin SR product in Hubbard, *et al.*, *Journal of Pharmaceutical Sciences* **1989**, *78:11*, 944 ("the Hubbard reference"), particularly the data that the reference provides in

Figure 1 for "Patient Profile 2" and in Figure 2, to assess whether the reference discloses dosage forms that achieve a substantially ascending methylphenidate plasma drug concentration over the time periods recited in the claims of the above-identified patent application.

4. The graphs provided in Figures 1 and 2 plot methylphenidate plasma concentrations in log scale, such that the distance between the various data points is compressed along the y-axis. In each of these graphs, for example, the distance along the y-axis between points representing 1.0 g/ml and 10.0 g/ml, respectively, is the same as that between points representing 10.0 g/ml and 100.0 g/ml, respectively, even though the difference between 1.0 g/ml and 10.0 g/ml (*i.e.*, 9.0 g/ml) is ten time less than the difference between 10.0 g/ml and 100.0 g/ml (*i.e.*, 90.0 g/ml). When re-plotted on a non-logarithmic basis (by scanning the relevant graphs into a computer and analyzing the curves using the "Un-Scan-It gel, Version 5.1" computer program), the data that the Hubbard reference provides in Figure 1 for "Patient Profile 2" and in Figure 2 are as follows:



Patient Profile 2

Figure 2



DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT

5.  I do not believe that anyone skilled in the field of drug delivery would consider these graphs to disclose "a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following ... administration" that I understand to be recited in the claims of the above-identified patent application.

6.  I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true, and further, that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under § 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

July 1, 2004                                    _____
                                                Suneel K. Gupta