# EXHIBIT G



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/253,317 | 02/19/1999 | ANDREW C. LAM | ARC-2865-R1 | 5468 |

7590    02/13/2004

JOSEPH LUCCI, ESQ.
WOODCOCK WASHBURN LLP
ONE LIBERTY PLACE
46TH FLOOR
PHILADELPHIA, PA 19103

| EXAMINER |
|---|
| FAY, ZOHREH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | |

DATE MAILED: 02/13/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/253,317 | LAM ET AL. |
| | Examiner | Art Unit |
| | Zohreh Fay | 1614 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>15 and 88-90</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>15 and 88-90</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some *   c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)        Office Action Summary        Part of Paper No. 02072004

Application/Control Number: 09/253,317 Page 2
Art Unit: 1614

Claims 15 and 89-90 are presented for examination.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 15, 89 and 90 are rejected under 35 U.S.C. 102 (b) as being anticipated by Hubbard et al. Hubbard et al. Teach the administration of methylphenidate is widely used to treat children with ADD (page 944) and that in this study all children administered 20 mg of MPH. The curve presenting patient profile 2 teaches an ascending sustained plasma concentration of up to 6 hours. Such ascending plasma concentration is an indicative of ascending methylphenidate release .

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claim 88 is rejected under 35 U.S.C. 112, first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention. Applicant's invention is drawn to a method of treating ADD or ADHD in a patient, wherein the method comprises administrating a pharmaceutical acceptable composition of 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that provides the

Application/Control Number: 09/253,317 Page 3
Art Unit: 1614

release of methylphenidate at an ascending release rate over an extended period of time. However the claimed concentration of 100 ng to 500 mg is not within the instant specification.

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 15 and 88-90 are provisionally rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 37 and 46-50 of copending Application No. 09/802,709. Although the conflicting claims are not identical, they are not patentably distinct from each other because they are both claiming a method for treating ADD or ADHD comprising administrating methylphenidate at an ascending release rate. The dosage form and the time periods are equally covered.

This is a <u>provisional</u> obviousness-type double patenting rejection because the conflicting claims have not in fact been patented.

Application/Control Number: 09/253,317 Page 4
Art Unit: 1614

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Zohreh Fay whose telephone number is (703) 308-4604. The examiner can normally be reached on 9:30-6:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Marianne Seidel can be reached on (703) 308-4725. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 308-4556 for regular communications and (703) 308-4556 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1235.

Z.F
February 7, 2004