IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC., | )<br>)<br>)<br>) |  |
| Plaintiffs, | )<br>) | C.A. No. 05-642-JJF |
| v. | )<br>)<br>) |  |
| IMPAX LABORATORIES, INC.,<br>ANDRX PHARMACEUTICALS, L.L.C. and<br>ANDRX CORPORATION, | )<br>)<br>)<br>) |  |
| Defendants. | )<br>) |  |

## REPLY TO FIRST AMENDED COUNTERCLAIMS

ALZA Corporation and McNeil-PPC, Inc. (collectively "Plaintiffs"), by their attorneys, hereby reply to the Amended Counterclaims of Defendants Andrx Pharmaceuticals, L.L.C. and Andrx Corporation (collectively "Defendants") as follows:

132.    Plaintiffs admit that Defendants purport to assert counterclaims for declaratory relief and damages as alleged in Paragraph 132 of Defendants' Counterclaims, but deny that any meritorious counterclaim has arisen.

### COUNT I
### (Declaratory Relief of Noninfringement of the '373 Patent)

133.    Plaintiffs admit that Defendants purport to assert that subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1338, 2201 and 2202, and Fed. R. Civ. P. 13, as alleged in Paragraph 133 of Defendants' Counterclaims, and aver, solely for the purpose of this action, that they do not contest the existence of subject matter jurisdiction.

134.    Plaintiffs admit the allegations in Paragraph 134 of Defendants' Counterclaims.

1

135.  Plaintiffs deny the allegations of Paragraph 135 of Defendants' Counterclaims.

## COUNT II
### (Declaratory Relief of Invalidity of the '373 Patent)

136.  Plaintiffs incorporate by reference their responses to Paragraphs 133-134 of Defendants' Counterclaims, above.

137.  Plaintiffs deny the allegations of Paragraph 137 of Defendants' Counterclaims as well as the allegations of Paragraphs 75-77 of Defendants' Affirmative Defenses, which Defendants seek to incorporate.

## COUNT III
### (Declaratory Relief of Noninfringement of the '129 Patent)

138.  Plaintiffs incorporate by reference their responses to Paragraphs 133-134 of Defendants' Counterclaims, above.

139.  Plaintiffs deny the allegations of Paragraph 139 of Defendants' Counterclaims.

## COUNT IV
### (Declaratory Relief of Invalidity of the '129 Patent)

140.  Plaintiffs incorporate by reference their responses to Paragraphs 133-134 of Defendants' Counterclaims, above.

141.  Plaintiffs deny the allegations of Paragraph 141 of Defendants' Counterclaims as well as the allegations of Paragraphs 79-81 of Defendants' Affirmative Defenses, which Defendants seek to incorporate by reference.

## COUNT V
### (Declaratory Relief of Unenforceability of the '373 Patent)

142.  Plaintiffs incorporate by reference their responses to Paragraphs 133-134 of Defendants' Counterclaims, above.

143.     Plaintiffs deny that the '373 patent is unenforceable for the reasons alleged in Paragraphs 102-124 of Defendants' Affirmative Defenses.  Plaintiffs respond to incorporated paragraphs 102-124 of Defendants' Affirmative Defenses as follows:

102.     Plaintiffs admit that a declaration by Dr. Suneel K. Gupta, one of the inventors of the '373 patent, ("the Gupta declaration") was submitted to the United States Patent and Trademark Office during the prosecution of the '373 patent, but deny that the allegations in Paragraph 102 of Defendants' Affirmative Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself.  Plaintiffs deny the allegation that the declaration contains misstatements and omissions of material fact.  To the extent Defendants make additional allegations in Paragraph 102 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 102 of Defendants' Affirmative Defenses.

103.     Plaintiffs admit that the Gupta declaration relates to Patrick *et al.*, *Biopharmaceuticals & Drug Disposition*, 1989, 10: 165-171 ("the Patrick reference"), but deny that the allegations in Paragraph 103 of Defendants' Affirmative Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself.  To the extent Defendants make additional allegations in Paragraph 103 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 103 of Defendants' Affirmative Defenses.

104.     Plaintiffs admit that the language quoted in Paragraph 104 of Defendants' Affirmative Defenses appears in the Gupta declaration, but deny that

3

the allegations in Paragraph 104 of Defendants' Affirmative Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 104 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 104 of Defendants' Affirmative Defenses.

105. Plaintiffs admit that the language quoted in Paragraph 105 of Defendants' Affirmative Defenses appears in the Gupta declaration, but deny that the allegations in Paragraph 105 of Defendants' Affirmative Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 105 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 105 of Defendants' Affirmative Defenses.

106. Plaintiffs deny the allegations of Paragraph 106 of Defendants' Affirmative Defenses.

107. Plaintiffs deny that the allegations in Paragraph 107 of Defendants' Affirmative Defenses properly characterize the deposition testimony of Dr. Gupta and refer the Court to the full text of the deposition, which speaks for itself.

108. Plaintiffs deny the allegations of Paragraph 108 of Defendants' Affirmative Defenses.

109. Plaintiffs admit that the language quoted in Paragraph 109 of Defendants' Affirmative Defenses appears in the Reply Pursuant to 37 CFR §1.116 that accompanied the Gupta declaration, but deny that the allegations in Paragraph 109 of Defendants' Affirmative Defenses properly characterize the

Reply and refer the Court to the full text of the Reply, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 109 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 109 of Defendants' Affirmative Defenses.

110.    Plaintiffs deny the allegations of Paragraph 110 of Defendants' Affirmative Defenses.

111.    Plaintiffs admit that the language quoted in the first sentence of Paragraph 111 of Defendants' Affirmative Defenses appears in the Reply Pursuant to 37 CFR §1.116 that accompanied the Gupta declaration, but deny that the allegations in Paragraph 111 of Defendants' Affirmative Defenses properly characterize the Reply and refer the Court to the full text of the Reply, which speaks for itself. Plaintiffs deny that the allegations in the second sentence of Paragraph 111 of Defendants' Affirmative Defenses properly characterize the deposition testimony of Dr. Gupta and refer the Court to the full text of the deposition, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 111 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 111 of Defendants' Affirmative Defenses.

112.    Plaintiffs admit that a supplemental declaration by Dr. Gupta ("the Gupta supplemental declaration") was filed during the prosecution of the '373 patent, but deny that the allegations in Paragraph 112 of Defendants' Affirmative Defenses properly characterize the prosecution history of the '373 patent and refer the Court to the full text of the prosecution history, which speaks for itself. Plaintiffs deny the allegation that the Gupta supplemental declaration contains

misstatements and omissions of material fact. To the extent Defendants make additional allegations in Paragraph 112 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 112 of Defendants' Affirmative Defenses.

113. Plaintiffs admit that the language quoted in Paragraph 113 of Defendants' Affirmative Defenses is found in the Gupta supplemental declaration, but deny that the allegations in Paragraph 113 of Defendants' Affirmative Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 113 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 113 of Defendants' Affirmative Defenses.

114. Plaintiffs admit that the language quoted in Paragraph 114 of Defendants' Affirmative Defenses is found in the Gupta supplemental declaration, but deny that the allegations in Paragraph 114 of Defendants' Affirmative Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 114 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 114 of Defendants' Affirmative Defenses.

115. Plaintiffs admit that the language quoted in Paragraph 115 of Defendants' Affirmative Defenses is found in the Gupta supplemental declaration, but deny that the allegations in Paragraph 115 of Defendants' Affirmative

Defenses properly characterize the declaration and refer the Court to the full text of the declaration, which speaks for itself. To the extent Defendants make additional allegations in Paragraph 115 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 115 of Defendants' Affirmative Defenses.

116. Plaintiffs deny the allegations of Paragraph 116 of Defendants' Affirmative Defenses.

117. Plaintiffs deny the allegations of Paragraph 117 of Defendants' Affirmative Defenses.

118. Plaintiffs deny the allegations of Paragraph 118 of Defendants' Affirmative Defenses.

119. Plaintiffs admit that the language quoted in Paragraph 119 of Defendants' Affirmative Defenses appears in the Reply that accompanied the Gupta supplemental declaration, but deny that the allegations in Paragraph 119 of Defendants' Affirmative Defenses properly characterize the Reply and refer the Court to the full text of the Reply, which speaks for itself. Plaintiffs note that the Reply was filed on March 23, 2004 and not March 24, 2004 as indicated in Paragraphs 119 and 120 of Defendants' Affirmative Defenses. To the extent Defendants make additional allegations in Paragraph 119 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 119 of Defendants' Affirmative Defenses.

120. Plaintiffs deny the allegations of Paragraph 120 of Defendants' Affirmative Defenses.

121.    Plaintiffs deny the allegations of Paragraph 121 of Defendants' Affirmative Defenses.

122.    Plaintiffs admit that the Gupta declaration was executed on July 17, 2003 and the Gupta supplemental declaration was executed on March 19, 2004.  Plaintiffs admit that the language quoted in Paragraph 122 of Defendants' Affirmative Defenses appears in the Gupta declaration and the Gupta supplemental declaration, but deny that the allegations in Paragraph 122 of Defendants' Affirmative Defenses properly characterize the declarations and refer the Court to the full text of the declarations, which speaks for themselves.  To the extent Defendants make additional allegations in Paragraph 122 of Defendants' Affirmative Defenses, Plaintiffs deny the remaining allegations of Paragraph 122 of Defendants' Affirmative Defenses.

123.    Plaintiffs admit the allegations of Paragraph 123 of Defendants' Affirmative Defenses.

124.    Plaintiffs deny the allegations of Paragraph 124 of Defendants' Affirmative Defenses.

## COUNT VI
### (Declaratory Relief of Unenforceability of the '129 Patent)

144.    Plaintiffs incorporate by reference their responses to Paragraphs 133-134 of Defendants' Counterclaims, above.

145.    Plaintiffs deny that the '129 patent is unenforceable for the reasons alleged in paragraphs 102-128 of Defendants' Affirmative Defenses.  Plaintiffs incorporate by reference their response to Paragraph 143 of Defendants' Counterclaims, above, including their response to

8

paragraphs 102-124 of Defendants' Affirmative Defenses.  Plaintiffs respond to incorporated Paragraphs 125-128 of Defendants' Affirmative Defenses as follows:

  125. Plaintiffs incorporate by reference their responses to Paragraphs 102-124 of Defendants' Affirmative Defenses, above.

  126. Plaintiffs deny the allegations of Paragraph 126 of Defendants' Affirmative Defenses.

  127. Plaintiffs deny the allegations of Paragraph 127 of Defendants' Affirmative Defenses.

  128. Plaintiffs deny the allegations of Paragraph 128 of Defendants' Affirmative Defenses.

 Plaintiffs further reply that any allegations in Defendants' Counterclaims or Affirmative Defenses requiring a response at this time that are not specifically admitted are denied.

 WHEREFORE, Plaintiffs respectfully request that the Court:

 (i) enter judgment on Defendants' counterclaims in favor of Plaintiffs, and against Defendants;

 (ii) deny Defendants any relief on their counterclaims, including but not limited to the relief sought in prayers for relief A-J, inclusive;

 (iii) award Plaintiffs its fees and costs associated with defending Defendants' counterclaims pursuant to 35 U.S.C. § 285; and

 (iv) provide such further relief as the Court deems appropriate upon the presentation of evidence and full development of the record.

                                        ASHBY & GEDDES

                                        /s/ *John G. Day*
                                        _____
                                        Steven J. Balick (I.D. #2403)
                                        John G. Day (I.D. #2114)
                                        Tiffany Geyer Lydon (I.D. #3950)
                                        222 Delaware Avenue, 17th Floor
                                        P.O. Box 1150
                                        Wilmington, Delaware 19899
                                        sbalick@ashby-geddes.com
                                        jday@ashby-geddes.com
                                        tlydon@ashby-geddes.com

                                        *Attorneys for Plaintiffs*
                                        *ALZA Corporation and McNeil-PPC, Inc.*

*Of Counsel:*

David T. Pritikin
Thomas D. Rein
Sidley Austin LLP
One S. Dearborn Street
Chicago, Illinois  60603
312.853.7000

Jeffrey P. Kushan
Todd A. Wagner
John L. Newby II
Rachel K. Hunnicutt
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C.  20005
202.736.8000

Michael D. Hatcher
Sidley Austin LLP
717 North Harwood
Suite 3400
Dallas, Texas 75201
214.981.3428

Dated:  November 22, 2006
175440.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2006, the attached **REPLY TO FIRST AMENDED COUNTERCLAIMS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| William J. Cattie, III, Esquire<br>Rawle & Henderson, LLP<br>300 Delaware Avenue, Suite 1015<br>Wilmington, DE  19899-0588 | HAND DELIVERY |
| James V. Costigan, Esquire<br>Hedman & Costigan, P.C.<br>1185 Avenue of the Americas<br>New York, NY  10036 | VIA FEDERAL EXPRESS |
| Eric D. Isicoff, Esquire<br>Isicoff, Ragatz & Koenigsberg, P.A.<br>1200 Brickell Avenue<br>Miami, FL  33131 | VIA FEDERAL EXPRESS |

*/s/ John G. Day*
_____
John G. Day