UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
                                                               )
ALZA CORPORATION and                                           )
McNEIL-PPC., INC.,                                             )
                                                               )
              Plaintiffs,                                      )   CIVIL ACTION NO.
                                                               )
         v.                                                    )   05-CV-0642
ANDRX PHARMACEUTICALS, LLC and                                 )
ANDRX CORPORATION,                                             )
                                                               )
              Defendants.                                      )
---------------------------------------------------------------X

**REDACTED PUBLIC VERSION**

The Contents Hereof are Confidential and May be Reviewed
Only by Court Order or Upon Prior Written Consent of All Counsel

**DEFENDANTS' OPENING *MARKMAN*
BRIEF ON CLAIM CONSTRUCTION**

**(d) The relative skill of those in the art.** As described above at in footnote 7, the relative skill of those in the art is high. Banakar Decl. at ¶¶124-25. Accordingly, this factor weighs in favor of no undue experimentation.

**(e) The amount of direction or guidance presented.** The specifications of the patents-in-suit provide no guidance, in the way of written description, on all the possible dosage formulations comprising MPH that could provide ascending dissolution release rates or ascending MPH plasma profiles. Banakar Decl. at ¶126. It is not obvious from the limited disclosure of formulations that use *only* osmotic technology that other MPH formulations using other release controlling technologies would work to provide the ascending dissolution release rates and/or ascending plasma profiles. Banakar Decl. at ¶127. *See, e.g., In re Dreshfield*, 110 F.2d 235 (CCPA 1940) and *In re Barr*, 444 F.2d 588 (CCPA 1971).

The lack of direction or guidance is evidenced by the patentees' own recitations of numerous sustained release technologies that failed to achieve the claimed ascending release rates and plasma profiles. Banakar Decl. at ¶128. Additional evidence of the lack of direction is derived from the prosecution history of the patents-in-suit, wherein the prophetic examples that the patentees alleged achieved certain results were later deleted from the patent, thereby abandoning them as unworkable. Banakar Decl. at ¶¶129-30. Thus, this factor weighs in favor of undue experimentation.

**(f) The predictability or unpredictability of the art.** There is a high level of unpredictability in the art of extended release pharmaceutical formulation, in general. Banakar Decl. at ¶¶131-32. This level is raised even higher where the result is to achieve a tailored dissolution profile or plasma concentration profile as is the case in the present