UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

------------------------------------------------------------X
)
ALZA CORPORATION, and )
McNEIL-PPC., INC., )
)
            Plaintiffs, )    CIVIL ACTION NO.
)
            v. )    05-CV-0642
IMPAX LABORATORIES, INC., )
ANDRX PHARMACEUTICALS, LLC and )
ANDRX CORPORATION, )
)
           Defendants. )
------------------------------------------------------------

**REDACTED PUBLIC VERSION**

**SUPPLEMENTAL DECLARATION OF UMESH V. BANAKAR, PH.D.
IN SUPPORT OF OPPOSITION
TO PLAINTIFFS' OPENING MARKMAN BRIEF**

**I.    INTRODUCTION**

143.    My name is Dr. Umesh V. Banakar. My Curriculum Vitae, explanation of my special expertise, education, professional history, publications and description of documents reviewed in preparation for my first declaration and this supplemental declaration is described in detail in the Declaration of Umesh V. Banakar filed on November 13, 2006 (see Banakar Decl. at ¶¶ 1-22). This declaration supplements the Banakar Decl. filed on November 13, 2006 and for clarity continues the paragraph numbering contained in the Banakar Decl.

**II.    EARLY CLINICAL STUDIES**

144.    REDACTED.

145.    REDACTED.

146.    REDACTED.

## III.   EXTENDED PERIOD OF TIME

147.    The "extended period of time" definition is given in the '373 patent at col. 10, lines 31-52.

148.    "Ascending release rate" is separately defined in the '373 patent at col. 9, line 66 to col. 10, line 30.

149.    In the '373 patent at col. 10, lines 46-50 the patentees illustrate that where a dosage form has a $T_{90}$ of about 8 hours, the "extended time period" is 4 hours.

## IV.   GUPTA DECLARATIONS

150.    In the Supplemental Gupta Declaration, where both individual and mean data were available, Dr. Gupta only deconvoluted the data from the mean blood plasma

curve (Figure 2) and from one of the six patients (Patient Profile 2). (*See* Supplemental Gupta Declaration attached hereto as Exhibit C).

151. A POSA would conclude that Dr. Gupta was relying on the mean data as representative of all patients and that it was the mean data that counted.

## V. FDA and USP STANDARDS

152. Under FDA and USP standards, single tablets can be out of dissolution specification as long as the mean dissolution values meet certain standards. This would be well understood by a POSA and the claims of the patents-in-suit should be interpreted accordingly.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed this 30 Day of November 2006.

Nov. 30, 2006

DATE

UMESH V. BANAKAR, PH.D.

3