IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDRX PHARMACEUTICALS, L.L.C., and<br>ANDRX CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>) C.A. No. 05-642-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS ALZA CORPORATION AND MCNEIL-PPC, INC.'S
MOTION AND BRIEF IN SUPPORT TO
<u>PRECLUDE TESTIMONY OF BRUCE H. STONER, JR.</u>**

Plaintiffs ALZA Corporation and McNeil-PPC, Inc. hereby move for the exclusion of Mr. Stoner's testimony in its entirety. This motion is based on this Brief in Support, the attached exhibits, the pleadings and papers on file in this action and any other matter which may be submitted.

**I.    INTRODUCTION AND BRIEF STATEMENT OF THE FACTS**

This is a patent infringement case involving two United States Patents directed to unique methods for treating a central nervous system disorder called Attention Deficit Disorder ("ADD") or Attention Deficit Hyperactivity Disorder ("ADHD") using a single daily dose of the drug methylphenidate.[1] Defendant Andrx Pharmaceuticals, LLC and Andrx Corporation (collectively "Andrx") have sought regulatory approval to

---

[1] The two patents-in-suit are U.S. Patent Nos. 6,919,373 ("the '373 patent") and 6,930,129 ("the '129 patent").

make and sell a generic drug product that, upon use, would infringe the patents-in-suit. Andrx alleges that the patents-in-suit are invalid and/or not infringed.

Plaintiffs ALZA Corporation and McNeil-PPC, Inc. (collectively, "Plaintiffs") understand that Andrx intends to present testimony from its "patent law expert," Bruce H. Stoner, Jr., that walks the Court through the prosecution histories of the patents-in-suit and describes the details of their prosecution.[2] As the Court is well aware, all of these details are laid out in the prosecution histories themselves -- they are the official written record of the proceedings before the U.S. Patent and Trademark Office relating to issuance of the patents. Plaintiffs also intend to introduce the prosecution histories for the two patents-in-suit into evidence at trial in this matter.[3]

Although this Court has considerable experience in reading and understanding patent prosecution histories, Andrx intends to use this Court's time during trial to have its "patent law expert" describe the prosecution histories. Such testimony adds nothing -- it simply repeats what is plain from reading the prosecution histories. Plaintiffs further understand that Mr. Stoner will not be rendering any opinions or drawing any conclusions whatsoever. Thus, Mr. Stoner's proposed testimony should not be considered "expert" testimony -- there is no expert assistance involved in reading from a prosecution history.

---

[2]   The Opening Expert Report of Bruce H. Stoner, dated March 30, 2007, primarily addressed Andrx's defense of alleged inequitable conduct. On August 14, 2007, Andrx's counsel informed Plaintiffs' counsel that Andrx was likely to drop its inequitable conduct defense and limit the testimony of Mr. Stoner to the prosecution histories of the patents-in-suit. A copy of Mr. Stoner's Expert Report is attached hereto as Exhibit A.

For at least these reasons, Plaintiffs believe such testimony is unnecessary, wasteful, and potentially prejudicial and hereby move to preclude Bruce H. Stoner, Jr., Andrx's patent law expert, from testifying at trial pursuant to Federal Rules of Evidence 403 and 702 and/or the discretionary authority of the Court.

## II.    SECTION 7.1.1 STATEMENT

The parties have made a reasonable effort to reach agreement regarding the scope of Mr. Stoner's testimony but have been unable to agree and now seek this Court's intervention.

## III.   NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs ALZA and McNeil allege that Andrx has infringed claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent by the filing of Abbreviated New Drug Applications ("ANDAs") that seek regulatory approval to make and sell generic versions of Plaintiffs' Concerta® product prior to the expiration of the '373 and '129 patents. Andrx alleges that the '373 and '129 patents are invalid and/or not infringed.

The parties have completed briefing and argument on claim construction issues and await the Court's order. The pretrial order will be submitted on August 29, 2007 and the pretrial conference is currently set for September 6, 2007.

---

[3]    The prosecution histories for the two patents-in-suit were jointly submitted to the Court during the Markman proceedings in this case. D.I. 108.

IV.  **SUMMARY OF THE ARGUMENT**

Mr. Stoner's testimony relating to the prosecution histories of the patents-in-suit is entirely unnecessary and violates the directives in Federal Rules of Evidence 702 and 403. A description of the prosecution histories would be repetitive and waste this Court's time. Moreover, as Andrx's paid expert, Mr. Stoner's testimony on the patent prosecution could be biased and prejudicial to Plaintiffs. Mr. Stoner should be precluded from testifying.

V.  **ARGUMENT**

The Federal Rules of Evidence permit expert testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Typically, experts testify about "scientific, technical or other specialized knowledge." Fed. R. Evid. 702. However, other than eight paragraphs about PTO procedure, Mr. Stoner has no specialized knowledge that will assist this Court. Rather, Mr. Stoner will only repeat what is plain from reading the prosecution history – which this Court can ably do without Mr. Stoner's assistance. This Court has discretion to exclude unnecessary and unhelpful testimony and has done so in previous cases. *See Ondeo Nalco Co. v. Eka Chem., Inc.*, No. Civ. A. 01-537-SLR, 2003 WL 1524658 at *3 (D. Del. March 21, 2003) (striking entire expert report and testimony which "'walks through' the file history. . and opines as to how the United States Patent and Trademark Office would have responded had certain prior art been disclosed. . .") (attached hereto as Exhibit B). *See also Independent Prod. Co. v. Tamor Plastics Corp.*, 930 F.2d 38 at *3 (Fed. Cir. March 25, 1991) (unpublished opinion) (stating that the trial court "preferred to learn the details of the '238 prosecution from the documents" and

affirming the trial court's decision to exclude the testimony of a patent law expert) (attached hereto as Exhibit C).

Moreover, the Court may exclude relevant evidence which is prejudicial, will waste time or be repetitive. Fed. R. Evid. 403. Mr. Stoner's narrative explanation of the prosecution history adds nothing to what the Court can learn from its own review. And, to the extent Mr. Stoner's explanation does add editorial comment or "spin" to the prosecution history, it would likely be prejudicial and subject to exclusion pursuant to Fed. R. Evid. 403.

## VI.  **CONCLUSION**

Mr. Stoner's testimony is unnecessary, duplicative and could potentially prejudice Plaintiffs. The Plaintiffs respectfully request that the Court exercise its discretion to exclude Mr. Stoner's testimony in its entirety and grant this Motion to Preclude Testimony of Bruce H. Stoner, Jr.

*Of Counsel*

David T. Pritikin
Thomas D. Rein
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL  60603
312-853-7000

Jeffrey P. Kushan
Todd A. Wagner
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
202-736-8000

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs
ALZA Corporation and McNeil PPC, Inc.*


Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood
Suite 3400
Dallas, TX 75201
214-981-3300

Dated: August 20, 2007

183388.1