# EXHIBIT C

930 F.2d 38                                                                                                                                      Page 1
930 F.2d 38, 1991 WL 39598 (C.A.Fed. (Mass.)), 19 U.S.P.Q.2d 1314
**(Cite as: 930 F.2d 38)**

Independent Products Co. v. Tamor Plastics Corp.
C.A.Fed.(Mass.),1991.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTAF Rule 47.6 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, Federal Circuit.
INDEPENDENT PRODUCTS COMPANY,
Plaintiff-Appellee,
v.
TAMOR PLASTICS CORPORATION, Defendant-Appellant.
**No. 90-1431.**

March 25, 1991.

D.Mass.

AFFIRMED.

Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
RADER, Circuit Judge.
**\*1** Tamor Plastics Corporation (Tamor) appeals the decision of the United States District Court for the District of Massachusetts, *Independent Products Co. v. Tamor Plastics Corp.,* 16 USPQ2d 1806 (D.Mass.1990), concerning United States Design Patent No. 269,238 ('238 patent). The '238 patent-assigned to Independent Products Company (IPC)-discloses a design for a plastic triangular hanger. The district court held that the '238 patent was not invalid and that Tamor infringed the '238 patent. This court *affirms.*

DISCUSSION

*Validity*

Tamor attacks the '238 patent on obviousness grounds under 35 U.S.C. § 103 (1988) in light of United States Patent No. 3,963,154 ('154 patent) and British Patent No. 697,058 (the British patent).

This court presumes the '238 patent is valid. 35 U.S.C. § 282 (1988). Thus, Tamor bore the burden at trial to show clear and convincing evidence of facts supporting the legal conclusion of obviousness. *Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 894, 221 USPQ 669, 674 (Fed.Cir.), *cert. denied,* 469 U.S. 857 (1984). This court reviews a trial court's obviousness determination *de novo. In re Kulling,* 897 F.2d 1147, 1149, 14 USPQ2d 1056, 1057 (Fed.Cir.1990).

To satisfy 35 U.S.C. § 103, the subject matter claimed in both utility and design patents must be nonobvious. *Litton Sys., Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1440-41, 221 USPQ 97, 108 (Fed.Cir.1984). Obviousness under § 103 is a legal conclusion based upon facts revealing the scope and content of prior art, the differences between prior art and the claims at issue, the level of ordinary skill in the art, and objective evidence of nonobviousness. *Graham v. John Deere Co.,* 383 U.S. 1, 17-18 (1966). Objective evidence of nonobviousness includes commercial success, longfelt need, failure of others, unexpected results, and copying. *Perkin-Elmer,* 732 F.2d at 894, 221 USPQ at 674. Tamor contends that the district court erred in failing to make these factual inquiries.

The district court, however, made correct findings. With respect to prior art, the district court considered the British patent particularly pertinent. The court noted that the design of the British patent, unlike the claimed design, "had no straight bottom; the entire [British patent] pocket was conspicuously an arc...." *Independent Prods.,* 16 USPQ2d at 1808. The record also shows that the district court considered other prior art references as well. *See, e.g., id.* at 1807 (comparing the IPC hook and chamber design with that of other hangers in the trade).

Under the second *Graham* inquiry, the district court analyzed the differences between the prior art and the claimed design. The district court noted:

While the prior art had notches therein, or other

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

methods for attaching additional clothing to the shoulders, none carried this to the point of [IPC]'s superstructure.

*Id.* The district court also found the '238 patent's straight-bottom chamber design "just the opposite of the British arc." *Id.* at 1808. The district court also noted that the claimed chamber design "could well be found artistic." *Id.* Because the record shows adequate consideration of the relevant prior art, the district court's factual conclusion stands. *See ACS Hosp. Sys. Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984).

**\*2** The district court also found that Tamor copied the distinctive features of the '238 design. Tamor contends that, before weighing objective evidence of copying, the trial court must find identity between Tamor's hanger and the '238 patented design. This court has never articulated such a requirement. Rather, evidence that Tamor copied the novel features of the '238 design is indicative of nonobviousness. *Windsurfing Int'l Inc. v. AMF, Inc.,* 782 F.2d 995, 1000, 228 USPQ 562, 565 (Fed.Cir.), *cert. denied,* 477 U.S. 905 (1986). Thus, the district court properly weighed evidence of copying in its obviousness determination. *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 1539, 218 USPQ 871, 879 (Fed.Cir.1983).

Under § 103, the trial court must reach its legal conclusion of obviousness from the perspective of an ordinary designer of the articles at issue. *In re Nalbandian,* 661 F.2d 1214, 1216, 211 USPQ 782, 784-85 (CCPA 1981). A piecemeal reconstruction of prior art elements absent some suggestion of the combination does not show obviousness. *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.,* 853 F.2d 1557, 1564, 7 USPQ2d 1548, 1554 (Fed.Cir.1988). Tamor cited no prior art which would suggest the '238 design combination to one skilled in the art of hanger design. Tamor did not meet its burden of showing obviousness under § 103. Accordingly, the district court did not err in its determination of nonobviousness.

*Infringement*

Infringement is a finding of fact. *Raytheon Co. v. Roper Corp.,* 724 F.2d 951, 961, 220 USPQ 592, 600 (Fed.Cir.1983), *cert. denied,* 469 U.S. 835 (1984). This court will reverse a finding of infringement only if clearly erroneous. *Lee v. Dayton-Hudson Corp.,* 838 F.2d 1186, 1187, 5 USPQ2d 1625 (Fed.Cir.1988).

*Gorham Manufacturing Co. v. White,* 81 U.S. (14 Wall) 511 (1871), sets forth the test for design patent infringement. Under this test, the court must determine infringement from the vantage of an ordinary observer. The patentee must show substantial similarity between the accused and claimed designs. *Avia Group Int'l,* 853 F.2d at 1565, 7 USPQ2d at 1554. In addition, "the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art." *Litton Sys.,* 728 F.2d at 1444, 221 USPQ at 109 (quoting *Sears, Roebuck & Co. v. Talge,* 140 F.2d 395, 396 (8th Cir.1944)).

The district court held that six Tamor hanger models infringed the '238 patent. The trial court explicitly addressed Tamor Model 7178/5 and applied the same analysis to the other infringing models. Contrary to Tamor's assertions, the district court correctly found that the Tamor hanger appropriated the novel features of the claimed design.

The trial court noted the "striking similarities" between the accused and claimed designs, including "the straight-line bottoms of plaintiff's chambers and their precise location and openings." *Independent Prods.,* 16 USPQ2d at 1808. The trial court found this aspect of the Tamor hanger matched the IPC design. Each of the Tamor hanger models appropriated this chamber design.

**\*3** Some of Tamor's models featured a hump not in IPC's design. Tamor charges that the district court erroneously dismissed this hump feature in its *Gorham* analysis. To the contrary, the district court considered this feature and rejected it as a "change more significant in terms of attempt than of a successful departure from the patent." *Independent*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Prods.,* 16 USPQ2d at 1808. This language reinforced the court's finding of substantial similarity. Moreover, the Tamor Children's Hanger has no hump. Viewing the overall designs, this court finds no clear error in the district court's dismissal of the hump as an insignificant difference.

After comparing the overall and individual features of the designs, the district court analogized design patent infringement to copyright infringement. Tamor contends that a finding of design patent infringement predicated upon copyright principles is reversible error. The district court, however, did not purport to apply a copyright analysis. Rather, it performed a correct patent analysis and cited a copyright case as an analogy. The allusion to a copyright case did not undercut the district court's application of the *Gorham* test. The trial court found the Tamor and IPC designs substantially similar.

*Exclusion of Tamor's Expert Testimony*

Tamor argues that the district court erred in excluding testimony by Tamor's inequitable conduct expert. The trial court found this testimony unnecessary. Instead, it preferred to learn the details of the '238 prosecution from the documents. Before excluding the expert, however, the district court indicated that each counsel would have an opportunity to present the issues concerning prosecution history to the court. Tamor has not shown this procedure to be an abuse of discretion. *Rosemount, Inc. v. Beckman Instruments, Inc.,* 727 F.2d 1540, 1550, 221 USPQ 1, 10 (Fed.Cir.1984). Therefore, this court will not second guess the trial court's procedures and evidentiary rulings.

CONCLUSION

The trial court properly weighed the evidence in determining that the '238 patent is not invalid and infringed. The district court judgment is affirmed.

C.A.Fed.(Mass.),1991.
Independent Products Co. v. Tamor Plastics Corp.
930 F.2d 38, 1991 WL 39598 (C.A.Fed. (Mass.)), 19 U.S.P.Q.2d 1314

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.