UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and McNEIL-PPC, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDRX PHARMACEUTICALS, LLC, and ANDRX CORPORATION,<br><br>Defendants. | C.A. No. 05-642-JJF |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE THE ENTIRE TESTIMONY OF BRUCE H. STONER, JR.**

Dated: August 29, 2007

RAWLE & HENDERSON LLP
William J. Cattie, III, Esq.
I. D. No. 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Facsimile: 302-778-1400

*Of Counsel:*

John W. Bateman
C. Kyle Musgrove
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
202-220-4200

James V. Costigan
Alan B. Clement
Nicholas P. Chiara
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
212-302-8989

*Attorney for Defendants
Andrx Pharmaceuticals, LLC and
Andrx Corporation.*

## I. INTRODUCTION

Plaintiffs Alza Corporation and McNeil-PPC, Inc. ("Alza") have moved the Court *in limine* to preclude the testimony of former Chief Administrative Patent Judge Bruce Stoner, Jr. – in its entirety – even though Defendants Andrx Pharmaceuticals, LLC and Andrx Corporation ("Andrx") indicated to Alza that Andrx only intends to offer Judge Stoner as a witness if the Court views his testimony regarding the prosecution histories of the patents in suit as helpful and efficient.

Defendants anticipate that at least three of their technical experts will be providing opinions regarding Defendants' defenses relating to invalidity (anticipation, obviousness, and Section 112) and also relating to the issue of a lack of entitlement of the claims of the patents in suit to certain of the priority dates. These opinions are based, in part, on the statements and representations made by Plaintiffs in the applications and prosecution histories of the patents in suit.

The prosecution history is fairly complicated involving five provisional applications and six non-provisional utility patent applications. The six utility applications include three applications that were filed with priority claims to one or more of the provisionals. One of those three applications led to a continuation application – and that continuation application was combined with the other two earlier filed utility applications to help form a single continuation-in-part ("CIP") application. That CIP application issued as the '373 patent and also led to another continuation application, which issued as the '129 patent. (*See* Attached Exhibit A for a family tree of the prosecution history of the patents-in-suit (which is also Exhibit E to Judge Stoner's report)).

As Defendants expect that testimony regarding the prosecution history will be offered in some fashion, Defendants believe that it would be more useful and expeditious to have someone experienced with reviewing prosecution histories, such as former Chief APJ Stoner, provide that foundational testimony. The technical experts could then refer back to Mr. Stoner's testimony in rendering their opinions. The alternative would be to have each technical expert work through the various segments of the prosecution history that were relevant to their opinions in a piecemeal fashion.[1]

## II.  ARGUMENT

Plaintiffs are basically correct in their contention that "Mr. Stoner will only repeat what is plain from reading the prosecution history – which this Court can ably do without Mr. Stoner's assistance."[2]  D.I. 123 at 4.  But, Plaintiffs ignore that some of Defendants' technical experts have cited various portions of the prosecution history in their reports as support for some of their opinions, and thus, testimony related to the prosecution history will be presented in any event unless the parties can agree to the facts relating to those prosecution histories. Defendants offer Mr. Stoner to provide

---

[1] Former APJ Stoner's expert report originally included subject matter related to Defendants' allegations of inequitable conduct, but – in an attempt to streamline issues and conserve the Court's and parties' time and effort spent at trial – Defendants have decided not to pursue their inequitable conduct defense.

[2] In an effort to reach a compromise on this issue, Defendants proposed a series of stipulated facts related to the applications and the prosecution histories that would have resolved the present issue by removing the need for Mr. Stoner's testimony; and which would have eased the burden on the Court and shortened the testimonial record while also permitting the predicate facts to be entered into evidence and relied upon by the technical experts. Plaintiffs would not agree to Defendants' proposed stipulated facts (attached as Exhibit B) and, moreover, Plaintiffs did not counter-propose any stipulated facts despite Defendants' offer to further compromise on a set of mutually agreeable stipulated facts.

foundational testimony about the patent applications and the prosecution histories as provided in his and Defendants' other expert reports because they believe that such an approach would best serve the issues of judicial economy and because Plaintiffs would not stipulate to summary facts regarding "what is plain from reading the prosecution history."

Although the Court has broad discretion in allowing testimony, Defendants are aware that Courts do not often indulge testimony from patent law experts which provide legal conclusions – but Courts more often allow such experts to provide limited testimony regarding patent prosecution and the PTO's practices and procedures, as they have specialized knowledge that may assist the trier of fact to understand the evidence. Even in non-jury ANDA cases, such as the present litigation, this Court appears to have allowed such limited testimony from patent law experts. *See Proctor & Gamble Co. v. Teva Pharms. USA, Inc.*, No. Civ. A. 04-940-JFF, 2006 U.S. Dist. LEXIS 54260 (D. Del. August 4, 2006).

As such, Mr. Stoner's testimony is permissible and within the discretion of the Court to allow. If this Court, however, does not believe that such testimony would be helpful, Defendants will withdraw their proposal to call Mr. Stoner and will instead elicit such testimony from their technical experts while attempting to avoid duplication and increase efficiency.

### III. CONCLUSION

Defendants want to introduce the evidence to the Court in the most helpful, expedient and effective manner possible. Defendants believe that this can best be

accomplished through either stipulated facts or by having a single expert, with specialized knowledge, work through the prosecution histories. The least effective and least desirable method appears to be to have numerous pharmaceutical scientists provide piecemeal testimony about the prosecution histories and the patent applications. Thus, Defendants request that Plaintiffs' Motion In Limine to Preclude Testimony of Bruce H. Stoner, Jr. be denied.

Dated: August 29, 2007

RAWLE & HENDERSON LLP

/s/ William J. Cattie, III  #953
William J. Cattie, III, Esq.
I. D. No. 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Facsimile: 302-778-1400

*Of Counsel:*
John W. Bateman
C. Kyle Musgrove
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
202-220-4200

James V. Costigan
Alan B. Clement
Nicholas P. Chiara
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
212-302-8989

*Attorney for Defendants*
*Andrx Pharmaceuticals, LLC and*
*Andrx Corporation.*