### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDRX PHARMACEUTICALS, L.L.C., and<br>ANDRX CORPORATION,<br><br>Defendants. | **REDACTED<br>PUBLIC VERSION**<br><br>**C.A. No. 05-642-JJF** |

### ALZA CORPORATION, MCNEIL-PPC, INC.,
### ANDRX PHARMACEUTICALS, L.L.C. AND ANDRX CORPORATION'S
### PROPOSED JOINT PRE-TRIAL ORDER

On September 6, 2007, at 11:30 a.m., counsel for Plaintiffs Alza Corporation

and McNeil-PPC, Inc. (collectively "Plaintiffs") and counsel for Defendants Andrx

Pharmaceuticals, L.L.C. and Andrx Corporation (collectively "Defendants") will

participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal

Rules of Civil Procedure and Rule 16.3 of this Court. A trial will be held on the claims

and defenses in this action during specific dates to be set by the Court. The following

matters as to trial of those claims are hereby Ordered by the Court:

## I.    NATURE OF THE ACTION AND THE PLEADINGS

1.    In this action, <u>Alza Corporation et al. v. Impax Laboratories Inc.</u>

<u>et al.</u>, C.A. No. 05-642-JJF, Plaintiffs allege that Defendants have infringed

claims 1-4 and 6-7 of U.S. Patent No. 6,919,373 ("the '373 patent") and claims 1

and 4-6 of U.S. Patent No. 6,930,129 ("the '129 patent") by the filing of

Abbreviated New Drug Applications ("ANDAs") that seek regulatory approval

to make and sell generic versions of Plaintiffs' Concerta® product prior to the

expiration of the '373 and '129 patents.  Plaintiffs seek a judgment that

Defendants infringe, either literally or under the doctrine of equivalents, claims

1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent, that

Defendants have and/or will contributorily infringe claims 1-4 and 6-7 of the

'373 patent and claims 1 and 4-6 of the '129 patent, that Defendants have and/or

will knowingly and actively induce infringement of claims 1-4 and 6-7 of the

'373 patent and claims 1 and 4-6 of the '129 patent, that the patents are not

invalid, injunctive relief, and a finding of an exceptional case.  Plaintiffs seek an

order directing the FDA not to approve Andrx's ANDAs on a date earlier than

the expiration dates of the '373 and '129 patents.

   2. Defendants deny infringement and assert by way of their

affirmative defenses and counterclaims that claims 1-4 and 6-7 of the '373 patent

and claims 1 and 4-6 of the '129 patent have not and will not be infringed, and

that those claims are invalid under 35 U.S.C. §§ 102, 103, and 112 for

anticipation, obviousness, lack of enablement, lack of written description, and

indefiniteness.  Defendants seek a judgment that the asserted claims of the '373

and '129 patents have not been infringed, that the asserted claims of the '373 and

'129 patents are invalid, and a finding that they are entitled to attorneys' fees

because this is an exceptional case.

3.    The issues remaining for trial are Plaintiffs' infringement claims, Defendants' defenses and counterclaims of noninfringement and invalidity, and the parties' respective claims of exceptional case.

## The Patents

4.    The patents-in-suit are the '373 and '129 patents.  The application that led to the issuance of the '373 patent was filed on February 19, 1999.  The application that led to the issuance of the '129 patent was filed on March 8, 2001.  Each of the patents claim the benefit of the filing dates of earlier filed applications, pursuant to 35 U.S.C. §§119(e) and 120.  The '373 and '129 patents are both titled "Methods and Devices for Providing Prolonged Drug Therapy." The '373 patent issued on July 19, 2005, and the '129 patent issued on August 16, 2005.  Dr. Suneel Gupta, Dr. Diane Guinta, Ms. Carol Christopher, Dr. Samuel Saks, and Mr. Lawrence Hamel are the inventors named on the '373 and '129 patents.[1]  Plaintiffs own all rights, title, and interest in the '373 and '129 patents including the rights needed to enforce the '373 and '129 patents.

## The Pleadings

5.    On or before July 20, 2005, Andrx L.L.C. submitted to the FDA an amendment to ANDA No. 76-655 containing a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification"), and seeking approval to manufacture, market, and sell a generic version of Plaintiffs' Concerta® product before the expiration of the '373 patent.  On or before August 16, 2005, Andrx L.L.C. submitted to the FDA an amendment to ANDA No. 76-772 containing a

---

[1] The inventorship was corrected on April 29, 2007 for the '373 patent and on July 25, 2007 for the '129 patent.  Andrew Lam, Padmaja Shivanand, Atul Ayer, Zahedeh Hatamkhany, Jeri Wright, and Richard Weyers were removed as inventors of each of the patents.

3

Paragraph IV certification, and seeking approval to manufacture, market, and sell a generic version of Plaintiffs' Concerta® product before the expiration of the '373 and '129 patents.

6.    Plaintiffs sued Defendants for infringement of the '373 and '129 patents on September 1, 2005. On October 25, 2005, Defendants filed an Answer and Counterclaims denying infringement of the '373 and '129 patents, and alleging that the claims of the '373 and '129 patents are invalid for failing to satisfy one or more of Sections 102, 103, and 112 of Title 35 of the United States Code. Plaintiffs filed their Reply to Defendants' Counterclaims on November 14, 2005, denying that the '373 and '129 patent claims are invalid. On November 3, 2006, Defendants filed an Amended Answer and Counterclaims denying infringement of the '373 and '129 patents, alleging that the claims of the '373 and '129 patents are invalid for failing to satisfy one or more of Sections 102, 103, and 112 of Title 35 of the United States Code, and alleging that the claims of the '373 and '129 patents are unenforceable as a result of inequitable conduct. Plaintiffs filed their Reply to Defendants' Amended Counterclaims on November 22, 2006, denying that the '373 and '129 patent claims are invalid or unenforceable.

## Pending Motions

7.    Briefing on the issue of claim construction has been completed, and a Markman Hearing has been held. The parties are awaiting the Court's construction.

8.    On August 20, 2007, Plaintiffs filed a motion *in limine* to preclude Defendants' expert Bruce H. Stoner, Jr. from testifying at trial (D.I. 123). Defendants are filing a memorandum in opposition to that motion today.

## II.    FEDERAL SUBJECT MATTER JURISDICTION

9.    Plaintiff Alza Corporation is incorporated under the laws of the State of Delaware and has its principal place of business at 1900 Charleston Road, P.O. Box 7210, Mountain View, CA 94039-7210.

10.    Plaintiff McNeil-PPC, Inc. is incorporated under the laws of the State of New Jersey and has its principal place of business at 7050 Camp Hill Road, Fort Washington, PA 19034.

11.    Plaintiffs own all rights, title and interest in the '373 and '129 patents, including all rights needed to enforce the '373 and '129 patents.

12.    Defendant Andrx Pharmaceuticals, L.L.C. is a company organized and existing under the laws of the State of Delaware and has its principal place of business at 2945 West Corporate Lake Boulevard, Weston, FL 33331.

13.    Defendant Andrx Corporation is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 2945 West Corporate Lake Boulevard, Weston, FL 33331.

14.    This action arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

15.    This Court has personal jurisdiction over Defendants.

16.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## III.    JOINT STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

17.    The parties' Joint Statement of Admitted Facts Requiring No Proof is attached as <u>Tab 1</u>.

## IV.    THE PARTIES' STATEMENTS OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

18.    Plaintiffs' Statement of Issues of Fact Which Remain to be Litigated is attached as <u>Tab 2</u>.

19.    Defendants' Statement of Issues of Fact Which Remain to be Litigated is attached as <u>Tab 3</u>.

## V.    THE PARTIES' STATEMENTS OF ISSUES OF LAW WHICH REMAIN TO BE LITIGATED

20.    Plaintiffs' Statement of Issues of Law Which Remain to be Litigated is attached as <u>Tab 4</u>.

21.    Defendants' Statement of Issues of Law Which Remain to be Litigated is attached as <u>Tab 5</u>.

## VI.    THE PARTIES' PRE-MARKED TRIAL EXHIBITS

22.    Plaintiffs' list of exhibits it may offer at trial and Defendants' objections thereto is attached as <u>Tab 6</u>.

23.    Defendants' list of exhibits it may offer at trial and Plaintiffs' objections thereto is attached as <u>Tab 7</u>.

24.     The parties will offer at trial one or more of the exhibits set forth in the attached exhibit lists.  These lists will include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits.

25.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to objection(s).  Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.

26.     The listing of an exhibit on any party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.  Each party reserves the right to object to the relevance of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

## VII.   WITNESSES TO BE CALLED

27.     The witnesses (fact and expert) Plaintiffs may call in person or by deposition at trial are listed at Tab 8.  A list of Plaintiffs' deposition designations, Defendants' counter-designations and objections to Plaintiffs' deposition designations, and Plaintiffs' objections to Defendants' counter-designations, is attached as Tab 9.

28.     The witnesses (fact and expert) Defendants may call in person or by deposition at trial are listed at Tab 10.  A list of Defendants' deposition designations, Plaintiffs' counter-designations and objections to Defendants' deposition designations, and Defendants' objections to Plaintiffs' counter-designations, is attached as Tab 11.

## VIII.   THE PARTIES' BRIEF STATEMENTS OF INTENDED PROOFS

29.     Plaintiffs' Brief Statement of Intended Proofs is attached as <u>Tab</u> <u>12</u>.

30.     Defendants' Brief Statement of Intended Proofs is attached as <u>Tab</u> <u>13</u>.

## IX.   MISCELLANEOUS ISSUES

31.     At this time, there are no additional issues to bring to the Court's attention.

## X.   CERTIFICATION THAT PARTIES HAVE ENGAGED IN A GOOD FAITH EFFORT TO EXPLORE THE RESOLUTION OF THE CONTROVERSY BY SETTLEMENT

32.     The parties have not reached any agreement that would resolve this matter.

## XI.   ORDER TO CONTROL COURSE OF ACTION

33.     This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

## XII.   AMENDMENT OF PLEADINGS

34.     None.

SO ORDERED.

Date: September _____, 2007

_____
The Honorable Joseph J. Farnan, Jr.

8

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

Of Counsel:
David T. Pritikin
Thomas D. Rein
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
312-853-7000

Jeffrey P. Kushan
Todd A. Wagner
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
202-736-8000

Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood
Suite 3400
Dallas, TX 75201
214-981-3300

Attorneys for Plaintiffs Alza Corporation
and McNeil-PPC, Inc.


Dated: August 29, 2007

RAWLE & HENDERSON, LLP

/s/ William J. Catie, III

---

William J. Cattie, III (I.D. No. 953)
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899-0588
(302) 778-1200

Of Counsel:
John W. Bateman
C. Kyle Musgrove
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
202-220-4200

James V. Costigan
Alan B. Clement
Nicholas P. Chiara
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
(212) 302-8989

Attorneys for Defendants Andrx
Pharmaceuticals, L.L.C. and Andrx
Corporation

# TAB 1

## TAB 1

**JOINT STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF**

### A.     The Parties

1.     Plaintiff ALZA Corporation is incorporated in Delaware, having its principal place of business at 1900 Charleston Road, P.O. Box 7210, Mountain View, CA 94039-7210.

2.     Plaintiff McNeil-PPC, Inc. is organized under the laws of New Jersey, having a place of business at 7050 Camp Hill Road, Fort Washington, PA 19034.

3.     Defendant Andrx Pharmaceuticals, L.L.C. is organized under the laws of Delaware, having its principal place of business at 2945 West Corporate Lake Boulevard, Weston, FL 33331.

4.     Defendant Andrx Corporation is incorporated under the laws of the State of Delaware and has its principal place of business at 2945 West Corporate Lake Boulevard, Weston, FL 33331.

### B.     The Patents-In-Suit

5.     The United States Patent and Trademark Office issued U.S. Patent No. 6,919,373 ("the '373 patent") titled "Methods and Devices for Providing Prolonged Drug Therapy" on July 19, 2005.

6.     The United States Patent and Trademark Office issued U.S. Patent No. 6,930,129 ("the '129 patent") titled "Methods and Devices for Providing Prolonged Drug Therapy" on August 16, 2005.

7.     Plaintiff ALZA Corporation is the current assignee of the '373 and '129 patents.

C.    **Plaintiffs' Approved Drug Product**

8.    ALZA Corporation holds approved New Drug Application ("NDA") No. 21-121 for methylphenidate hydrochloride, which is marketed under the tradename Concerta® in the United States.

9.    ALZA has amended its NDA to identify the '373 and '129 patents as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale" of Concerta®, and the FDA accordingly listed those patents in its list of Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

10.    ALZA Corporation manufactures and Mc-Neil-PPC, Inc. is the sole authorized distributor of the Concerta® drug product.

D.    **Abbreviated New Drug Applications and Paragraph IV Certifications**

11.    Andrx Pharmaceuticals, L.L.C. submitted Abbreviated New Drug Applications ("ANDAs") Nos. 76-665 and 76-772 referencing Plaintiffs' NDA 21-121 to the FDA, and later amended those ANDAs to add certifications under 21 U.S.C. §355(j)(2)(A)(vii)(IV) (referred to as "Paragraph IV certifications"), and seeks approval to market generic versions of all dosage strengths of the Concerta® drug product for the treatment of ADHD prior to the expiration of the '373 and '129 patents.

12.    Plaintiffs sued Andrx Pharmaceuticals, L.L.C. and Andrx Corporation (collectively, "Andrx" or "Defendants") on September 1, 2005 for infringement of the '373 and '129 patents.

E.    **Terminology**

13.    "MPH" stands for methylphenidate.

2

14.    "TDC-19" is an early project name originally given to the MPH program at ALZA that eventually yielded the Concerta® product.

15.    "CPC-3" is a project name that was used for the MPH program at ALZA that eventually yielded the Concerta® product.

16.    "OROS" stands for Osmotic Release Oral Systems.

17.    "GITS" stands for gastrointestinal transport system.

# TAB 2

**TAB 2**

**PLAINTIFFS' STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED**

Should the Court determine that any issue of fact identified in this list is more properly considered an issue of law, those issues are hereby incorporated by reference into the statement of issues of law.

### A.    Infringement

1.    Whether the use of Andrx's proposed products as described in Andrx's ANDAs would infringe, either literally or under the doctrine of equivalents, claims 1-4 and 6-7 of the '373 patent and/or claims 1 and 4-6 of the '129 patent.

2.    Whether Andrx is liable for contributory infringement and/or inducement of infringement by submitting its ANDAs to the FDA, or releasing pre-marketing announcements to the public, or by presenting its proposed label to the FDA, which indicate Andrx's intent to encourage, instruct or otherwise cause its products to be used by doctors and patients in the treatment of ADD or ADHD.

### B.    Invalidity

1.    Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid as anticipated under 35 U.S.C. §102.

2.    Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §112, specifically lack of enablement, lack of written description, and/or indefiniteness.

3.      Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid as having been obvious to a person of ordinary skill in the art at the time of the respective invention. This inquiry also encompasses several underlying issues of fact relating to Plaintiffs' defense of nonobviousness.

# TAB 3

## TAB 3

**ANDRX'S STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE
LITIGATED**

Should the Court determine that any issue of fact identified in this list is more
properly considered an issue of law, Defendants hereby request that such issues be
incorporated by reference into the statement of issues of law.

**A.      Infringement**

1.      Whether Plaintiffs can prove by a preponderance of the evidence
that the use in the United States of the products described in Andrx's ANDAs (*i.e.*, the
products for which Andrx is seeking marketing approval through its ANDAs) in the
manner set forth on the label and/or package insert for those products included in
Andrx's ANDAs would directly infringe claims 1-4 and 6-7 of the '373 patent and/or
claims 1 and 4-6 of the '129 patent under 35 U.S.C. § 271(a).

2.      Whether Plaintiffs can prove by a preponderance of the evidence
that Andrx's promotion of the products described in Andrx's ANDAs (*i.e.*, the products
for which Andrx is seeking marketing approval through its ANDAs) in the manner
described in those ANDAs would constitute inducement of infringement of claims 1-4
and 6-7 of the '373 patent and/or claims 1 and 4-6 of the '129 patent under 35 U.S.C. §
271(b).

3.      Whether Plaintiffs can prove by a preponderance of the evidence
that Andrx's offer for sale or sale in the United States, or importation into the United
States, of the products described in Andrx's ANDAs (*i.e.*, the products for which Andrx
is seeking marketing approval through its ANDAs) would constitute contributory
infringement of claims 1-4 and 6-7 of the '373 patent and/or claims 1 and 4-6 of the
'129 patent under 35 U.S.C. § 271(c).

4.     Whether Plaintiffs can prove by a preponderance of the evidence that the submission of Andrx's ANDAs was for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of a drug claimed in a patent or the use of which is claimed in a patent before the expiration of such patent and thus an act of infringement under 35 U.S.C. § 271(e)(2) when the products described in those ANDAs have substantial noninfringing uses with respect to claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

**B.     Invalidity**

1.     Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid as anticipated under 35 U.S.C. §102.

2.     Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to satisfy the written description requirement of 35 U.S.C. §112, ¶ 1.

# TAB 4

**<u>TAB 4</u>**

**PLAINTIFFS' STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE LITIGATED**

Should the Court determine that any issue of law identified in this list is more properly considered an issue of fact, those issues are hereby incorporated by reference into the statement of issues of fact.

1.    Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid as having been obvious to a person of ordinary skill in the art at the time of the respective invention.

# TAB 5

## TAB 5

**ANDRX'S STATEMENT OF ISSUES OF LAW WHICH REMAIN TO BE LITIGATED**

Should the Court determine that any issue of law identified in this list is more properly considered an issue of fact, Defendants hereby request that such issues be incorporated by reference into their statement of issues of fact.

1.      Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid under 35 U.S.C. § 103(a) because the subject matter recited in those claims would have been obvious to a person of ordinary skill in the art at the time the claimed invention was made.

2.      Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to satisfy the enablement requirement of 35 U.S.C. §112, ¶ 1.

3.      Whether Andrx can prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to satisfy the definiteness requirement of 35 U.S.C. §112, ¶ 2.

# TAB 6

# REDACTED

# TAB 7

# REDACTED

# TAB 8

**TAB 8**

**WITNESSES PLAINTIFFS MAY CALL AT TRIAL**

Plaintiffs set forth below the names and addresses of the witnesses whom Plaintiffs intend to call to testify at trial. By identifying these witnesses, Plaintiffs are not required to call them at trial, nor are Plaintiffs limited in the manner in which such testimony is to be presented at trial. In addition, Plaintiffs reserve the right to call as witnesses at trial: (1) any additional witnesses to provide foundational testimony should Defendants contest the authenticity or admissibility of any materials to be proffered at trial; (2) any witness identified by Plaintiffs on their trial witness lists; (3) any substitute witnesses, to the extent that the employment of any of the listed individuals changes or in the event that they otherwise become unavailable for trial; (4) any additional witnesses to respond to issues raised after the submission of this list, such as testimony of witnesses who have not yet been identified and/or deposed; and (5) any additional witnesses for purposes of impeachment. To the extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, Plaintiffs reserve the right to introduce the prior sworn testimony of any witness identified below.

**Fact Witnesses**

Mr. Atul Ayer
931 Bautista Court
Palo Alto, CA 94303

Ms. Michelle Brennan
404 Sergeantsville Road
Flemington, NJ 08822

Dr. Diane Guinta
Jazz Pharmaceuticals
3180 Porter Drive

Palo Alto, CA 94304

Dr. Suneel Gupta
Alza Corporation
1900 Charleston Road
P.O. Box 7210
Mountain View, CA 94039-7210

Mr. Lawrence Hamel
AcelRx Pharmaceuticals, Inc.
575 Chesapeake Drive
Redwood City, CA 94063

Mr. Andrew Lam
3558 Cassis Court
San Jose, CA 95148

Mr. Joseph Lucci
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

Dr. Nishit Modi
Alza Corporation
1900 Charleston Road
P.O. Box 7210
Mountain View, CA 94039-7210

Dr. Samuel Saks
Jazz Pharmaceuticals
3180 Porter Drive
Palo Alto, CA 94304

Dr. Padmaja Shivanand
Alza Corporation
1900 Charleston Road
P.O. Box 7210
Mountain View, CA 94039-7210

Dr. James Swanson
UCI Child Development Center
19722 MacArthur Blvd.
Irvine, CA 92612

Jie Chi

Janet Ann Marie Vaughn

Nicholas Cappuccino
2945 West Corporate Lakes Boulevard
Weston, FL 33331

Xiu Xiu Cheng

Lawrence Rosenthal

Raul Medina
4955 Orange Drive
Davie, FL 33314

Francisco Alvarez
4955 Orange Drive
Davie, FL 33314

Brian Berry

**Expert Witnesses**

Martin Angst
Department of Anesthesia
Stanford University School of Medicine
300 Pasteur Drive
Stanford, CA 94305

Martyn Davies
Molecular Profiles Ltd
8 Orchard Place
Nottingham Business Park
Nottingham
NG8 6PX  U.K.

David Drover
Department of Anesthesia
Stanford University School of Medicine
Stanford, CA  94305-5640

David Feifel
UCSD Medical Center
200 West Arbor Drive
San Diego, CA 92103-8218

Vivian Gray
V. A. Gray Consulting, Inc.
9 Yorkridge Trail
Hockessin, DE 19707

Kennerly Patrick
Department of Pharmaceutical Sciences
College of Pharmacy
Medical University of South Carolina
280 Calhoon St., Ste QF221A
P.O. Box 250140
Charleston, SC 29425-2303

Richard Rozek
1255 23rd Street, NW
Suite 600
Washington, DC 20037

Brian Walker
ARL
840 Research Parkway
Suite 546
Oklahoma City, OK 73104

**TAB 9**

***ALZA Corporation and McNeil-PPC, Inc. v.***
***Andrx Pharmaceuticals, LLC and Andrx Corporation:***
**Civil Action No. 05-CV-0642 JFF**

**Plaintiffs' Deposition Designations and Defendants'**
**Objections and Counter-Designations**

**Key For Defendants' Deposition Designation Objections:**

HS      All or part of the proposed deposition designation objected to under Fed. R. Evid. 801-806

I       All or part of the proposed deposition designation objected to as being incomplete under Fed. R. Evid. 106

R       All or part of the proposed deposition designation objected to as being irrelevant or unduly prejudicial under Fed. R. Evid. 401-403

LF      All or part of the proposed deposition designation objected to for lack of foundation under Fed. R. Evid. 602 & 702-705

Spec.   All or part of the proposed deposition designation objected to as it calls for speculation and is not based on the knowledge of the deponent under Fed. R. Evid. 602

LD      All or part of the proposed deposition designation objected to as being a leading question under Fed. R. Evid. 611(c)

In addition to the below, Defendants counter-designate the errata sheets for Francisco Alvarez, Brian Berry, Nicholas Cappuccino, Xiu Xiu Cheng (both A.M. and P.M. sessions), Jie Chi, Raul Medina, Lawrence Rosenthal, and Janet Vaughn.

Defendants provisionally object to Plaintiffs' designation of deposition testimony from Atul Ayer, Lawrence Hamel, and Andrew Lam unless and until it is shown that Plaintiffs are not able to bring these witnesses to testify in person at the trial of this action.

| Francisco M. Alvarez – 10/18/06 | | | |
|---|---|---|---|
| ***ALZA & McNeil Designations*** | ***Objections*** | ***Counter-Designations*** | ***Objections to Counter Designations*** |
| 4: 20-25 | | 4:9-19 | |
| 5: 2-25 | | | |
| 6: 2-5, 15-25 | | 6:6-14, 7:2-18 | |
| 7: 19-25 | | | |
| 8: 2-4 | | 8:5-10; 8:13-9:11 | |
| 9: 20-25 | | | |
| 10: 2-7 | | 10:8-18; 10:20-11:12; 11:14-15; 12:16-20; 12:22-13:14; 36:5-9; 36:12-37:2; 37:4; 37:6 | FRE 106 |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| | | | |
|---|---|---|---|
| 14: 3-13, 15-21, 23-25 | HS; LF; Spec. | | |
| 15: 2-18, 20-25 | HS; LF; Spec. (up to 15:8) | | |
| 16: 2 | | 16:10-18; 16:25-17:13; 17:15-18:10; 37:18-20; 37:22-38:4 | FRE 106, 802, Leading question |
| 18: 11-25 | | 12:16-20; 12:22-13:14; 36:5-9; 36:12-37:2; 37:4; 37:6 | Leading question |
| 19: 2-25 | | | |
| 20: 2-3 | | | |
| 21: 24-25 | | | |
| 22: 2-24 | | 24:23-27:20 | FRE 106 |
| 27: 21-25 | | | |
| 28: 2-22 | HS; LF; Spec. (for 28:7-22); I | 28:24-25 | |

| Atul Ayer - 11/3/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 7: 4-12, 21-24 | | 4:1-9; 7:13-20; 8:23-13:21; 15:11-17:20; 18:15-18; 18:21-19:24 | FRE 802 |
| 8: 1-22 | | | |
| 97: 12-23 | | 97:24-98:2; 98:6-24; 99:3-14; 99:17-100:14 | |

| Brian Berry, Ph.D. - 11/7/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 8: 7-19 | | 8:20-12:17 | FRE 402-403 |
| 40: 13-25 | R; HS; LF | 66:3-67:23 | FRE 402-403, 602, 802 |
| 41: 2-6, 8-25 | | | |
| 42: 2-18, 24-25 | | | |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| | | | |
|---|---|---|---|
| 44: 10-25 | | | |
| 45: 2-12 | | 45:13-18 | FRE 602, 802 |
| 49: 22-25 | | | |
| 50: 2-3 | | | |

| Nicholas F. Cappuccino, Ph. D. – 9/28/06 | | | |
|---|---|---|---|
| *ALZA & McNeil Designations* | *Objections* | *Counter-Designations* | *Objections to Counter Designations* |
| 5: 3-10 | | | |
| 9: 25 | | | |
| 10: 2-5 | | | |
| 16: 5-18 | R | | |
| 46: 7-13, 18-22 | R | 47:2-9; 47:16-17; 47:19-48:2 | FRE 402-403, 602, 802 |
| 48: 12-17, 20-25 | R; LF | | |
| 49: 2-11, 15-18 | R; LF | | |
| 50: 22-25 | R | | |
| 51: 2-4 | R | | |
| 55: 3-18, 21-25 | R; LF | 64:25-65:24 | |
| 56: 2-3, 15-21 | R; LF | 64:25-65:24 | |
| 63: 12-22 | R;LF | | |

| Xiu Xiu Cheng – A.M. Session – 10/11/06 | | | |
|---|---|---|---|
| *ALZA & McNeil Designations* | *Objections* | *Counter-Designations* | *Objections to Counter Designations* |
| 4: 12-22 | | | |
| 6: 9-25 | | 4:23-25, 6:3-8 | |
| 13: 3-10 | | | |
| 15: 17-19, 21-22 | | 16:5-12, 18:12 – 19:16 | FRE 106, 402-403, 602, 802 |
| 20: 5-10 | | | |
| 25: 13-20 | | 25:21-24 | FRE 106 |
| 26: 15-25 | | | |
| 27: 2-7 | | 27:8-24, 28:3 – 29:2, 29:8-9 | |
| 47: 7-25 | | | |
| 48: 2-11, 23-25 | | | |
| 49: 2-25 | | | |
| 50: 2-3 | | 50:4-10 | FRE 106, 402-403, |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| | | | 602, 802 |
|---|---|---|---|
| 51: 22-25 | | | |
| 52: 2-23 | | | |
| 55: 20-24 | | 55:4-19 | FRE 402-403, 602 |
| 56: 5-16, 24-25 | | | |
| 57: 2-15 | object to inclusion of attorney objection at 57:5 | 57:16-25, 58: 3-18 | FRE 106, 402-403, 602, 802 |
| 58: 19-25 | | | |
| 59: 5-20, 24-25 | object to inclusion of attorney objections at 59:10 and 59:17 | | |
| 60: 2-10 | I | 60:11, 71:23 – 72:4, 72:9-16, 78:10-17, 78:19-22, 78:24-25, 79:19-24 | FRE 106, 402-403, 602, Speculative |
| 83: 18-25 | object to submission of stipulation by counsel via deposition designation | 82:9-15, 83:5-11 | FRE 106 |
| 84: 2-14 | object to submission of stipulation by counsel via deposition designation | 84:15-19 | FRE 106 |
| 85: 22-23, 25 | | 85:14-21 | FRE 402-403 |
| 86: 2-6 | | | |

| Xiu Xiu Cheng – P. M. Session – 10/11/06 | | | |
|---|---|---|---|
| *ALZA & McNeil Designations* | *Objections* | *Counter-Designations* | *Objections to Counter Designations* |
| 98: 11-25 | | | |
| 99: 2-9 | | 100:8-21 | FRE 402-403, 602, 802 |
| 101: 6-25 | I | | |
| 102: 2-25 | | | |
| 103: 2-25 | | | |
| 104: 2-18 | | | |
| 105: 8-11 | | | |
| 107: 3-15 | object to inclusion of attorney objection at 107:13 | 105:12-20 | FRE 106, 402-403, 602, 802 |
| 108: 2-7, 9-25 | | | |
| 109: 2-3, 25 | | | |
| 110: 2-25 | object to inclusion of | | |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

|  | attorney objection at 110:9 |  |  |
|---|---|---|---|
| 111: 2-10 |  |  |  |
| 112: 12-25 |  |  |  |
| 113: 2-6 |  | 113:7-22, 113:24 – 114:14, 114:16 – 115:3, 115:5-12 | FRE 106, 402-403, 602, 802, Speculative |
| 117: 6-9, 13-25 |  |  |  |
| 118: 2-25 |  |  |  |
| 119: 2-23, 25 |  |  |  |
| 120: 2-15 |  |  |  |
| 123: 6-14, 16-17 |  |  |  |
| 136: 11-17 |  |  |  |
| 143: 19-25 | R (143:19 – 144:8) |  |  |
| 144: 2-14 | R (143:19 – 144:8) | 144:15 – 145:3 | FRE 106, 402-403, 602, 802, Speculative |
| 145: 12-25 |  |  |  |
| 146: 2-9 |  |  |  |

| Jie Chi – 9/21/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 4: 14-25 |  |  |  |
| 5: 2-11 |  | 5:15-19 | FRE 106 |
| 6: 7-19 |  | 6:20-21, 6:23 – 7:18, 8:22-25 | FRE 106 |
| 9: 2-13, 22-25 |  |  |  |
| 10: 2-8 |  |  |  |
| 13: 10-16 |  |  |  |
| 17: 8-10 |  | 16:7 – 17:7, 17:25 – 18:3, 19:12-18 |  |
| 19: 19-22 |  | 19:23 – 20:2, 21:23 – 22:7 |  |
| 25: 2-22 |  |  |  |
| 53: 11-25 |  |  |  |
| 54: 2-25 |  |  |  |
| 55: 2-5, 10-25 |  | 55:6-7, 55:9 |  |
| 56: 2-4 |  |  |  |
| 59: 22-25 |  |  |  |
| 60: 2, 4-25 | object to 60:17-21 as hypothetical question, LF, Spec. |  |  |
| 61: 2-10 |  |  |  |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| Diane Guinta – 10/9/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 6: 23-24 | | | |
| 13: 12-25 | | 8:5-7, 8:16-21 | |
| 14: 1-25 | | | |
| 15: 1-13 | | 15:17 – 16:17, 16:19 – 17:8 | |
| 17: 11-25 | | | |
| 18: 1-18 | | | |
| 21: 24-25 | | 21:3-23 | |
| 22: 1-23 | | 23:25 – 24:10 | |
| 24: 18-24 | | | |
| 28: 6-14 | | 26:15 – 28:5, 28:15 – 29:1 | |
| 38: 13- 25 | | | |
| 39: 1-5, 14-25 | | | |
| 40: 1-11 | | | |
| 51: 7-25 | | 45:14 – 48:11, 49:20 -- 50:9 | |
| 52: 1-2 | | | |
| 54: 2-12 | R | | |
| 117: 12-16 | | 102:13 – 103:13, 107:25 – 108:25, 109:19, 111:1, 117:17 – 118:1 | |
| 118: 2-24 | | | |
| 119: 14-20 | | | |
| 131: 18-20 | | | |
| 132: 17-25 | | | |
| 133: 1-19, 21-25 | | | |
| 134: 1-9, 11-13, 23-25 | | | |
| 135: 1-8 | | 135:12-14, 135:1-24 | |
| 136: 3-16 | | 136:17-18, 136:20 – 137:4 | |
| 137: 5-19 | | | |
| 138: 2-10, 17-25 | R (138:17–25) | 138:11-16 | |
| 139: 1-25 | R (139:1-25) | | |
| 140: 1-25 | | | |
| 141: 1-23 | R (141:17-23) | 141:24 -- 142:1, 142:3-14 | |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| | | | |
|---|---|---|---|
| 142: 16-25 | | | |
| 143: 1, 3-20, 22-25 | LD at 143:18-20 | | |
| 144: 1-4 | LD at 143:18-20 | | |
| 145: 23-25 | LD at 143:23-25 and 146:1-2 | | |
| 146: 1-2, 4-25 | LD at 143:23-25 and 146:1-2 | | |
| 147: 1-9, 12-18, 20-24 | | | |
| 148: 6-8, 12-19, 22-25 | LD at 148:6-8 | | |
| 149: 1-25 | | | |
| 150: 1-16 | | | |
| 155: 5-15, 23-25 | | | |
| 156: 2-11 | | 156:9 – 157:2 | |

| Lawrence Hamel – 11/8/06 | | | |
|---|---|---|---|
| *ALZA & McNeil Designations* | *Objections* | *Counter-Designations* | *Objections to Counter Designations* |
| 6: 10-24 | | | |
| 7: 1-24 | | | |
| 8: 1-24 | | | |
| 9: 1-23 | | | |
| 23: 2-15 | | 18:6 – 19:4, 19:9-21, 20:5-16, 21:6 – 22:4, 23:16 – 24:2 | |
| 42: 17-24 | | | |
| 43: 1-9 | | | |
| 81: 9-24 | LF (81:22-24) | | |

| Andrew C. Lam – 9/20/06 | | | |
|---|---|---|---|
| *ALZA & McNeil Designations* | *Objections* | *Counter-Designations* | *Objections to Counter Designations* |
| 6: 11-23 | | 5:1-7 | |
| 10: 22-25 | | 6:24-10:21 | |
| 11: 18-25 | | 11:1-17 | |
| 12: 1-2 | | 12:3-19:17 | FRE 402-403 |
| 19: 18-25 | | | |
| 20: 1-5 | | 20:6-23:2 | |
| 23: 3-21 | | 23:22-25:23; 27:13-28:6; 28:18-30:24; 31:4-34:15 | FRE 402-403, 802, |
| 55: 4-15 | | 56:1-56:15 | |
| 146: 7-14 | | 142:23-146:6 | FRE 802 |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| Raul A. Medina – 10/17/06 | | | |
|---|---|---|---|
| *ALZA & McNeil Designations* | *Objections* | *Counter-Designations* | *Objections to Counter Designations* |
| 4: 12-20, 25 | | | |
| 5: 2, 7-10 | | | |
| 15: 4-6, 22-25 | | 15: 7-8, 15: 11-14 | |
| 16: 2, 7-18 | | | |
| 18: 15-21, 23-25 | | | |
| 19: 2, 5-25 | | | |
| 20: 2-23 | | | |
| 21: 20-25 | | | |
| 22: 2-16 | | 22: 17-25, 23: 3-13 | |
| 25: 18-19 | | 26: 6-16 | |
| 27: 11-25 | | | |
| 28: 2-3, 12-15 | | 28: 4-5, 28: 7-11 | |
| 29: 4-22 | | | |
| 30: 9-22 | | | |
| 34: 14-25 | | 34: 6-13 | |
| 35: 2, 12-25 | object to inclusion of attorney statement at 35: 16-17 | | |
| 36: 2-25 | | | |
| 37: 2-10 | | 37:11 – 38:21, 38:24 – 40:5, 40:7 – 42:12, 42:14 – 43:16, 43:20 – 46:2, 46: 8-10, 46: 12-16 | FRE 106 |
| 46: 17-25 | | | |
| 47: 2-11 | | | |
| 48: 2-17, 23 -25 | | | |
| 49: 2, 15-19 | | 49: 3-14, 49: 20-25 | FRE 106 |
| 52: 25 | | 52: 5-20 | |
| 53: 2-5, 7-18, 20-25 | | | |
| 54: 2-10 | | 54: 11-14, 54: 16-23, 55: 5-25 | |
| 56: 11-17 | | 56: 18-21, 56:23 – 57:8 | |
| 58: 7-16 | | 57: 14-17, 57:24 – 58:6, 58:17 – 59:12 | |
| 59:13-25 | | | |
| 60: 2-6, 9-25 | | | |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| | | | |
|---|---|---|---|
| 61: 2-19 | | | |
| 62: 21-25 | | | |
| 63: 2-7 | | | |
| 83: 18-25 | | 81:22 – 82:18 | FRE 106 |
| 84: 2 | | | |
| 89: 8-25 | | | |
| 90: 2-6, 12-25 | | 90: 7-11 | |
| 91: 2-5 | | | |

| Lawrence J. Rosenthal – 10/13/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 4: 12-25 | R | | |
| 5: 1-22 | R | | |
| 11: 25 | R | 11:1-24 | |
| 12: 2-3 | R | 12:4-12 | FRE 402-403, 602, 802, Speculative |
| 12: 13-25 | R | | |
| 13: 2-12 | R | 13:13-22; 14:22-15:9 | |
| 15: 10-20 | R | | |
| 16: 23-25 | R | | |
| 17: 2-21 | R; HS | | |
| 19: 12-25 | R; HS | | |
| 20: 2-25 | R; HS | | |
| 21: 2-25 | R; HS | | |
| 22: 2-12 | R | | |
| 27: 19-25 | R | | |
| 28: 2-6 | R | | |
| 33: 21-25 | | | |
| 34: 2-9, 13-25 | R; LF (as to 34:13-25) | 34:10-12 | FRE 402-403, 602, 802, Speculative |
| 35: 2-19 | R; LF | | |
| 36: 10-23 | | 36:25-37:2 | FRE 106 |
| 37: 3-25 | R; LF | | |
| 38: 2, 11-18 | R; LF; Spec. | 38:3-7; 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| 39: 2-12 | R; LF | 39:13-20 | FRE 106, 402-403, 602, 802 |
|---|---|---|---|
| 39: 21-25 | R; LF | | |
| 40: 2-9, 18-25 | R; LF | | |
| 41: 2-8 | R; LF; Spec. | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 42: 7-18 | R; LF; Spec. | 42:19-43:5; 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 43: 18-25 | R; LF; Spec. | | |
| 44: 2-21 | R; LF; Spec. | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 45: 3-25 | R; LF; Spec. | | |
| 46: 2-21 | R; LF; Spec. | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9; 59:18-60:12 | FRE 106, 402-403, 602, 802, Speculative |
| 52: 15-25 | R; LF; Spec. | | |
| 53: 2-10, 13-19, 21-25 | R; LF; Spec. | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 54: 2-3, 8-20, 22-25 | R; LF; Spec. | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 55: 2-8, 10-25 | R; LF; Spec. | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 56: 2-3, 5-8 | R; LF; Spec | 56:9-12; 56:14-25; 58:3-5; 38:7-9; 58:11-59:7; 59:9 | FRE 106, 402-403, 602, 802, Speculative |
| 59: 18-25 | | | |
| 60: 2-12 | | | |

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| Samuel Robert Saks – 10/11/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 7: 10-25 | | | |
| 8: 1-21 | | | |
| 36: 15-25 | LF | | |
| 37: 1-14 | LF | 37:15-24 | |
| 39: 9-15 | | | |
| 60: 1-25 | | | |
| 61: 1-5 | | 61:6-25 | |

| James Swanson – 10/24/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 6: 23-25 | | | |
| 7: 1-10, 15-25 | | | |
| 8: 1-11 | | 8:12-14 | |
| 17: 23-25 | | 16:8-22; 18:2-8 | |
| 18: 1 | | 18:2-8 | |
| 28: 5-6 | R; LF; Spec. | 28:7-18; 29:25-30:23 | |
| 39: 7-25 | | 37:21-39:6 | |
| 40: 1-4, 17-25 | | 40:5-16 | |
| 41: 1-8 | | 41:9-42:5 | |

| Janet Ann Marie Vaughn – 9/19/06 | | | |
|---|---|---|---|
| **ALZA & McNeil Designations** | **Objections** | **Counter-Designations** | **Objections to Counter Designations** |
| 7: 19-25 | | | |
| 8: 2-4 | | | |
| 29: 5-6 | | | |
| 30: 10-14 | | | |
| 31: 20-22 | | | |
| 32: 2-25 | | | |
| 33: 2-17 | | | |
| 34: 4-21 | | 34:22 – 35:2 | |
| 35: 3-21 | | 36:15-17, 36:19-20, 37:3-4, 37:8 – 38:23 | FRE 106, 402-403, 602, 802 |

11

*ALZA Corporation and McNeil-PPC, Inc. v.*
*Andrx Pharmaceuticals, LLC and Andrx Corporation:*
Plaintiffs' Deposition Designations and Defendants' Objections and Counter-Designations

| | | | |
|---|---|---|---|
| 55: 3-25 | | | |
| 56: 2-25 | | | |
| 57: 2-25 | | | |
| 58: 2-25 | R (58:6-25) | | |
| 59: 2-7 | R (59:2) | 59:8-10 | FRE 106, 402-403 |
| 60: 8-11, 13-14 | R | 60:16-18, 60:21 – 61:3 | FRE 402-403 |
| 61: 5-15 | | 61:24 – 62:3, 62:8-15 | FRE 402-403 |
| 62: 16-18, 20-22 | R | | |
| 63: 3-5, 8-11 | | | |
| 65: 9-12, 16-20 | | 65:22-23, 66:3-6 | FRE 106 |
| 71: 10-21 | | | |
| 72: 2-8 | | 72:9-10, 72:13-16 | FRE 106 |
| 73: 20-25 | | | |
| 74: 2-14, 16-25 | | | |
| 75: 2-8, 16-25 | | | |
| 76: 2-4, 6-12 | | | |
| 77: 15-22, 24-25 | | | |
| 78: 2-13 | R (78:8-13) | 78:14-16 | FRE 106, 402-403 |
| 79: 4-5, 7-21 | | | |
| 80: 18-25 | | | |
| 81: 2-17, 24-25 | | | |
| 82: 2-8, 10-15 | | 82:24 – 83:13, 83:21 – 84:3 | FRE 106, 402-403, 602, 802 |
| 101: 13-25 | | | |
| 102: 2-4 | | | |
| 104: 20-25 | | | |
| 105: 2-4 | | 105:14-22, 105:24 – 105:3 | FRE 106 |
| 106: 5-11, 14-16, 24-25 | | | |
| 107: 2-17, 20-21 | | 107:24 – 108:3 | FRE 402-403 |
| 108: 4-16 | | | |
| 128: 24-25 | R | | |
| 129: 2-4, 8-25 | R | | |
| 130: 2-11 | R | | |
| 142: 18-25 | R | | |
| 143: 2-5, 16-21 | R, LF (143:16-21) | 143:6-11, 143:14, 143:22 – 144:8, 144:11-21, 144:23-24 | FRE 402-403 |

12

# TAB 10

## TAB 10

### WITNESSES ANDRX MAY CALL AT TRIAL

Andrx sets forth below the names and addresses of the witnesses whom Andrx intends to call to testify at trial. By identifying these witnesses, Andrx is not required to call them at trial, nor is Andrx limited in the manner in which such testimony is to be presented at trial. In addition, Andrx reserves the right to call as witnesses at trial: (1) any additional witnesses to provide foundational testimony should Plaintiffs contest the authenticity or admissibility of any materials to be proffered at trial; (2) any witness identified by Plaintiffs on their trial witness list(s); (3) any substitute witnesses, to the extent that the employment of any of the listed individuals changes or in the event that they otherwise become unavailable for trial; (4) any additional witnesses to respond to issues raised after the submission of this list, such as testimony of witnesses who have not yet been identified and/or deposed; and (5) any additional witnesses for purposes of impeachment. To the extent permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, Andrx reserves the right to introduce the prior sworn testimony of any witness identified below.

### Fact Witnesses

Francisco Alvarez
2945 West Corporate Lake Boulevard
Weston, FL 33331

Mr. Atul Ayer
931 Bautista Court
Palo Alto, CA 94303

Brian Berry

4137 Cinnamon Way
Weston, FL 33331 (last known address)


Ms. Michelle Brennan
404 Sergeantsville Road
Flemington, NJ 08822

Nicholas Cappuccino
161 Harbourton Woodsville Road
Lambertville, NJ 08530 (last known address)

Xiu Xiu Cheng
2945 West Corporate Lake Boulevard
Weston, FL 33331

Jie Chi
2945 West Corporate Lake Boulevard
Weston, FL 33331

Cathy Gelotte
McNeil Consumer and McNeil Pediatrics

Dr. Diane Guinta
Jazz Pharmaceuticals
3180 Porter Drive
Palo Alto, CA 94304

Dr. Suneel Gupta
Alza Corporation
1900 Charleston Road
P.O. Box 7210
Mountain View, CA 94039-7210

Mr. Lawrence Hamel
AcelRx Pharmaceuticals, Inc.
575 Chesapeake Drive
Redwood City, CA 94063

Mr. Andrew Lam
3558 Cassis Court
San Jose, CA 95148

Mr. Joseph Lucci
Woodcock Washburn LLP
Cira Centre, 12th Floor

2

2929 Arch Street
Philadelphia, PA  19104-2891

Raul Medina
2945 West Corporate Lake Boulevard
Weston, FL 33331

Lawrence Rosenthal
1776 Aspen Lane
Weston, FL 33327 (last known address)

Dr. Samuel Saks
Jazz Pharmaceuticals
3180 Porter Drive
Palo Alto, CA  94304

Dr. Padmaja Shivanand
Alza Corporation
1900 Charleston Road
P.O. Box 7210
Mountain View, CA  94039-7210

Dr. James Swanson
UCI Child Development Center
19722 MacArthur Blvd.
Irvine, CA  92612

Janet Ann Marie Vaughn
2945 West Corporate Lake Boulevard
Weston, FL 33331

**Expert Witnesses**

Umesh V. Banakar, Ph.D.
10251 Tammer Drive
Carmel, IN 46032

Sanford M. Bolton, Ph.D.
67 Phelps Avenue
Cresskill, NJ 07626

Reza Fassihi, Ph.D.
Temple University
School of Pharmacy
3307 N. Broad Street
Philadelphia, PA 19140

3

Michael Mayersohn, Ph.D.
College of Pharmacy
The University of Arizona
Tucson, AZ 85721

Thomas E. Needham, Ph.D.
University of Rhode Island
College of Pharmacy
Kingston, RI  02881

Bruce H. Stoner, Jr.
Greenblum & Bernstein, P.L.C.
1950 Roland Clark Place
Reston, VA 20191-1411

# TAB 11

## TAB 11

## DEFENDANTS' DEPOSITION DESIGNATIONS

### Key For Defendants' Objections to Counter-Designations:

HS    All or part of the proposed deposition designation objected to under Fed. R. Evid. 801-806

I    All or part of the proposed deposition designation objected to as being incomplete under Fed. R. Evid. 106

R    All or part of the proposed deposition designation objected to as being irrelevant or unduly prejudicial under Fed. R. Evid. 401-403

LF    All or part of the proposed deposition designation objected to for lack of foundation under Fed. R. Evid. 602 & 702-705

Spec.    All or part of the proposed deposition designation objected to as it calls for speculation and is not based on the knowledge of the deponent under Fed. R. Evid. 602

LD    All or part of the proposed deposition designation objected to as being a leading question under Fed. R. Evid. 611(c)

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| Atul Ayer: November 3, 2006 Deposition Testimony | The errata sheet signed December 21, 2006 is designated in its entirety. | | |
| 4:1-3 | | 30: 3-6 | R, LF |
| 4:6-9 | | 35: 6-8, 11-12 | R, I |
| 6:18-21 | | 41: 21 – 42: 4 | Improper Counter as this is just an objection and instruction; R |
| 7:7 - 12:6 | | 51: 13-21 | Improper Counter as this is just an objection and instruction; R |
| 12:22 - 18:18 | FRE 802 | 57: 17-18 | Improper Counter as this is just an objection; R |
| 18:21 - 24:24 | | 59: 23 – 60: 1 | |
| 25:1-16 | | 60: 8-14 | |
| 25:23 - 30:2 | | 60: 21 – 61: 2 | |
| 30:7-24 | | 70: 22 – 71: 5 | Improper Counter as this is just an objection and instruction; R |
| 31:14 - 34:16 | | 71: 13-15 | Improper Counter as this |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| | | | is just an objection and instruction; R |
| 35:17-21 | | 71: 24 – 72: 8 | |
| 36:14 - 39:7 | | 76: 4-5 | Improper Counter as this is just an objection; R |
| 39:10 - 41:20 | | 81: 4-6 | Improper Counter as this is just an objection; R |
| 42:5-17 | | 82: 20 | Improper Counter as this is just an objection; R |
| 44:5 - 45:1 | | 96: 18 – 97: 1 | |
| 46:21 - 47:10 | | 99: 1-2, 15-16 | Improper Counter as this is just an objection; R |
| 49:16-24 | | | |
| 51:11-12 | FRE 402-403, 802 | | |
| 51:22 - 52:13 | FRE 402-403, 802 | | |
| 56:13-19 | FRE 402-403, 802 | | |
| 57:4-16 | FRE 402-403, 802 | | |
| 57:19 - 59:3 | FRE 402-403, 802 | | |
| 59:15-22 | FRE 402-403, 802 | | |
| 60:2-7 | FRE 402-403, 802 | | |
| 61:6-12 | | | |
| 63:5-17 | FRE 402-403, 802 | | |
| 64:2-9 | FRE 402-403, 802 | | |
| 65:24 - 66:2 | | | |
| 66:7-9 | | | |
| 66:14 - 68:5 | | | |
| 68:11-23 | | | |
| 69:6-22 | | | |
| 70:4-21 | FRE 402-403, 802 | | |
| 71:6-12 | FRE 402-403, 802 | | |
| 71:16-23 | FRE 402-403, 802 | | |
| 72:9-14 | | | |
| 74:23 - 75:19 | | | |
| 75:23 - 76:3 | | | |
| 76:6 - 78:17 | | | |
| 80:10 - 81:3 | | | |
| 81:7 - 82:19 | | | |
| 82:21 - 83:5 | | | |
| 84:9-14 | | | |
| 84:18 - 85:20 | | | |
| 85:24 - 87:9 | | | |
| 87:12 - 88:2 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 88:12-16 | | | |
| 89:2-21 | | | |
| 97:12 - 98:2 | | | |
| 98:6-24 | | | |
| 99:3-14 | | | |
| 99:17 - 100:14 | | | |
| | | | |
| | | | |
| **Brian Berry: November 7, 2006 Deposition Testimony** | | | |
| 8:1 - 9:18 | | 11: 14-18 | |
| 11:19 - 12:15 | | 15: 25 – 16:15 | |
| 15:11-24 | | 19: 17-24 | |
| 16:16 - 19:16 | | 20: 5-17 | Incomplete; missing question at 20:4 |
| 31:12-18 | | 21: 18 – 22: 19 | R |
| 32:3-16 | | 23: 11 – 24: 25 | |
| 33:18-20 | | 25: 3-9, 11-25 | R |
| 34:10-20 | | 26: 2-22 | R |
| 45:19 - 46:16 | | 27: 3-21 | |
| 50:4-18 | | 28: 8 – 29: 21 | Improper Counter as 28:23 is just an objection; R; LF |
| 55:9-12 | | 31: 19 – 32: 2 | R |
| 55:14-18 | | 34: 25 – 36: 19 | R |
| 56:6-13 | | 46: 17 – 49: 21 | |
| 56:15-18 | | 50: 25 – 51: 18 | |
| 56:20 - 57:5 | | 51: 21 – 52: 17 | LF |
| 57:7-17 | | 61: 21-25 | |
| 66:3 - 67:23 | | 62: 2 – 63: 19 | |
| | | 68: 3-7 | |
| | | | |
| **Michelle Brennan: November 15, 2006 Deposition Testimony (30(b)(6) witness)** | | | |
| 4:3-6 | | 13: 10-24 | |
| 5:12 - 6:7 | | 33: 11-18 | |
| 6:19-23 | | 34: 3-5 | LF; R |
| 7:5-11 | | 35: 19-24 | |
| 7:19 - 8:16 | | 36: 14-16, 19-25 | Improper Counter as this |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| | | | is just an objection; R |
| 9:2 - 10:4 | | 37: 2-6 | |
| 10:9 - 11:14 | | 41: 2-3, 10-11 | |
| 11:17 - 12:22 | | 59: 16-24 | |
| 13:5-9 | | 60: 7-18 | |
| 15:21 - 18:15 | | 62: 9-13 | |
| 18:17 - 19:21 | | 64: 23-25 | |
| 21:2-14 | | 65: 2-5 | |
| 21:20 - 22:21 | | 68: 13-25 | |
| 23:9-12 | | 69: 2-3 | Incomplete (partial answer; answer runs through 69:4-7) |
| 23:19 - 24:5 | | 76: 8-10 | |
| 24:11-18 | | 84: 7-20 | |
| 28:18-20 | | 92: 15-25 | |
| 32:22 - 33:10 | | 93: 2-5 | |
| 33:19 - 34:2 | | 96: 12-25 | Improper Counter as this is just an objection and colloquy; R |
| 34:6 - 35:18 | | 97: 2-5 | Improper Counter as this is just an objection; R |
| 37:19 - 40:25 | | 99: 15-23 | |
| 41:4-9 | | | |
| 41:12-13 | | | |
| 41:15-23 | | | |
| 42:18-45:7 | | | |
| 45:11 - 46:4 | | | |
| 46:8 - 47:12 | | | |
| 47:15-20 | | | |
| 48:10 - 49:15 | | | |
| 49:24 - 50:12 | | | |
| 52:23 - 53:18 | | | |
| 54:14 - 55:21 | | | |
| 58:2 - 59:15 | | | |
| 59:25 - 60:4 | | | |
| 62:4-8 | | | |
| 62:14-19 | | | |
| 64:17-20 | | | |
| 65:6 - 67:25 | | | |
| 68:4-12 | | | |
| 69:15-22 | | | |
| 70:9 - 74:21 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 76:3-5 | | | |
| 76:11-21 | | | |
| 79:2-16 | | | |
| 80:2 - 82:6 | | | |
| 82:12-24 | | | |
| 83:2-17 | | | |
| 83:20 - 84:6 | | | |
| 85:20 - 88:8 | | | |
| 88:14-23 | | | |
| 91:9 - 92:14 | | | |
| 93:6-20 | | | |
| 95:14-17 | | | |
| 97:20 - 99:5 | | | |
| 99:7-14 | | | |
| 100:7 - 102:7 | | | |
| 102:10 - 105:6 | | | |
| 105:16 - 109:12 | FRE 402-403 | | |
| | | | |
| | | | |
| **Cathy Gelotte: October 24, 2006 Deposition Testimony (30(b)(6) witness)** | The errata sheet signed November 22, 2006 is designated in its entirety. | | |
| 3:22-25 | | 21: 4-12, 14-23 | Incomplete (partial designation; include 21:3) |
| 4:4-5 | | 21: 25 | Incomplete (partial designation of question; include 21:24) |
| 4:16 - 7:8 | | 22: 2-5, 8-9 | Incomplete (partial designation missing last line of answer and first line of question; should include 22:6-7) |
| 8:6-9 | FRE 402-403, 802 | 27: 5-8 | |
| 8:13 - 10:23 | FRE 402-403, 802 | 30: 25 – 31: 12 | |
| 11:10 - 15:21 | FRE 402-403, 802 | | |
| 18:17 - 21:2 | FRE 402-403 | | |
| 22:21-24 | | | |
| 23:10 - 26:23 | FRE 402-403, 802 | | |
| 26:25 - 27:4 | | | |

5

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 28:25 - 29:3 | FRE 402-403, 802 | | |
| 29:8 - 30:11 | FRE 402-403, 802 | | |
| 30:15-23 | FRE 402-403, 802 | | |
| 31:13 - 33:7 | FRE 402-403, 802 | | |
| 33:17-24 | | | |
| 34:2-18 | | | |
| | | | |
| | | | |
| **Diane R. Guinta: October 9, 2006 Deposition Testimony** | The errata sheet signed January 26, 2007 is designated in its entirety. | | |
| 6:10-12 | | 45: 20-23 | |
| 8:5-7 | | 96: 19 – 97: 2 | |
| 8:16-21 | | 123: 1-11 | |
| 13:12 - 16:17 | | 159: 21 | object to inclusion of attorney objection |
| 16:19 - 18:18 | | 160: 5, 15 | object to inclusion of attorney objection |
| 19:22 - 20:8 | | | |
| 20:17 - 24:10 | | | |
| 24:18 - 25:6 | | | |
| 25:8 - 26:14 | | | |
| 38:13 - 39:5 | | | |
| 39:14 - 41:14 | | | |
| 42:20 - 43:5 | | | |
| 44:9 - 45:3 | | | |
| 45:14 - 48:11 | | | |
| 66:14 - 69:3 | | | |
| 70:5 - 77:4 | | | |
| 81:6-10 | | | |
| 81:25 - 86:17 | | | |
| 88:19 - 92:11 | | | |
| 95:12 - 96:18 | | | |
| 102:13-17 | | | |
| 103:1-5 | | | |
| 104:7-10 | | | |
| 106:1 - 108:25 | | | |
| 110:8 - 111:1 | | | |
| 112:5-22 | | | |
| 117:12 - 122:25 | | | |
| 132:12 - 133:19 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 133:21 - 134:9 | | | |
| 134:11-17 | | | |
| 134:19 - 135:14 | | | |
| 135:16 - 136:16 | | | |
| 141:24 - 142:1 | | | |
| 142:3-23 | | | |
| 148:17-19 | | | |
| 148:22 - 150:15 | | | |
| 156:9 - 157:2 | | | |
| 158:14 - 159:20 | | | |
| 159:22 - 160:4 | | | |
| 160:6-14 | | | |
| | | | |
| | | | |
| **Suneel K. Gupta: October 4, 2006 Deposition Testimony (30(b)(6) witness)** | The errata sheet signed January 5, 2007 is designated in its entirety. | | |
| 6:6-12 | | 11: 20 – 12: 7 | object to inclusion of colloquy between counsel |
| 7:9-20 | | 16: 25 – 17: 4 | object to inclusion of attorney objection |
| 9:24 - 10:15 | | 19: 21 – 20: 10 | |
| 11:16-19 | | 22: 4-6 | object to inclusion of attorney objection |
| 12:9 - 14:4 | | 23: 7-10 | |
| 16:12-24 | | 24: 17 – 25: 9 | |
| 17:5 - 18:16 | | 32: 25 – 33: 25 | incomplete (designation begins in the middle of a question) |
| 19:8-15 | | 34: 18 – 35: 10 | |
| 20:11-19 | | 37: 22 – 38: 7 | |
| 21:25 - 22:3 | | 42: 8-21 | |
| 22:7 - 23:6 | | 47: 6 – 48: 11 | incomplete (should also include 43:14-16 and 44:20 – 45:1) |
| 24:1-16 | | 61: 21 – 62: 5 | |
| 25:10 - 30:18 | FRE 402-403 | 129: 15 – 130: 25 | object to inclusion of colloquy between counsel |
| 49:13-24 | | 167: 11-12 | object to inclusion of |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| | | | attorney objection; also incomplete (if objection is included, then 167:13-16 should also be included) |
| 51:5-21 | | 171: 15-17 | object to inclusion of attorney objection |
| 53:4-15 | | 179: 24 – 180: 1 | incomplete (if this testimony is included, then 179:14-23 and 180:2-11 should also be included) |
| 55:3 - 61:20 | | 180: 12-18 | |
| 62:24 - 66:3 | | 221: 3-7, 9-21, 23-24 | questions at 221:3-7 and 221:19-21 objected to as leading (and answers objected to as well) |
| 66:6-11 | | 222: 1-7, 9-16 | questions at 222:5-7 and 222:13-16 objected to as leading (and answers objected to as well) |
| 66:17 | | 223: 2-3 | question at 223:2 objected to as leading (and answer objected to as well) |
| 73:25 - 75:12 | | 226: 20-25 | |
| 87:20 - 90:3 | | 227: 1-10, 12-22, 24 | questions at 227:9-10 and 227:16-22 objected to as leading (and answers objected to as well) |
| 98:14 - 103:4 | FRE 602, 402-403 | | |
| 104:4 - 105:19 | | | |
| 113:8 - 114:6 | | | |
| 116:1 - 127:10 | | | |
| 128:11 - 129:12 | | | |
| 131:3 - 134:24 | | | |
| 134:25 - 141:20 | | | |
| 144:5-22 | | | |
| 148:9 - 149:18 | | | |
| 155:2-19 | | | |
| 156:1-10 | | | |
| 157:6 - 163:22 | | | |

8

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 164:7-10 | | | |
| 164:15-20 | | | |
| 167:8-10 | | | |
| 167:20-23 | | | |
| 171:7-14 | | | |
| 171:19 - 176:5 | | | |
| 178:4 - 179:13 | | | |
| 205:9-23 | FRE 402-403 | | |
| 206:9 - 207:10 | FRE 402-403 | | |
| 209:7-23 | FRE 402-403 | | |
| 210:23 - 220:13 | FRE 402-403, 602, 802 | | |
| 223:17 - 224:11 | | | |
| 224:13 | | | |
| 224:15 - 225:20 | | | |
| 225:22 - 226:10 | | | |
| 226:12-16 | | | |
| 226:18 | | | |
| 228:22 - 229:7 | | | |
| 229:13 - 230:21 | | | |
| | | | |
| **Suneel K. Gupta: November 1, 2006 Deposition Testimony (30(b)(6) witness)** | The errata sheet signed January 5, 2007 is designated in its entirety. | | |
| 239:1-7 | | | |
| 239:12 - 240:15 | | 240: 16-18 | incomplete (240:19-22 should also be included) |
| 242:15 - 243:5 | | 240: 23 – 242: 8 | |
| 244:20 - 245:1 | | 243: 6-13 | |
| 245:7-15 | | 243: 17 – 244: 19 | |
| 247:17-20 | | 245: 2-3 | object to inclusion of attorney objection |
| 249:15 - 251:3 | | 246: 1-8, 13-23 | |
| 251:8-16 | | 247: 21 – 248: 6 | |
| 253:15-18 | | 251: 17-24 | |
| 254:17 - 255:2 | | 252: 1-24 | |
| 255:16 - 256:19 | | 253: 1-9, 19-24 | |
| 271:3 - 272:4 | | 254: 1-8 | |
| 276:6-15 | | 255: 3-15 | |
| 277:3 - 280:4 | | 256: 23-24 | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 281:7-16 | | 257: 17-19 | |
| 286:6-20 | | 280: 5-17 | |
| 291:11 - 293:1 | | 281: 17 – 282: 8 | |
| 293:8-19 | | 283: 5 – 284: 8 | incomplete (missing answer at 284:9) |
| 294:15 - 297:9 | | 293: 20 – 294: 14 | |
| 299:24 - 301:1 | | 297: 10 – 298: 13 | |
| 301:22 - 302:7 | | 298: 18 – 299: 20 | |
| 304:10-20 | | 301: 14-17 | |
| 307:19 - 309:13 | | 328: 19-21 | |
| 309:22 - 313:22 | | | |
| 315:15 - 316:8 | | | |
| 317:16 - 318:7 | | | |
| 328:12-18 | | | |
| 341:24 - 342:4 | | | |
| 356:10 - 360:9 | FRE 402-403 | | |
| 372:12 - 373:23 | | | |
| | | | |
| | | | |
| **Lawrence Hamel: November 8, 2006 Deposition Testimony** | The errata sheet signed December 19, 2006 is designated in its entirety. | | |
| 5:1-13 | | 12: 8-23 | |
| 6:10 - 9:23 | | 18: 24 – 19: 2 | |
| 14:5 - 15:1 | | 20: 5-16 | |
| 16:20 - 17:4 | | 22: 5-17 | |
| 17:7 - 18:23 | | 31: 14-20 | |
| 19:9 - 20:1 | | 57: 21-24 | |
| 21:6 - 22:4 | | 60: 20 – 61: 10 | |
| 24:3-16 | | 63: 5-10 | |
| 26:20 - 28:6 | | 67: 24 – 68: 16 | |
| 30:19 - 31:13 | | 73: 6-24 | incomplete (missing rest of answer at 74:1-5) |
| 31:21 -34:7 | | 81: 7-8 | R |
| 34:22-23 | | 82: 1-5 | |
| 35:2 | | 86: 9-15 | |
| 35:9-21 | | 88: 2-8 | |
| 39:2-6 | | | |
| 42:17 - 43:9 | | | |
| 57:16-20 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 58:8-9 | | | |
| 58:14 - 59:2 | FRE 802 | | |
| 59:11-21 | FRE 802 | | |
| 59:24 - 60:11 | FRE 802 | | |
| 60:15-18 | FRE 802 | | |
| 61:11-12 | | | |
| 61:15 - 62:14 | | | |
| 64:6-7 | | | |
| 64:12-13 | | | |
| 64:23 - 66:9 | | | |
| 66:23 - 67:23 | | | |
| 68:22 - 69:22 | | | |
| 73:6 - 75:11 | | | |
| 82:18 - 83:1 | | | |
| 83:10 - 84:6 | | | |
| 84:11-22 | | | |
| 84:24 - 86:8 | | | |
| 86:16 - 87:18 | | | |
| 87:20-24 | | | |
| | | | |
| | | | |
| **Andrew C. Lam: September 20, 2006 Deposition Testimony** | The errata sheet signed December 1, 2006 is designated in its entirety. | | |
| 5:1-3 | | 133: 14-16 | |
| 5:6-7 | | 138: 19 – 140: 2 | |
| 5:18 - 34:16 | FRE 802 | 158: 3-5, 10-15 | |
| 35:7 - 38:9 | | | |
| 38:14 - 44:6 | | | |
| 45:14-20 | | | |
| 46:5 - 55:3 | | | |
| 56:1-15 | | | |
| 57:11 - 58:25 | | | |
| 59:10 - 62:3 | FRE 402-403 | | |
| 62:10-18 | | | |
| 62:22-24 | | | |
| 63:4 - 66:8 | | | |
| 66:24 - 68:22 | FRE 802 | | |
| 77:5 - 80:20 | | | |
| 81:4-16 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 82:13 - 87:13 | FRE 802 | | |
| 88:1 - 90:10 | FRE 802 | | |
| 97:21 - 99:1 | | | |
| 103:11-18 | | | |
| 105:7-22 | | | |
| 116:6 - 117:5 | | | |
| 117:21 - 118:23 | | | |
| 120:7 - 121:5 | | | |
| 122:2-19 | | | |
| 124:16 - 129:24 | | | |
| 131:9 - 132:6 | | | |
| 132:20-22 | | | |
| 133:2-13 | | | |
| 133:17-21 | | | |
| 134:15 - 136:2 | | | |
| 136:11 - 138:18 | | | |
| 141:14 - 142:24 | | | |
| 143:4 - 144:12 | | | |
| 144:21 - 146:20 | | | |
| 148:18-21 | | | |
| 149:10-11 | | | |
| 149:15-23 | | | |
| 150:15 - 151:24 | | | |
| 152:9 - 154:5 | | | |
| 156:21 - 158:2 | | | |
| 159:19-21 | | | |
| 159:25 - 160:2 | | | |
| 160:8-23 | | | |
| 161:12 - 166:2 | | | |
| 167:5 - 168:12 | | | |
| 169:14-16 | | | |
| 169:20 - 170:20 | | | |
| 175:4-10 | | | |
| 177:12 - 179:6 | | | |
| 179:10-21 | | | |
| 180:4-12 | | | |
| 183:20-22 | | | |
| 184:2-16 | | | |
| 186:6 - 189:8 | | | |
| 190:21-23 | | | |
| 191:2 - 194:5 | | | |
| 194:9-24 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 196:4 - 198:15 | | | |
| 200:14 - 201:11 | | | |
| 205:20 - 206:20 | FRE 402-403, 802 | | |
| | | | |
| **Joseph Lucci: October 5, 2006 Deposition Testimony** | The errata sheet signed November 14, 2006 is designated in its entirety. | | |
| 5:1 - 7:8 | | 8: 9-24 | |
| 7:23 - 8:8 | | 22: 25 – 23: 5 | Improper Counter as 23:2 is just an objection; R |
| 8:25 - 9:18 | | 23: 7-8 | |
| 21:3-11 | | 26: 24 – 27: 12 | Improper Counter as 27:6-11 is attorney colloquy; R |
| 21:16 - 22:6 | | 44: 10-22 | |
| 22:14-24 | | 65: 20-25 | |
| 23:13-15 | | 81: 13-25 | R, Spec. |
| 24:2-23 | | 82: 1-4 | R, Spec. |
| 25:2-14 | | 85: 14-20 | R |
| 25:19 - 26:23 | | 91: 11-16 | |
| 36:12 - 37:1 | | 110: 14 | Improper Counter as this is just an objection; R |
| 37:21-23 | | 111: 7 | Improper Counter as this is just an objection; R |
| 38:7-20 | | | |
| 39:2-8 | | | |
| 41:7 - 42:3 | | | |
| 43:11 - 44:9 | | | |
| 45:4-25 | | | |
| 47:15 - 48:4 | | | |
| 51:10-20 | | | |
| 52:17 - 53:2 | | | |
| 53:21 - 54:8 | | | |
| 54:16 - 55:2 | | | |
| 64:3-21 | | | |
| 65:1-18 | | | |
| 74:3 - 76:2 | FRE 402, 403 | | |
| 76:21-25 | FRE 402, 403 | | |

13

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 77:6 - 78:25 | FRE 402, 403 | | |
| 79:3 - 80:2 | FRE 402, 403 | | |
| 90:7-15 | | | |
| 92:25 - 94:9 | | | |
| 98:5-11 | | | |
| 98:16-17 | | | |
| 104:9-11 | | | |
| 104:13 - 106:7 | | | |
| 107:9 - 110:13 | | | |
| 110:15 - 111:6 | | | |
| 111:8 - 112:25 | | | |
| 113:2 - 114:4 | | | |
| 114:6-18 | | | |
| 115:11-14 | | | |
| 116:4-8 | | | |
| 116:10-14 | | | |
| 119:10-16 | | | |
| | | | |
| **Lawrence J. Rosenthal: October 13, 2006 Deposition Testimony** | | | |
| 4:3-9 | | | |
| 11:2-9 | | | |
| | | | |
| **Samuel Saks: October 11, 2006 Deposition Testimony** | | | |
| 4:1-2 | | 14: 20 – 15: 16 | |
| 5:5-6 | | 31: 19-24 | |
| 7:9 - 12:10 | | 33: 2-3 | object to inclusion of attorney objection |
| 13:6–9 | | | |
| 28:15 – 31:18 | | 34: 4-5 | object to inclusion of attorney objection |
| 31:25 – 33:1 | | 45: 5 – 46: 1 | Spec. |
| 33:8 – 34:3 | | 47: 21 – 48: 3 | |
| 34:6-22 | | 58: 9 – 59: 8 | |
| 35:11 – 36:14 | | 62: 17 – 63: 1 | |
| 37:25 – 39:15 | | 67: 12 – 68: 2 | |
| 43:20 – 45:4 | | 80: 23 – 82: 8 | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 46:2-14 | | 86: 15 – 87: 7 | |
| 46:24 – 47:1 | | 90: 24 – 91: 9 | |
| 47:3-20 | | | |
| 48:4-6 | | | |
| 50:10 – 52:13 | | | |
| 53:2 – 56:17 | | | |
| 56:25 – 57:21 | | | |
| 62:1-16 | | | |
| 64:21 – 65:9 | | | |
| 66:4-6 | | | |
| 67:7-11 | | | |
| 68:3 – 69:3 | | | |
| 70:15 – 71:5 | | | |
| 74:1-9 | | | |
| 84:3 - 85:18 | | | |
| | | | |
| | | | |
| **Padmaja Shivanand: October 20, 2006 Deposition Testimony (30(b)(6) witness)** | The errata sheet signed November 30, 2006 is designated in its entirety. | | |
| 5:12-15 | | 11: 2-20 | |
| 6:18-21 | | 23: 16-22 | |
| 7:2-14 | | 25: 8-23 | |
| 9:4 - 10:1 | | 26: 20-22 | |
| 11:2 - 12:25 | | | |
| 13:5 - 15:2 | | 27: 15 – 28: 2 | |
| 20:18 - 22:14 | | 29: 7-15 | |
| 23:23 - 24:20 | | 29: 23 – 30: 3 | |
| 25:24 - 26:19 | | 62: 13-15 | |
| 27:7-14 | | 64: 12-18 | |
| 28:7 - 29:6 | | 67: 4 – 68: 11 | |
| 42:8 - 43:1 | | 69: 2-22 | |
| 52:22 - 54:10 | | 74: 4-11 | |
| 61:20 - 62:12 | | 75: 11 – 77: 20 | |
| 63:19 - 64:11 | | 99: 7-13 | |
| 66:1 - 67:3 | | 99: 24 – 100: 22 | incomplete (question at 99:15-16 is missing) |
| 111:21 - 112:7 | | | |
| 112:9 - 114:6 | | 104: 3-6 | |
| 118:9 - 120:14 | | 109: 3-5 | |

15

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|
| 120:17 - 121:13 | | 110: 18 – 111: 1 | |
| 140:13 - 141:22 | | 116: 21 – 117: 22 | |
| | | 121: 14-16 | |
| | | 128: 4 – 129: 4 | object to inclusion of colloquy between counsel |
| | | | |
| James Swanson, Ph.D.: October 24, 2006 Deposition Testimony | The errata sheet signed December 21, 2006 is designated in its entirety. | | |
| 5:1-4 | | | |
| 5:14-24 | | | |
| 6:7-11 | | | |
| 6:23 - 8:14 | | | |
| 10:22 - 11:6 | | | |
| 12:6 - 14:17 | | | |
| 14:19 - 15:13 | | | |
| 15:18 - 21:3 | FRE 802 | | |
| 24:9 - 26:3 | | | |
| 26:5 - 27:20 | | | |
| 28:12-18 | | | |
| 30:24 - 36:8 | | | |
| 36:16-21 | | | |
| 37:21 - 39:13 | | | |
| 40:5 - 42:5 | | | |
| 42:13-15 | | | |
| 43:4 - 44:3 | | | |
| 56:15 - 57:19 | | | |
| 58:1-22 | | | |
| 59:16 - 61:14 | | | |

16

# TAB 12

**TAB 12**

**PLAINTIFFS' BRIEF STATEMENT OF INTENDED PROOFS**

Plaintiffs will prove the following at trial:

I.    **INFRINGEMENT**

    A.    Defendants have infringed, either literally or under the doctrine of equivalents, claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent, by filing an ANDA seeking approval to market, prior to the expiration of the '373 and '129 patents, a product that, if approved as a generic version of Plaintiffs' Concerta® product and subsequently made, used, offered for sale or sold within the United States, or imported into the United States, would infringe, either literally or under the doctrine of equivalents, the '373 and '129 patents.

    B.    Defendants have and/or will contributorily infringe claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent by filing an ANDA seeking approval to market, prior to the expiration of the '373 and '129 patents, a product that, if approved as a generic version of Plaintiffs' Concerta® product and subsequently made, used, offered for sale or sold within the United States, or imported into the United States, would infringe the '373 and '129 patents.

    C.    Defendants have and/or will knowingly and actively induce infringement of claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent by filing an ANDA seeking approval to market, prior to the expiration of the '373 and '129 patents, a product, along with written instructions for its use, that, if approved as a generic version of Plaintiffs' Concerta® product and subsequently made, used, offered

for sale or sold within the United States, or imported into the United States, would result in direct infringement of said patent claims.

## II.    INVALIDITY

A.    Defendants have the burden of proof to show by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid.  Defendants have failed to overcome the presumption of patent validity and prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid.  Plaintiffs will offer evidence showing that asserted claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are not invalid.

B.    Defendants have failed to prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid over the prior art as anticipated.  Defendants have failed to prove by clear and convincing evidence that a single reference, either expressly or inherently, teaches each and every element of claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

C.    Defendants have failed to prove by clear and convincing evidence that the invention described in claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent is invalid over the prior art as having been obvious to a person of ordinary skill in the art at the time of the respective invention.

D.    Defendants have failed to prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to comply with the enablement requirement of 35 U.S.C. § 112, first

2

paragraph. Defendants have failed to prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to comply with the written description requirement of 35 U.S.C. § 112, first paragraph. Defendants have failed to prove by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent are invalid for failure to comply with the definiteness requirement of 35 U.S.C. § 112, second paragraph.

## III.   RELIEF AGAINST DEFENDANTS

A.   Whether Plaintiffs are entitled to a permanent injunction against Defendants and those persons in active concert or participation with any of them, from making, using, selling, or offering to sell in the United States, or importing into the United States, the methylphenidate product that infringes or induces or contributes to the infringement of the '373 and '129 patents, until expiration of those patents.

B.   Whether Plaintiffs are entitled to an order under 35 U.S.C. § 271(e)(4) ordering that Defendants' ANDAs for methylphenidate tablets not be approved until the expiration of the '373 and '129 patents and any associated exclusivity period.

C.   Whether this is an exceptional case, finding appropriate an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285.

D.   The appropriate award of Plaintiffs' costs and expenses in this action.

3

# TAB 13

**TAB 13**

**ANDRX'S BRIEF STATEMENT OF INTENDED PROOFS**

Andrx will prove the following at trial:

**I. INFRINGEMENT**

A.    Plaintiffs have failed to meet their burden of proving by a preponderance of the evidence that the use in the United States of the products described in Andrx's ANDA Nos. 76-665 and 76-772 in the manner set forth on the label and/or package insert included in those ANDAs would directly infringe, either literally or under the doctrine of equivalents, claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent under 35 U.S.C. § 271(a).

B.    Plaintiffs have failed to meet their burden of proving by a preponderance of the evidence that Andrx's promotion of the products described in Andrx's ANDAs (*i.e.*, the products for which Andrx is seeking marketing approval through its ANDAs) in the manner described in those ANDAs would constitute inducement of infringement of claims 1-4 and 6-7 of the '373 patent and/or claims 1 and 4-6 of the '129 patent under 35 U.S.C. § 271(b).

C.    Plaintiffs have failed to meet their burden of proving by a preponderance of the evidence that Andrx's offer for sale or sale in the United States, or importation into the United States, of the products described in Andrx's ANDAs (*i.e.*, the products for which Andrx is seeking marketing approval through its ANDAs) would constitute contributory infringement of claims 1-4 and 6-7 of the '373 patent and/or claims 1 and 4-6 of the '129 patent under 35 U.S.C. § 271(c).

D.     Plaintiffs have failed to meet their burden of proving by a preponderance of the evidence that the submission of Andrx's ANDAs was for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of a drug claimed in a patent or the use of which is claimed in a patent before the expiration of such patent and thus an act of infringement under 35 U.S.C. § 271(e)(2) because the products covered by those ANDAs have substantial noninfringing uses with respect to claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

## II. INVALIDITY

A.     Defendants have proven by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid under 35 U.S.C. § 102 because each of those claims are anticipated by one or more prior art references.

B.     Defendants have proven by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid under 35 U.S.C. § 103(a) because the subject matter of each of those claims would have been obvious to a person of ordinary skill in the art at the time of the respective claimed inventions.

C.     Defendants have proven by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to comply with the written description requirement of 35 U.S.C. § 112, ¶ 1.

D.     Defendants have proven by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to comply with the enablement requirement of 35 U.S.C. § 112, ¶ 1.

2

E.      Defendants have proven by clear and convincing evidence that claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid for failure to comply with the definiteness requirement of 35 U.S.C. § 112, ¶ 2.

## III. RELIEF

A.      Andrx is entitled to a judgment that the use in the United States of the drug products described in its ANDA Nos. 76-665 and 76-772 in the manner set forth on the label and/or package insert included in those ANDAs would not directly infringe, either literally or under the doctrine of equivalents, claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

B.      Andrx is entitled to a judgment that Andrx's promotion of the drug products described in its ANDA Nos. 76-665 and 76-772 in the manner described in those ANDAs would not induce infringement of claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

C.      Andrx is entitled to a judgment that the offer for sale or sale in the United States, or importation into the United States, of the drug products described in its ANDA Nos. 76-665 and 76-772 would not contributorily infringe claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

D.      Andrx is entitled to a judgment that the submission of Andrx's ANDAs was not an act of infringement under 35 U.S.C. § 271(e)(2) because the purpose of such submission was not to obtain approval to engage in the commercial manufacture, use, or sale of a drug claimed in a patent or the use of which is claimed in a patent before the expiration of such patent because the products covered by those ANDAs have

substantial noninfringing uses with respect to claims 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent.

      E.    Andrx is entitled to a judgment that claim 1-4 and 6-7 of the '373 patent and claims 1 and 4-6 of the '129 patent are invalid.

      F.    Andrx is entitled to an award of attorneys' fees in this action (of an amount to be determined) pursuant to 35 U.S.C. § 285 because this is an exceptional case.

      G.    Andrx is entitled to an award of its costs and expenses in this action (in an amount to be determined).