# RAWLE & HENDERSON LLP



WILLIAM J. CATTIE, III
302-778-1200
wcattie@rawle.com

The Nation's Oldest Law Office · *Established in 1783*

www.rawle.com

300 DELAWARE AVENUE
SUITE 1015, P.O. Box 588
WILMINGTON, DE 19899-0588

TELEPHONE:(302) 778-1200
FACSIMILE:(302) 778-1400

December 12, 2007

**REDACTED
PUBLIC VERSION**

<u>**VIA ELECTRONIC FILING**</u>

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

  Re: Alza Corporation, et al. v. Andrx Pharmaceuticals, LLC, et al.,
    <u>C.A. No. 05-642-JJF</u>

Dear Judge Farnan:

  Defendants ("Andrx") hereby submit this letter to address the request of Plaintiffs ("Alza") to have the Court dismiss their claim for infringement of the '129 patent with prejudice and to at the same time dismiss Defendants' counterclaims on the '129 patent without prejudice. Defendants are not opposed to dismissing the '129 patent *if* the paper dismissing the '129 patent from the case indicates on its face that the Court has held that the claims of the '129 patent are not infringed because Plaintiffs have not met their burden of proving infringement. Attached hereto is a proposed judgment that includes the language that Andrx respectfully requests be included in any paper dismissing the '129 patent from the case. Unless this language is included, Andrx requests that its counterclaims on the '129 patent not be dismissed.

  As explained below, Andrx requests such a form of order for two reasons.

**REDACTED**

  Second, Alza has a pending patent application from the same family as the '129 patent that should soon issue with claims that are quite similar to the claims of the '129 patent, leading Andrx to believe that if it does not resolve the issues regarding the '129 patent now, it may effectively face a renewed claim on the '129 patent when this new patent is granted.[1]

---

[1] The claims in this pending application have been rejected for obviousness-type double patenting over the claims of the '129 patent, and Alza has responded to that rejection by submitting a terminal disclaimer, indicating that a patent based on those claims may soon issue.

# RAWLE & HENDERSON LLP

The Honorable Joseph J. Farnan, Jr.
December 12, 2007
Page 2

    Andrx recognizes that the general rule is that when the patent owner grants a covenant not to sue on a patent, dismissal of an accused infringer's claim for a declaratory judgment on the patent for lack of subject matter jurisdiction is appropriate. However, Andrx believes that there are unique circumstances here that confer subject matter jurisdiction on this Court notwithstanding Alza's intention to withdraw the '129 patent.

**I.**                              **REDACTED**

    Under the Hatch-Waxman statute, the first company to file an ANDA seeking permission to market a generic version of a brand name product that includes a paragraph IV certification on a patent listed in the Orange Book in connection with the brand-name product is entitled to 180 days of marketing exclusivity (*i.e.*, a 180-day period during which no other ANDA will be approved). *See generally Merck & Co., Inc. v. Apotex, Inc.*, 488 F. Supp.2d 418 (D.Del. 2007). Under the pre-December 2003 version of the statute,     **REDACTED**     this 180-day period begins to run when (i) the first-filer commences commercial marketing of its product, or (ii) there is a court decision holding the patent at issue not infringed, invalid or unenforceable (in December 2003, the statute was amended, and the court decision trigger was eliminated). The triggering court decision does not have to come from a case involving the first-filer, but may instead come from a case involving a later filer. Importantly, the FDA's policy, which has been upheld by the D.C. Circuit, is that the triggering court decision must include a holding that the patent at issue is not infringed, invalid or unenforceable. *See Apotex, Inc. v. Food & Drug Admin.*, 449 F.3d 1249 (D.C. Cir. 2000). A stipulation of dismissal is not sufficient. *Id.*

**REDACTED**

    For these reasons, Andrx is seeking a dismissal that includes a holding that the '129 patent is not infringed because Alza has failed to meet its burden of proof. Andrx's

---

[2]

**REDACTED**

[3]

[4]

# RAWLE & HENDERSON LLP

The Honorable Joseph J. Farnan, Jr.
December 12, 2007
Page 3

understanding is that Alza objects to the inclusion of such language. Thus, the parties have a dispute over the form of an order dismissing the claim and counterclaims involving the '129 patent. The Federal Circuit has held that a dispute over the form of an order dismissing an action is sufficient to give the court subject matter jurisdiction over the dispute. *See Minnesota Mining and Mfg. Co. v. Barr Labs.*, 289 F.3d 775 (Fed. Cir. 2002) (court retained jurisdiction to determine whether dismissal would be with prejudice or without prejudice because that distinction could be determinative of whether the "court decision" trigger was triggered).

Andrx recognizes that the Court recently addressed a similar situation in *Merck & Co., Inc. v. Apotex, Inc.*, 488 F. Supp.2d 418 (D.Del. 2007). In that case, after filing suit, Merck gave Apotex a covenant not to sue, and then sought to dismiss the case for lack of subject matter jurisdiction. Apotex argued that there was still a justiciable controversy between the parties because it needed a court decision to trigger the first-filer's exclusivity. The Court granted the motion to dismiss, although it noted that it was "sensitive to Apotex's argument that Merck is manipulating the court's jurisdiction." *Id.* at 424. Oral argument on the appeal of that ruling (and oral argument on another case involving a similar fact pattern) was heard by the Federal Circuit on December 4, 2007.

Andrx submits that there are important distinctions between this case and the *Merck v. Apotex* case that should be considered, especially given the Supreme Court's guidance that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (*quoting Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

For one thing, in *Merck*, the first-filers had publicly announced that they were going to market on a certain date (which would trigger their 180-day exclusivity), and thus there was no possibility of the absence of a court decision indefinitely holding up the approval of Apotex's ANDA.

**REDACTED**

In addition, in *Merck*, the case was early in discovery when Merck requested a dismissal, while here the parties are in the midst of trial, and have been presenting evidence that directly relates to the '129 patent. Moreover, although Alza claims that it dropped the '129 patent to "streamline" the case, the real reason for its maneuver appears to be to avoid an argument that the claims of the '129 patent are anticipated by the prior art under Alza's overly broad construction of the "substantially ascending" language.[5] Thus, here there is

---

[5] Notably, dropping the '129 patent does not appreciably streamline the case because, as counsel for Alza alleged at the beginning of the trial, the same evidence that would be introduced on the '129 patent on most issues will be introduced at trial anyway in connection with the '373 patent since both contain claims that require a "substantially ascending" methylphenidate plasma concentration. The one issue that would drop out if the '129 patent is dismissed is the issue of whether the '129 patent is anticipated.

2221369-1

# RAWLE & HENDERSON LLP

The Honorable Joseph J. Farnan, Jr.
December 12, 2007
Page 4

evidence of gamesmanship that was not present in the *Merck* case. Finally, as explained below, Alza's pending patent applications show that, even if Alza drops its claim for infringement of the '129 patent, there will continue to be a real and justiciable controversy between Alza and Andrx regarding the same subject matter claimed in the '129 patent.

II. **Because of Alza's Pending Patent Application on Subject Matter Virtually Indistinguishable from That Claimed in the '129 Patent, There Will Be a Real and Justiciable Controversy Between Alza and Andrx Regarding the Subject Matter of the '129 Patent Even if Alza Withdraws Its Claim on the '129 Patent Itself**

Alza has several pending patent applications in the same family as the applications that led to the '373 and '129 patents. One of these (U.S. Patent Application SN 10/639,355) has pending claims that are very similar to the claims of the '129 patent. For example, claim 1 of the '129 patent reads:

> A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 8 hours following said administration.

Claim 38 of the pending application reads as follows:

> A method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma concentration over a time period of about 8 hours following said administration.

Thus, claim 38 of the pending application removes the requirement of "treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient" and adds the requirement of using "100 ng to 500 mg" of methylphenidate. Not surprisingly, the claims of the pending application were recently rejected for obviousness-type double patenting over the '129 patent. However, that was the only rejection, and Alza has indicated that it will submit a terminal disclaimer to overcome the rejection, so a new patent should soon issue from this pending application. Andrx's ANDA products include 18, 27, 36 and 54 mg of methylphenidate, and thus the added language would certainly not prevent Alza from asserting this new patent against Andrx and its ANDA products. However, if Alza was able to get a court decision holding that the '129 patent was not infringed, that may be enough to prevent Alza from asserting the new patent (or any other new patents with similar claims) against it. At a minimum, the existence of the pending application is a factor that should be taken into account in determining whether the Court has subject matter jurisdiction over Andrx's counterclaims on the '129 patent even if Alza drops its claim on the '129 patent. In this way, the question over

2221369-1

# RAWLE & HENDERSON LLP

The Honorable Joseph J. Farnan, Jr.
December 12, 2007
Page 5

whether claims to a pharmaceutically acceptable composition that achieves a "substantially ascending" plasma concentration over a time period of about 8 hours following administration is a real and justiciable controversy between the parties that will not be eliminated even if Alza withdraws its claim on the '129 patent.

Andrx recognizes that the Court recently dealt with a similar issue in *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, 2007 U.S. Dist. LEXIS 88030 (D. Del. Nov. 29, 2007). In *Pfizer v. Ranbaxy*, this Court dismissed a counterclaim on a patent brought by the accused infringer because the patent owner had covenanted not to sue on that patent, and rejected the accused infringer's argument that the case should go forward because of the existence of a pending application to reissue that patent. The instant case is distinguishable because, *inter alia*, (i) this case involves the issue of 180-day exclusivity, this case is in the midst of trial, and the pending application may soon issue.

For all of the above reasons, Andrx respectfully requests that the Court enter the proposed judgment holding that the '129 patent is not infringed because Alza has not met its burden of proof. In the alternative, Andrx asks the Court to deny Alza's request to dismiss Andrx's counterclaim on the '129 patent from the case.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: William J. Cattie, III

WJC/lmm
cc: Clerk of the Court
Steven J. Balick, Esq. (via e-mail)
Todd A. Wagner, Esq. (via e-mail)
David P. Pritikin, Esq. (via e-mail)
Michael D. Hatcher, Esq. (via e-mail)

2221369-1