09/253517

| Class | Sub |
| --- | --- |
| ISSUE CLASSIFIC... | |

## U.S. UTILITY PATENT APPLICATION

| | .I.P.E. | | PATENT DATE |
| --- | --- | --- | --- |
| | SCANNED | G.A. | |

| SECTOR | CLASS | SUBCLASS | ART UNIT | | EXAMINER |
| --- | --- | --- | --- | --- | --- |
| | 514 | 317 | 1614 | | Z. FAY |

FILED WITH: ☐ DISK (CRF)  ☐ FICHE
(Attached in pocket on right inside flap)

## BEST AVAILABLE COPY

Davenport
514/317

## PREPARED AND APPROVED FOR ISSUE

## ISSUING CLASSIFICATION

| ORIGINAL | | | CROSS REFERENCE(S) | |
| --- | --- | --- | --- | --- |
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | |
| | | | | |

INTERNATIONAL CLASSIFICATION

| | | | |
| --- | --- | --- | --- |
| | | | |

☐ Continued on Issue Slip Inside File Jacket

| ☐ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
| --- | --- | --- | --- | --- | --- |
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| ☐ a) The term of this patent subsequent to _____ (date) has been disclaimed. | | | | | |
| | (Assistant Examiner) | | (Date) | NOTICE OF ALLOWANCE MAILED | |
| ☐ b) The term of this patent shall not extend beyond the expiration date of U.S. Patent. No. _____ | | | | | |
| | | | | ISSUE FEE | |
| | | | | Amount Due | Date Paid |
| ☐ c) The terminal _____ months of this patent have been disclaimed. | (Primary Examiner) | | (Date) | | |
| | | | | ISSUE BATCH NUMBER | |
| | (Legal Instruments Examiner) | | (Date) | | |

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 6/98)

(LABEL AREA)

(FACE)

EXHIBIT
DTX 1

DTX 14

Alza v. Andrx
C.A. No. 05-642-JJF



ARC 2865R1
09/253,317
Preliminary Amendment

#5A
B
6/25/99

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : Lam, et al. | ) |
| Serial No. | : 09/253,317 | ) Art Unit: 1614 |
| Filed on | : February 19, 1999 | ) Examiner: Not Yet Assigned |
| For | : METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY | ) PRELIMINARY AMENDMENT |

Assistant Commissioner for Patents
Washington, DC 20231

Dear Commissioner:

This preliminary amendment is presented for entry in the above-identified application prior to examination. Please enter this amendment into the record of the above-identified application, make the indicated amendments, and pass the application to issue at the earliest convenience of the Patent and Trademark Office.

IN THE CLAIMS

Please add new claims 35-74 as follows:

35. (new)   The dosage form described in claim 18 further comprising sorbitol in the at least one layer containing drug.

36. (new)   The dosage form described in claim 35 wherein said sorbitol amount is at least a 20% by weight of said layer containing drug.

06/17/1999 STEFERRA 00000013 011173  09253317
01 FC:103        720.00 CH
02 FC:102        624.00 CH

1

ARC 2865R1
09/253,317
Preliminary Amendment

37. (new)    The dosage form described in claim 26 further comprising sorbitol in the at least one layer containing methylphenidate.

38. (new)    The dosage form described in claim 37 wherein said sorbitol amount is at least a 20% by weight of said layer containing methylphenidate.

39. (new)    A method for lessening the incidence of tolerance to methylphenidate in a patient being treated with methylphenidate, the method comprising orally administering a dosage form tablet that delivers 100 ng to 500 mg of methylphenidate at an ascending release rate for an extended time period to thereby provide effective treatment for up to 16 hours.



40. (new)    A method for lessening the incidence of tolerance to methylphenidate in a patient being treated with methylphenidate, the method comprising orally administering a dosage form tablet that delivers 100 ng to 500 mg of methylphenidate at an ascending release rate for an extended time period.

41. (new)    A method for treating ADD or ADHD, the method comprising orally administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of a member selected from the group consisting of methylphenidate, amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine, and pemoline, and a pharmaceutically acceptable carrier, at an ascending release rate for an extended time period.

42. (new)    A method for maintaining the therapeutic effect of methylphenidate over a prolonged period in a patient being treated with methylphenidate, the method comprising orally administering a dosage form tablet comprising 100 ng to 500 mg of methylphenidate that delivers the methylphenidate at an ascending release rate for an extended time period to thereby maintain the therapeutic effect for up to 16 hours.

2

ARC 2865R1
09/253,317
Preliminary Amendment

43. (new)    A method for compensating for a decrease in therapeutic effect of methylphenidate in a patient being treated with multiple doses over a prolonged period, the method comprising orally administering one dose of a dosage form tablet comprising 100 ng to 500 mg of methylphenidate that delivers the methylphenidate at an ascending release rate for an extended time period.

44. (new)    A method for treating ADD or ADHD in a human, the method comprising administering orally a dosage form that delivers a drug dose of 100 ng to 500 mg at an ascending release rate for an extended time period of a drug selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts to thereby provide treatment for up to 16 hours.

45. (new)    A method for treating ADD or ADHD in a human, the method comprising administering orally a dosage form that delivers a drug dose of 5 mg to 75 mg at an ascending release rate for an extended time period of a drug selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts to thereby provide treatment for up to 12 hours.

46. (new)    A method for treating ADD or ADHD in a human, the method comprising administering orally a dosage form that delivers a drug dose of 100 ng to 500 mg at an ascending release rate for an extended time period of a drug selected from the group consisting of amphetamine, dextroamphetamine, methamphetamine, threomethylphenidate, phenylisopropylamine, and pemoline, and its pharmaceutically acceptable salts to thereby provide treatment for up to 16 hours.

47. (new)    A method for the management of ADD or ADHD in a patient, the method comprising administering orally to the patient a dosage form comprising 100 ng

3

ARC 2865R1
09/253,317
Preliminary Amendment

to 500 mg of methylphenidate that is released at an ascending release rate for an extended time period to thereby manage the ADD or ADHD throughout a school day.

48. (new)    A dosage form tablet for treating ADD or ADHD, the tablet comprising 100 ng to 500 mg of methylphenidate in admixture with a pharmaceutically acceptable carrier and adapted to release methylphenidate at an ascending release rate for an extended time period.

49. (new)    A dosage form tablet for treating ADD or ADHD, the tablet comprising 100 ng to 500 mg of a drug selected from the group consisting of  methylphenidate and its pharmaceutically acceptable salts mixed with a  pharmaceutically acceptable carrier and adapted to release said drug at an ascending release rate for an extended time period.

50. (new)    A dosage form comprising:

(a)    a first drug layer comprising 10 ng to 300 mg of a drug;

(b)    a second drug layer comprising 50 ng to 500 mg of a drug, which second layer comprises more drug than the first layer;

(c)    a third layer comprising a composition that expands and displaces the first drug layer followed by the second drug layer from the dosage form;

(d)    a wall that surrounds the three layers, which wall is permeable to fluid and impermeable to drug; and

(e)    a passageway in the wall communicating with the first drug layer for delivering the first drug layer followed by the second drug layer from the dosage form wherein said components (a) through (d) are shaped and adapted to interact cooperatively such that drug is released form the dosage form at an ascending release rate for an extended time period.

4

ARC 2865R1
09/253,317
Preliminary Amendment

51. (new)    The dosage form described in claim 50 wherein the drug in the first and second layers is the same drug and the drug is selected from the group consisting of a central nervous system stimulant, a stimulant, and a catecholamine drug.

52. (new)    The dosage form described in claim 51 wherein the three layers each comprise a poly(alkylene oxide).

53. (new)    The dosage form described in claim 51 wherein the first and second layers comprise a hydroxypropylalkylcellulose.

54. (new)    The dosage form described in claim 51 wherein the first layer comprises a hydoxyalkylcellulose.

55. (new)    The dosage form described in claim 51 wherein the second layer comprises a hydoxyalkylcellulose.

56. (new)    The dosage form described in claim 51 wherein the first layer comprises a carboxymethylcellulose.

57. (new)    The dosage form described in claim 51 wherein the second layer comprises a carboxymethylcellulose.

58. (new)    The dosage form described in claim 51 wherein the third layer comprises a carboxymethylcellulose.

59. (new)    The dosage form described in claim 51 wherein the first layer comprises a carboxyvinylpolymer.

5

ARC 2865R1
09/253,317
Preliminary Amendment

60. (new)    The dosage form described in claim 51 wherein the second layer comprises a carboxyvinylpolymer.

61. (new)    The dosage form described in claim 51 wherein the third layer comprises a carboxyvinylpolymer.

62. (new)    A dosage form comprising:

(a)    a first drug layer comprising a dose of 10 ng to 300 mg of methylphenidate;

(b)    a second drug layer comprising a dose of 50 ng to 500 mg of methylphenidate, which second layer comprises a larger dose of methylphenidate than the first layer;

(c)    a third layer comprising a composition that expands and displaces the first drug layer followed by the second drug layer from the dosage form;

(d)    a wall that surrounds the three layers, which wall is permeable to fluid and impermeable to methylphenidate; and

(e)    a passageway in the wall communicating with the first layer for delivering the first and consecutively the second layers from the dosage form wherein said components (a) through (d) are shaped and adapted to interact cooperatively such that drug is released form the dosage form at an ascending release rate for an extended time period.

63. (new)    The dosage form described in claim 62 wherein the first layer further comprises 1 mg to 250 mg of poly(ethylene oxide).

64. (new)    The dosage form described in claim 62 wherein the second layer further comprises 1 mg to 450 mg of poly(ethylene oxide).

6

ARC 2865R1
09/253,317
Preliminary Amendment

65. (new)    The dosage form described in claim 62 wherein at least one of the first and second layers comprise 0.05 to 7.5 mg of a surfactant.

66. (new)    The dosage form described in claim 62 wherein at least one of the first and second layers comprise 0.5 mg to 20 mg of hydroxypropylmethylcellulose.

67. (new)    The dosage form described in claim 62 wherein at least one of the first and second layers comprise up to 20 mg of hydroxypropylcellulose.

68. (new)    The dosage form described in claim 62 wherein at least one of the first and second layers comprise up to 100 mg of a carboxyvinylpolymer.

69. (new)    The dosage form described in claim 62 wherein at least one of the first and second layers comprise up to 250 mg of a carboxymethylcellulose.

70. (new)    The dosage form described in claim 62 wherein the third layer comprises a poly(ethylene oxide) of 2,000,000 to 10,000,000 average molecular weight.

71. (new)    The dosage form described in claim 62 wherein the third layer comprises a carboxymethylcellulose of 2,000,000 to 10,000,000 average molecular weight.

72. (new)    The dosage form described in claim 62 wherein the third layer comprises a carboxyvinylpolymer of 750,000 to 10,000,000 average molecular weight.

73. (new)    The dosage form described in claim 62 wherein the third layer comprises a hydroxypropylalkylcellulose of 9,200 to 750,000 average molecular weight.

7

ARC 2865R1
09/253,317
Preliminary Amendment

74. (new)    A dosage form tablet for oral administration of methylphenidate to a human, the dosage form tablet comprising:

(a)    a first drug layer comprising a dose of 10 ng to 300 mg of methylphenidate;

(b)    a second drug layer comprising a dose of 50 ng to 500 mg of methylphenidate, which second layer comprises a larger dose of methylphenidate than the first layer;

(c)    a third layer comprising 15 ng to 450 mg of a hydrophilic polymer;

(d)    a wall comprising a semipermeable composition that surrounds the three layers;



(e)    a passageway in the wall communicating with the first layer for delivering the first and consecutively the second layers from the dosage form wherein said components (a) through (d) are shaped and adapted to interact cooperatively such that drug is released form the dosage form at an ascending release rate for an extended time period; and

(f)    an overcoat comprising 10 ng to 20 mg of methylphenidate on the exterior surface of the wall.

<u>REMARKS</u>

Claims 1-34 were pending in this application. By this paper, new claims 35-74 are added.

Claims 35-38 recite that the dosage forms claimed in original claims 18 and 26 further comprise sorbitol as described in the present application as originally filed. No new matter has been added. It is believed that these new claims are in condition for immediate allowance and such is respectfully requested.

8

ARC 2865R1
09/253,317
Preliminary Amendment

The remaining new claims, claims 39-74, correspond essentially to claims that have been found allowable in two copending parent applications to the present application. A priority claim to both of these parent applications and an incorporation by reference of both of these parent applications are found within the present application as originally filed. Although the language of the new claims has been modified slightly to clarify the terminology in accord with the definitions and terms used in the present application, new claims 39-49 correspond essentially to allowed claims 1, 2, 5, 6, 9, 11, 12, 14, 18, 26 and 30 of copending application Serial No. 08/910,593 and new claims 50-74 correspond essentially to allowed claims 12-35 and 40 of copending application Serial No. 08/937,336. No new matter has been added. It is believed that these claims remain in condition for immediate allowance and such is respectfully requested.

In summary, claims 1-74, pending in the present application, are believed to be in condition for prompt allowance. Should any further changes be deemed necessary, the Examiner is invited to contact the undersigned attorney at the telephone number provided.

Respectfully submitted,

Dated: _June 11, 1999_          _Susan K Thomas_
                                Susan K. Thomas, Reg. No. 39,780
                                Attorney for Applicants

ALZA Corporation
950 Page Mill Road
(P.O. Box 10950)
Palo Alto, CA  94303-0802
(650) 494-5171

G:\ARC2865R1\PrelimAmd.dot

9



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Offic
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 05/255,317 | 02/19/99 | LAM          0 | |

HM22/0530

PAUL B. SIMBOLI
ALZA CORPORATION
1900 CHARLESTON ROAD
BLDG. M10-3
MOUNTAIN VIEW CA 94043-0802

| EXAMINER |
|---|
| FAY, Z |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 10 |

DATE MAILED:   05/30/00

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trad marks

| *Office Action Summary* | Application No.<br>09/253,317 | Applicant(s)<br>Lam et al. | |
|---|---|---|---|
| | Examiner<br>Zohreh Fay | Group Art Unit<br>1614 | |

☐ Responsive to communication(s) filed on _____

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ 3 _____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _1-34_____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _1-34_____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐Some* ☐None of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _4,7_

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Application/Control Number: 09/253,317                                    Page 2

Art Unit:

Claims 1-34 are presented for examination.

1.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 1-34 are rejected under 35 U.S.C. 103 as being unpatentable over Dong et al. And Patrick

et al.

     Dong et al. Teach the use of a drug, progesterone in an extended release delivery system

of multi layers for hormone replacement therapy.  Patrick et al. Teach the use of the claimed

compound methylphenidate in an extended release form.

     One skilled in the art would have been motivated to employ the teachings of the above

references since they relate to the use of the multi layer drug delivery system as claimed herein

and also the use of the claimed compounds in a sustained release formulation.  The above

references make clear that the claimed system of delivery is old and well known.  Applicant has

presented no evidence to establish the unexpected or unobvious nature of the claimed invention,

and as such, claims 1-34 are properly rejecteed under 35 U.S.C. 103.

     Applicant is requested to submit an English traslation of the prior art cited on PTO-1449

filed on January 10, 2000.

Application/Control Number: 09/253,317                                    Page 3

Art Unit:


2.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Examine Fay whose telephone number is (703) 308-4604.



ZOHREH FAY
PRIMARY EXAMINER
GROUP 1200



Z.F

May 26, 2000



Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 1 of 14

PATENT

Docket No.  ARC2865R1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicant(s): LAM et al. | ) | Group Art Unit: | 1614 |
| | ) | | |
| Serial No.: 09/253,317 | ) | Examiner: | Z. Fay |
| | ) | | |
| Filed: February 19, 1999 | ) | | |
| | ) | | |
| For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY | | | |

<u>AMENDMENT UNDER 37 C.F.R. §1.111</u>

Assistant Commissioner for Patents
Washington, DC 20231

Dear Sir:

     In response to the Office Action mailed May 30, 2000, please amend the above-identified application as follows:

<u>In the Claims</u>

    1.  (Amended)  A method for treating a condition comprising [with a drug indicated for treatment of said condition, the method comprising the step of] orally administering a <u>longitudinally compressed tablet core</u> dosage form containing a [said] drug in a pharmaceutically acceptable carrier wherein the [said] dosage form releases the [said] drug [from said dosage form] at an ascending release rate for an extended time period.

12/07/2000 BHABTEM 00000065 011173  09253317
02 FC:103          234.00 CH
03 FC:102           80.00 CH

Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 2 of 14

2. (Amended)  A [The] method for administering a drug to a subject [method described in claim 1 wherein said dosage form is an osmotic dosage form] comprising:

        administering a dosage form to the subject wherein the dosage form comprises:

        (a)    a longitudinally compressed tablet core [containing] comprising a plurality of layers wherein the drug is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

        (b)    a semipermeable membrane [wall] surrounding the [said] longitudinally compressed tablet core to thereby forming [form] a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the [said] semipermeable membrane [wall] into the [said] compartment; and

        (c)    an orifice formed through the [said] semipermeable membrane [wall] and into the [said] longitudinally compressed tablet core to permit drug to be released from within the [said] compartment into the [said] external fluid environment;

        wherein the dosage form releases the drug at an ascending release rate for an extended time period.



3. (Amended)  The method according to [described in] claim 2, wherein the [said] longitudinally compressed tablet core comprises two layers and the [said] drug is contained within a first layer and the [said] fluid-expandable polymer is contained within a second layer and [further wherein said] the orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent [to] the [said] first layer.

4. (Amended)  The method according to [described in] claim 3, wherein the [said] [osmotic] dosage form further [additionally] comprises an outer surface having an immediate-release dose of a drug applied as a coating onto the outer surface of the [said osmotic] dosage form.

Amendment under 37 C.F.R. §1.111                                    Page 3 of 14
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For:  METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

5. (Amended)  The method according to [described in] claim 2, wherein the [said] longitudinally
compressed tablet core comprises three layers and a portion of the [said] drug is contained within
a first layer and the remaining portion of the [said] drug is contained within a second layer,
wherein the portion [concentration] of drug contained within the [said] first layer is less than the
portion [concentration] of drug contained within the [said] second layer, and wherein the [said]
fluid-expandable polymer is contained within a third layer and the [said] orifice is formed
through the [said] semipermeable membrane [wall at a location] adjacent [to said] the first layer.

6. (Amended)  The method according to [described in] claim 5, wherein the [said osmotic]
dosage form further [additionally] comprises an immediate-release dose of a drug applied as a
coating onto the outer surface of the [said osmotic] dosage form.



7. (Amended)  A method for treating ADHD, the method comprising [the step of] orally
administering a longitudinally compressed tablet dosage form containing a CNS-acting drug in a
pharmaceutically acceptable carrier wherein the [said] dosage form releases the [said] CNS-
acting drug from the [said] dosage form at an ascending release rate for an extended time period.

8. (Amended)  The method according to [described in] claim 7, wherein the [said] CNS-acting
drug is a CNS-stimulant drug selected from the group consisting of methylphenidate, d-threo-
methylphenidate, amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine
and pemoline.

9. (Amended)  The method according to [described in] claim 8, wherein the [said] CNS-
stimulant drug is methylphenidate.

Amendment under 37 C.F.R. §1.111                                    Page 4 of 14
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

10. (Amended)  The method <u>according to</u> [described in] claim 9, wherein <u>the</u> [said] dosage form <u>comprises:</u>[is an osmotic dosage form comprising]

      (a)    a longitudinally compressed tablet core containing a plurality of layers wherein methylphenidate is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

      (b)    a semipermeable <u>membrane</u> [wall] surrounding <u>the</u> [said] longitudinally compressed tablet core to [thereby] form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting <u>the</u> [said] semipermeable membrane [wall] into <u>the</u> [said] compartment; and

      (c)    an orifice formed through <u>the</u> [said] semipermeable <u>membrane</u> [wall] and into <u>the</u> [said] longitudinally compressed tablet core to permit methylphenidate to be released from [within said] <u>the</u> compartment into <u>the</u> [said] external fluid environment.



11. (Amended)  The method <u>according to</u> [described in] claim 10, wherein <u>the</u> [said] longitudinally compressed tablet core comprises two layers and <u>the</u> [said] methylphenidate is contained within a first layer and <u>the</u> [said] fluid-expandable polymer is contained within a second layer and further wherein <u>the</u> [said] orifice is formed through <u>the</u> [said] semipermeable <u>membrane</u> [wall at a location] adjacent to <u>the</u> [said] first layer.

12. (Amended)  The method <u>according to</u> [described in] claim 11, wherein <u>the</u> [said osmotic] dosage form <u>further</u> [additionally] comprises an <u>outer surface having an</u> immediate-release dose of methylphenidate applied as a coating onto the outer surface of <u>the</u> [said osmotic] dosage form.

13. (Amended)  The method <u>according to</u> [described in] claim 10, wherein <u>the</u> [said] longitudinally compressed tablet core comprises three layers and a portion of <u>the</u> [said] methylphenidate is contained within a first layer and the remaining portion of <u>the</u> [said] methylphenidate is contained within a second layer, wherein the <u>portion</u> [concentration] of

Amendment under 37 C.F.R. §1.111                                    Page 5 of 14
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

methylphenidate contained within the [said] first layer is less than the portion concentration of

methylphenidate contained within said second layer, and wherein the [said] fluid-expandable

polymer is contained within a third layer and the [said] orifice is formed through the [said]

semipermeable membrane [wall at a location] adjacent the [to said] first layer.

14. (Amended)  The method according to [described in] claim 13, wherein the [said osmotic]

dosage form further [additionally] comprises an outer surface having an immediate-release dose

of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

15. (Amended)  A method for [effectively] treating ADHD [for a prolonged therapy period of at

least about 10 hours] comprising administering [methylphenidate in] a dosage form comprising

methylphenidate that provides release of methylphenidate at an ascending release rate over an

extended time period.



16. (Amended)  A method [for providing plasma methylphenidate concentrations that are

substantially smoothly ascending over an extended time period] comprising administering

methylphenidate in a longitudinally compressed tablet dosage form that provides release of

methylphenidate at an ascending release rate over an extended time period and further provides

plasma methylphenidate concentrations that are substantially smoothly ascending over an

extended time period

17. (Amended)  A longitudinally compressed tablet dosage form comprising a drug in a

pharmaceutically acceptable carrier wherein[, following oral administration, said] the dosage

form releases the [said] drug from the [said] dosage form at an ascending release rate for an

extended time period following oral administration to a subject.

Amendment under 37 C.F.R. §1.111                                   Page 6 of 14
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

18. (Amended)  A [The] dosage form [described in claim 17 wherein said dosage form is an osmotic dosage form] comprising:

      (a)    a longitudinally compressed tablet core containing a plurality of layers wherein a [said] drug is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

      (b)    a semipermeable membrane [wall] surrounding the [said] longitudinally compressed tablet core to [thereby] form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the [said] semipermeable membrane [wall] into the [said] compartment; and

      (c)    an orifice formed through the [said] semipermeable membrane [wall] and into the [said] longitudinally compressed tablet core to permit the drug to be released from within the [said] compartment and into the [said] external fluid environment.



19. (Amended)  The dosage form according to [described in] claim 18, wherein the [said] longitudinally compressed tablet core comprises two layers and the [said] drug is contained within a first layer and the [said] fluid-expandable polymer is contained within a second layer and further wherein the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.

20. (Amended)  The dosage form according to [described in] claim 19, wherein the [said] osmotic dosage form further [additionally] comprises an outer surface having an immediate-release dose of a drug applied as a coating onto the outer surface of said osmotic dosage form.

21. (Amended)  The dosage form according to [described in] claim 18, wherein the [said] longitudinally compressed tablet core comprises three layers and a portion of the [said] drug is contained within a first layer and the remaining portion of the [said] drug is contained within a second layer, wherein the portion [concentration] of drug contained within the [said] first layer is

Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317                                      Page 7 of 14
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

less than the portion [concentration] of drug contained within the [said] second layer, and
wherein the [said] fluid-expandable polymer is contained within a third layer and the [said]
orifice is formed through said semipermeable membrane [wall at a location] adjacent to the [said]
first layer.

22. (Amended) The dosage form according to [described in] claim 21, wherein the [said
osmotic] dosage form additionally comprises an outer surface having an immediate-release dose
of a drug applied as a coating onto the outer surface of the [said osmotic] dosage form.

23. (Amended) A longitudinally compressed tablet dosage form containing a CNS-acting drug
in a pharmaceutically acceptable carrier wherein the [said] dosage form, following oral
administration to a subject, releases the [said] CNS-acting drug from the [said] dosage form at an
ascending release rate for an extended time period.



24. (Amended) The dosage form according to [described in] claim 23, wherein the [said] CNS-
acting drug is a CNS-stimulant drug selected from the group consisting of methylphenidate, d-
threo-methylphenidate, amphetamine, dextroamphetamine, methamphetamine,
phenylisopropylamine and pemoline.

25. (Amended) The dosage form according to [described in] claim 24, wherein the [said] CNS-
stimulant drug is methylphenidate.

26. (Amended) The dosage form according to [described in] claim 25 [wherein said dosage
form is an osmotic dosage form] comprising:

    (a)    a longitudinally compressed tablet core containing a plurality of layers
    wherein methylphenidate is contained in at least one layer and at least one other layer
    comprises a suitable fluid-expandable polymer;

Amendment under 37 C.F.R. §1.111                    Page 8 of 14
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

(b)    a semipermeable membrane [wall] surrounding the [said] longitudinally compressed tablet core to [thereby] form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the [said] semipermeable membrane [wall] into the [said] compartment; and

(c)    an orifice formed through the [said] semipermeable membrane [wall] and into the [said] longitudinally compressed tablet core to permit methylphenidate to be released from within the [said] compartment into the [said] external fluid environment.

27.  (Amended)  The dosage form according to [described in] claim 26, wherein the [said] longitudinally compressed tablet core comprises two layers and the [said] methylphenidate is contained within a first layer and said fluid-expandable polymer is contained within a second layer and further wherein the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.



28.  (Amended)  The dosage form according to [described in] claim 27, wherein the [said] osmotic dosage form further [additionally] comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

29.  (Amended)  The dosage form according to [described in] claim 26, wherein the [said] longitudinally compressed tablet core comprises three layers and a portion of the [said] methylphenidate is contained within a first layer and the remaining portion of the [said] methylphenidate is contained within a second layer, wherein the portion [concentration] of methylphenidate contained within the [said] first layer is less than the portion [concentration] of methylphenidate contained within the [said] second layer, and wherein the [said] fluid-expandable polymer is contained within a third layer and the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.

Amendment under 37 C.F.R. §1.111
LAM et al.                                                      Page 9 of 14
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

30. (Amended)  The dosage form <u>according to</u> [described in] claim 29, wherein the [said] osmotic] dosage form <u>further</u> [additionally] comprises an <u>outer surface having an</u> immediate-release dose of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

31. (Amended)  The dosage form <u>according to</u> [described in] claim 30, wherein the [said] coating comprises an antidegradation agent.

32. (Amended)  The dosage form <u>according to</u> [described in] claim 31, wherein the [said] antidegradation agent is phosphoric acid.

33. (Amended)  The dosage form <u>according to</u> [described in] claim 29, wherein the [said] semipermeable membrane comprises cellulose acetate and a flux-enhancing agent.

34. (Amended)  The dosage form <u>according to</u> [described in] claim 33, wherein the [said] flux-enhancing agent is a copolymer of ethylene and propylene oxide.

35. (New)  An oral dosage form comprising a drug and a pharmaceutically acceptable carrier comprising:

    (a) a capsule shaped osmotically active tablet core comprising at least one drug containing layer and a push layer wherein the push layer comprises a suitable fluid expandable polymer;

    (b) a semipermeable membrane surrounding the capsule shaped osmotically active tablet core to form a compartment;  and

    (c) an orifice formed through the semipermeable membrane and into the capsule shaped osmotically active tablet core at a location adjacent the at least one

Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 10 of 14

drug layer to permit the drug to be released from within the compartment into the external fluid environment in response to osmotic passage of fluid into the capsule shaped osmotically active tablet core, wherein the dosage form releases the drug at an ascending release rate for an extended time period.

36. (New) The dosage form according to claim 35, wherein the dosage form further comprises a drug layer overcoat.

37. (New) The dosage form according to claim 35, wherein the push layer further comprises at least one osmagent.

38. (New) The dosage form according to claim 35, wherein the dosage form is a bi-layer dosage form comprising one drug layer and a push layer.

39. (New) The dosage form according to claim 38, wherein the bi-layer dosage form achieves an ascending release rate for an extended time period of at least 50% of a $T_{90}$ period.

40. (New) The dosage form according to claim 38, wherein at least about 35% of the push layer comprises the osmagent.

41. (New) The dosage form according to claim 40, wherein the osmagent is sodium chloride.

42. (New) The dosage form according to claim 38, wherein the dosage form further comprises an outer surface and an immediate-release dosage of the drug applied as a coating onto the outer surface.

Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 11 of 14

33. (New) The dosage form according to claim 38, wherein the drug layer comprises

methylphenidate or a pharmaceutically acceptable salt thereof.

34. (New) The dosage form according to claim 40, wherein the coating comprises an

antidegradation agent.

35. (New) The dosage form according to claim 84, wherein the antidegradation agent is

phosphoric acid.

36. (New) The dosage form according to claim 83, wherein the semipermeable membrane

further comprises cellulose acetate and a flux-enhancing agent.

37. (New) The dosage form according to claim 86, wherein the flux-enhancing agent is a

copolymer of ethylene and propylene oxide.

## Remarks

Claims 1-34 having been amended, claims 35-47 having been added, the claims pending

in the above-identified patent application are claims 1-47. Claims 1-34 have been amended to

more clearly define Applicants' invention. Support for these amendments can be found, for

example, in the claims as originally filed and in the specification at page 7, lines 3-21. Support

for new claims 35-47 can be found, for example, in the claims as originally filed and in the

specification at page 7, lines 3-21, page 18, lines 11-13, and at page 19, lines 8-13.

In amending the above claims, Applicants are not acquiescing to objections or rejections

asserted by the Examiner. Applicants have amended the claims to further the prosecution of this

application and retain the right to file divisional or continuing applications to claim any canceled

subject matter.

Amendment under 37 C.F.R. §1.111                                                Page 12 of 14
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

No new matter has been added by these amendments.  Reconsideration and withdrawal of the rejections in light of the preceding amendments and following remarks are respectfully requested.

## English Translation

As requested by the Examiner, Applicants hereby submit with this amendment an English translation of Voigt, R: "Therapeutische Systeme," Pharmazeutische Technologie, pages 556-557 (1993).

## Extension of Time

A petition for a three-month extension of time and the fee therefore accompanies this response.

## The Rejection Under 35 U.S.C. §103(a)

Claims 1-34 were rejected under 35 U.S.C. §103(a), as obvious over Dong et al. (U.S. Patent No. 5,770,227) and  Patrick et al., Biopharmaceuticals & Drug Disposition, 10:165-171 (1989). With regards to claims 1-34, this rejection is respectfully traversed.  To the extent the rejection may apply to new claims (35-47), it is also traversed.

Dong et al. relate to a therapeutic composition of progesterone for hormone replacement therapy (column 1, lines 10-16).   A bilayer core dosage form is employed for dispensing the progesterone to the gastrointestinal tract of a human.  The dosage form contains a progesterone layer and a push layer (Example 7).  The bilayer core may also contain an interior surface facing the bilayer core and an exterior surface coated on its exterior surface with a semipermeable wall. (Example 11).  The bilayer dosage form may also contain an osmagent (Example 15).  Finally, the invention also provides a method for administering progesterone for hormone replacement therapy 10 ng to 1200 mg over a period of 30 hours (column 7, lines 19-21).

Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317
Filed: February 19, 1999
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 13 of 14

Patrick et al. provide a perspective on the absorption of sustained-release methylphenidate formulations compared to immediate release formulations (page 165). This perspective is provided by comparing 3 products: a 10 mg tablet of MPH-IR Ritalin®, a 20 mg tablet of MPH-SR Ritalin®, and a newly formulated 20 mg tablet of MPH-SR from MD Pharmaceuticals (Santa Ana, Ca) (page 166). The authors concluded that the three formulations demonstrated were equivalent in the extent of absorption (page 170).

Applicants respectfully traverse this rejection for a number of reasons. Establishment of a *prima facie* case of obviousness requires that the cited documents teach or suggest all of the limitations of the rejected claims. In addition, some suggestion or motivation must be provided to modify the documents to reach the claimed invention. Further, a document must be considered as a whole, including those portions of the document that teach away from the claimed invention.

Applicants respectfully submit that all of elements recited in claims 1-47 are not taught or suggested by Dong et al. and Patrick et al. Moreover, Applicants further submit that one of skill in the art would not be motivated to prepare a dosage form as recited in Applicants' claims.

Dong et al. fail to teach or suggest any dosage form containing a longitudinally compressed tablet core. As stated in Applicants specification at page 19, lines 8-13, Applicants' unique LCT configuration ensures that, as the push layer expands longitudinally with the compartment formed by the semipermeable membrane, the surface area of the push layer in contact with the semipermeable membrane is increased more than when other configurations are used, i.e., the configuration taught by Dong et al.

Additionally, Dong et al. do not teach or suggest a dosage form that releases drug at an ascending release rate as claimed by Applicants. Dong et al. merely provide an "acceptable oral means for administering progesterone at a controlled does over time," (column 1, lines 46-48). Moreover, Dong et al. fail to teach or suggest any dosage form containing a trilayer formulation. Dong et al. relate only to a bilayer tablet. And, as pointed out by the Examiner, Dong et al. fail to teach or suggest a CNS acting drug, such as methylphenidate.



Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/253,317
Filed:  February 19, 1999
For:  METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 14 of 14

The secondary reference, Patrick et al., fails to supply that which is missing from Dong et al.  Specifically, Patrick et al. merely provide a perspective on the absorption of sustained-release methylphenidate formulations compared to immediate release formulations.  No teaching, suggestion or motivation is provided for the dosage forms and methods as claimed by Applicants.

For the above reasons, Applicants respectfully submit that the invention recited in claims 1-47 are patentable over Dong et al. in view of Patrick et al.  Accordingly, reconsideration and withdrawal of the rejection under 35 U.S.C. §103(a) are respectfully requested.

## Conclusion

In light of the remarks presented herein, it is respectfully submitted that pending claims 1-47 are in condition for allowance and notification to that effect is respectfully requested.  The Examiner is invited to contact Applicants' Representative at the below-listed telephone number if it is believed that prosecution of this application may be assisted thereby.

CERTIFICATE UNDER 37 C.F.R. 1.8:

The undersigned hereby certifies that this paper is being deposited in the United States Postal Service, as first class mail, in an envelope addressed to:  Assistant Commissioner for Patents, Washington, D.C. 20231, on this 30 day of NOV , 2000.

Paul B. Simboli

Respectfully Submitted,

ALZA Corporation
1900 Charleston Road
Mountain View, CA  94043
(650) 564-5000

30 NOV 2000
Date

By: _____
Paul B. Simboli
Reg. No. 38,616
Direct Dial: (650) 564-7840



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trad mark Offic**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. 1 |
|---|---|---|---|---|---|
| 09/253,317 | 02/19/99 | LAM | | A | |

HM22/1108

PAUL B. SIMBOLI
ALZA CORPORATION
1900 CHARLESTON ROAD
BLDG. M10-3
MOUNTAIN VIEW CA 94043-0802

| FAY, EXAMINER |
|---|

| ART UNIT 4 | PAPER NUMBER |
|---|---|

11/08/01 14

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or
proceeding.

                                    Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. 09/253,317 | Applicant(s) Lam et al. |
|---|---|---|
| | Examiner Zohreh Fay | Art Unit 1614 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____

2a) ☐ This action is FINAL.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _1-34_____ is/are pending in the application.

  4a) Of the above, claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) _1-34_____ is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  a) ☐ All b) ☐ Some* c) ☐ None of:

    1. ☐ Certified copies of the priority documents have been received.

    2. ☐ Certified copies of the priority documents have been received in Application No. _____

    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

  *See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☐ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☐ Information Disclosure Statement (PTO-1449) Paper No(s).

18) ☐ Interview Summary (PTO-413) Paper No(s).

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☐ Other:

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-00)                          Office Action Summary                          Part of Paper No. 0

Application/Control Number: 09/253,317                                        Page 2

Art Unit:

Claims 1-34 are presented for examination.

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 1-34 are rejected under 35 U.S.C. 103 as being unpatentable over Dong et al. (U.S. Patent

5,770,227), Patrick et al. And Ayer et al. (U.S. Patent 5,707,668)

Dong et al. Teach the use of a drug, progesterone in an extended release delivery system

of multi layers for hormone replacement therapy. See the entire document. Patrick et al. Teach

the use of the claimed compound methylphenidate in an extended release form. See the entire

article. Ayer et al. Teaches the use of anti-epileptic drugs in an extended release form. The

above reference teaches a core of antiepileptic drug, a semipermeable wall which is a polymer, a

wall for pushing the therapeutic composition and an exit in the dosage form for delivering the

therapeutic composition. See claims. The above references differs from the claimed invention in

releasing the active ingredients in an ascending form.

One skilled in the art would have been motivated to employ the teachings of the above

references since they relate to the use of the multi layer drug delivery system as claimed herein

and also the use of the claimed compounds in a sustained release formulation. The above

references also teach a core, a semipermeable polymeric wall and another wall for pushing the

therapeutic composition. To determine the rate of the release is considered to be within the skill

Application/Control Number: 09/253,317                                    Page 3

Art Unit:


of the art in the absence of evidence to the contrary. The above references make clear that the

claimed multi-layer system of delivery is old and well known.  Applicant has presented no

evidence to establish the unexpected or unobvious nature of the claimed invention, and as such,

claims 1-34 are properly rejected under 35 U.S.C. 103.


2.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Examine Fay whose telephone number is (703) 308-4604.


                                                    ZOHREH FAY
                                                    PRIMARY EXAMINER
                                                    GROUP 1200


Z.F.

November 7, 2001

ARC 2865R1
Amendment in Response to Office Action

RECEIVED
JUN 1 3 2002
TECH CENTER 1600/2900

OIPE
JUN 0 6 2002
PATENT & TRADEMARK OFFICE

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail
under 37 CFR §1.8 in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this
date: May 8, 2002 By: _Maria E. Valenzuela_

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s):    LAM, et al.

Serial No.:      09/253,317

Filed:           February 19, 1999

For:             METHODS AND DEVICES FOR
                 PROVIDING PROLONGED DRUG
                 THERAPY

Group Art Unit: 1614

Examiner: FAY, Z.

Amendment in Response to
Office Action

Honorable Commissioner of
Patents and Trademarks
Washington, D.C. 20231

06/11/2002 SSESNE1  00000130 011173   09253317
01 FC:117        920.00 CH
02 FC:103        234.00 CH
03 FC:102         84.00 CH

---

## AMENDMENT

Madam:

This Amendment is in response to the Office Action mailed November 8, 2001,
regarding the above-entitled application for which the time to respond is respectfully
extended through May 8, 2002 with acceptance of Applicants' petition for a three month
extension of time.   Reconsideration of this application is requested.

ARC 2865R1
Amendment in Response to Office Action

2

Please amend the application as follows.

## IN THE CLAIMS

1. (Amended) A method for treating a condition comprising orally administering a longitudinally compressed tablet core dosage form containing a drug in a pharmaceutically acceptable carrier wherein the dosage form releases the drug at an ascending release rate for an extended time period.

2. (Amended) A method for administering a drug to a subject comprising:

administering a dosage from to the subject wherein the dosage form comprises:

(a)   a longitudinally compressed tablet core comprising a plurality of layers wherein the drug is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

(b)   a semipermeable membrane surrounding the longitudinally compressed tablet core to thereby forming a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the semipermeable membrane into the compartment; and

(c)   an orifice formed through the semipermeable membrane and into the longitudinally compressed tablet core to permit drug to be released from within the compartment into the external fluid environment;

wherein the dosage form releases the drug at an ascending release rate for extended time period.

3. (Amended) The method according to claim 2, wherein the longitudinally compressed tablet core comprises two layers and the drug is contained within a first

ARC 2865R1
Amendment in Response to Office Action

3

layer and the fluid-expandable polymer is contained within a second layer and the
orifice is formed through the semipermeable membrane adjacent the first layer.

4. (Amended) The method according to claim 3, wherein the dosage form further
comprises an outer surface having an immediate-release dose of a drug applied as a
coating onto the outer surface of the dosage form.

5. (Amended) The method according to claim 2, wherein the longitudinally
compressed tablet core comprises three layers and a portion of the drug is contained
within a first layer and the remaining portion of the drug is contained within a second
layer, wherein the portion of drug contained within the first layer is less than the portion
of drug contained within the second layer, and wherein the fluid-expandable polymer is
contained within a third layer and the orifice is formed through the semipermeable
membrane adjacent the first layer.

6. (Amended) The method according to claim 5, wherein the dosage form further
comprises an immediate-release dose of a drug applied as a coating onto the outer
surface of the dosage form.

7. (Amended ) A method for treating ADHD, the method comprising orally
administering a longitudinally compressed tablet dosage form containing a CNS-acting
drug in a pharmaceutically acceptable carrier wherein the dosage form releases the
CNS-acting drug from the dosage form at an ascending release rate for an extended
time period.

8. (Amended) The method according to claim 7, wherein the CNS-acting drug is
a CNS-stimulant drug selected from the group consisting of methylphenidate, d-threo-

ARC 2865R1
Amendment in Response to Office Action

4

methylphenidate, amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine and pemoline.

9. (Amended) The method according to claim 8, wherein the CNS-stimulant drug is methylphenidate.

10. (Amended) The method according to claim 9, wherein the dosage form comprises:

(a)    a longitudinally compressed tablet core containing a plurality of layers wherein methylphenidate is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

(b)    a semipermeable membrane surrounding the longitudinally compressed tablet core to form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the semipermeable membrane into the compartment; and

(c)    an orifice formed through the semipermeable membrane and into the longitudinally compressed tablet core to permit methylphenidate to be released from the compartment into the external fluid environment.

11. (Amended) The method according to claim 10, wherein the longitudinally compressed tablet core comprises two layers and the methylphenidate is contained within a first layer and the fluid-expandable polymer is contained within a second layer and further wherein the orifice is formed through the semipermeable membrane adjacent to the first layer.

12. (Amended) The method according to claim 11, wherein the dosage form further comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the dosage form.

ARC 2865R1
Amendment in Response to Office Action

5

13. (Amended) The method according to claim 10, wherein the longitudinally compressed tablet core comprises three layers and a portion of the methylphenidate is contained within a first layer and the remaining portion of the methylphenidate is contained within a second layer, wherein the portion of methylphenidate contained within the first layer is less than the portion of methylphenidate contained within the second layer, and wherein the fluid-expandable polymer is contained within a third layer and the orifice is formed through the semipermeable membrane adjacent the first layer.

14. (Amended) The method according to claim 13, wherein the dosage form further comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the dosage form.

15. (Amended) A method for treating ADHD comprising administering a dosage form comprising methylphenidate that provides release of methylphenidate at an ascending release rate over an extended time period.

16. (Amended) A method comprising administering methylphenidate in a longitudinally compressed tablet dosage form that provides release of methylphenidate at an ascending release rate over an extended time period and further provides plasma methylphenidate concentrations that are substantially smoothly ascending over an extended time period.

17. (Amended) A longitudinally compressed tablet dosage form comprising a drug in a pharmaceutically acceptable carrier wherein the dosage form releases the drug from the dosage form at an ascending release rate for an extended time period following oral administration to a subject.

ARC 2865R1
Amendment in Response to Office Action

6

18. (Amended) A dosage form comprising:

(a)     a longitudinally compressed tablet core containing a plurality of layers wherein a drug is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

(b)     a semipermeable membrane surrounding the longitudinally compressed tablet core to form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the semipermeable membrane into the compartment; and



(c)     an orifice formed through the semipermeable membrane and into the longitudinally compressed tablet core to permit the drug to be released from within the compartment and into the external fluid environment.

19. (Amended) The dosage form according to claim 18, wherein the longitudinally compressed tablet core comprises two layers and the drug is contained within a first layer and the fluid-expandable polymer is contained within a second layer and further wherein the orifice is formed through the semipermeable membrane adjacent to the first layer.

20. (Amended) The dosage form according to claim 19, wherein the dosage form further comprises an outer surface having an immediate-release dose of a drug applied as a coating onto the outer surface of said osmotic dosage form.

21. (Amended) The dosage form according to claim 18, wherein the longitudinally compressed tablet core comprises three layers and a portion of the drug is contained within a first layer and the remaining portion of the drug is contained within a second layer, wherein the portion of drug contained within the first layer is less than the portion of drug contained within the second layer, and wherein said fluid-expandable polymer is

ARC 2865R1
Amendment in Response to Office Action

7

contained within a third layer and the orifice is formed through the semipermeable membrane adjacent to the first layer.

22. (Amended) The dosage form according to claim 21, wherein the dosage form additionally comprises an outer surface having an immediate-release dose of a drug applied as a coating onto the outer surface of the dosage form.

23. (Amended) A longitudinally compressed tablet dosage form containing a CNS-acting drug in a pharmaceutically acceptable carrier wherein the dosage form, following oral administration to a subject, releases the CNS-acting drug from the dosage form at an ascending release rate for an extended time period.

24. (Amended) The dosage form according to claim 23, wherein the CNS-acting drug is a CNS-stimulant drug selected from the group consisting of methylphenidate, d-threo-methylphenidate, amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine and pemoline.

25. (Amended) The dosage form according to claim 24, wherein the CNS-stimulant drug is methylphenidate.

26. (Amended) The dosage form according to claim 25 comprising:

(a)    a longitudinally compressed tablet core containing a plurality of layers wherein methylphenidate is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

(b)    a semipermeable membrane surrounding the longitudinally compressed tablet core to form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the semipermeable membrane into the compartment; and

ARC 2865R1
Amendment in Response to Office Action

8

      (c)     an orifice formed through the semipermeable membrane and into the longitudinally compressed tablet core to permit methylphenidate to be released from within the compartment into the external fluid environment.

      27. (Amended) The dosage form according to claim 26, wherein the longitudinally compressed tablet core comprises two layers and the methylphenidate is contained within a first layer and said fluid-expandable polymer is contained within a second layer and further wherein the orifice is formed through the semipermeable membrane adjacent the first layer.

      28. (Amended) The dosage form according to claim 27, wherein the dosage form further comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the dosage form.

      29. (Amended) The dosage form according to claim 26, wherein the longitudinally compressed tablet core comprises three layers and a portion of the methylphenidate is contained within a first layer and the remaining portion of the methylphenidate is contained within a second layer, wherein the portion of methylphenidate contained within first layer is less than the portion of methylphenidate contained within the second layer, and wherein the fluid-expandable polymer is contained within a third layer and the orifice is formed through the semipermeable membrane adjacent the first layer.

      30. (Amended) The dosage form according to claim 29, wherein the dosage form further comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the dosage form.

      31. (Amended) The dosage form according to claim 30, wherein the coating comprises an antidegradation agent.

ARC 2865R1
Amendment in Response to Office Action

9

32. (Amended) The dosage form according to claim 31, wherein the antidegradation agent is phosphoric acid.

33. (Amended) The dosage form according to claim 29, wherein the semipermeable membrane comprises cellulose acetate and a flux-enhancing agent.

34. (Amended) The dosage form according to claim 33, wherein the flux-enhancing agent is a copolymer of ethylene and propylene oxide.

*Check claims in amendment B*

Please add claims 35-47 as follows:

*N.E.*

35. (New) An oral dosage form comprising a drug and a pharmaceutically acceptable carrier comprising:

(a) a capsule shaped osmotically active tablet core comprising at least one drug containing layer and a push layer wherein the push layer comprises a suitable fluid expandable polymer;

(b) a semipermeable membrane surrounding the capsule shaped osmotically active tablet core to form a compartment; and

(c) an orifice formed through the semipermeable membrane and into the capsule shaped osmotically active tablet core at a location adjacent the at least one drug layer to permit the drug to be released from within the compartment into the external fluid environment in response to osmotic passage of fluid into the capsule shaped osmotically active tablet core, wherein the dosage form releases the drug at an ascending release rate for an extended time period.

ARC 2865R1
Amendment in Response to Office Action

10

36. (New)  The dosage form according to claim 35, wherein the dosage form further comprises a drug layer overcoat.

37. (New) The dosage form according to claim 35, wherein the push layer further comprises at least one osmagent.

38. (New) The dosage form according to claim 35, wherein the dosage form is a bi-layer dosage form comprising one drug layer and a push layer.

39. (New) The dosage form according to claim 38, wherein the bi-layer dosage form achieves an ascending release rate for an extended time period of at least 50% of a $T_{90}$ period.

40. (New) The dosage form according to claim 38, wherein at least about 35% of the push layer comprises the osmagent.

41. (New) The dosage form according to claim 40, wherein the osmagent is sodium chloride.

42. (New) The dosage form according to claim 38, wherein the dosage form further comprises an outer surface and an immediate-release dosage of the drug applied as a coating onto the outer surface.

43. (New) The dosage form according to claim 38, wherein the drug layer comprises methylphenidate or a pharmaceutically acceptable salt thereof.

44. (New) The dosage form according to claim 40, wherein the coating comprises an antidegradation agent.

ARC 2865R1
Amendment in Response to Office Action

11

45. (New) The dosage form according to claim 44, wherein the antidegradation agent is phosphoric acid.

46. (New) The dosage form according to claim 43, wherein the semipermeable membrane further comprises cellulose acetate and a flux-enhancing agent.

47. (New) The dosage form according to claim 46, wherein the flux-enhancing agent is a copolymer of ethylene and propylene oxide.


## REMARKS

This amendment is filed in response to the Office Action dated November 8, 2001.

Claims 1-34 are rejected under 35 U.S.C. 103(a) as being obvious over *Dong et al.* (5,770,227) in view of *Patrick et al.* and *Ayer et al.* (US Pat. No. 5,707,668).

Claims 1-34 have been amended, and claims 35 – 47 have been added, the claims pending in the above-identified patent application are Claims 1-47. Claims 1-34 have been amended to more clearly define Applicants' invention. Support for these amendments can be found, for example, in the Claims as originally filed and in the specification at page 7, lines 3-21. Support for new Claims 35-47 can be found, for example, in the Claims as originally filed and in the specification at page 7, lines 11-13, and at page 19, lines 8-13.

In amending the above Claims, Applicants are not acquiescing to the objections or rejections asserted by the Examiner. Applicants have amended the Claims to further

ARC 2865R1
Amendment in Response to Office Action

12

the prosecution of this application and retain the right to file divisional or continuing

applications to claim any canceled subject matter.

No new matter has been added by these amendments.   Reconsideration and

withdrawal of the rejections in light of the preceding amendments and the following

remarks are respectfully requested.


### Claim Rejections – 35 U.S.C. § 103(a) obviousness

Claims 1-34 are rejected under 35 U.S.C. 103(a) as being obvious over *Dong et*

*al.* (5,770,227) in view of *Patrick et al.* and *Ayer et al.* (US Pat. No. 5,707,668).

With regard to Claims 1-34, this rejection is respectfully traversed.  To the extent

the rejection may apply to new Claims 35-47, it is also traversed.

Applicants' invention is not *prima facie* obvious from the disclosures of the cited

references.  In order to be *prima facie* obvious over a combination of references, the

references must describe or teach each of the claim limitations and the references must

themselves suggest their particular combination and a reason for that combination

without reference to Applicants' application.  In addition, some suggestion or motivation

must be provided to modify the documents to reach the claimed invention.  Further, a

document must be considered as a whole, including those portions of the document that

teach away from the claimed invention.   None of the references, either taken alone or

in combination, are considered to establish the *prima facie* obviousness of those claims,

and the Examiner has not met the burden in properly rejecting the claims.

ARC 2865R1
Amendment in Response to Office Action

13

The Examiner asserts that *Dong et al.* teaches use of progesterone in an extended release delivery system of multi layers for hormone replacement therapy, that *Patrick et al.* teaches the use of methylphenidate in an extended release form, and that *Ayer et al.* teaches the use of anti-epileptic drugs in an extended release form. The above references are asserted to teach a core of antiepileptic drug, a semipermeable wall, wall for pushing the therapeutic composition and an exit, but do not teach an ascending form. The Examiner asserts that one skilled in the art would have been motivated to employ the above references

With respect to claims 1-47, the references do not teach or suggest Claims relating to delivery of a drug from a multiple drug-layer dosage form delivering at a substantially ascending release rate utilizing a longitudinally compressed tablet over a prolonged period of time as claimed by Applicants.

First, *Dong* teaches only a bilayer core dosage form for dispensing a single layer of drug, progesterone, to the gastrointestinal tract of a human. The dosage form contains a progesterone layer and a push layer (Example 7, for example). *Dong* fails to teach or suggest any dosage form containing a tri- or multiple drug-layer formulation as claimed by Applicants. *Dong* relates only to a single drug layer. Moreover, there is no motivation to provide more than a single drug layer as claimed by Applicants. Neither *Patrick*, nor *Ayer* provide any assistance in this regard. None teach or suggest, alone or in combination, a multi drug-layer core as claimed by Applicants.

ARC 2865R1
Amendment in Response to Office Action

14

Accordingly, *Dong* in view of *Patrick* and *Ayer* does not disclose, teach or motivate an osmotic delivery system comprising a multiple drug-layer core as claimed by Applicants.

Second, *Dong* only describes delivering a drug at a constant rate, or approximately zero order rate of release, and not the <u>substantially ascending rate</u> as claimed by Applicants. *Dong* Figures 1-3. *Dong* does not teach or suggest a dosage form that releases drug at an ascending release rate as claimed by Applicants. *Dong* merely provides an "acceptable oral means for administering progesterone at a controlled dose over time," (column 1, lines 46-48).

Similarly, *Ayer* teaches only an approximately zero order rate of release. *Ayer* Figures 6-9. *Ayer* discloses only constant, zero order, rate of release in its Example 1, Col. 13, line1 and teaches away from anything but a zero order rate of release .

Additionally, *Patrick* fails to supply that which is missing from *Dong* and *Ayer*, to disclose or motivate an ascending rate of release. *Patrick* provides a perspective on the absorption of sustained-release methylphenidate formulations compare to immediate release formulations (page 165). However, *Patrick* does not teach, motivate or even address an ascending release rate. *Patrick* compares three products: a 10mg tablet of MPH-IR Ritalin®, a 20 mg tablet of MPH-SR Ritalin®, and a newly formulated 20 mg tablet of MPH-SR from MD Pharmaceuticals (Santa Ana, Ca) (page 166), none of which are ascending release rate profiles.

There simply is no teaching or motivation in the prior art cited by the Examiner to

ARC 2865R1
Amendment in Response to Office Action

15

deliver a drug, much less methylphenidate at a substantially ascending rate of release.

Third, there is no teaching within *Dong* or *Ayer* to suggest utilizing a <u>longitudinally compressed tablet</u> to provide the rate of release, substantially ascending, as claimed by Applicants. As identified by Applicants at page 19, lines 8-13, Applicants' unique longitudinally compressed tablet core configuration ensures that, as the push layer expands longitudinally within the compartment formed by the semipermeable membrane, the surface area of the push layer in contact with the semipermeable membrane is increased more than when other configurations are used, i.e., the standard biconvex tablet shape configuration taught by *Dong* and *Ayer* and utilized in the tablets of *Patrick*.

Applicants respectfully submit that all of the elements recited in Claims 1-47 are not taught or suggested by *Dong, Patrick* and *Ayer*. Moreover, Applicants further submit that one of skill in the art at the time of the invention would not have been motivated to prepare a dosage form as recited in Applicants' Claims. The only means for the Examiner to find such motivation would be through improper hindsight, which is not permitted.

Therefore, it would not have been *prima facie* obvious to one of ordinary skill in the art at the time the invention was made to provide a <u>multi drug-layer dosage form</u> delivering a drug at a <u>substantially ascending release rate</u> utilizing a <u>longitudinally compressed tablet</u> configuration over a prolonged period of time as claimed by Applicants. Contrary to the Examiner's assertion, the art cited does not motivate the

ARC 2865R1
Amendment in Response to Office Action

16

use of a multiple drug-layer delivery system, much less the longitudinally compressed

tablet shape claimed by Applicants to obtain the substantially ascending rate of release

of the invention.

Furthermore, Applicants' Claims do not claim "another wall for pushing the

therapeutic composition" as the Examiner asserts the cited references disclose to

obviate Applicants' Claims.

Accordingly, it is submitted that the methods for delivery of drugs at an ascending

rate of release, especially of methylphenidate, in Claims 1-47 define a patentable

invention.  Reconsideration of the application is respectfully requested.  Please direct

any questions to the undersigned attorney at (650) 564-5171.

The Commissioner is hereby authorized to charge any additional fees associated

with this paper or during the pendency of this application, or credit any overpayment, to

Deposit Account No. 01-1173.

ARC 2865R1
Amendment in Response to Office Action

17

Attached hereto is a marked-up version of the changes made to the specification

and claims by the current amendment.  The attached page is captioned "Version with

markings to show changes made."


                                          Respectfully submitted,
                                          ALZA CORPORATION

Dated:  May 8, 2002

ALZA Corporation                          Robert R. Neller
1900 Charleston Road Bldg. M10-3          Registration No. 46,950
Mountain View, CA  94043-7210             Attorney for the Applicants
(650) 564-5171

ARC 2865R1
Amendment in Response to Office Action

18

Version with markings to show changes made

In the Claims:

Amend claims 1-34 as follows:

    1. (Amended) A method for treating a condition comprising [with a drug indicated for treatment of the said condition, the method comprising the step of] orally administering a longitudinally compressed tablet core dosage form containing a [said] drug in a pharmaceutically acceptable carrier wherein the [said] dosage form releases the [said] drug [from said dosage form] at an ascending release rate for an extended time period.

    2. (Amended) A [The] method for administering a drug to a subject [method described in claim 1 wherein said dosage form is an osmotic dosage form] comprising:
    administering a dosage from to the subject wherein the dosage form comprises:

        (a)    a longitudinally compressed tablet core [containing] comprising a plurality of layers wherein the drug is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

        (b)    a semipermeable membrane [wall] surrounding the said longitudinally compressed tablet core to thereby forming [form] a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the [said] semipermeable membrane [wall] into the [said] compartment; and

        (c)    an orifice formed through the [said] semipermeable membrane [wall] and into the [said] longitudinally compressed tablet core to permit drug to be released from within the [said] compartment into the [said] external fluid environment;

ARC 2865R1
Amendment in Response to Office Action

19

wherein the dosage form releases the drug at an ascending release rate
for extended time period.

3. (Amended) The method according to [described in] claim 2, wherein the [said]
longitudinally compressed tablet core comprises two layers and the [said] drug is
contained within a first layer and the [said] fluid-expandable polymer is contained within
a second layer and [further wherein said] the orifice is formed through the [said]
semipermeable membrane [wall at a location] adjacent the [to said] first layer.

4. (Amended) The method according to [described in] claim 3, wherein the [said
osmotic] dosage form further [additionally] comprises an outer surface having an
immediate-release dose of a drug applied as a coating onto the outer surface of the
[said osmotic] dosage form.

5. (Amended) The method according to [described in] claim 2, wherein the [said]
longitudinally compressed tablet core comprises three layers and a portion of the [said]
drug is contained within a first layer and the remaining portion of the [said] drug is
contained within a second layer, wherein the portion [concentration] of drug contained
within the [said] first layer is less than the portion [concentration] of drug contained
within the [said] second layer, and wherein the [said] fluid-expandable polymer is
contained within a third layer and the [said] orifice is formed through the [said]
semipermeable membrane [wall at a location] adjacent [to said] the first layer.

6. (Amended) The method according to [described in] claim 5, wherein the [said
osmotic] dosage form further [additionally] comprises an immediate-release dose of a
drug applied as a coating onto the outer surface of the [said osmotic] dosage form.

ARC 2865R1
Amendment in Response to Office Action

20

7. (Amended ) A method for treating ADHD, the method comprising [the step of] orally administering a longitudinally compressed tablet dosage form containing a CNS-acting drug in a pharmaceutically acceptable carrier wherein the [said] dosage form releases the [said] CNS-acting drug from the [said] dosage form at an ascending release rate for an extended time period.

8. (Amended) The method according to [described in] claim 7, wherein the [said] CNS-acting drug is a CNS-stimulant drug selected from the group consisting of methylphenidate, d-threo-methylphenidate, amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine and pemoline.

9. (Amended) The method according to [described in] claim 8, wherein the [said] CNS-stimulant drug is methylphenidate.

10. (Amended) The method according to [described in] claim 9, wherein the [said] dosage form comprises: [is an osmotic dosage form comprising:]
    (a)    a longitudinally compressed tablet core containing a plurality of layers wherein methylphenidate is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;
    (b)    a semipermeable membrane [wall] surrounding the [said] longitudinally compressed tablet core to [thereby] form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the [said] semipermeable membrane [wall] into the [said] compartment; and
    (c)    an orifice formed through the [said] semipermeable membrane [wall] and into the [said] longitudinally compressed tablet core to permit methylphenidate to be released from [within said] the compartment into the [said] external fluid environment.

ARC 2865R1
Amendment in Response to Office Action

21

11. (Amended) The method according to [described in] claim 10, wherein the [said] longitudinally compressed tablet core comprises two layers and the [said] methylphenidate is contained within a first layer and the [said] fluid-expandable polymer is contained within a second layer and further wherein the [said] orifice is formed through the [said] semipermeable membrane [wall] at a location adjacent to the [said] first layer.

12. (Amended) The method according to [described in] claim 11, wherein the [said] osmotic dosage form additionally comprises an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

13. (Amended) The method according to [described in] claim 10, wherein the [said] longitudinally compressed tablet core comprises three layers and a portion of the [said] methylphenidate is contained within a first layer and the remaining portion of the [said] methylphenidate is contained within a second layer, wherein the portion [concentration] of methylphenidate contained within the [said] first layer is less than the portion [concentration] of methylphenidate contained within the [said] second layer, and wherein the [said] fluid-expandable polymer is contained within a third layer and the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.

14. (Amended) The method according to [described in] claim 13, wherein the [said osmotic] dosage form further [additionally] comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

ARC 2865R1
Amendment in Response to Office Action

22

15. (Amended) A method for [effectively] treating ADHD [for a prolonged therapy period of at least about 10 hours] comprising administering [methylphenidate in] a dosage form comprising methylphenidate that provides release of methylphenidate at an ascending release rate over an extended time period.

16. (Amended) A method [for providing plasma methylphenidate concentrations that are substantially smoothly ascending over an extended time period] comprising administering methylphenidate in a longitudinally compressed tablet dosage form that provides release of methylphenidate at an ascending release rate over an extended time period and further provides plasma methylphenidate concentrations that are substantially smoothly ascending over an extended time period.

17. (Amended) A longitudinally compressed tablet dosage form comprising a drug in a pharmaceutically acceptable carrier wherein[, following oral administration, said] the dosage form releases the [said] drug from the [said] dosage form at an ascending release rate for an extended time period following oral administration to a subject.

18. (Amended) A [The] dosage form [described in claim 17 wherein said dosage form is an osmotic dosage form] comprising:

      (a)    a longitudinally compressed tablet core containing a plurality of layers wherein a [said] drug is contained in at least one layer and at least one other layer comprises a suitable fluid-expandable polymer;

      (b)    a semipermeable membrane [wall] surrounding the [said] longitudinally compressed tablet core to [thereby] form a compartment having an osmotic gradient to drive fluid from an external fluid environment contacting the [said] semipermeable membrane [wall] into the [said] compartment; and

ARC 2865R1
Amendment in Response to Office Action

23

(c)    an orifice formed through the [said] semipermeable membrane [wall] and into the [said] longitudinally compressed tablet core to permit the drug to be released from within the [said] compartment and into the [said] external fluid environment.

19. (Amended) The dosage form according to [described in] claim 18, wherein the [said] longitudinally compressed tablet core comprises two layers and the [said] drug is contained within a first layer and the [said] fluid-expandable polymer is contained within a second layer and further wherein the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.

20. (Amended) The dosage form according to [described in] claim 19, wherein the [said osmotic] dosage form further [additionally] comprises an outer surface having an immediate-release dose of a drug applied as a coating onto the outer surface of said osmotic dosage form.

21. (Amended) The dosage form according to [described in] claim 18, wherein the [said] longitudinally compressed tablet core comprises three layers and a portion of the [said] drug is contained within a first layer and the remaining portion of the [said] drug is contained within a second layer, wherein the portion [concentration] of drug contained within the [said] first layer is less than the portion [concentration] of drug contained within the [said] second layer, and wherein the [said] fluid-expandable polymer is contained within a third layer and the [said] orifice is formed through said semipermeable membrane [wall at a location] adjacent the [to said] first layer.

22. (Amended) The dosage form according to [described in] claim 21, wherein the [said osmotic] dosage form additionally comprises an outer surface having an

ARC 2865R1
Amendment in Response to Office Action

24

immediate-release dose of a drug applied as a coating onto the outer surface of the
[said] osmotic dosage form.

23. (Amended) A longitudinally compressed tablet  dosage form containing a
CNS-acting drug in a pharmaceutically acceptable carrier wherein the [said] dosage
form, following oral administration to a subject, releases the [said] CNS-acting drug from
the [said] dosage form at an ascending release rate for an extended time period.

24. (Amended) The dosage form according to [described in] claim 23, wherein
the [said] CNS-acting drug is a CNS-stimulant drug selected from the group consisting
of methylphenidate, d-threo-methylphenidate, amphetamine, dextroamphetamine,
methamphetamine, phenylisopropylamine and pemoline.

25. (Amended) The dosage form according to [described in] claim 24, wherein
the [said] CNS-stimulant drug is methylphenidate.

26. (Amended) The dosage form according to [described in] claim 25 [wherein
the said dosage form is an osmotic dosage form] comprising:
    (a)    a longitudinally compressed tablet core containing a plurality of
layers wherein methylphenidate is contained in at least one layer and at least
one other layer comprises a suitable fluid-expandable polymer;
    (b)    a semipermeable membrane [wall] surrounding the [said]
longitudinally compressed tablet core to [thereby] form a compartment having an
osmotic gradient to drive fluid from an external fluid environment contacting the
[said] semipermeable membrane [wall] into the [said] compartment; and
    (c)    an orifice formed through the [said] semipermeable membrane
[wall] and into the [said] longitudinally compressed tablet core to permit

ARC 2865R1
Amendment in Response to Office Action

25

methylphenidate to be released from within the [said] compartment into the [said] external fluid environment.

27. (Amended) The dosage form according to [described in] claim 26, wherein the [said] longitudinally compressed tablet core comprises two layers and the [said] methylphenidate is contained within a first layer and said fluid-expandable polymer is contained within a second layer and further wherein the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.

28. (Amended) The dosage form according to [described in] claim 27, wherein the [said osmotic] dosage form further [additionally] comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

29. (Amended) The dosage form according to  [described in] claim 26, wherein the [said] longitudinally compressed tablet core comprises three layers and a portion of the [said] methylphenidate is contained within a first layer and the remaining portion of the [said] methylphenidate is contained within a second layer, wherein the portion [concentration] of methylphenidate contained within the [said] first layer is less than the portion [concentration] of methylphenidate contained within the [said] second layer, and wherein the [said] fluid-expandable polymer is contained within a third layer and the [said] orifice is formed through the [said] semipermeable membrane [wall at a location] adjacent the [to said] first layer.

30. (Amended) The dosage form according to [described in] claim 29, wherein the [said osmotic] dosage form further [additionally] comprises an outer surface having an immediate-release dose of methylphenidate applied as a coating onto the outer surface of the [said osmotic] dosage form.

ARC 2865R1
Amendment in Response to Office Action

26

31. (Amended) The dosage form <u>according to</u> [described in] claim 30, wherein <u>the</u> [said] coating comprises an antidegradation agent.

32. (Amended) The dosage form <u>according to</u> [described in] claim 31, wherein <u>the</u> [said] antidegradation agent is phosphoric acid.

33. (Amended) The dosage form <u>according to</u> [described in] claim 29, wherein <u>the</u> [said] semipermeable membrane comprises cellulose acetate and a flux-enhancing agent.

34. (Amended) The dosage form <u>according to</u> [described in] claim 33, wherein <u>the</u> [said] flux-enhancing agent is a copolymer of ethylene and propylene oxide.

Please add claims 35- 47 as follows:

35. (New)  An oral dosage form comprising a drug and a pharmaceutically acceptable carrier comprising:

(a)      a capsule shaped osmotically active tablet core comprising at least one drug containing layer and a push layer wherein the push layer comprises a suitable fluid expandable polymer;

(b)      a semipermeable membrane surrounding the capsule shaped osmotically active tablet core to form a compartment; and

(c)      an orifice formed through the semipermeable membrane and into the capsule shaped osmotically active tablet core at a location adjacent the at

ARC 2865R1
Amendment in Response to Office Action

27

least one drug layer to permit the drug to be released from within the

compartment into the external fluid environment in response to osmotic passage

of fluid into the capsule shaped osmotically active tablet core, wherein the

dosage form releases the drug at an ascending release rate for an extended time

period.

36. (New)  The dosage form according to claim 35, wherein the dosage form

further comprises a drug layer overcoat.

37. (New) The dosage form according to claim 35, wherein the push layer further

comprises at least one osmagent.

38. (New) The dosage form according to claim 35, wherein the dosage form is a

bi-layer dosage form comprising one drug layer and a push layer.

39. (New) The dosage form according to claim 38, wherein the bi-layer dosage

form achieves an ascending release rate for an extended time period of at least 50% of

a $T_{90}$ period.

40. (New) The dosage form according to claim 38, wherein at least about 35% of

the push layer comprises the osmagent.

41. (New) The dosage form according to claim 40, wherein the osmagent is

sodium chloride.

42. (New) The dosage form according to claim 38, wherein the dosage form

further comprises an outer surface and an immediate-release dosage of the drug

applied as a coating onto the outer surface.

ARC 2865R1
Amendment in Response to Office Action

28

43. (New) The dosage form according to claim 38, wherein the drug layer comprises methylphenidate or a pharmaceutically acceptable salt thereof.

44. (New) The dosage form according to claim 40, wherein the coating comprises an antidegradation agent.

45. (New) The dosage form according to claim 44, wherein the antidegradation agent is phosphoric acid.

46. (New) The dosage form according to claim 43, wherein the semipermeable membrane further comprises cellulose acetate and a flux-enhancing agent.

47. (New) The dosage form according to claim 46, wherein the flux-enhancing agent is a copolymer of ethylene and propylene oxide.

 

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/253,317 | 02/19/1999 | ANDREW C. LAM | ARC-2865-R1 | 5468 |

7590    05/07/2003

PAUL B. SIMBOLI
ALZA CORPORATION
1900 CHARLESTON ROAD
BLDG. M10-3
MOUNTAIN VIEW, CA  94043

| EXAMINER |
|---|
| FAY, ZOHREH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 20 |

DATE MAILED: 05/07/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Office Action Summary* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 09/253,317 | LAM ET AL. |
| | Examiner | Art Unit |
| | Zohreh Fay | 1614 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____ .

2a)☒ This action is FINAL.    2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-87* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-87* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

Application/Control Number: 09/253,317                          Page 2
Art Unit: 1614

Claims 1-87 are presented for examination.

Claims 1-87 are rejected under 35 U.S.C. 103 as being unpatentable over Dong et al.,

Patrick et al. and Ayer et al. for the reasons set forth on pages 2-3 of the office action of

November 8, 2001.

     Applicant's arguments and remarks have been carefully considered, but are not

deemed to be persuasive.  Applicant alleges criticality to the ascending release rate of

the claimed formulation.  The allegation is not well taken.  The full article of Patrick

reference teaches the ascending release form for methylphenidate.  The determination

of proper polymers is considered to be within the skill of the art.  Applicant has

presented no evidence to establish the unexpected or unobvious nature of the claimed

invention, and as such, claims 1-87 are properly rejected under 35 U.S.C. 103.

     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

     A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Application/Control Number: 09/253,317                                Page 3
Art Unit: 1614

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Zohreh  Fay whose telephone number is (703) 308-4604.  The examiner can normally be reached on 9:30-6:00.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Marianne  Seidel can be reached on (703) 308-4725.  The fax phone numbers for the organization where this application or proceeding is assigned are (703) 308-4556 for regular communications and (703) 308-4556 for After Final communications.

    Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1235.

Z.F
May 6, 2003

ZOHREH FAY
PRIMARY EXAMINER
GROUP 1200

Corres. and ~~~~

# BOX AF

DOCKET NO.: ALZA-0020 (ARC 2865 RI)
Application No.: 09/253,317
Office Action Dated: May 7, 2003

PATENT
REPLY FILED UNDER EXPEDITED
PROCEDURE PURSUANT TO
37 CFR § 1.116

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
Lam, et al.

Application No.: 09/253,317

Filing Date: February 19, 1999

For:   Methods and Devices for Providing Prolonged Drug Therapy

Confirmation No.: 5468

Group Art Unit: 1614

Examiner: Zohreh A. Fay

RECEIVED
AUG 0 8 2003
TECH CENTER 1600/2900

EXPRESS MAIL LABEL NO: EV 325638168 US
DATE OF DEPOSIT: August 4, 2003

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

#24/0
8/13/03
Jmercen

## REPLY PURSUANT TO 37 CFR § 1.116

In response to the Official Action dated **May 7, 2003**, reconsideration is respectfully requested in view of the amendments and/or remarks as indicated below:

☐   **Amendments to the Specification** begin on page        of this paper.

☒   **Amendments to the Claims** are reflected in the listing of the claims which begins on page 2 of this paper.

☐   **Amendments to the Drawings** begin on page        of this paper and include an attached replacement sheet.

☒   **Remarks/Arguments** begin on page 4 of this paper.

Page 1 of 6

DOCKET NO.: ALZA-0020 (ARC 2865 R1)
Application No.: 09/253,317
Office Action Dated: May 7, 2003

PATENT
REPLY FILED UNDER EXPEDITED
PROCEDURE PURSUANT TO
37 CFR § 1.116

This listing of claims will replace all prior versions, and listings, of claims in the application.

Listing of Claims:

1-14.    (canceled)

15.    (currently amended)  A method for treating ADD or ADHD comprising administering a dosage form comprising methylphenidate that provides a release of methylphenidate at an ascending release rate over an extended period of time.

16-87.  (canceled)

88.    (new)  The method of claim 15 wherein said dosage form comprises 100 ng to 500 mg of methylphenidate.

89.    (new)  The method of claim 15 wherein said administration results in a substantially ascending methylphenidate plasma drug concentration over a time period of about 4 hours following said administration.

90.    (new)  The method of claim 15 wherein said administration results in a substantially ascending methylphenidate plasma drug concentration over a time period of about 4 to about 5.5 hours following said administration.

Page 2 of 6

DOCKET NO.: ALZA-0020 (ARC 2865 R1)                                    PATENT
Application N .: 09/253,317                          REPLY FILED UNDER EXPEDITED
Office Action Dated: May 7, 2003                       PROCEDURE PURSUANT TO
                                                           37 CFR § 1.116

91.    (new)  The method of claim 15 wherein said administration results in a substantially

ascending methylphenidate plasma drug concentration over a time period of about 4 to about

8 hours following said administration.


92.    (new)  The method of claim 15 wherein said administration results in a substantially

ascending methylphenidate plasma drug concentration over a time period of about 4 to about

9.5 hours following said administration.


93.    (new)  The method of claim 15 wherein said administration results in a substantially

ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours

following said administration.


94.    (new)  The method of claim 15 wherein said administration results in a substantially

ascending methylphenidate plasma drug concentration over a time period of about 8 hours

following said administration.


95.    (new)  The method of claim 15 wherein said administration results in a substantially

ascending methylphenidate plasma drug concentration over a time period of about 9.5 hours

following said administration.

DOCKET NO.: ALZA-0020 (ARC 2865 R1)
Application No.: 09/253,317
Office Action Dated: May 7, 2003

PATENT
REPLY FILED UNDER EXPEDITED
PROCEDURE PURSUANT TO
37 CFR § 1.116

## REMARKS

Applicants respectfully request cancellation of claims 1-14 and 16-87 without prejudice. Claims 15 and 88-95 are pending in this patent application. Support for the added claims can be found in the specification at, for example, page 11, lines 4-9, pages 37-38, and in Figure 4.

Applicants believe that the issues attendant to allowance of their patent claims are relatively straightforward. In an effort to highlight these issues and streamline prosecution, Applicants have canceled a number of claims (without prejudice to their presentation in one or more continuing patent applications) in the hope that by doing so the patentability of the remaining claims will be even more apparent.

In discussing the above-noted claims during the interview, the Examiner questioned whether the Ritalin SR product that is disclosed in Patrick, *et al., Biopharmaceutics & Drug Disposition* 1989, *10*, 165 ("the Patrick reference") would exhibit the claimed ascending release rate of methylphenidate over an extended period of time. Applicants' undersigned attorney noted that the Patrick reference appears to disclose plasma concentrations observed using the Ritalin SR product, and indicated that he would investigate whether release rate data could be obtained.

In a subsequent Office Action, the Examiner maintains her rejection of the claims under 35 U.S.C. § 103 in view of issues relating to whether the Patrick reference "teaches the ascending release form of methylphenidate" (Office Action dated May 7, 2003, at page 2).

Applicants hereby provide data which demonstrates that the Ritalin SR product that is disclosed in the Patrick reference does *not* exhibit the claimed ascending release rate profile over an extended period of time. In fact, as is discussed in the accompanying declaration of

Page 4 of 6

DOCKET NO.: ALZA-0020 (ARC 2865 R1)
Application No.: 09/253,317
Office Action Dated: May 7, 2003

PATENT
REPLY FILED UNDER EXPEDITED
PROCEDURE PURSUANT TO
37 CFR § 1.116

inventor Suneel Gupta, the rate at which the Ritalin SR product releases methylphenidate actually *decreases* over an extended period of time.  Dr. Gupta supervised an analysis of the Patrick reference's reported plasma concentration data using the Wagner-Nelson deconvolution technique (Gupta Declaration, at ¶ 3).  This type of data analysis, which is routinely performed by those skilled in the art (*id.*), approximates the release rate that the Ritalin SR product would have needed to achieve to produce the plasma concentrations that are reported in the Patrick reference (*id.* at ¶ 4).  As indicated by Dr. Gupta, this model clearly shows that the Ritalin SR release rate does not ascend over an extended period of time but, rather, decreases (*id.* at ¶ 5).

Since the instant rejection of Applicants' claims was based on an alleged teaching of ascending release rates in the Patrick reference – and since that teaching is not, in fact, present, Applicants respectfully request that the rejection be withdrawn.  Indeed, to the extent that the teaching of the Patrick reference would have been relevant to persons of ordinary skill, it would have led such persons *away from* the claimed inventions.

Applicants invite the Examiner to contact their undersigned representative if any questions arise or further information regarding the instant patent application is needed.  In

DOCKET NO.: ALZA-0020 (ARC 2865 R1)                    PATENT
Application N .: 09/253,317                    REPLY FILED UNDER EXPEDITED
Office Acti n Dated: May 7, 2003                  PROCEDURE PURSUANT TO
                                                      37 CFR § 1.116

view of the foregoing, however, Applicants submit that the pending claims are in condition

for ready allowance, and therefore respectfully request an early indication of allowability.


Date:  August 4, 2003                  _Richard D. Wat___ (signature)
                                       Richard D. Watkins
                                       Registration No. 50,993

                                       Joseph Lucci
                                       Registration No. 33,307

Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia PA  19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

DOCKET NO.:ALZA-0020                              PATENT



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: 5468
Lam, et al.

Application No.: 09/253,317              Group Art Unit: 1614

Filing Date: February 19, 1999          Examiner: Zohreh A. Fay

For:   Methods and Devices for Providing Prolonged Drug Therapy

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

### DECLARATION OF SUNEEL K. GUPTA

I, Suneel K. Gupta, hereby declare that:

1.      I am one of the named inventors of the above-identified patent application, and make this declaration in support thereof.

2.      I have been practicing in the field of drug delivery for at least the last 16 years.  I received my Ph.D. degree in Pharmacokinetics from the University of Manchester in Manchester, United Kingdom in 1987, and served a post-doctoral fellowship in Pharmacokinetics and Pharmacodynamics at the University of California, San Francisco from 1987 to 1989.  I joined Alza Corporation in 1989 as a Staff Scientist in the Biopharmaceutics department, and have held various positions with Alza since then.  I currently hold the position of Senior Vice President & Distinguished Research Fellow.

3.      I have been asked to assess the extent to which one can determine the rate at

DOCKET NO.:ALZA-0020                          PATENT

which the Ritalin SR product releases methylphenidate based on the plasma concentration data

for that product that are provided in Patrick, *et al.*, *Biopharmaceutics & Drug Disposition* 1989,

*10*, 165 ("the Patrick reference"). To make this determination, I supervised application of the

Wagner-Nelson mathematical deconvolution method (Wagner, *et al.*, *J. Pharm . Sci.* 1963 *52*,

610) to the plasma concentration that the Patrick reference discloses in Figure 2. This type of

deconvolution is routinely performed by those skilled in the field of pharmaceutical sciences and

drug delivery, and I have deconvoluted plasma concentration data or supervised the

deconvolution of such data numerous times during the course of my career.

    4.    By deconvoluting the plasma concentration data that the Patrick reference

discloses in Figure 2, one is able to approximate the release rate that the Ritalin SR product

would have needed to achieve to produce the plasma concentrations that the reference reports.

Although there exist a number of different methods that potentially could be used to deconvolute

the Ritalin SR plasma concentration data that the Patrick reference provides, the Wagner-Nelson

method was one of the first to appear in the literature and one that I believe to produce

representative results.

    5.    By applying the Wagner-Nelson method to the data that the Patrick reference

reports in Figure 2, I was able to determine that the methylphenidate release rate for the Ritalin

SR actually decreased during most of the 12-hour period over which the authors gathered their

data. This is shown in the following graph plotting the data that I obtained using the Wagner-

Nelson method:

2

PATENT

DOCKET NO.:ALZA-0020



Release Rate Profiles
Following Methylphenidate Treatment
Calculated Using Wagner-Nelson Method for Ritalin-SR

DOCKET NO.:ALZA-0020                                    PATENT

As this graph shows, the data reported in the Patrick reference indicates that although the

rate of methylphenidate release increased over approximately the first hour with the Ritalin SR

product, it decreased in a fairly steady manner thereafter.   I do not believe that anyone skilled in

the field of drug delivery would consider this to constitute the "ascending release rate over an

extended period of time" that I understand to be recited in the claims of the above-identified

patent application.

6.      I declare that all statements made herein of my own knowledge are true and that

all statements made on information and belief are believed to be true, and further, that these

statements were made with the knowledge that willful false statements and the like so made are

punishable by fine or imprisonment, or both, under § 1001 of Title 18 of the United States Code,

and that such willful false statements may jeopardize the validity of the application or any patent

issuing thereon.

July 17, 2003                          _____
                                       Suneel K. Gupta

4

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/253,317 | LAM ET AL. |
| | Examiner | Art Unit | |
| | Zohreh Fay | 1614 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendments and remarks filed on February 3, 2004.*

2. ☒ The allowed claim(s) is/are <u>15 and 89-95.</u>

3. ☒ The drawings filed on <u>19 September 1999</u> are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
     a) ☐ All   b) ☐ Some*   c) ☐ None  of the:
         1. ☐ Certified copies of the priority documents have been received.
         2. ☐ Certified copies of the priority documents have been received in Application No. _____.
         3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
            International Bureau (PCT Rule 17.2(a)).
     * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
     (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
         1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
     (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
         Paper No./Mail Date _____.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
3. ☒ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____
7. ☐ Examiner's Amendment/Comment
8. ☐ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.