SCANNED 2

ISSUE CLASSIFICATION

| UTILITY SERIAL NUMBER | | PATENT DATE MAR 0 7 2000 | | PATENT NUMBER | |
|---|---|---|---|---|---|

| SERIAL NUMBER 08/910,593 | FILING DATE 07/31/97 | CLASS 514 | SUBCLASS 317 | | GROUP ART UNIT 1205 1614 | EXAMINER |
|---|---|---|---|---|---|---|

APPLICANTS

SUNEEL K. GUPTA. SUNNYVALE, CA; DIANE R. GUINTA, PALO ALTO, CA; CAROL A. CHRISTOPHER, BELMONT, CA; SAMUEL R. SAKS, HILLSBOROUGH, CA.

**CONTINUING DATA*************************
VERIFIED

PROVISIONAL APPLICATION NOS. 60/028,726 09/30/96
60/039,516 11/12/96
60/044,121 04/22/97

**FOREIGN/PCT APPLICATIONS************
VERIFIED

**CPA**

FOREIGN FILING LICENSE GRANTED 12/16/97

| Foreign priority claimed | ☐ yes ☑ no | | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|---|---|
| 35 USC 119 conditions met | ☐ yes ☑ no | | | CA | 16 | 29 | 12 | $1,888.00 | ARC-2410-R1 |
| Verified and Acknowledged | Examiner's initials | | | | | | | | |

ADDRESS

PAUL L SABATINE
ALZA CORPORATION
950 PAGE MILL ROAD
P O BOX 10950
PALO ALTO CA 94303-0802

8-20-99 Formal Drawings (16 shts) set 1 - 7-31-97

TITLE

DOSAGE FORM AND METHOD FOR ADMINISTERING DRUG

U.S. DEPT. OF COMM./ PAT. & TM—PTO-436L (Rev.12-94)

EXHIBIT
Δ 23
10-4-06

PARTS OF FILED SEPAR.

NOTICE OF

| DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|
| Sheets Drw. 10 | Figs. Drwg. 16 | Print Fig. NONE | Total Claims 11 | Print Claim for O.G. |

NOTICE OF ALLOWANCE MAILED

5/28/99

(Assistant Examiner)     (Date)

ZOHREH FAY
PRIMARY EXAMINER
GROUP 1200

ISSUE FEE

| Amount Due $1210 | Date Paid 4-29-98 |
|---|---|

(Primary Examiner)     (Date)

ISSUE BATCH NUMBER

T73

(Legal Instruments Examiner)     (Date)

Amount D $1,3

Form PTO-436

DMW
SRK
JF     KM

Formal Drawings     shts/set

(FACE)

DTX 36

Alza v. Andrx
C.A. No. 05-642-JJF



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/910,593 | 07/31/97 | GUPTA | S | ARC-2410-RI |

```
                                    12M2/1230
    PAUL L SABATINE
    ALZA CORPORATION
    950 PAGE MILL ROAD
    P O BOX 10950
    PALO ALTO CA 94303-0802
```

| EXAMINER |
|---|
| SCHENKMAN, L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1205 | |

DATE MAILED:     12/30/97

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. 08/910,593 | Applicant(s) Gupta Et.al. |
|---|---|---|
| | Examiner L. Schenkman | Group Art Unit 1205 |

☐ Responsive to communication(s) filed on _____

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

☒ Claim(s) *1-29* _____ is/are pending in the applicat

☐ Of the above, claim(s) _____ is/are withdrawn from consideration

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-29* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

       *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)            Office Action Summary          Part of Paper No. _4_

Serial Number: 08/910,593                                                  Page 2

Art Unit: 1205

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

This application currently names joint inventors. In considering patentability of the claims

under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was

commonly owned at the time any inventions covered therein were made absent any evidence to

the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor

and invention dates of each claim that was not commonly owned at the time a later invention was

made in order for the examiner to consider the applicability of 35 U.S.C. 103© and potential 35

U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103(a).

Claims 1-29 are rejected under 35 U.S.C. 103(a) as being unpatentable over Goodman and

Gilman (cited by applicants) in view of Higuchi. The primary reference teaches that tolerance may

be acquired to the effects of many drugs resulting in the decrease of the therapeutic index. This

phenomenon is well known and results in the necessity of increasing the dosage of said drugs to

obtain the same pharmacological effect. Nothing unobvious is seen in providing for such an

increase in a sustained release formulation in view of Higuchi who teaches such formulations

which may be tailored for any release profile including increasing patterns of release. Further, the

composition claims, absent recitation of the specific drugs involved, read on prior art sustained

release compositions wherein increasing drug delivery is desired.

Serial Number: 08/910,593                                    Page 3

Art Unit: 1205

Claims 1-29 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claims are unduly multiplied in that claims 6 and 9 are deemed to be duplicate claims as are claims 23 and 24, and 27 and 28. The term "over time" and "over an extended time" are indefinite. Claims 16-18 are improper since they do not further limit the claim upon which they depend. Claim 29 is an improper omnibus claim.

Claims 1-10 and 19-27 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention. Claims 1-6 and 19-27 are broader than warranted by the disclosure of drugs useable in the instant invention. Claims 1-10 and 19-27 are likewise too broad absent amounts administered and length of treatment time.

References submitted by Applicants and not applied above are cited to show the state of the art.

Any inquiry concerning this communication should be directed to Examiner Schenkman at telephone number (703) 308-4644..

LEONARD SCHENKMAN
PRIMARY EXAMINER
GROUP 1200

*L.S*
*12-24-97*

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A



I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on April 3, 1998 (date).

ALZA CORPORATION

By: *Yolanda Kepner*
           Yolanda Kepner

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s) : GUPTA, Suneel K., et al.       )
                                                                    )
Serial No. : 08/910,593                             )    Group Art Unit: 1614
                                                                    )
Filed : July 31, 1997                                  )    Examiner: L. Schenkman
                                                                    )
For : DOSAGE FORM AND METHOD          )
         FOR ADMINISTERING DRUG            )    AMENDMENT A
                                                                    )

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This amendment is presented in response to the correspondence of December 30, 1997 of the Patent and Trademark Office. This amendment is presented under the provisions of 37 CFR § 1.111. Please amend the application as indicated in this amendment and issue a notice of allowance at the earliest convenience of the Patent and Trademark Office.

## IN THE CLAIMS

Claim 1, please amend as follows:

1

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

1 (amended).  A method for lessening the incidence of tolerance [in a] to methylphenidate administered to an Attention-Deficit Disorder patient [administered a drug that] who develops tolerance to methylphenidate [in the patient], wherein the method comprises administering orally to the patient a dosage form tablet that delivers 100 ng to 500 mg of methylphenidate [the drug] in a sustained and increasing dose over 16 hours to produce the intended effect.

Claim 2, please amend as follows:

2(amended).  A [The] method for lessening the incidence of tolerance in a patient having Attention-Deficit Disorder [according to claim 1], wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier [drug], that is administered in a [the] sustained and increasing dose [for treating Attention-Deficit Disorder and] for lessening the incidence [in] of tolerance in this patient.

Claim 5, please amend as follows:

5 (amended).  A [The] method for [lessening the incidence of tolerance in the] treating Attention-Deficit Disorder in a patient [according to claim 1], wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of [the drug is] a member selected from the group consisting of amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine, and pemoline, and a pharmaceutically acceptable carrier, in a sustained and increasing dose for treating Attention-Deficit Disorder in the patient.

2

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

Claim 6, please amend as follows:

6 (amended).  A method for maintaining the therapeutic effect of [a drug] methylphenidate in [a] an Attention-Deficit Disorder patient who [that] acquires [acute] tolerance to [the drug] methylphenidate, wherein the method comprises administering orally to the patient a dosage form tablet [orally to the patient] comprising 100 ng to 500 mg of methylphenidate that delivers the [drug] methylphenidate in a controlled and increasing dose over 16 hours [an extended time] to maintain the therapeutic effect in the patient.

Claim 9, please amend as follows:

9 (amended).  A method for compensating for a decrease in the therapeutic effect [activity developed as acute tolerance] to [a drug] methylphenidate in [a] an Attention-Deficit Disorder patient, wherein the method comprises administering a dosage form tablet comprising 100 ng to 500 mg of methylphenidate to the patient [the drug] that administers the methylphenidate in a continually-ascending rate over 16 hours [time] to compensate for the decrease in the therapeutic [activity] effect.

Claim 11, please amend as follows:

11 (amended).  A method for treating Attention-Deficit Disorder in a human, wherein the method comprises administering orally to a human having Attention-Deficit Disorder [disorder] a dosage form that administers a sustained and continuously ascending dose of [5 mg to 75 mg over 12 hours] 100 ng to 500 mg

3

26

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

over 16 hours of a [central nervous system] drug selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts for treating Attention-Deficit Disorder [disorder] in the human.

Claim 12, please amend as follows:

12(amended).  The method for treating Attention-Deficit Disorder according to claim 11, wherein the methylphenidate is administered in a dose of 5 mg to 75 mg over 12 hours [central nervous system drug is the therapeutic methylphenidate]..

Claim 14, please amend as follows:

14(amended).  The method for treating Attention-Deficit Disorder according to claim 11, wherein methylphenidate is replaced by a central nervous system drug [is a member] selected from the group consisting of amphetamine, dextroamphetamine, methamphetamine, threomethylphenidate, phenylisopropylamine, and pemoline.

Claim 18, please amend as follows:

18(amended).  A [The] method for the management of [treating] Attention-Deficit Disorder and Attention-Deficit Hyperactivity Disorder in a patient [according to claim 11], wherein the [dose of drug is administered continuously] method comprises administering orally to the patient a dosage form comprising 100 ng to 500 mg of methylphenidate that is administered in an ascending dose throughout the school day for the management of Attention-Deficit Disorder and Attention-Deficit Hyperactivity Disorder in the patient.

4

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

Claim 26, please amend as follows:

26.(amended).  A [pharmaceutical composition as a] dosage form tablet for treating Attention-Deficit Disorder [wherein the pharmaceutical composition comprises a dose of drug] comprising 100 ng to 500 mg of methylphenidate in admixture with a pharmaceutically acceptable carrier that [is released] releases the methylphenidate in a sustained [release] and increasing dose for treating Attention-Deficit Disorder.

Claim 30, please amend as follows:

30.(newly added).  A dosage form tablet for treating Attention-Deficit Hyperactivity Disorder, comprising 100 ng to 500 mg of a member selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts mixed with a pharmaceutically acceptable carrier that is delivered in a controlled and increasing dose for treating Attention-Deficit Hyperactivity Disorder.

Claims 3, 4, 7, 8, 10, 13, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 27, 28 and 29, please cancel without disclaimer and without prejudice.

## REMARKS

1.     Claims 1, 2, 5, 6, 9, 11, 12, 14, 18, 26 and 30 are pending in this application.

5

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

2.    Claims 3, 4, 7, 8, 10, 13, 15-17, 19-25, 27-29 were canceled without prejudice and without disclaimer and with reservation for filing in a later filed application.

3.    The rejection of claims 1-29, now claims 1, 2, 5, 6, 9, 11, 12, 14, 18, 26 and 30, under 35 U.S.C. 103 (a) is traversed as being unpatentable over Goodman and Gilman in view of Higuchi.  The rejection is traversed because the claimed invention sought to be patented and the prior art are such that the subject matter as a whole would have been both nonobvious and patentable at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Applicants request an early notice of allowance from the Patent and Trademark Office, respectfully.

The rejection of claims 1-29, now claims 1, 2, 5, 6, 9, 11, 12, 14, 18, 26 and 30, is traversed as the claimed invention is nonobvious over Goodman and Gilman. The Goodman and Gilman reference teaches that it may be necessary to increase the dose of a drug to maintain a therapeutic effect.  However, the claimed invention is nonobvious as the properties of the claimed therapeutics lead-away from the teachings of Goodman and Gilman.  That is, for example, the brief half-life of methylphenidate may be scientifically explained by its low protein binding which results in a high percentage of free drug being made available for metabolism to pharmacologically inactive metabolites, as reported in the scientific literature by Hungund et al in "Pharmacokinetics of Methylphenidate In Hyperkinetic Children," in the Br. J. Clin. Pharmac. (1979) Vol. 8, 571-576 on page 574, top of right column. Thus, the scientific literature teaches an increase in methylphenidate would be

6

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

converted to an inactive metabolite of nontherapeutic properties because of its low
protein binding thereto. The scientific report directly refutes Goodman and Gilman.
Additionally, the same scientific literature reported ampheramine has a low binding
property and it is therefore converted to an inactive metabolite. This teaches those
skilled in the art to which this invention pertains would never administer an
increasing dose of methylphenidate and the other drug in the claimed invention in
the light of the prior art.

The unexpected results of this invention, as further seen in the light of the
prior art, are presented in the specification on pages 16 and 17. The scientific study
in the specification compared methylphenidate immediate release dose,
methylphenidate delivered as a sustained-release nonascending dose and
methylphenidate administered as a sustained-release ascending dose. This study
evidenced the unexpected results of the present invention. The clinical studies
demonstrated the immediate release exhibited peak and valley plasma
concentrations of methylphenidate for unacceptable therapy. The patient
administered the sustained-release nonascending dose of methylphenidate
exhibited a decrease in activity and a development of tolerance, which leads away
from sustained-release therapy. While, the patient administered methylphenidate
according to this invention in a sustained and increasing profile exhibited the desired
therapeutic effect without tolerance.

The rejection is traversed of all the claims as unpatentable over Higuchi. The
Higuchi patent discloses a dosage form manufactured as a jelly roll, with is a spiral
configuration with a possible increase in delivered drug. However, the Higuchi
dosage form, after ingestion gradually erodes and thereby exposes the drug without

7

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

any consideration of the intended therapy. More importantly, there is an absence of disclosure in Higuchi for converting the jelly roll into any other dosage forms, including the dosage form tablet, used by this invention, without destroying Higuchi. That is, a dosage form, oral solid dosage form, and the manufacture of these forms require compression, a direct applied force, to produce the dosage form of this invention. Under pressure, the jelly roll would splatter all of its ingredients. The jelly roll of Higuchi cannot be converted into any other form without destroying the structure of the jelly roll. For example, compression requires a lower punch, an upper punch and a die with the manufacture accompanied by pressure, all of which are foreign to Higuchi. The prior art textbook pertaining to the management of dosage form, Remington's Pharmaceutical Sciences, Seventeenth Edition, pg 1603 to 1624, (1985) teaches manufacturing techniques that show the Higuchi jelly roll is unacceptable for converting to other forms, and it must be restricted to its original design.

The rejection of all claims is traversed further because the prior art does not provide a reference for considering Goodman and Gilman in view of Higuchi. The Goodman and Gilman reference does not teach a sustained and ascending dose, and the Goodman and Gilman reference does not teach how to change Higuchi into different and unrelated dosage forms for arriving at the invention of applicants without defeating the purpose of Higuchi.

The rejection of all the claims is traversed additionally because the Goodman and Gilman reference considered in view of Higuchi do not make obvious the administration of methylphenidate and the accompanying drugs in the claims of applicants for treating Attention-Deficit Disorder and Attention-Deficit Hyperactivity

8

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

Disorder in a patient in need of sustained and increasing therapy. Moreover, the pharmacokinetic properties as seen in the prior art reference presented herewith, and the studies reported in the specification of applicants lead-away from the invention of applicants. The invention of applicants is unobvious, unexpected and patentable over the prior art.

4.     The rejection is traversed of claims 1-29, now claims 1, 2, 5, 6, 9, 11, 12, 14, 18, 26 and 30 under the provisions of 35 U.S.C. § 112, second paragraph. The rejection is traversed because the claims of applicants do in fact particularly point out and the claims do in fact distinctly claim the subject matter that applicants regard as their invention. The claims were amended so that claims 6 and 9 are not duplicates, claim 18 was amended to satisfy the second paragraph, claims 16, 23, 24, 27, 28 and 29 were cancelled, and the phrases referring to time were amended, too. Now, all the claims fully satisfy 35 U.S.C. § 112, second paragraph and are ready for issue. All the claims are now ready for issue.

The rejection is traversed of claims 1-10 and 19-27 under the provisions of 35 U.S.C. § 112, first paragraph. The rejection is traversed because the specification contains a written description of the invention in full, clear, concise and exact terms to enable any person skilled in the art, to make and use the invention. The rejection is traversed because claims 1-6, and 19-27 were amended to be fully warranted by the disclosure, and, claims 1-10 and 19-27 were amended to recite dose amounts. Applicants, it is submitted respectfully have made a broad invention and are herefore entitled to corresponding claims. The rejection is now moot. An early notice of allowance is requested from the Patent and Trademark Office.

9

Attorney's Docket No. ARC 2410 R1
Serial No. 08/910,593
Amendment A

5.    Applicants are presenting copies of the references cited in this amendment for the convenience of the Patent and Trademark Office.

6.    The patent examiner is invited to call the applicant to discuss this application that may advance the prosecution of this application.

7.    In conclusion, the claims of the invention of applicants are nonobvious, unexpected and make a valuable contribution to the art. The specification and this accompanying amendment comprise evidence that supports the patentability of this invention. Thus, the claims are ready for issue, and an early notice of allowance is requested from the Patent and Trademark Office.

Respectfully submitted,

Dated:   April 3, 1998

Paul L. Sabatine, Registration No. 22,539
Attorney for Applicants
(650) 494-5224 or 494-5381

ALZA Corporation
950 Page Mill Road
(P.O. Box 10950)
Palo Alto, CA  94303-0802

10



**UNITED STAT.    DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/910,593 | 07/31/97 | GUPTA | S        ARC-2410-R1 |

| EXAMINER |
|---|
| SCHENKMAN L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 8/3 |

PAUL L SABATINE
ALZA CORPORATION
950 PAGE MILL ROAD
P O BOX 10950
PALO ALTO CA 94303-0802

HM42/0618

DATE MAILED:
06/18/98

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## NOTICE OF ALLOWABILITY

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☑ This communication is responsive to AMENDMENT FILED 4/u/98

☑ The allowed claim(s) is/are 1-7, 9, 11-13, 14, 18, 26 & 30

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C.  § 119(a)-(d).

  ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

    ☐ received.

    ☐ received in Application No. (Series Code/Serial Number) _____ .

    ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____ .

☑ Acknowledgement is made of a claim for domestic priority under 35 U.S.C.  § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient.  A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☐ Applicant MUST submit NEW FORMAL DRAWINGS

  ☐ because the originally filed drawings were declared by applicant to be informal.

  ☐ including changes required by the Notice of Draftperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____ .

  ☐ including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

  ☐ including changes required by the attached Examiner's Amendment/Comment.

  Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

  ☐ Notice of References Cited, PTO-892

  ☑ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

  ☐ Notice of Draftperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

  ☑ Interview Summary, PTO-413

  ☑ Examiner's  Amendment/Comment

  ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

  ☐ Examiner's Statement of Reasons for Allowance

LEONARD SCHENKMAN
PRIMARY EXAMINER
GROUP 1200

*U.S. GPO: 1997-417-381/92707

Serial Number: 08/910,593

Art Unit: 1614                                                     Page 2

## EXAMINER'S AMENDMENT

1.      An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

        Authorization for this examiner's amendment was given in a telephone interview with Mr. Sabatine, Attorney for Applicants on June 16, 1998.

2.      The application has been amended as follows:

        In the claims:

        Claim 12 has been rewritten as follows:

12. A method of treating Attention-Deficit Disorder in a human wherein the method comprises administering orally to a human having Attention-Deficit Disorder a dosage form that administers a sustained and continuously ascending dose of 5 mg. to 75 mg over 12 hours of a drug selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts for treating Attention-Deficit Disorders in the human.

29

Serial Number: 08/910,593                                        Page 3

Art Unit: 1614

Claim 14 has been rewritten as follows:

14. A method of treating Attention-Deficit Disorder in a human wherein the method comprises administering orally to a human having Attention-Deficit Disorder a dosage form that administers a sustained and continuously ascending dose of 100 ng to 500 mg over 16 hours of a drug selected from the group consisting of amphetamine, dextroamphetamine, methamphetamine, threomethylphenidate, phenylisopropylamine and pemoline for treating Attention-Deficit Disorders in the human.

In claim 18, line 5, the term "an" has been deleted and the term --a sustained and continuously-- has been inserted in place thereof.

L.S.

June 17, 1998



#18

*Petition under 37 C.F.R. §1.181*
*Serial No. 08/910,593*
*Filed:    14 August 1998*
*Title:    DOSAGE FORM AND METHOD FOR ADMINISTERING DRUG*

Page 1 of 2

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant(s): Gupta et al. | ) | Office of Patent Petitions |
| | ) | |
| Serial No.:    08/910,593 | ) | Frances M. Hicks |
| | ) | Head Petitions Examiner |
| Filed:    14 August 1998 | ) | |
| | ) | |
| For:    DOSAGE FORM AND METHOD FOR ADMINISTERING DRUG | | |

PETITION FOR CLARIFICATION UNDER 37 C.F.R. § 1.181

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Applicants of the above-identified application have been advised that a document has been published by the United States Patent and Trademark Office (USPTO) based on this application purporting to be U.S. Patent No. 6,034,101. Applicants wish to call to the Commissioner's attention that this document was improperly issued because the applicants did not pay the Issue Fee. Since the time for making such payment has elapsed, the application was abandoned and no patent should have issued thereon.

Applicants hereby petition the Commissioner under 37 C.F.R. §1.181, that the records of the USPTO be corrected to reflect that no U.S. patent corresponding to 6,034,101 exists and that a notice to this effect be published in the Official Gazette.

No fee is believed to be required for this petition. If any fee should be required, please charge Deposit Account No. 01-1173. This document is submitted in duplicate.

Petition under 37 C.F.R. §1.181                                          Page 2 of 2
Serial No. 08/910,593
Filed:      14 August 1998
Title:     DOSAGE FORM AND METHOD FOR ADMINISTERING DRUG

                              Respectfully submitted,


                              Steven F. Stone
                              ALZA Corporation
                              1900 Charleston Road
                              P.O. Box 7210
                              Mountain View, CA  94039
                              Telephone (650) 564-5283
                              Facsimile  (650) 564-5283


_March 9, 2000_                 By: _____
Date                                Registration No. 20,246



UNITED STAT'   DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER OF
PATENTS AND TRADEMARKS
Washington, D.C. 20231

Paper No. 19

PAUL L. SABATINE
ALZA CORPORATION
950 PAGE MILL ROAD
P O BOX 10950
PALO ALTO, CA 94303-0802

**COPY MAILED**

MAR 1 5 2000

SPECIAL PROGRAMS UFFICE
DAC FOR PATENTS

In re Application of                                    :
Suneel K. Gupta et al                                   :
Application No. 08/910,593                              :
Filed: July 31, 1997                                    :NOTICE VACATING PATENT
Attorney Docket No. ARC-2410-R1                         :          GRANT
                                                        :

This is in response to the "Petition for Clarification under 37 C.F.R. § 1.181," filed by facsimile transmission on March 9, 2000.

As stated in the petition, the above-identified application was mistakenly indicated to have been granted as U.S. Patent No. 6,034,101 on March 7, 2000.

The record of the application discloses the following:

1.    A first Notice of Allowance and Issue Fee Due was mailed on June 18, 1998 with a due date of September 18, 1998.
2.    The issue fee was timely paid in reply to the first Notice of Allowance and Issue Fee Due on July 29, 1998.
3.    A petition under 37 CFR 1.313(b)(5), along with a continued prosecution application under 37 CFR 1.53(d), was filed on August 14, 1998.
4.    The petition to withdraw from issue was granted on April 14, 1999.
5.    A second Notice of Allowance and Issue Fee Due was mailed on May 28, 1999. No issue fee in reply to the second Notice of Allowance and Issue Fee Due was ever received, which is further corroborated in the petition received March 9, 2000.

Application No. 08/910,593                                    Page 2

The issue fee received on July 29, 1998 was improperly applied to the
second Notice of Allowance and Issue Fee Due of May 28, 1999 in the
continued prosecution application.  The patent statute conditions issuance
of the patent on payment of the issue fee.  See 35 U.S.C. U.S.C. § 151, ¶ 2
("[u]pon payment of [the issue fee] the patent shall issue").  Therefore, the
PTO's publication (on March 7, 2000) of a patent document purporting to be
a patent on the continued prosecution application of August 14, 1998 was in
error.

Accordingly, the following erratum will be published in the Official Gazette:

> All reference to Patent No. 6,034,101 to Suneel K. Gupta et
> al California for DOSAGE FORM AND METHOD FOR
> ADMINISTERING DRUG appearing in the Official Gazette of
> March 7, 2000 should be deleted since no patent was
> granted.

Any questions concerning this matter may be directed to Petitions Examiner
Frances Hicks at (703) 305-8680.

The application file will be processed as an abandoned file and forwarded to
Files Repository.

Brian Hearn
Special Projects Examiner
Office of Petitions
Office of the Deputy Assistant Commissioner
  for Patent Policy and Projects

cc:    Geraldine Dozier, Crystal Park 3-411 (FAX-306-2737)
       Deneise Boyd, Crystal Park 2, Suite 1100 (FAX-308-5413)
       Nancy Hurd, Crystal Park 3-910 (FAX-305-4372)
       Niomi Farmer, Crystal Park 3-910 (FAX-305-4372)