**U.S. UTILITY Patent Application**

| | O.I.P.E. | | PATENT DATE: |
|---|---|---|---|
| SCANNED | N54 | O.A. | |

| CLASS | CONT/PRIOR. | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 709 | D | 514 | 532 | 1614 | Fazgzohreh |

TITLE OF

APPLICANT(S)

Methods and devices for providing prolonged drug therapy

---

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | |
|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) |
| 514 | 532 | | |

**INTERNATIONAL CLASSIFICATION**

A 61 K 31/253

☐ Continued on Issue Slip Inside File Jacket

---

| TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |

☐ The term of this patent subsequent to ____ (date) has been disclaimed.

☐ The term of this patent shall not extend beyond the expiration date of U.S Patent No. ____

☐ The terminal ____ months of this patent have been disclaimed.

**NOTICE OF ALLOWANCE MAILED**

(Assistant Examiner)        (Date)

**ISSUE FEE**

| Amount Due | Date Paid |
|---|---|

(Primary Examiner)        (Date)

**ISSUE BATCH NUMBER**

(Legal Instruments Examiner)        (Date)

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

FILED WITH: ☐ DISK (CRF)    ☐ FICHE    ☐ CD-ROM
(Attached in pocket on right inside flap)

Best Available Copy

(FACE)

**DTX 65**

Alza v. Andrx
C.A. No. 06-642-JJF

**EXHIBIT**

52

Preliminary Amendment
Serial No.: Unassigned
Filed: Herewith



Page 1

METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

PATENT
Docket No. ARC2865N1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s):  LAM et al.                    )    Group Art Unit:  Unknown
                                              )
Serial No.:    Unassigned                     )    Examiner:      Unknown
               (Parent: 09/253,317)           )
                                              )
Filed:         Herewith                       )
               (Parent: February 19, 1999)    )

For:        METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG
            THERAPY

_____

PRELIMINARY AMENDMENT

Assistant Commissioner for Patents
ATTN: Box Patent Application
Washington D.C.  20231

Sir:

        Prior to taking up the above-identified patent application for examination, please amend
the specification as follows:

In the Specification

Please delete paragraph [0001] and insert therefore new paragraph [0001] as follows:

        [0001] This application is a continuation of U.S. Application No. 09/253,317, filed
February 19, 1999, which is a continuation-in-part of U.S. Application No. 09/070,666, filed
April 30, 1998, which is a continuation of U.S. Application No. 08/910,593, filed July 31, 1997,
which claims the benefit of U.S. Provisional Application Nos. 60/030,514 and 60/044,121, filed
November 12, 1996 and April 22, 1997, respectively.

Preliminary Amendment
Serial No.: Unassigned
Filed: Herewith



Page 2

METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

### In the Claims

Please cancel claims 1 and 3-47.

Please add the new claims 48-58:

48.    A method for lessening the incidence of tolerance to methylphenidate administered to an Attention-Deficit Disorder patient who develops tolerance to methylphenidate, wherein the method comprises administering orally to the patient a dosage form tablet that delivers 100 ng to 500 mg of methylphenidate in a sustained and increasing dose over 16 hours to produce the intended effect.

49.    A method for lessening the incidence of tolerance in a patient having Attention-Deficit Disorder, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier, that is administered in a sustained and increasing dose for lessening the incidence of tolerance in the patient.

50.    A method for treating Attention-Deficit Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of a member selected from the group consisting of amphetamine, dextroamphetamine, methamphetamine, phenylisopropylamine, and pemoline, and a pharmaceutically acceptable carrier, in a sustained and increasing dose for treating Attention-Deficit Disorder in the patient.

51.    A method for maintaining the therapeutic effect of methylphenidate in an Attention-Deficit Disorder patient who acquires tolerance to methylphenidate, wherein the method comprises administering orally to the patient a dosage form tablet comprising 100 ng to 500 mg of methylphenidate that delivers the methylphenidate in a controlled and increasing dose over 16 hours to maintain the therapeutic effect in the patient.

Preliminary Amendment
Serial No.: Unassigned
Filed: Herewith



METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

52. A method for compensating for a decrease in the therapeutic effect to methylphenidate in an Attention-Deficit Disorder patient, wherein the method comprises administering a dosage form tablet comprising 100 ng to 500 mg of methylphenidate to the patient that administers the methylphenidate in a continually-ascending rate over 16 hours to compensate for the decrease in the therapeutic effect.

53. A method for treating Attention-Deficit Disorder in a human, wherein the method comprises administering orally to a human having Attention-Deficit Disorder a dosage form that administers a sustained and continuously ascending dose of 100 ng to 500 mg.

54. A method of treating Attention-Deficit Disorder in a human wherein the method comprises administering orally to a human having Attention-Deficit Disorder a dosage form that administers a sustained and continuously ascending dose of 5 mg to 75 mg over 12 hours of a drug selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts for treating Attention-Deficit Disorder in the human.

55. A method of treating Attention-Deficit Disorder in a human, wherein the method comprises administering orally to a human having Attention-Deficit Disorder a dosage form that administers a sustained and continuously ascending dose of 100 ng to 500 mg over 16 hours of a drug selected from the group consisting of amphetamine, dextroamphetamine, methamphetamine, threomethylphenidate, phenylisopropylamine, and pemoline for treating Attention-Deficit Disorders in the human.

56. A method for the management of Attention-Deficit Disorder and Attention-Deficit Hyperactivity disorder in a patient, wherein the method comprises administering orally to the patient a dosage form comprising 100 ng to 500 mg of methylphenidate that is administered in a sustained and continuously ascending dose throughout a school day for the management of Attention-Deficit Disorder and Attention Deficit Hyperactivity Disorder in the patient.

Preliminary Amendment
Serial No.: Unassigned
Filed: Herewith



Page 4

## METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

57. A dosage form tablet for treating Attention-Deficit Disorder comprising 100 ng to 500 mg of methylphenidate in admixture with a pharmaceutically acceptable carrier that release the methylphenidate in a sustained and increasing dose for treating Attention-deficit Disorder.

58. A dosage form tablet for treating Attention-Deficit Hyperactivity Disorder, comprising 100 ng to 500 mg of a member selected from the group consisting of methylphenidate and its pharmaceutically acceptable salts mixed with a pharmaceutically acceptable carrier that is delivered in a controlled and increasing dose for treating Attention-Deficit Hyperactivity Disorder.

### REMARKS

The specification has been amended, i.e., paragraph [0001], to claim priority to parent application, U.S. Application No. 09/253,317.

Claims 1 and 3-47 have been canceled and claims 48-58 have been added. Upon entry of the Preliminary Amendment, claims 2 and 48-58 should be pending in the above-identified patent application.

Applicants bring to the Examiner's attention withdrawn U.S. Patent No. 6,034,101 (courtesy copy enclosed herewith). The claims previously allowed in U.S. Patent No. 6,034,101 (claims 1-11), are the claims now presented by preliminary amendment. This application claims priority to this withdrawn patent, i.e., U.S. Application No. 08/910,593, filed July 31, 1997.

No new matter has been added by these amendments.

Preliminary Amendment
Serial No.: Unassigned
Filed: Herewith



Page 5

METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

The Examiner is invited to contact Applicants' Representatives, at the below-listed telephone number, if there are any questions regarding the above new claims or if prosecution of this application may be assisted thereby.

Respectfully submitted,
LAM et al.,
By his Representatives,
ALZA Corporation
1900 Charleston Road
Mountain View, CA 94043
(650) 564-5000

08 MARCH 2001
Date

By: Paul B. Simboli
Paul B. Simboli
Reg. No. 38,616
Attorney for Applicants
Direct Dial: (650) 564-7840

PBS/KMG



**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/802,709 | 03/08/01 | LAM | A    ARC286SN1 |

|  |
|---|
| EXAMINER |
| FAY, Z |

SUSAN K. THOMAS                    HM12/0529
ALZA CORPORATION
950 PAGE MILL ROAD
PALO ALTO CA 94303-0802

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 5 |

DATE MAILED:          05/29/01

Please find below and/or attached an Office communication concerning this application or proceeding.

                                        Commissioner of Patents and Trademarks

PTO-90C (Rev.11/00)                                        1- File Copy

| *Office Action Summary* | Application No. 09/802,709 | Applicant(s) Lam et al. | |
|---|---|---|---|
| | Examiner Zohreh Fay | Art Unit 1614 | |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE __3__ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____

2a) ☐ This action is FINAL.   2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _1-34_ is/are pending in the application.

    4a) Of the above, claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) _1-34_ is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved  b)☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a)☐ All  b)☐ Some*  c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    *See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☐ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s). _2_

18) ☐ Interview Summary (PTO-413) Paper No(s). _____

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☐ Other: _____

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-00)

Application/Control Number: 09/802,709                                          Page 2

Art Unit:

Claims 1-34 are presented for examination.

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 1-34 are rejected under 35 U.S.C. 103 as being unpatentable over Dong et al. And Patrick

et al..

        Dong et al. Teach the use of a drug, progesterone in an extended delivery system of multi

layers for hormones replacement therapy.  See the entire document.  Patrick teaches the use of the

claimed compound, methylphenidate in an extended release form.  See the entire document.

        One skilled in the would have been motivated to employ the teaching of the above

references, since they in combination relate to the use of a multi layer drug delivery system as old

and also to the use of the claimed compounds in a sustained release formulation.  The above

references in combination make clear that a multi layer drug delivery system is old and well

known.  To substitue the claimed compounds for the compounds in Dong et al. in a mult-layer

composition is within the skill of the artisan in the absence of evidence to the contrary.  There is

no evidence of record to demonstrate the advantages of claimed specific type of the distribution of

the active ingredients or the specific distribution of polymers or secondary components.

Applicant has presented no evidence to establish the unexpected or unobvious nature of the

claimed invention, and as such, claims 1-34 are properly rejected under 35 U.S.C. 103.

Application/Control Number: 09/802,709                                    Page 3

Art Unit:

2.      Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Examiner Fay whose telephone number is (703) 308-4604.

ZOHREH FAY
PRIMARY EXAMINER
GROUP 1200

Z.F

May 25, 2001

Amendment under 37 C.F.R. §1.111
LAM et al.
Serial No.: 09/802,709
Filed: March 08, 2001
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Page 1 of 4

RECEIVED
JAN 1 7 2001
TECH CENTER
PATENT

Docket No. ARC208NT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant(s):  LAM et al. | ) | Group Art Unit: 1614 |
| | ) | |
| Serial No.:  09/802,709 | ) | Examiner:  Z. Fay |
| | ) | |
| | ) | |
| Filed:  08 March 2001 | ) | |
| | ) | |
| | ) | |

For:   METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

### AMENDMENT UNDER 37 C.F.R. § 1.111

Assistant Commissioner for Patents
Washington D.C.  20231

Sir:

In response to the Office Action mailed 29 May 2001, Applicants submit the following:

### Remarks

Applicants wish to point out to the Examiner that a preliminary amendment was filed with the above-identified patent application on 08 March 2001.  In the preliminary amendment, claims 1 and 3-47 were canceled and claims 58-68 were added.  Thus, claims 2 and 58-68 are currently pending in the present application, not claims 1-34 as indicated in the current Office Action (a courtesy copy of the preliminary amendment is submitted herewith).

Applicants will address the rejections as they apply to the present pending claims. Reconsideration and withdrawal of the rejections in light of the preceding amendments and following remarks are respectfully requested.

Amendment under 37 C.F.R. §1.111
L?M et al.
Serial No.: 09/802,709
Filed: March 08, 2001
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

Extension of Time

A petition for a three-month extension of time and the fee therefore accompanies this response.

The Rejection Under 35 U.S.C. §103(a)

Claims 1-34 were rejected under 35 U.S.C. §103(a), as obvious over Dong et al. (U.S. Patent No. 5,770,227) and Patrick et al., Biopharmaceuticals & Drug Disposition, 10:165-171 (1989). To the extent the rejection may apply to claims 2 and 58-68, it is respectfully traversed.

Dong et al. relate to a therapeutic composition of progesterone for hormone replacement therapy (column 1, lines 10-16). Dong et al. employ two different tablet cores that are combined to prepare a dosage form for dispensing progesterone to the gastrointestinal tract of a human, (see for example, Example 7 of the specification). The dosage form may further contain an interior surface facing the dual core design and an exterior surface coated on its exterior surface having a semipermeable wall (Example 11). The dosage form may also contain an osmagent (Example 15).

Patrick et al. merely provide a perspective on the absorption of sustained-release methylphenidate formulations compared to immediate release formulations (page 165). This perspective is provided by comparing 3 products: a 10 mg tablet of MPH-IR Ritalin®, a 20 mg tablet of MPH-SR Ritalin®, and a newly formulated 20 mg tablet of MPH-SR from MD Pharmaceuticals (Santa Ana, Ca) (page 166). The authors concluded that the three formulations demonstrated were equivalent in the extent of absorption (page 170).

Applicants respectfully traverse this rejection for a number of reasons. Establishment of a prima facie case of obviousness requires that the cited documents teach or suggest all of the limitations of the rejected claims. In addition, some suggestion or motivation must be provided to modify the documents to reach the claimed invention. Further, a document must be

Amendment under 37 C.F.R. §1.111                                    Page 3 of 4
LAM et al.
Serial No.: 09/802,709
Filed: March 08, 2001
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

considered as a whole, including those portions of the document that teach away from the claimed invention.

Applicants respectfully submit that all of elements recited in claims 2 and 58-68 are not taught or suggested by Dong et al. and Patrick et al. Moreover, Applicants further submit that one of skill in the art would not be motivated to prepare a dosage form or methods as recited in Applicants' claims.

Dong et al. fail to teach or suggest any dosage form containing a single tablet core coated with a semipermeable membrane. Instead, Dong et al. employ two different tablet cores and combine these cores in a gelatin capsule. Moreover, Dong et al. is unrelated to a method for lessening the incidence of tolerance to methylphenidate to a patient or a method for treating attention deficient disorder in a patient.

Additionally, Dong et al. do not teach or suggest a dosage form that releases drug at a sustained and "increasing" dose as claimed by Applicants. Dong et al. merely provide an "acceptable oral means for administering progesterone at a controlled does over time," (column 1, lines 46-48). Moreover, Dong et al. fail to teach or suggest any dosage form having a single body core. Dong et al. relate only to combining two different tablet cores to prepare a dosage form. And, as pointed out by the Examiner, Dong et al. fail to teach or suggest a CNS acting drug, such as methylphenidate.

The secondary reference, Patrick et al., fails to supply that which is missing from Dong et al. Specifically, Patrick et al. merely provide a perspective on the absorption of sustained-release methylphenidate formulations compared to immediate release formulations. No teaching, suggestion or motivation is provided for the dosage forms and methods as claimed by Applicants.

For the above reasons, Applicants respectfully submit that the invention recited in claims 2 and 58-68 are patentable over Dong et al. in view of Patrick et al. Accordingly, reconsideration and withdrawal of the rejection under 35 U.S.C. §103(a) are respectfully requested.



Amendment under 37 C.F.R. §1.111                                        Page 4 of 4
LAM et al.
Serial No.: 09/802,709
Filed: March 08, 2001
For: METHODS AND DEVICES FOR PROVIDING PROLONGED DRUG THERAPY

### Conclusion

    In light of the remarks presented herein, it is respectfully submitted that pending claims 2 and 58-68 are in condition for allowance and notification to that effect is respectfully requested. The Examiner is invited to contact Applicants' Representative at the below-listed telephone number if it is believed that prosecution of this application may be assisted thereby.

                                  Respectfully submitted,
                                  LAM et al.,
                                  By his Representatives,
                                  ALZA Corporation
                                  1900 Charleston Road
                                  Mountain View, CA  94043
                                  (650) 564-5000

29 NOV 2001
Date

By: Paul B. Simboli
          Paul B. Simboli
          Reg. No. 38,616
          Attorney for Applicants
PBS/KMG            Direct Dial: (650) 564-7840



| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/802,709 | 03/08/2001 | Andrew C. Lam | ARC2865N1 | 1161 |

3590          04/09/2003

PAUL B. SIMBOLI
ALZA CORPORATION
1900 CHARLESTON ROAD
MOUNTAIN VIEW, CA  94039-7210

| EXAMINER |
|---|
| FAY, ZOHREH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 13 |

DATE MAILED: 04/09/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. 09/802,709 | Applicant(s) LAM ET AL. |
|---|---|---|
| | Examiner Zohreh Fay | Art Unit 1614 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .

2a) ☐ This action is FINAL.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☐ Claim(s) 35-45 is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) 35-45 is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

   If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a) ☐ All  b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

   a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

| | |
|---|---|
| 1) ☒ Notice of References Cited (PTO-892) | 4) ☐ Interview Summary (PTO-413) Paper No(s). _____ . |
| 2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 5) ☐ Notice of Informal Patent Application (PTO-152) |
| 3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ . | 6) ☐ Other: |

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)                    Office Action Summary                    Part of Paper No. 13

Application/Control Number: 09/802,709                                                      Page 2
Art Unit: 1614

Claims 35-45 are presented for examination.

Applicant is reminded that the existing claims in the instant applications were claims 1

and 3-34. Therefore, the claims submitted in the preliminary amendment were

numbered 35-45.

    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless –

    (b) the invention was patented or described in a printed publication in this or a foreign country or in public
    use or on sale in this country, more than one year prior to the date of application for patent in the United
    States.

Claims 44 and 45 are rejected under 35 U.S.C. 102 (b) as being anticipated by Dante

(U.S. Patent 5,512,593). Dante teaches the use of Ritalin for the treatment of attention

deficit disorder at the doses of 160 mg, which is in the range of the claimed

concentration. The above reference makes clear that the claimed composition is old

and well known.

    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

    (a) A patent may not be obtained though the invention is not identically disclosed or described as set
    forth in section 102 of this title, if the differences between the subject matter sought to be patented and
    the prior art are such that the subject matter as a whole would have been obvious at the time the
    invention was made to a person having ordinary skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which the invention was made.

    Claims 37-43 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Horacke (U.S. Patent 5,484,607).

    Horacke teaches the use of methylphenidate and dextroamphetamine for the

treatment of attention deficit disorder in a pharmaceutical composition in a sustained

release formulation. See page 7, paragraph 7, line 4. The above reference differs from

Application/Control Number: 09/802,709                                    Page 3
Art Unit: 1614

the claimed invention in the use of the specific amounts or the interval of administration.
It would have been obvious to a person skilled in the art to use the claimed compounds
for the treatment of the attention deficit disorder and determine the proper dosage or
route of administration, considering that the prior art teaches such compounds have
been previously used for the treatment of attention deficit disorder in a sustained
release form. One skilled in the art would have been motivated to employ the teachings
of the above reference, since it relates to the use of the claimed compounds,
methylphenidate or dextroamphetamine in a sustained release form for the treatment of
attention deficit disorder. The determination of optimum proportions or amounts and
interval of administration is considered to be within the skill of the artisan in the absence
f evidence to the contrary. Applicant has presented no evidence to establish the
unexpected or unobvious nature of the claimed invention, and as such, claims   35-45
are properly rejected under 35 U.S.C. 103.

        Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Zohreh  Fay whose telephone number is (703) 308-
4604. The examiner can normally be reached on 9:30-6:00.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Marianne  Seidel can be reached on (703) 308-4725. The fax phone
numbers for the organization where this application or proceeding is assigned are (703)
308-4556 for regular communications and (703) 308-4556 for After Final
communications.

Application/Control Number: 09/802,709                                              Page 4
Art Unit: 1614

    Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 308-

1235.

Z.F
March 6, 2003

                                        ZOHREH FAY
                                   PRIMARY EXAMINER
                                      GROUP 1600



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/802,709 | 3/8/2001 | Lam | ARC2865N1 |

| EXAMINER |
|---|
| Zohreh Fay |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 14 |

DATE MAILED:

### INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) _Zohreh Fay_                    (3) _____

(2) _Mr. Lucci_                     (4) _____

Date of Interview_____

Type: ☐ Telephonic  ☒ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No  If yes, brief description:_____

_____

Agreement ☐ was reached. ☐ was not reached.

Claim(s) discussed: _____All_____

Identification of prior art discussed: _____All_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Applicant will consider amending the claims to overcome the prior art rejection and The office will consider the amendments favorably. Agreement was reached pending further review of the prior art. The Patrick reference was discussed._

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has are ready been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV.1-96)

_Zohreh Fay._

Manual of Patent Examining Procedure, Section 713.04 Substance of Interview must Bo Made of Record

A complete written statement as to the substance of any face-to-face or telephone interview with regard to an application must be made of record in the application, whether or not an agreement with the examiner was reached at the interview.

§1.133 Interviews

(b) In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for response to Office action as specified in §§ 1.111,1.135, (35 U.S.C.132)

§ 1.2. Business to be transacted in writing. All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete a two-sheet carbon interleaf Interview Summary Form for each interview held after January 1, 1978 where a matter of substance has been discussed during the interview by checking the appropriate boxes and filing in the blanks in neat handwritten form using a ball point pen. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the file, are excluded from the interview recordation procedures below.

The Interview Summary Form shall be given an appropriate paper number, placed in the right hand portion of the file, and listed on the "Contents" list on the file wrapper. The docket and serial register cards need not be updated to reflect interviews. In a personal interview, the duplicate copy of the Form is removed and given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephonic interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the telephonic interview rather than with the next official communication.

The Form provides for recordation of the following information:
 –Serial Number of the application
 –Name of applicant
 –Name of examiner
 –Date of interview
 –Type of interview (personal or telephonic)
 –Name of participant(s)) (applicant, attorney or agent, etc.)
 –An indication whether or not an exhibit was shown or a demonstration conducted
 –An identification of the claims discussed
 –An identification of the specific prior art discussed
 –An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). (Agreements as to allowability are tentative and do not restrict further action by the examiner to the contrary.)
 –The signature of the examiner who conducted the interview
 –Names of other Patent and Trademark Office personnel present.

The Form also contains a statement reminding the applicant of his responsibility to record the substance of the interview.

It is desirable that the examiner orally remind the applicant of his obligation to record the substance of the interview in each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check a box at the bottom of the Form informing the applicant that he need not supplement the Form by submitting a separate record of the substance of the interview.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
 1) A brief description of the nature of any exhibit shown or any demonstration conducted,
 2) an identification of the claims discussed,
 3) an identification of specific prior art discussed,
 4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the examiner,
 5) a brief identification of the general thrust of the principal arguments presented to the examiner. The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he feels were or might be persuasive to the examiner,
 6) a general indication of any other pertinent matters discussed, and
 7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete or accurate, the examiner will give the applicant one month from the date of the notifying letter or the remainder of any period for response, whichever is longer, to complete the response and thereby avoid abandonment of the application (37 CFR 1.135(c) ).

Examiner to Check for Accuracy

Applicant's summary of what took place at the interview should be carefully checked to determine the accuracy of any argument or statement attributed to the examiner during the interview. If there is an inaccuracy and it bears directly on the question of patentability, it should be pointed out in the next Office letter. If the claims are allowable for other reasons of record, the examiner should send a letter setting forth his or her version of the statement attributed to him. If the record is complete and accurate, the examiner should place the indication "Interview record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

*U.S. GPO: 1996-404-499/40513

 

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/802,709 | 03/08/2001 | Andrew C. Lam | ARC2865N1 | 1161 |

7590    09/09/2003
JOSEPH LUCCI, ESQ.
WOODCOCK WASHBURN LLP
ONE LIBERTY PLACE
46TH FLOOR
PHILADELPHIA, PA 19103

| EXAMINER |
|---|
| FAY, ZOHREH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | |

DATE MAILED: 09/09/2003

21

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. | Applicant(s) |
| | 09/802,709 | LAM ET AL. |
| | Examiner | Art Unit | |
| | Zohreh Fay | 1614 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.

2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) 37 and 46-50 is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) 37 and 46-50 is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) 19,20.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)    Office Action Summary    Part of Paper No. 21

Application/Control Number: 09/802,709                                    Page 2
Art Unit: 1614

Claims 37 and 46-50 are presented for examination.

The amendments and remarks filed on April 24, 2003 have been recived and entered.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 37 and 46-50 are rejected under 35 U.S.C. 102 (b) as being anticipated

by Hubbard et al. Hubbard et al: Teach the use of methyphenidate for the treatment of

attention deficit-hyperactivity disorder in an ascending plasma drug formulation up to

about 10 hours. See page 2 , patient 3.

The newly submitted amendments, and the newly submitted references

necessitate the new ground for rejection.

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action. In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Application/Control Number: 09/802,709                                   Page 3
Art Unit: 1614

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Zohreh Fay whose telephone number is (703) 308-4604. The examiner can normally be reached on 9:30-6:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Marianne Seidel can be reached on (703) 308-4725. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 308-4556 for regular communications and (703) 308-4556 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1235.

Z.F
September 7, 2003

ZOHREH FAY
PRIMARY EXAMINER
GROUP 1600

Oct-15-03   12:13pm   From-Woodcock,Washburn        +2155683439        T-088  P.006/010  F-081

DOCKET NO.: ALZA-0023 (ARC 2865 N1)                          PATENT
Application No.: 09/802,709                    REPLY FILED UNDER EXPEDITED
Office Action Dated: September 9, 2003           PROCEDURE PURSUANT TO
                                                    37 CFR § 1.116

#22/C
(AC)
JHP
10/24/03

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: 1161
Lam, et al.

Application No.: 09/802,709              Group Art Unit: 1614

Filing Date: March 8, 2001               Examiner: Zohreh A. Fay

For:  Methods and Devices for Providing Prolonged Drug Therapy

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

REPLY PURSUANT TO 37 CFR § 1.116

In response to the Official Action dated September 9, 2003, reconsideration is
respectfully requested in view of the amendments and/or remarks as indicated below:

☐   Amendments to the Specification begin on page     of this paper.

☒   Amendments to the Claims are reflected in the listing of the claims which
     begins on page 2 of this paper.

☐   Amendments to the Drawings begin on page     of this paper and include
     an attached replacement sheet.

☒   Remarks/Arguments begin on page 4 of this paper.

Page 1 of 5

Received from <+2155683439> at 10/15/03 12:09:36 PM [Eastern Daylight Time]

Oct-15-03   12:14pm   From-Woodcock,Washburn                    +21556834389          T-088   P.007/010   F-081

DOCKET NO.: ALZA-0023 (ARC 2865 N1)
Application No.: 09/802,709
Office Action Dated: September 9, 2003

PATENT
REPLY FILED UNDER EXPEDITED
PROCEDURE PURSUANT TO
37 CFR § 1.116

This listing of claims will replace all prior versions, and listings, of claims in the application.

Listing of Claims:

1-36.   (Previously Canceled)

37.   (Previously amended)  A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following said administration.

38-45.   (Previously Canceled)

46.   (Previously Presented)  The method of claim 37 wherein said substantially ascending methylphenidate plasma drug concentration is over a time period of about 4 to about 5.5 hours.

47.   (Previously Presented)  The method of claim 37 wherein said substantially ascending methylphenidate plasma drug concentration is over a time period of about 5.5 to about 8 hours.

48.   (Previously Presented)  The method of claim 37 wherein said substantially ascending methylphenidate plasma drug concentration is over a time period of about 5.5 to about 9.5 hours.

49.   (Previously Presented)  A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that

Page 2 of 5

Oct-15-03  12:14pm  From-Woodcock, Washburn        +2155683430        T-088  P.008/010  F-081

DOCKET NO.: ALZA-0023 (ARC 2865 N1)                              PATENT
Application No.: 09/802,709                            REPLY FILED UNDER EXPEDITED
Office Action Dated: September 9, 2003                    PROCEDURE PURSUANT TO
                                                             37 CFR § 1.116

achieves a substantially ascending methylphenidate plasma drug concentration over a time
period of about 8 hours following said administration.

50.    (Previously Presented)  A method for treating Attention-Deficit Disorder or
Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises
administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of
methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that
achieves a substantially ascending methylphenidate plasma drug concentration over a time
period of about 9.5 hours following said administration.

Page 3 of 5

Oct-15-03   12:14pm   Frea-Woodcock.Washburn                    +21556883439        T-088  P.008/010  F-081

DOCKET NO.: ALZA-0023 (ARC 2865 N1)
Application No.: 09/802,709
Office Action Dated: September 9, 2003

PATENT
REPLY FILED UNDER EXPEDITED
PROCEDURE PURSUANT TO
37 CFR § 1.116

## REMARKS

Claims 37 and 46-50 are pending in this patent application.

Applicants wish to thank Examiner Fay for taking the time to discuss the outstanding Office Action in a telephonic interview on October 14, 2003.

Claims 36 and 46-50 stand rejected under 35 U.S.C. §102(b) as allegedly being anticipated by Hubbard, *et al.*, *Journal of Pharmaceutical Sciences* 1989, *78:11*, 944 ("the Hubbard reference"). Specifically, the Office Action asserts that the graph identified as "Patient Profile 3" on page 945 of the Hubbard reference is anticipatory because it allegedly shows "the use of methylphenidate for the treatment of attention deficit-hyperactivity disorder in an ascending plasma drug formulation up to about 10 hours" (Office Action at page 2). Applicants respectfully request reconsideration of the rejection because the Patient Profile 3 graph does not provide such disclosure.

As was discussed during the interview, both curves presented for Patient Profile 3 show attainment of maximum methylphenidate plasma concentration at about 3.5 hours and a relatively steady concentration decline throughout the remainder of the measured time period. Neither curve shows an ascending plasma concentration over a period of "up to about 10 hours," as alleged in the Office Action, much less Applicants' claimed "substantially ascending [] concentration over a time period of about 5.5 hours following [] administration." Accordingly, the rejection for alleged anticipation should be withdrawn and -- since no other rejection has been entered -- the pending claims should be passed to issue.

Applicants invite the Examiner to contact the undersigned if any questions arise or further information regarding the instant patent application is needed. In view of the

Page 4 of 5

DOCKET NO.: ALZA-0023 (ARC 2865 N1)                             PATENT
Application No.: 09/802,709                          REPLY FILED UNDER EXPEDITED
Office Action Dated: September 9, 2003                 PROCEDURE PURSUANT TO
                                                         37 CFR § 1.116

foregoing, however, Applicants submit that the pending claims are in condition for immediate

allowance, and therefore respectfully request an early indication of allowability.


Date: October 15, 2003

                                            Joseph Lucci
                                            Registration No. 33,307

Woodcock Washburn LLP
One Liberty Place – 46th Floor
Philadelphia PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

                              RECEIVED
                          CENTRAL FAX CENTER

                            OCT 1 5 2003

                          OFFICIAL

PLEASE DELIVER TO:

# GWEN PAYNE

# CM1-7D11

ALLOWED REVIEW

POTENTIAL CLEAR ERROR

REVIEWER - ATTACH TO APPLICATION

| ALLOWED REVIEW | | | |
|---|---|---|---|
| Application Number 09/802,709 | Art Unit 1614 | Notice of Allowance 05-Nov-03 | Examiner FAY, ZOHREH A |

## Omitted Rejections

**Is there a potential clear error for omitting a rejection? (The rejection you propose must be reasonable)**     ⊙ Yes   ○ No

If yes, check all that apply

- ☑ 35 U.S.C. 102
- ☐ 35 U.S.C. 103
- ☑ 35 U.S.C. 112, first paragraph, written description
- ☐ 35 U.S.C. 112, first paragraph, enablement
- ☐ 35 U.S.C. 112, second paragraph
- ☐ 35 U.S.C. 101 (utility)
- ☐ 35 U.S.C. 101 ( non-statutory subject matter)
- ☐ Double Patenting (statutory, ODP)
- ☐ Other (e.g., Best Mode)

| ALLOWED REVIEW |
|---|

| Application Number | Notice Of Allowance | Examiner |
|---|---|---|
| 09/802,709 | 05-Nov-03 | FAY, ZOHREH A |

**Search**

**Initial Data Capture Points**

| | | |
|---|---|---|
| Was art provided from an ESS before first action? | ○ Yes ● No | |
| Was any IDS improperly treated? | ○ Yes ● No ○ N/A | |
| Was a text search performed by the Examiner? | ● Yes ○ No | |
| Was it non-patent literature? | ● Yes ○ No | |
| Is the search strategy printout present? | ● Yes ○ No ○ N/A | |
| Was the Inventorship searched by the Examiner? | ● Yes ○ No | |
| If any TC or specialized art has identified specific search requirements in addition to or in exclusion of the above requirements, were these specific requirements complied with? | ○ Yes ○ No ● N/A | |
| Were foreign patent documents cited by the Examiner on an 892? | ○ Yes ● No | |
| Were NPL documents cited by the Examiner on an 892? | ○ Yes ● No | |
| Did the Examiner perform a new search in a 2nd/subsequent action? | ● Yes ○ No ○ N/A | |
| Did the Examiner update all searches in a subsequent action? | ● Yes ○ No ○ N/A | |
| Did an ESS submit a new search report in a 2nd/subsequent action? | ○ Yes ○ No ● N/A | |
| Was there new art found by the Examiner that was applied in a 2nd/subsequent action? | ● Yes ○ No ○ N/A | |
| Has a search been performed by the Reviewer? | ○ Yes ● No | |

**Overall Rating of the Search**

● Adequate

○ Less than Adequate

Comments:

Search - Page 1 of 1

| ALLOWED REVIEW | | |
|---|---|---|
| Application Number<br>09/802,709 | Notice Of Allowance<br>05-Nov-03 | Examiner<br>FAY, ZOHREH A |

## Section III. 35 U.S.C. 102

**Correctness of 35 U.S.C 102 Rejections**

Were all 35 U.S.C 102 rejections reasonable?          ○ Yes  ○ No

**(No indicates potential clear error)**

If no, indicate the problem (check all that apply)

☐ Claimed features not found in the reference.
☐ Wrong subsection of 35 U.S.C. 102 used.
☐ Date of the reference no good.
☐ Inherency applied improperly.
☐ Improper official notice.
☐ Other

Comments:

**Clarity of 35 U.S.C 102 Rejections**

Were all 35 U.S.C. 102 rejections formulated in a clear manner?          ○ Yes  ○ No

**(No indicates potential clear error)**

Were claim limitations matched to the art?          ○ Yes  ○ Sometimes  ○ No

Was any statement of inherency clearly explained?          ○ Yes  ○ Sometimes  ○ No  ○ N/A

Comments:

**35 U.S.C 102 Rejection(s) That Should Have Been Made**

Give a brief description of the proposed 35 U.S.C. 102 rejections(s) that should have been made:

Claims 37 and 46-48 are rejected under 35 USC 102(b) as anticipated over J. W. Hubbard et al (J. of Pharmaceutical Sciences, Vol 78, No. 11, November 1989, 944-947..
The claims are drawn to a method for treating Attention-Deficit Disorder (ADD) or Attention-Deficit Hyperactivity Disorder (ADHD) in a patient comprising administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate (MPH) to achieve a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours (claim 37). The specification (page 16, lines 1-8) defines "ascending release rate" as "a periodic release rate that is increased over the immediately-preceding periodic release rate, where the periodic intervals are the same. For example, when the quantity of drug released from a dosage form is measured at hourly intervals and the quantity of drug released during the first hour following administration (determined at t=Shours) is greater than the quantity of drug released from the dosage form during the fourth hour following administration (determined at t=4 hours), an ascending release rate from the fourth hour to the fifth hour has occurred."
Hubbard et al teach the administration of methylphenidate is widely used to treat children with ADD (page 944) and that in this study all children were administered 20 mg of MPH-SR (sustained release). The curve representing l-MPH from Patient profile 2 teaches an ascending sustained plasma concentration up to 6 hours. The claims contain the language "substantially ascending methylphenidate plasma drug concentration", while the specification technically only defines "ascending release rate". The specification ( page 4, lines 6-13) discloses "it is believed to be particularly desirable to provide sustained release oral dosage forms that provide drug release at a substantially constant release rate over an extended time period. In this manner, for many drugs, the

## ALLOWED REVIEW

| Application Number | Notice Of Allowance | Examiner |
|---|---|---|
| 09/802,709 | 05-Nov-03 | FAY, ZOHREH A |

### Section V. 35 U.S.C 112 1st paragraph, written description

**Correctness of 35 U.S.C 112 1st Paragraph, Written Description Rejections**

Were all 35 U.S.C 112 1st paragraph, written description rejections reasonable?     ○ Yes   ○ No

**(No indicates potential clear error)**

Comments:

**Clarity of 35 U.S.C 112 1st Paragraph, Written Description Rejections**

Were all 35 U.S.C 112 1st paragraph, written description rejections formulated in a clear manner?     ○ Yes   ● No

Comments:

### 35 U.S.C 112 1st Paragraph, Written Description Rejection(s) That Should Have Been Made

Give a brief description of the 112 1st paragraph, written description rejections that should have been

Claims 37, 49 and 50 (renumbered under Rule 126) are rejected under 35 USC 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.

Vas-Cath Inc v. Mahurkar, 19 USPQ2d 1111 (Fed. Cir. 1991), clearly states that "applicant must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention. The invention is, for purposes of the 'written description' inquiry, whatever is now claimed." Vas-Cath Inc. v. Mahurkar, 19USPQ2d at 1117.

Applicant's invention is drawn to a method for treating ADD or ADHD in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following said administration. However, the claimed concentration of 100 ng to 500 mg is not disclosed within the instant specification. These claims were submitted by preliminary amendment but the declaration fails to refer to the submission of any preliminary amendment. The originally filed claims do not include the above noted concentration. Applicant might consider petitioning this issue and submitting a new declaration referring to the preliminary amendment in order to resolve the written description problem. In the meantime, the specific concentration of 100 ng to 500 mg of methylphenidate in claims 37, 49 and 50 is found to have no support in the instant specification.

| ALLOWED REVIEW | | |
|---|---|---|
| Application Number<br>09/802,709 | Notice Of Allowance<br>05-Nov-03 | Examiner<br>FAY, ZOHREH A |

**Section XIII. Other Issues**

| | | |
|---|---|---|
| Were all claims for priority properly treated? | ⊙Yes  ○No  ○N/A | |
| If a restriction was made, was it proper? | ○Yes  ○No  ⊙N/A | |
| Were all matters of substance in applicant's response and affidavits/declarations evaluated sufficiently? | ○Yes  ⊙No  ○N/A | |
| Other issues? | ○Yes  ⊙No | |

Applicant's argument regarding the Hubbard et al reference was not correctly evaluated by the examiner.

Comments:

If the rejection under 35 USC 102 is agreed upon, the Examiner should additionally set forth the following ODP rejection. Claims 37 and 46-50 provisionally rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 15, 88 and 90-95 of copending application no. 09/253,317. Although the conflicting claims are not identical, they are not patenably distinct from each other because they are both claiming a method for treating ADD or ADHD comprising administering methylphenidate at an ascending release rate. The dosage form comprises the same range of 100 ng to 500 mg and the time periods are equally covered. This is a provisional obviousness-type double patenting rejection because the conflicting claims have not in fact been patented. The instant application 09/802,709 is a continuation of 09/253,317.

plasma drug concentration initially ascends for a short period of time as drug release begins and then remains substantially constant over an extended time period as drug release continues at a constant rate." Looking at the period of time for Patient Profile 2 between 6 and 12 hours the l-MPH is declining, but the level still remains consistently higher than the plasma level prior to the initial administration of MPH-SR. Although not included in this rejection, claims 49 and 50 could be considered as anticipated by Hubbard et al, in view of the case law to follow for interpreting "substantially". Hubbard et al teach "The plot of mean data (Figure 2) further supports this observation of sustained plasma concentration for both isomers up to 6 hours." (page 945) Hubbard concludes by stating "this pilot study demonstrated that despite higher plasma levels of d-MPH, the levels of both the enantiomers were sustained for over a period of 8 hours in all the six children with ADD or ADD-H dosed with 20 mg of MPH-SR." (page 947) In view of the inclusion of "sustained for over a period of 8 hours", further consideration should be given to claims 49 and 50 for this rejection.

A recent CAFC decision addresses the word "substantially" as not making a claim indefinite merely because it scope is not ascertainable from the face of the claims. (Amgen Inc. v. Hoechst Marion Roussel Inc., 65 USPQ2s 1385 (CAFC 2003), 1406) Thus, to properly understand and interpret "substantially" one should look to the specification for an understanding. In this case, page 4, lines 6-13 (as discussed above) of the instant specification provide the understanding that the drug is to be released at a substantially constant rate over an extended time period, thus providing an understanding for "substantially ascending methylphenidate plasma drug concentration over a time period".

The Examiner applied the Hubbard et al reference against claims 37 and 46-50 in paper #21 but referenced Patient Profile #3 which at best demonstrates an ascending release rate of 3-4 hours, if "substantially ascending" can be interpreted as still a higher plasma level than the initial administration level. The attorney argued that Profile #3 fails to support "ascending plasma drug formulation up to about 10 hours", which appears to be a correct assertion. Profile #3 does not meet the claim limitations, but Profile #2 does anticipate the instantly claimed invention for at least claims 37 and 46-48.

Origin of Prior Art used in the proposed 35 U.S.C. 102 rejection(s) above

☑ of record

☐ not of record (attach search logic/documentation)

| | | |
|---|---|---|
| ☐ East | ☐ EPO | ☐ Other |
| ☐ West | ☐ JPO | |
| ☐ NPL | ☐ Derwent | |

Comments:




UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/802,709 | 03/08/2001 | Andrew C. Lam | ARC2865N1 | 1161 |

7590     06/18/2004

JOSEPH LUCCI, ESQ.
WOODCOCK WASHBURN LLP
ONE LIBERTY PLACE
46TH FLOOR
PHILADELPHIA, PA  19103

| EXAMINER |
|---|
| FAY, ZOHREH A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1614 | 25 |

DATE MAILED: 06/18/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Office Action Summary* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 09/802,709 | LAM ET AL. |
| | Examiner | Art Unit | |
| | Zohreh Fay | 1614 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
2a) ☐ This action is FINAL.    2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>37 and 46-50</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>37 and 46-50</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 1-04)         Office Action Summary         Part of Paper No./Mail Date 25

Application/Control Number: 09/802,709                                    Page 2
Art Unit: 1614

Claims 37and 46-50 are presented for examination.

Claims 37 and 46-50 are rejected under 35 U.S.C. 112, first paragraph, as failing to comply with the written description requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention. Vas-Cath Inc V. Mahurkar, 19 USPQ2d 1111 (Fed. Cir. 1991), clearly states that "applicant must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the invention. The invention is for the purposes of written description inquiry, whatever is now claimed." Vas-Cath inc. v.Mahurkar, 19 USPQ 2d at 1117.

Applicant's invention is drawn to a method of treating ADD or ADHD in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to a patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a period of about 5.5 hours following said administration. However, the claimed concentration of 100 ng to 500 mg is not disclosed within the instant specification. These claims were submitted by preliminary amendment but the declaration fails to refer to the submission of any preliminary amendment. The originally filed claims do not include the above noted concentration.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

Application/Control Number: 09/802,709                                    Page 3
Art Unit: 1614

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 37 and 46-48 are rejected under 35 U.S.C. 102 (b) as being

anticipated by J.W Hubbard et al. (J. of Pharmaceutical Sciences, Vol 78, No.11,

November 1989, 944-947.

The claims are drawn to a method for treating Attention-deficit disorder

(ADD) or Attention-Deficit Hyperactivity Disorder (ADHD) in a patient

administering a pharmaceutically acceptable composition comprising 100 ng to

500 mg of methylphenidate (MPH) to achieve a substantially ascending

methylphenidate plasma drug concentration over a time period of 5.5 hours

(claim 37). The specification (lines 1-8) defines "ascending release rate" as "a

periodic release rate that is increased over immediately-preceding periodic

release rate, where the periodic intervals are the same. For example, when the

quantity of drug released from a dosage form is measured at hourly intervals and

the quantity of drug released during the fifth hour following administration

(determined at t=5hours) is greater than the quantity of drug released during the

dosage form during the fourth hour following administration (determined at t=

4hours), an ascending release rate from the fourth hour to the fifth hour has

occurred."

Hubbard et al. Teach the administration of methylphenidate is widely used

to treat children with ADD (page 944) and that in his study all children were

administered 20 mg of MPH-SR (sustained release). The curve representing 1-

Application/Control Number: 09/802,709                                    Page 4
Art Unit: 1614

MPH from patient profile 2, teaches an ascending sustained plasma

concentration up to 6 hours.

    The nonstatutory double patenting rejection is based on a judicially created
doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the
unjustified or improper timewise extension of the "right to exclude" granted by a patent
and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11
F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225
USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA
1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and, *In re Thorington*,
418 F.2d 528, 163 USPQ 644 (CCPA 1969).
    A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be
used to overcome an actual or provisional rejection based on a nonstatutory double
patenting ground provided the conflicting application or patent is shown to be commonly
owned with this application. See 37 CFR 1.130(b).
    Effective January 1, 1994, a registered attorney or agent of record may sign a
terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with
37 CFR 3.73(b).


    Claims 37 and 46-50 are provisionally rejected under the judicially created

doctrine of obviousness-type double patenting as being unpatentable over claims 15

and 88-95 of copending Application No. 09/253,317. Although the conflicting claims are

not identical, they are not patentably distinct from each other because they are both

claiming a method of treating ADD or ADHD comprising administrating methylphenidate

at the ascending release rate. The dosage form comprises the same range of 100 ng to

500 mg and the time periods are equally covered.

    This is a <u>provisional</u> obviousness-type double patenting rejection because the

conflicting claims have not in fact been patented.

    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Zohreh Fay whose telephone number is (571) 272-0573.

The examiner can normally be reached on 9:30-6:00.

Application/Control Number: 09/802,709                                        Page 5
Art Unit: 1614

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Marianne Seidel can be reached on (571) 272-0584. The fax phone number

for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).


Z.F

DOCKET NO.: ALZA-0023/ARC2865N1                        PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: 1161
Lam, et al.

Application No.: 09/802,709              Group Art Unit: 1614

Filing Date: March 8, 2001               Examiner: Z. Fay

For:    Methods And Devices For Providing Drug Therapy

                         EXPRESS MAIL LABEL NO: EL 998515342 US
                         DATE OF DEPOSIT: July 14, 2004

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:


              REPLY PURSUANT TO 37 CFR § 1.111


        In response to the Official Action dated June 18, 2004, reconsideration is respectfully

requested in view of the amendments and/or remarks as indicated below:

☐    Amendments to the Specification begin on page        of this paper.

☒    Amendments to the Claims are reflected in the listing of the claims which
     begins on page 2 of this paper.

☐    Amendments to the Drawings begin on page        of this paper and include
     an attached replacement sheet.

☒    Remarks begin on page 5 of this paper.


                         Page 1 of 6

DOCKET NO.: ALZA-0023/ARC2865N1                    PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

This listing of claims will replace all prior versions, and listings, of claims in the application.

Listing of Claims:

1-36.   (Previously Canceled)

37.     (Currently Amended)  A method for treating Attention-Deficit Disorder or
Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises
administering a pharmaceutically acceptable composition comprising ~~100 ng to 500 mg of~~
methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that
achieves a substantially ascending methylphenidate plasma drug concentration over a time
period of about 5.5 hours following said administration.

38-45.  (Previously Canceled)

46. .   (Previously Presented)  The method of claim 37 wherein said substantially
ascending methylphenidate plasma drug concentration is over a time period of about 4 to
about 5.5 hours.

47.     (Previously Presented)  The method of claim 37 wherein said substantially
ascending methylphenidate plasma drug concentration is over a time period of about 5.5 to
about 8 hours.

48.     (Previously Presented)  The method of claim 37 wherein said substantially
ascending methylphenidate plasma drug concentration is over a time period of about 5.5 to
about 9.5 hours.

49.     (Currently Amended)  A method for treating Attention-Deficit Disorder or
Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises
administering a pharmaceutically acceptable composition comprising ~~100 ng to 500 mg of~~
methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that
achieves a substantially ascending methylphenidate plasma drug concentration over a time
period of about 8 hours following said administration.

Page 2 of 6

DOCKET NO.: ALZA-0023/ARC2865N1                                          PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

50.    (Currently Amended)  A method for treating Attention-Deficit Disorder or
Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises
administering a pharmaceutically acceptable composition comprising ~~100 ng to 500 mg of~~
methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that
achieves a substantially ascending methylphenidate plasma drug concentration over a time
period of about 9.5 hours following said administration.

51.    (New)  A method of claim 37 wherein said composition comprises about 14 mg of
methylphenidate.

52.    (New)  A method of claim 37 wherein said composition comprises about 18 mg of
methylphenidate.

53.    (New)  A method of claim 37 wherein said composition comprises about 36 mg of
methylphenidate.

54.    (New)  A method of claim 37 wherein said composition comprises about 54 mg of
methylphenidate.

55.    (New)  A method of claim 49 wherein said composition comprises about 14 mg of
methylphenidate.

56.    (New)  A method of claim 49 wherein said composition comprises about 18 mg of
methylphenidate.

57.    (New)  A method of claim 49 wherein said composition comprises about 36 mg of
methylphenidate.

58.    (New)  A method of claim 49 wherein said composition comprises about 54 mg of
methylphenidate.

DOCKET NO.: ALZA-0023/ARC2865N1
Application No.: 09/802,709
Office Action Dated: June 18, 2004

PATENT

59.    (New)  A method of claim 50 wherein said composition comprises about 14 mg of methylphenidate.

60.    (New)  A method of claim 50 wherein said composition comprises about 18 mg of methylphenidate.

61.    (New)  A method of claim 50 wherein said composition comprises about 36 mg of methylphenidate.

62.    (New)  A method of claim 50 wherein said composition comprises about 54 mg of methylphenidate.

DOCKET NO.: ALZA-0023/ARC2865N1                                        PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

## REMARKS

Claims 37 and 46-50 stand rejected under 35 U.S.C. § 112, first paragraph, as allegedly lacking disclosure with respect to the recited dosage range. Although Applicants do not necessarily concur, they seek to advance prosecution by deleting the claim language for which support has been alleged to be lacking. Accordingly, the rejection under § 112, first paragraph, is believed to be moot.

Claims 37 and 46-48 stand rejected under 35 U.S.C. § 102(b) as allegedly being anticipated by the data disclosed in relation to "Patient Profile 2" in Figure 1 and in Figure 2 of Hubbard, *et al.*, *Journal of Pharmaceutical Sciences* 1989, *78:11*, 944 ("the Hubbard reference"). Applicants respectfully request reconsideration because the cited disclosure in the Hubbard reference is not anticipatory. The reference, for example, does not disclose or suggest any method that achieves "a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours" following administration of a pharmaceutically acceptable composition comprising methylphenidate and a pharmaceutically acceptable carrier. As is discussed in the accompanying declaration of inventor Suneel Gupta, the graphs provided in Figures 1 and 2 plot methylphenidate plasma concentrations in log scale, such that the distance between the various data points is compressed along the y-axis (Gupta Declaration, ¶4). In each of these graphs, for example, the distance along the y-axis between 1.0 g/ml and 10.0 g/ml, respectively, is the *same* as that between 10.0 g/ml and 100.0 g/ml, respectively, even though the difference between 1.0 g/ml and 10.0 g/ml (i.e., 9.0 g/ml) is *ten time less* than the difference between 10.0 g/ml and 100.0 g/ml (i.e., 90.0 g/ml) (*id.*). When re-plotted on a non-logarithmic basis (as shown in Dr. Gupta's declaration), the data that the Hubbard reference provides in Figure 1 for "Patient Profile 2" and in Figure 2 clearly do not disclose or suggest Applicants' claimed "substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following ... administration" (*id.* at ¶¶4,5). In fact, the data in both instances discloses substantial *decrease* in methylphenidate plasma concentration over the relevant interval. Accordingly, Applicants respectfully request that the rejection for alleged anticipation be withdrawn.

Page 5 of 6

DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

    Claims 37 and 46-50 stand rejected under the judicially created doctrine of obviousness-type double patenting as allegedly being unpatentable over certain claims of Application Serial No. 09/253,317 because both sets of claims allegedly involve "administering methylphenidate at the ascending rate" (Office Action at page 4). Applicants note, however, that the instant claims are not limited to methods that involve administration of methylphenidate at an ascending rate. Moreover, the Office Action does not demonstrate that those of ordinary skill in the art having the claims of Application Serial No. 09/253,317 before them would have found the subject matter of the instant claims to have been obvious. Those of ordinary skill, for example, would have recognized that a variety of factors (such as the extent to which a drug of interest is cleared from a patient's body) affects plasma drug concentration, such that the use of an ascending drug release rate might not result in an ascending drug plasma concentration. Accordingly, the rejection for alleged obviousness-type double patenting lacks adequate basis and should be withdrawn.

    Claims 51-62 have been added. Support for these claims may be found throughout the specification, for example, in examples 1-3 and 6-9 where particular drug concentrations are exemplified.

    Applicants invite the Examiner to contact their undersigned representative if any questions arise or further information regarding the instant patent application is needed.

    In view of the foregoing, however, Applicants submit that the pending claims are in condition for ready allowance, and therefore respectfully request an early indication of allowability.

Date: July 14, 2004

                               Joseph Lucci
                               Registration No. 33,307

Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia PA 19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: 1161
Lam, et al.

Application No.: 09/802,709              Group Art Unit: 1614

Filing Date: March 8, 2001              Examiner: Z. Fay

For:  Methods And Devices For Providing Drug Therapy


Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450


### DECLARATION OF SUNEEL K. GUPTA

    1.    I am one of the named inventors of the above-identified patent application,

and make this declaration in support thereof.

    2.    I have been practicing in the field of drug delivery for at least the last 16 years.

I received my Ph.D. degree in Pharmacokinetics from the University of Manchester in

Manchester, United Kingdom in 1987, and served a post-doctoral fellowship in

Pharmacokinetics and Pharmacodynamics at the University of California, San Francisco from

1987 to 1989. I joined Alza Corporation in 1989 as a Staff Scientist in the Biopharmaceutics

department, and have held various positions with Alza since then. I currently hold the

position of Senior Vice President & Distinguished Research Fellow.

    3.    I have evaluated methylphenidate plasma concentration data that are provided

for the Ritalin SR product in Hubbard, *et al.*, *Journal of Pharmaceutical Sciences* 1989,

*78:11*, 944 ("the Hubbard reference"), particularly the data that the reference provides in

Page 1 of 4

DOCKET NO.: ALZA-0023/ARC2865NI                                    PATENT

Figure 1 for "Patient Profile 2" and in Figure 2, to assess whether the reference discloses

dosage forms that achieve a substantially ascending methylphenidate plasma drug

concentration over the time periods recited in the claims of the above-identified patent

application.

    4.    The graphs provided in Figures 1 and 2 plot methylphenidate plasma

concentrations in log scale, such that the distance between the various data points is

compressed along the y-axis.  In each of these graphs, for example, the distance along the y-

axis between points representing 1.0 g/ml and 10.0 g/ml, respectively, is the same as that

between points representing 10.0 g/ml and 100.0 g/ml, respectively, even though the

difference between 1.0 g/ml and 10.0 g/ml (*i.e.*, 9.0 g/ml) is ten time less than the difference

between 10.0 g/ml and 100.0 g/ml (*i.e.*, 90.0 g/ml).  When re-plotted on a non-logarithmic

basis (by scanning the relevant graphs into a computer and analyzing the curves using the

"Un-Scan-It gel, Version 5.1" computer program), the data that the Hubbard reference

provides in Figure 1 for "Patient Profile 2" and in Figure 2 are as follows:

DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT



Figure 2



DOCKET NO.: ALZA-0023/ARC2865N1                                   PATENT

5.    I do not believe that anyone skilled in the field of drug delivery would consider these graphs to disclose "a substantially ascending methylphenidate plasma drug concentration over a time period of about 5.5 hours following ... administration" that I understand to be recited in the claims of the above-identified patent application.

6.    I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true, and further, that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under § 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

July 1, 2004

Suneel K. Gupta

DOCKET NO.: ALZA-0023/ARC2865N1
Application No.: 09/802,709
Office Action Dated: June 18, 2004

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                        Confirmation No.: 1161
Lam, et al.

Application No.: 09/802,709                  Group Art Unit: 1614

Filing Date: March 8, 2001                   Examiner: Z. Fay

For:   Methods And Devices For Providing Drug Therapy

EXPRESS MAIL LABEL NO: EL 998515271 US.
DATE OF DEPOSIT: August 30, 2004

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

### SUPPLEMENTAL REPLY PURSUANT TO 37 CFR § 1.111

In response to the Official Action dated June 18, 2004, reconsideration is respectfully requested in view of the amendments and/or remarks as indicated below:

☐   Amendments to the Specification begin on page       of this paper.

☒   Amendments to the Claims are reflected in the listing of the claims which begins on page 2 of this paper.

☐   Amendments to the Drawings begin on page       of this paper and include an attached replacement sheet.

☒   Remarks begin on page 4 of this paper.

Page 1 of 4

DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

This listing of claims will replace all prior versions, and listings, of claims in the application.

Listing of Claims:

1-48.    (Canceled)

49.    (Previously Amended)  A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 8 hours following said administration.

50.    (Previously Amended)  A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising 100 ng to 500 mg of methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 9.5 hours following said administration.

51-54.  (Canceled)

55.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 14 mg of methylphenidate.

56.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 18 mg of methylphenidate.

57.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 36 mg of methylphenidate.

58.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 54 mg of methylphenidate.

DOCKET NO.: ALZA-0023/ARC2865N1
Application No.: 09/802,709                                    PATENT
Office Action Dated: June 18, 2004

59.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 14 mg of methylphenidate.

60.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 18 mg of methylphenidate.

61.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 36 mg of methylphenidate.

62.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 54 mg of methylphenidate.

DOCKET NO.: ALZA-0023/ARC2865N1                    PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

## REMARKS

As a preliminary matter, the undersigned wishes to thank Examiner Fay and Examiner Low for taking the time to discuss the outstanding rejections during the interview on August 16, 2004.

As was confirmed at the interview, claims 49 and 50 (as well as the claims depending from them) are in condition for allowance but for the issue of obviousness-type double patenting. Although there has been no showing that those of ordinary skill in the art would have found these claims to have been obvious in view of the claims of Application Serial No. 09/253,317, Applicants submit herewith the requested terminal disclaimer and cancel the other pending claims without prejudice to their presentation in a continuing patent application. Applicants do so, however, solely in an attempt to advance prosecution of this patent application. Applicants' submission of the terminal disclaimer does not constitute, and should not be construed to constitute, an acknowledgment of obviousness or any other substantive relationship among the involved patent claims. Nor should Applicants' cancellation of claims be construed as an admission with respect to any rejection entered against a canceled claim.

In view of the foregoing, however, Applicants submit that the pending claims are in condition for ready allowance, and therefore respectfully request an early indication of allowability.

Date: August 30, 2004                    _____
                                         Joseph Lucci
                                         Registration No. 33,307

Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia PA  19103
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

Page 4 of 4

Sep-28-04  03:39pm  From-Woodcock Washburn                    2155687430          T-240  P.010/013  F-025

DOCKET NO.: ALZA-0023/ARC2865N1                                              PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Confirmation No.: 1161
Lam, et al.

Application No.: 09/802,709              Group Art Unit: 1614

Filing Date: March 8, 2001               Examiner: Z. Fay

For:   Methods And Devices For Providing Drug Therapy

CERTIFICATE OF FACSIMILE TRANSMISSION

DATE: September 29, 2004

I HEREBY CERTIFY THAT THIS PAPER IS BEING
FACSIMILE TRANSMITTED TO THE PATENT AND
TRADEMARK OFFICE TO FACSIMILE NUMBER 571-
273-0500 ON THE DATE LISTED ABOVE.

Joseph Lucci, REG. NO. 33,307

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

### SUPPLEMENTAL REPLY PURSUANT TO 37 CFR § 1.111.

In response to the Official Action dated June 18, 2004, and the Communication dated
September 23, 2004, reconsideration is respectfully requested in view of the amendments
and/or remarks as indicated below:

- ☐  Amendments to the Specification begin on page        of this paper.

- ☒  Amendments to the Claims are reflected in the listing of the claims which
begins on page 2 of this paper.

- ☐  Amendments to the Drawings begin on page        of this paper and include
an attached replacement sheet.

- ☒  Remarks begin on page 4 of this paper.

Page 1 of 4

DOCKET NO.: ALZA-0023/ARC2865N1                                    PATENT
Application No.: 09/802,769
Office Action Dated: June 18, 2004

This listing of claims will replace all prior versions, and listings, of claims in the application.

Listing of Claims:

1-48.   (Canceled)

49.    (Previously Presented)  A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 8 hours following said administration.

50.    (Previously Presented)  A method for treating Attention-Deficit Disorder or Attention-Deficit Hyperactivity Disorder in a patient, wherein the method comprises administering a pharmaceutically acceptable composition comprising methylphenidate and a pharmaceutically acceptable carrier to said patient in a manner that achieves a substantially ascending methylphenidate plasma drug concentration over a time period of about 9.5 hours following said administration.

51-54.  (Canceled)

55.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 14 mg of methylphenidate.

56.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 18 mg of methylphenidate.

57.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 36 mg of methylphenidate.

58.    (Previously Presented)  A method of claim 49 wherein said composition comprises about 54 mg of methylphenidate.

Sep-28-04   03:30pm   From-Woodcock Washburn                    2155683428              T-240  P.012/013  F-025

DOCKET NO.: ALZA-0023/ARC2865N1                                          PATENT
Application No.: 09/802,709
Office Action Dated: June 18, 2004

59.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 14 mg of methylphenidate.

60.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 18 mg of methylphenidate.

61.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 36 mg of methylphenidate.

62.    (Previously Presented)  A method of claim 50 wherein said composition comprises
about 54 mg of methylphenidate.

Sep-29-04   03:46pm   From-Woodcock Washburn                    2155683439              T-240  P.013/013  F-025

DOCKET NO.: ALZA-0023/ARC2865N1                                  PATENT
Application No.: 09/802,709
Office Action Dated: June 16, 2004

### REMARKS

As a preliminary matter, the undersigned wishes to thank Examiner Fay and Examiner Low for taking the time to discuss the outstanding rejections during the interview on August 16, 2004.

As was confirmed at the interview, claims 49 and 50 (as well as the claims depending from them) are in condition for allowance but for the issue of obviousness-type double patenting. Although there has been no showing that those of ordinary skill in the art would have found these claims to have been obvious in view of the claims of Application Serial No. 09/253,317, Applicants submit herewith the requested terminal disclaimer and cancel the other pending claims without prejudice to their presentation in a continuing patent application. Applicants do so, however, solely in an attempt to advance prosecution of this patent application. Applicants' submission of the terminal disclaimer does not constitute, and should not be construed to constitute, an acknowledgment of obviousness or any other substantive relationship among the involved patent claims. Nor should Applicants' cancellation of claims be construed as an admission with respect to any rejection entered against a canceled claim.

In view of the foregoing, however, Applicants submit that the pending claims are in condition for ready allowance, and therefore respectfully request an early indication of allowability.

Date:  September 29, 2004

_____
Joseph Lucci
Registration No. 33,307

Woodcock Washburn LLP
One Liberty Place - 46th Floor
Philadelphia PA  19103
Telephone: (215) 568-3100
Facsimile:  (215) 568-3439

| *Notice of Allowability* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 09/802,709 | LAM ET AL. |
| | Examiner | Art Unit | |
| | Zohreh Fay | 1614 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the amendments and remarks filed on September 29, 2004*.

2. ☒ The allowed claim(s) is/are *49,50 and 55-62*.

3. ☒ The drawings filed on *March 8, 2001* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All    b) ☐ Some*   c) ☐ None   of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
      Paper No./Mail Date _____.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☒ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____
7. ☐ Examiner's Amendment/Comment
8. ☐ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.