# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALZA CORPORATION, and
McNEIL-PPC, INC.,

   Plaintiffs,

    v.

ANDRX PHARMACEUTICALS, L.L.C., and
ANDRX CORPORATION,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**REDACTED
PUBLIC VERSION**

Civil Action No.: 05-642-JJF

## PLAINTIFFS' OPENING POST-TRIAL BRIEF
## CONCERNING EVIDENTIARY OBJECTIONS

*Of Counsel:*

David T. Pritikin
Thomas D. Rein
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603
312-853-7000

-and-

Jeffrey P. Kushan
Todd A. Wagner
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
202-736-8000

-and-

Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
214-981-3300

Dated: January 23, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs
ALZA Corporation and McNeil PPC, Inc.*

## I.    INTRODUCTION

Plaintiffs, Alza Corporation and McNeil, PPC (collectively, "Plaintiffs"), hereby submit their opening post-trial brief concerning the evidentiary objections in connection with which rulings by the Court are respectfully requested. This patent infringement case was tried to the Court from December 10-14, 2007. Following the close of testimony, the Court instructed the parties to submit post-trial briefs concerning any evidentiary objections that had been properly preserved, but not decided during trial. *See* Trial Tr., Vol. 5 (12/14/07) at 1424:21 to 1425:15 and 1430:16 to 1431:4. Counsel for the parties conferred about the evidentiary matters raised in this brief, but were unable to reach a resolution, and therefore submit these issues to the Court.

## II.    ARGUMENT

### A.    Deposition Testimony Of Dr. Feifel Offered By Defendants For The First Time After The Close Of Testimony Should Be Excluded.

At the conclusion of trial, and after the close of testimony, Defendants offered designations from the deposition of Dr. David Feifel. Exhibit A, Defendants' Designations of Testimony; *see* Trial Tr., Vol. 5 (12/14/07) at 1428:18 to 1429:4. More than a month later, on January 22, 2008, Defendants *withdrew* those original designations and provided Plaintiffs with revised designations from the Feifel deposition. Exhibit B. Defendants' revised designations — covering over 50 pages of deposition testimony — are even more objectionable than the original designations. These designations go far beyond the specific deposition excerpt admitted by the Court during Defendants' case and, by offering them after trial, Defendants have deprived Plaintiffs of the opportunity to offer clarifying or explanatory testimony through Dr. Feifel or other rebuttal witnesses. Plaintiffs objected to the designated deposition testimony and requested that Defendants conform their designations to the Court's ruling during trial. Exhibit C (Letter from T. Wagner to K. Musgrove dated Dec. 20, 2007). Defendants declined to do so.

During the direct examination of their expert, Dr. Mayersohn, Defendants' counsel referred to specific deposition testimony of one of Plaintiffs' experts, Dr. Feifel. *See* Trial Tr., Vol. 3 (12/12/07) at 868:6 to 870:21. The specific testimony read to Dr. Mayersohn concerned a prior art product called Ritalin SR. *Id.* at 868:6-19. Plaintiffs objected to the incomplete reading of Dr. Feifel's testimony about Ritalin SR, and the Court admitted the specific testimony relating to Ritalin SR and the errata sheet for the deposition transcript.[1] *Id.* at 868:20 to 869:8 and 870:13-18. The deposition testimony by Dr. Feifel concerning Ritalin SR accounts for, at most, *3 pages* of the deposition transcript, *i.e.*, pages 186:17 to 188:21, and the corresponding errata sheet. Exhibit D, Feifel deposition transcript, pp. 186-188 and errata sheet.

Notwithstanding the Court's limited ruling during trial, Defendants' post-trial submission cites that ruling as the basis for designating dozens of pages of the Feifel deposition transcript. Exhibit A, Defendants' Designations of Testimony ("Following up on the discussion during trial on Wednesday, December 12, 2007 (see Tr. 866:10-870:19), Defendants…hereby designate…)" and Exhibit B (Defendants' Revised Designations). Defendants thus seek to unilaterally transform the Court's narrow, specific ruling into a broad license to submit voluminous testimony different from and unrelated to the deposition testimony shown to Dr. Mayersohn (concerning Ritalin SR) at trial.

Most of the newly designated testimony is far removed from the subject of Ritalin SR. For example, Defendants have designated testimony from Dr. Feifel directed to: (1) various current ADHD treatments other than Ritalin SR (Feifel Tr. at 18-19, 23-24 and 29-30); (2) his involvement in clinical trials for recently approved ADHD products (*id.* at 32); (3) long-term tolerance to medications used for conditions other than ADHD (*id.* at 101-102) (4) his

---

[1] In this regard, the Court stated that it would give the admitted testimony "whatever weight I think it deserves in the context of the question actually being asked of the witness [Dr. Mayersohn]." Trial Tr., Vol. 3 (12/12/07) at 870:13-18.

speculation about hypothetical products (*id.* at 108-109 and 112); and (5) the reduced potential for abuse with Concerta® (*id.* at 191-193).

In addition, because the proposed Feifel deposition designations were first offered after the trial had ended and testimony was concluded — indeed, the revised designations were offered *more than a month after trial* — they are untimely and prejudicial. Plaintiffs informed Defendants before trial began that Plaintiffs would not call Dr. Feifel to testify.[2] If Defendants wished to make use of Dr. Feifel's deposition testimony, they should have submitted deposition designations promptly after learning that he would not be a trial witness. At the very latest, any such designations could and should have been offered when Defendants rested their case. By employing the tactic of waiting until the trial ended, Defendants deprived Plaintiffs of the opportunity to offer clarifying or explanatory testimony through Dr. Feifel or other rebuttal witnesses.

Defendants try to justify their belated designations by arguing that they had included references to some portions of Dr. Feifel's deposition transcript in their proposed findings of fact submitted before trial. Once they were notified that Dr. Feifel would not be called, however, Defendants should have submitted supplemental deposition designations if they wanted to rely on these excerpts. They failed to do so. In any event, even if Defendants' references to specific portions of Dr. Feifel's deposition testimony in their proposed findings were viewed as a satisfactory and timely "offer" of testimony, Defendants should be limited to introducing the specific testimony that they *actually referenced*. Defendants should not be permitted to leverage a few isolated references to specific items of deposition testimony into an opportunity to ambush Plaintiffs with dozens of additional designations that were never referenced in the pretrial papers and as to which Plaintiffs had no chance to respond at trial.

---

[2] Plaintiffs did not include Dr. Feifel on their updated trial witness list, which lists were exchanged by the parties on Dec. 7, 2007.

Accordingly, the designations from the deposition of Dr. Feifel offered by Defendants on January 22, 2008 should be excluded, except for the specific testimony previously admitted by the Court (*i.e.*, Feifel Tr. at pp. 186-188 and errata sheet). In the alternative, Defendants' designations should be limited to the specific passages referenced in their pretrial submissions. If Defendants are permitted to make any supplemental designations from the deposition of Dr. Feifel, Plaintiffs should likewise be allowed to make the designations set forth in Appendix A hereto.

**B.      Dr. Mayersohn's Testimony About "Clockwise Hysteresis"
And Its Relationship To Acute Tolerance Was Not Disclosed
And Should Be Inadmissible.**

During his direct examination, Defendants' expert Dr. Mayersohn testified about subject matter that was not included in his expert report or disclosed during his deposition – a pharmacologic measure called "clockwise hysteresis" that Dr. Mayersohn believes defines or indicates the existence of acute tolerance for a drug. *See* Trial Tr., Vol. 3 (12/12/07) at 813:24 to 820:12, particularly, 818:11 to 820:12. Plaintiffs timely objected to this testimony and to two related exhibits or demonstratives – DTX 1196 and 1197 – that Dr. Mayersohn presented along with his new testimony.[3] *Id.* at 813:24 to 817:22 and 819:14-21.

The purpose of the expert disclosure requirements of Rule 26, *Fed.R.Civ.P.*, is to prevent a party from being unfairly surprised by the presentation of new evidence. *Astrazeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 510 (E.D. Pa. 2003). Failure to comply with the disclosures required by Rule 26 is grounds for exclusion of evidence pursuant to Rule 37.

---

[3]  Plaintiffs also object to DTX 1198, but it appears that this exhibit was not shown to Dr. Mayersohn during his examination at trial. Trial Tr., Vol. 3 (12/12/07) at 819:14-21. Thus, Plaintiffs respectfully reserve the right to object to DTX 1198 in the event that Defendants' supplemental proposed findings of fact or any other substantive post-trial submission refers to this exhibit.

Indeed, this Court reminded both parties of the importance of the disclosure obligation and the consequences of not adhering to it. Trial Tr., Vol. 3 (12/12/07) at 816:23 to 817:12.

Plaintiffs were entitled to receive fair notice of this testimony by Dr. Mayersohn, but did not. Accordingly, both Rule 37 and fundamental principles of fairness require that Dr. Mayersohn's trial testimony on "clockwise hysteresis" and acute tolerance (Trial Tr., Vol. 3 at 818 to 820:12 and related exhibit nos. DTX 1196-1197) be excluded.

## III.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court sustain the evidentiary objections raised herein and exclude the following testimony and/or proffered evidence from the trial record: (1) the designated deposition testimony of Dr. Feifel offered by Defendants (except for the testimony previously admitted by the Court, *i.e.*, Feifel Tr. at pp. 186-188 and errata sheet or, in the alternative, the portions specifically identified in Defendants' pretrial submissions) and (2) Dr. Mayersohn's testimony appearing at pages 818:11 to 820:12 of the trial transcript. Further, if any additional designations of Dr. Feifel's deposition are permitted, then Plaintiffs respectfully submit that they should also be permitted to make the designations set forth in Appendix A hereto.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
*Attorneys for Plaintiffs*
*ALZA Corporation and McNeil PPC, Inc.*

*Of Counsel:*

David T. Pritikin
Thomas D. Rein
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL  60603
312-853-7000

-and-

Jeffrey P. Kushan
Todd A. Wagner
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
202-736-8000

-and-

Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX  75201
214-981-3300

Dated:  January 23, 2008

187592.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALZA CORPORATION, and
McNEIL-PPC, INC.,

             Plaintiffs,

    v.

ANDRX PHARMACEUTICALS, LLC, and
ANDRX CORPORATION,

             Defendants.

C.A. No. 05-642-JJF

**DEFENDANTS' DESIGNATIONS
OF TESTIMONY FROM THE DEPOSITION OF
PLAINTIFFS' EXPERT DAVID FEIFEL**

Following up on the discussion during trial on Wednesday, December 12, 2007 (*see* Tr.

866:10-870:19), Defendants Andrx Pharmaceuticals, LLC and Andrx Corporation hereby

designate the following testimony from the deposition of David Feifel taken July 31, 2007,

expert for Plaintiffs Alza Corporation and McNeil-PPC, Inc. ("Alza"):

5:14 – 5:25
10:4 – 13:15
13:17 – 18:4
18:6 – 20:12
22:14 – 22:15
22:17 – 23:7
23:9 – 24:24
29:7 – 30:16
30:24 – 33:25
34:20 – 35:1
35:19 – 35:24
36:16 – 37:2
41:9 – 42:23
59:1 – 59:15
59:17 – 59:20
60:20 – 61:4
61:7 – 61:24

66:13 – 68:18
75:17 – 76:8
80:13 – 82:20
82:22 – 83:13
89:21 – 94:8
94:10 – 94:16
94:18 – 97:7
97:9 – 100:2
100:4 – 102:20
103:8 – 104:17
104:20 – 105:1
105:4 – 105:6
105:18 – 106:17
106:19 – 107:21
108:1 – 108:14
108:17 – 110:15
110:17 – 111:17
111:19 – 112:2
112:5 – 112:15
112:17 – 112:22
119:4 – 119:11
123:3 – 131:19
131:22 – 134:20
134:22 – 136:1
136:4 – 136:25
159:16 – 159:18
160:17 – 161:19
162:11 – 162:14
162:17 - 163:4
166:2 – 166:4
166:6 - 166:18
166:21 – 167:23
168:1 – 168:19
169:24 – 171:8
185:12 – 186:9
186:11 – 186:16
186:24 – 188:17
188:19 – 188:21
190:22 – 191:15
191:19 – 193:9

Errata Sheet dated September 7, 2007

# EXHIBIT B

**From:** Bateman, John [mailto:JBateman@kenyon.com]
**Sent:** Tuesday, January 22, 2008 9:15 AM
**To:** Kushan, Jeffrey P.; Wagner, Todd
**Cc:** Musgrove, C. Kyle; Vroom, Robert
**Subject:** Alza v. Andrx: Revised Feifel Designations

Jeff, Todd:

Attached is a list of Andrx's revised designations from the deposition of David Feifel (as well as a list of Andrx's original Feifel designations, which are included just for comparison purposes). These revised designations are identical to the "compromise" designations we sent you on January 7, 2008, except that these revised designations include 135:10-16, which was not included in the compromise designations, but which was included in the original designations. These revised designations are the ones that we are asking the Court to admit. We hereby withdraw the Feifel designations that were included in our original designations (which were given to the Court and to you on December 14, 2007), but that are not included in these revised designations. If you need an extra day for your brief on evidentiary issues in light of these revised designations, that is of course fine with us.

Best regards.

John

**John W. Bateman**
**Kenyon & Kenyon LLP**
1500 K Street, NW | Washington, DC 20005-1257
202.220.4216 Phone | 202.220.4201 Fax
jbateman@kenyon.com | www.kenyon.com

---

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Sidley Austin LLP mail server made the following annotations on 01/22/08, 16:18:18:
--------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

*********************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*********************************************************************************

1/23/2008

| Original Subject of New Title Registration | Replacement Subject of New Title Registration |
|---|---|
| 5:14 - 5:25 | 5:14 - 5:25 |
| 10:4 - 13:15 | 10:4 - 13:15 |
| 13:17 - 18:4 | 13:17 - 18:4 |
| 18:6 - 20:12 | 18:6 - 20:12 |
| 22:14 - 22:15 | none |
| 22:17 - 23:7 | 23:1 – 23:7 |
| 23:9 - 24:24 | 23:9 – 24:24 |
| 29:7 - 30:16 | 29:7 - 30:16 |
| 30:24 - 33:25 | 30:24 – 33:25 |
| 34:20 - 35:1 | none |
| 35:19 - 35:24 | none |
| 36:16 - 37:2 | none |
| 41:9 - 42:23 | none |
| 59:1 - 59:15 | none |
| 59:17 - 59:20 | none |
| 60:20 - 61:4 | none |
| 61:7 - 61:24 | none |
| 66:13 - 68:18 | none |
| 75:17 - 76:8 | none |
| 80:13 - 82:20 | 82:4 – 82:20 |
| 82:22 - 83:13 | 82:22 - 83:13 |
| 89:21 - 94:8 | 89:21 - 94:8 |
| 94:10 - 94:16 | 94:10 - 94:16 |
| 94:18 - 97:7 | none |
| 97:9 - 100:2 | none |
| 100:4 - 102:20 | 101:5 – 102:20 |
| 103:8 - 104:17 | 103:8 - 104:17 |
| 104:20 - 105:1 | 104:20 - 105:1 |
| 105:4 - 105:6 | 105:4 - 105:6 |
| 105:18 - 106:17 | 105:18 - 106:17 |
| 106:19 - 107:21 | 106:19 - 107:21 |
| 108:1 - 108:14 | 108:1 - 108:14 |
| 108:17 - 110:15 | 108:17 - 110:15 |
| 110:17 - 111:17 | 110:17 - 111:17 |
| 111:19 - 112:2 | 111:19 - 112:2 |
| 112:5 - 112:15 | 112:5 - 112:15 |
| 112:17 - 112:22 | 112:17 - 112:22 |
| 119:4 - 119:11 | none |
| 123:3 - 131:19 | 131:14 – 131:19 |
| 131:22 - 134:20 | 131:22 – 132:19 |
| 134:22 - 136:1 | 135:10 – 135:16 |
| 136:4 - 136:25 | none |
| 159:16 - 159:18 | none |

| | |
|---|---|
| 160:17 - 161:19 | none |
| 162:11 - 162:14 | none |
| 162:17 - 163:4 | none |
| 166:2 - 166:4 | 166:2 - 166:4 |
| 166:6 - 166:18 | 166:6 - 166:18 |
| 166:21 - 167:23 | 166:21 - 167:23 |
| 168:1 - 168:19 | 168:1 - 168:19 |
| 169:24 – 171:8 | 169:24 – 171:8 |
| 185:12 - 186:9 | 185:12 - 186:9 |
| 186:11 - 186:16 | 186:11 - 186:16 |
| 186:24 - 188:17 | 186:24 - 188:17 |
| 188:19 - 188:21 | 188:19 - 188:21 |
| 190:22 - 191:15 | none |
| 191:19 - 193:9 | 191:19 - 193:9 |
| Errata Sheet | Errata Sheet |

# EXHIBIT C



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| 1501 K STREET, N.W. | BRUSSELS | NEW YORK |
| WASHINGTON, D.C. 20005 | CHICAGO | SAN FRANCISCO |
| (202) 736 8000 | DALLAS | SHANGHAI |
| (202) 736 8711 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

twagner@sidley.com
(202) 736-8129                    FOUNDED 1866

December 20, 2007

Kyle Musgrove, Esq.
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, D.C. 20005-1257

Re:    Defendants' Designated Deposition Testimony of Dr. Feifel.

Dear Kyle:

We have now had an opportunity to review Defendants' designated testimony from the deposition of Dr. David Feifel which Defendants offered to the Court for the first time after the close of testimony on Friday, December 14, 2007. Plaintiffs object to the introduction of the designated testimony.

Defendants' designations go far beyond the specific questions and answers from the Feifel deposition that were shown to Dr. Mayersohn by Mr. Bateman during his direct examination. See Trial Transcript, Vol. 3 at 866-870. As is clear from the trial transcript, the Court admitted only the specific Feifel deposition testimony referenced in Mr. Bateman's questioning and the related errata sheet. The Court stated explicitly that it would give the admitted testimony "whatever weight I think it deserves in the context of the question actually being asked of the witness." Tr. at 870. This confirms that the specific questions and answers shown the witness are what the Court admitted.

The Court's admission of this limited deposition testimony – the testimony that was shown to Dr. Mayersohn and read into the record -- does not operate as a blanket admission for deposition testimony on other and unrelated topics. No request was made then or granted by the Court for the admission of virtually the entirety of Dr. Feifel's deposition on dozens of other topics. Nor did Defendants state at the conclusion of trial, when the designations were handed up, that they were seeking to go beyond the testimony admitted.

In addition to the improper scope of the designations, Plaintiffs further object to the proposed Feifel deposition designations as untimely and prejudicial since they were offered to the Court after the trial had ended and testimony was concluded. These deposition designations could have and should have been designated along with other testimony in the pretrial order or, at the latest, when Defendants rested their case. The excerpts from the Feifel deposition were shown to one of Defendants' own witnesses during their case in chief, and Defendants rested



Kyle Musgrove
December 20, 2007
Page 2

without seeking to supplement the record with additional deposition designations. Defendants' failure to provide notice that they intended to offer extensive designations from the Feifel deposition until after all testimony was completed also unfairly deprived Plaintiffs of the opportunity to address the topics through one or more rebuttal witnesses, including potentially Dr. Feifel.

We would like to avoid unnecessary motion practice if possible. Accordingly, we request that Defendants withdraw the current list of Feifel deposition designations and conform their deposition designations to the testimony admitted by the Court -- i.e., the testimony that directly relates to Mr. Bateman's exchange with Dr. Mayersohn about Ritalin SR at pp. 186:17 - 188:21 of the Feifel deposition transcript.

If motion practice is necessary and Defendants' designations are permitted over our objection, Plaintiffs will offer counterdesignations. In addition, we will supplement our trial exhibit list to add the expert report and rebuttal expert report of Feifel, which were marked as exhibits and are referenced in the deposition, and would be entitled to rely on those in supplementing Plaintiffs' proposed findings of fact.

Please let us know whether Defendants will limit their deposition designations as requested above.

Sincerely,

Todd A. Wagner

Todd A. Wagner     by Pamela J. Marris

cc:     John Bateman

# EXHIBIT D

# REDACTED

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC., | ) ) ) | C.A. No. 05-642-JJF |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) ) |  |
| ANDRX PHARMACEUTICALS, L.L.C., and<br>ANDRX CORPORATION, | ) ) ) |  |
| Defendants. | ) ) ) |  |

### PLAINTIFFS' COUNTER DESIGNATIONS OF TESTIMONY FROM THE
### DEPOSITION OF PLAINTIFFS' EXPERT DAVID FEIFEL

Plaintiffs' Alza Corporation and McNeil-PPC, Inc. hereby counter-designate the following
testimony from the deposition of Plaintiffs' expert witness David Feifel, taken on July 31, 2007.

34:1 – 34:5
43:11 – 44:13
62:1 – 62:14
62:24 – 63:19
77:3 – 78:1
87:21 – 88:12
88:24 – 89:7
102:21 – 103:1
112:24 – 113:23
144:4 – 148:11
151:17 – 154:13
163:5 – 163:14
163:22 – 164:18
165:16 – 166:1
171:9 – 172:21
176:1 – 176:13
180:14 – 185:11

*Of Counsel*

David T. Pritikin
Thomas D. Rein
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603
312-853-7000

-and-

Jeffrey P. Kushan
Todd A. Wagner
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
202-736-8000

-and-

Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
214-981-3300

Steven J. Balick (I.D. #2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs*
*ALZA Corporation and McNeil PPC, Inc.*