# RAWLE & HENDERSON LLP



GEORGE T. LEES III
302-778-1200
glees@rawle.com

The Nation's Oldest Law Office • Established in 1783

www.rawle.com

300 DELAWARE AVENUE
SUITE 1015, P.O. BOX 588
WILMINGTON, DE 19899-0588

TELEPHONE:(302) 778-1200
FACSIMILE:(302) 778-1400

April 2, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    Alza Corporation, et al. v. Andrx Pharmaceuticals, LLC, et al.,
              <u>C.A. No. 05-642-JJF</u>

Dear Judge Farnan:

    Pursuant to D. Del. LR 7.1.2(b), Defendants ("Andrx") hereby submit this letter to bring to the Court's attention yesterday's opinion of the Federal Circuit in *Caraco Pharmaceutical Laboratories, Ltd. v. Forest Laboratories, Inc.*, No. 2007-1404 (Fed. Cir. Apr. 1, 2008). A copy of the opinion is attached for the Court's convenience.

    In *Caraco*, the Federal Circuit held (in a 2-1 decision) that the district court had subject matter jurisdiction to consider an action for a declaratory judgment of non-infringement brought by Caraco (an ANDA applicant) on a patent that Forest had listed in the Orange Book in connection with its Lexapro® drug product, even though Forest had given Caraco a covenant not to sue on that patent. Caraco was not the first to file an ANDA on this drug product and – under the Hatch-Waxman statute – may need a court decision on the patent to trigger the 180-day exclusivity of the first-filer before the FDA will approve its ANDA. The Federal Circuit held that the need to obtain a court decision on the patent was sufficient to confer subject matter jurisdiction, concluding:

> In sum, Caraco's declaratory judgment action presents an Article III controversy as to whether the drug described in Caraco's ANDA infringes Forest's Orange-Book-listed '941 patent. This controversy is not premised on the threat of an infringement suit. A controversy also exists because Forest's actions effectively prevent the FDA from approving Caraco's ANDA and thus exclude Caraco from the drug market. Forest's covenant not to sue does not eliminate the controversy with Caraco, because the controversy can only be resolved by a judgment that determines whether Forest's '941

# RAWLE & HENDERSON LLP

The Honorable Joseph J. Farnan, Jr.
April 2, 2008
Page 2

patent is infringed by the drug described in Caraco's ANDA. Accordingly, we hold that this action presents an ongoing Article III case and controversy.

(Slip op. at 29-30.)

This opinion is directly relevant to the pending request of Plaintiffs ("Alza") to have this Court dismiss Andrx's counterclaims on the '129 patent for lack of subject matter jurisdiction on the grounds Alza has promised not to sue Andrx on that patent. (D.I. 144.) In its previous letter to the Court on this issue, Andrx explained that that covenant did not divest this Court of subject matter jurisdiction because, *inter alia*, Andrx may need a court decision on the '129 patent to trigger Impax's 180-day exclusivity before the FDA may approve its ANDA. (D.I. 146 at 2-4.) In response, Alza argued that its covenant was dispositive on the issue of whether there was subject matter jurisdiction. (D.I. 147 at 1-2.) In *Caraco*, the Federal Circuit agreed with Andrx's position, and rejected Alza's position.[1]

Accordingly, Andrx respectfully requests that this Court consider Andrx's counterclaims on the '129 patent on the merits, and enter the Final Judgment of Non-Infringement on the '129 patent that was attached to Andrx's previous letter to the Court on this issue (D.I. 146) because Alza failed to meet its burden of proof on that patent at trial.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: William J. Cattie, III
George T. Lees, III

Attachment

cc: Clerk of the Court
Steven J. Balick, Esq. (via e-mail)
David P. Pritikin, Esq. (via e-mail)
Todd A. Wagner, Esq. (via e-mail)
Michael D. Hatcher, Esq. (via e-mail)

---

[1] In its previous letter to the Court on this issue, Andrx noted that oral argument on two appeals on the issue was heard by Federal Circuit on December 4, 2007. (D.I. 146 at 3.) *Caraco v. Forest* was one of these two appeals. The Federal Circuit has not yet decided the other appeal (*Merck v. Apotex*).

2362201-1