# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

April 15, 2008

The Honorable Joseph J. Farnan, Jr.         VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re:    *Alza Corporation, et al. v. Andrx Pharmaceuticals, LLC, et al.*,
           C.A. No. 05-642-JJF

Dear Judge Farnan:

    We represent Plaintiffs ("Alza") and write in response to the April 2, 2008 letter (D.I. 172) by Defendants ("Andrx") regarding Andrx's opposition to the dismissal of patent infringement issues concerning U.S. Patent No. 6,930,129 (the '129 patent).[1] In its letter, Andrx suggests that the recent Federal Circuit decision of *Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, No 2007-1404 (Fed. Cir. Apr. 1, 2008) is directly pertinent to its position. The *Caraco* decision is not relevant to this case because approval of Andrx's Abbreviated New Drug Application ("ANDA") cannot be blocked by any 180-day generic drug exclusivity that might arise for the '129 patent, and there is no other impediment to commercial marketing created by an earlier litigation with another ANDA applicant. Andrx's letter also does not identify any new equitable basis for finding jurisdiction in this case. *See Electronics For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005) ("The district court is not required to exercise declaratory judgment jurisdiction, but has unique and substantial discretion to decline that jurisdiction."). For the reasons presented earlier, the equities in this case strongly favor dismissal of the action concerning the '129 patent.

    In *Caraco*, the Court found declaratory judgment jurisdiction to exist for a patent listed in the Orange book despite the fact that the patent owner had provided Caraco with a covenant not to sue under that patent. Caraco was the second ANDA applicant to challenge each of the two listed patents for the drug at issue, and the first ANDA applicant had lost its challenge to one of

---

[1]    On the first morning of trial, Alza requested the dismissal with prejudice of its own infringement claims and Andrx's declaratory judgment counterclaims on the '129 patent, representing on the record that it will not assert the '129 patent claims against Andrx in connection with the products that are the subject of the current Andrx ANDAs. The Court directed that Alza submit a proposed order of dismissal, and that Andrx and Alza then submit their respective answering and reply papers on the subject (see December 10, 2007 trial transcript, D.I. 148, at pages 2-8). The parties' submissions appear at D.I. Nos. 144, 146, and 147.

{00209556;v1}

the two listed patents.[2] The Court found that the covenant on the second listed patent prevented Caraco from obtaining approval of its ANDA until 180 days after the first listed patent expired, even if Caraco could have proven non-infringement or invalidity of that patent. In these unusual circumstances, the *Caraco* Court concluded that a case or controversy existed concerning the second listed patent despite the covenant on that patent.

The operation of the 180-day generic drug exclusivity provisions of the Hatch-Waxman Act in the particular circumstances of the *Caraco* case was critical to that holding. These provisions provide that where two or more ANDA applicants have challenged a listed patent on different dates, the ANDA of the applicant that files the later patent challenge may not be approved until 180 days after (i) the actual commercial marketing of a generic product by the first ANDA applicant to challenge the patent, or (ii) the date of a district court judgment holding the patent invalid or not infringed, whichever occurs first.[3] In *Caraco*, there were two listed patents, and Ivax was the "first filer" with respect to each patent. Because of the earlier litigation between Ivax and Forest Labs, there could be no commercial marketing by Ivax until after the expiration of the first listed patent. This meant that the only way Caraco could obtain approval of its ANDA before the expiration of the first listed patent was to prove that *both* listed patents were invalid or not infringed.[4] Without subject matter jurisdiction over the second listed patent, Caraco could never meet this condition.

Thus, in *Caraco,* the Court concluded that Forest's actions in granting a covenant under the second listed patent created a justiciable controversy regarding that patent. The Court did not rule or imply that there is some general exception to the standards governing declaratory judgment jurisdiction in Hatch-Waxman cases. Instead, it was the specific combination of Ivax's status as the "first challenger" for *both* patents, the outcome of the earlier Ivax litigation, and the granting of the covenant on the second listed patent to Caraco that created the commercial impediment, and correspondingly, jurisdiction over the second listed patent despite the covenant.

---

[2] Ivax had provided paragraph IV notices concerning the two patents listed in the Orange Book for Lexapro. Forest sued Ivax on only the first of the two listed patents, and obtained a judgment that the first listed patent was valid and infringed. Ivax did not file a declaratory judgment action concerning the other listed patent. Since Ivax did not prove that the first listed patent was invalid or not infringed, the final approval of the Ivax ANDA was deferred until after the expiration of the first listed patent, and Ivax was prohibited from marketing its product until after that date.

[3] 21 U.S.C. § 355(j)(5)(B)(iv) (2000).

[4] The FDA applies 180-day exclusivity under the pre-December 2003 version of the statute on a patent-by-patent basis. Where multiple patents are listed for a drug product, each patent can create 180-days of generic drug exclusivity based on certifications made with respect to that patent. See *Apotex Inc. v. Food and Drug Administration*, 414 F. Supp. 2d 61 (D. D.C. 2006) (holding that FDA's patent-based interpretation of 180-day exclusivity is permissible), *aff'd*, 226 Fed. Appx. 4 (D.C. Cir. 2007). *See also,* Letter from Gary Buehler, FDA Office of Generic Drugs, to Andrx Pharms., Inc. Regarding Shared Exclusivity for Omeprazole 10 mg and 20 mg (Nov. 16, 2001) ("[t]he first applicant with a paragraph IV certification for each listed patent has been separately eligible for 180-day exclusivity based on that patent.").

{00209556;v1}

The Honorable Joseph J. Farnan, Jr.
April 15, 2008
Page 3

The unique circumstances in *Caraco* are simply absent in this case. Andrx cannot be barred by any 180-day exclusivity that might arise from the '129 patent because Andrx and Impax would share any 180-day exclusivity associated with the '129 patent.[5] Accordingly, a judgment on the '129 patent is not necessary for Andrx to obtain final approval of its ANDA in the event it succeeds in proving the '373 patent invalid or not infringed.[6] The covenant provided concerning the '129 patent provides this result. Because a judgment on the '129 patent (as to which Andrx has received a broad covenant not to sue) would have no effect on Andrx's rights, there is no case or controversy and no declaratory judgment jurisdiction concerning this patent.

Simply put, there is no case or controversy regarding the '129 patent because this patent, and any 180-day exclusivity that might have been created under it, cannot prejudice Andrx's ability to obtain final approval of its ANDA or commence marketing of its ANDA products. Plaintiffs respectfully urge the Court to enter the proposed order dismissing the action concerning the '129 patent, given the absence of a case or controversy concerning this patent.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/rbg
00209556.v1

cc: William J. Cattie, III, Esquire (via electronic mail and Hand Delivery)
John W. Bateman, Esquire (via electronic mail)
David T. Pritikin, Esquire (via electronic mail)

---

[5] Impax and Andrx mailed their respective paragraph IV notices for the '129 patent on the same day (*i.e.*, the date the patent issued, August 16, 2005). If two ANDA applicants challenge a patent on the same day, they will "share" any 180-day exclusivity that might arise for that patent, meaning that neither party will have approval of their ANDA delayed for 180 days after the triggering event. *See* FDA Guidance For Industry: 180-Day Exclusivity When Multiple ANDAs are Submitted on the Same Day (July 2003). As FDA has explained, "[t]he Agency intends to approve a first applicant's ANDA whenever it is ready for approval." *Id.*

[6] Because Andrx is the "second filer" relative to Impax with respect to the '373 patent, it must wait 180 days after a judgment holding the '373 patent invalid or not infringed before it could gain approval and commence marketing of its ANDA products.