IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALZA CORPORATION and<br>McNEIL, PPC, INC.<br><br>         Plaintiffs,<br>   v.<br><br>ANDRX PHARMACEUTICALS, LLC and<br>ANDRX CORPORATION<br><br>         Defendants. | :<br>:<br>:<br>:<br>:   Civil Action No. 05-642-JJF<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiffs' Opening Post-Trial Brief Concerning Evidentiary Objections (D.I. 166) and Defendants' Brief in Opposition Concerning Plaintiffs' Evidentiary Objections (D.I. 168). During the course of the bench trial in this case, the Court reserved judgment on evidentiary objections raised by the parties. The parties have briefed their respective positions, and this Memorandum Order constitutes the Court's rulings with regard to the pending evidentiary matters.

For the reasons discussed, the Court will overrule Plaintiffs' first objection regarding Dr. Feifel's deposition testimony, and sustain Plaintiffs' objection regarding Dr. Mayersohn's testimony concerning "clockwise hysteresis."

**1.   Dr. Feifel's Deposition Testimony**

Plaintiffs' contend that the Court allowed only limited designations from Dr. Feifel's deposition during the direct exam

of Dr. Mayersohn that related to Feifel's deposition testimony regarding Ritalin SR.  Plaintiffs contend, after the close of testimony, Defendants attempted to transform the Court's narrow ruling into a license to submit voluminous, unrelated testimony from Dr. Feifel.  Plaintiffs object to Defendants' subsequent withdrawal of the original designations, and submission of revised designations about a month later.  Plaintiffs contend that Defendants were aware the Dr. Feifel would not be called to testify at trial, and that they should have submitted supplemental deposition designations if they wanted to rely on these excerpts.  Plaintiffs contend that, if designations from Feifel's testimony beyond that regarding Ritalin SR are admitted, they should be limited to the specific passages referenced in Defendants' pretrial submissions.

Defendants point out that Dr. Feifel's testimony was not offered after the close of testimony because they had the burden of proof on invalidity, and therefore the final word.  They point out that their resubmitted designations actually reduced the designated materials.  Since Defendants were offering Dr. Feifel's testimony during the rebuttal phase of Defendants' invalidity case, Defendants contend that Plaintiffs cannot be prejudiced by their inability to call Dr. Feifel or other witnesses to respond since they were not entitled to do so.  Defendants also contend that Plaintiffs' counter-designations allow them the opportunity to clarify anything that they feel is

out of context.

The record establishes that, as Defendants contend, Plaintiffs initiated a discussion of "housekeeping matters" immediately upon closing their case without allowing Defendants the opportunity to present rebuttal evidence. Admitting the additional testimony is not unfairly prejudicial to Plaintiffs who are permitted to clarify or put into context any of Defendants' designations. Accordingly, the Court will overrule Plaintiffs' objection.

2. **Dr. Mayersohn's Testimony Regarding "Clockwise Hysteresis" and its Relationship to Acute Tolerance**

During his direct examination, Dr. Mayersohn testified about a pharmacologic measure called "clockwise hysteresis." Plaintiffs contend that this subject was not included in Dr. Mayersohn's expert report or disclosed during his deposition, and neither were the two exhibits or demonstratives presented with this testimony. Defendants contend that there was testimony on clockwise hysteresis and acute tolerance beginning on the first day of trial, and the purpose of Dr. Mayersohn's testimony and demonstratives was to explain this term.

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), an expert report shall contain, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions ...." Expert reports

must also be supplemented when required in accordance with the provisions of Rule 26(e)(1), which provides, in pertinent part that:

> [a] party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

The purpose of the initial disclosures provided for in Rule 26 is to prevent a party from being unfairly surprised by the presentation of new evidence. Astrazeneca AB v. Mutual Pharmaceutical Co., 278 F.Supp.2d 491, 510 (E.D.Pa. 2003). The Court has considered the parties' arguments and concludes that Dr. Mayersohn's testimony was outside the scope of his expert report, and accordingly will sustain Plaintiffs' objection.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' objection to the designated deposition testimony of Dr. Feifel is **OVERRULED**;

2. Plaintiffs' objection to Dr. Mayersohn's trial testimony about "clockwise hysteresis" is **SUSTAINED**.

April 28, 2008
DATE

UNITED STATES DISTRICT JUDGE