IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>            Plaintiffs,<br><br>            v.<br><br>ANDRX PHARMACEUTICALS, L.L.C. and<br>ANDRX CORPORATION,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-642-JJF<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO STRIKE PORTIONS
OF DEFENDANTS' POST-TRIAL FINDINGS OF FACT**

**I.    INTRODUCTION**

Plaintiffs ALZA Corporation and McNeil-PPC, Inc. (collectively "ALZA") hereby respectfully request that the Court strike certain portions of Defendants Andrx Pharmaceuticals, L.L.C. and Andrx Corporation's (collectively "Defendants") Proposed Findings of Fact and Conclusions of Law ("Dfs' Post-Trial Proposed FOF"), filed on June 16, 2008 (D.I. 182).

Following the bench trial in this patent infringement case, the Court instructed the parties to file "refine[d]" proposed findings of fact conforming the submission by the parties made prior to trial to the evidence actually presented at trial. The Court specifically instructed the parties *not* to revise their trial briefs or submit new ones. Despite those instructions, Dfs' Post-Trial Proposed FOF did not merely update the evidentiary citations in the pretrial proposed findings of fact and conclusions of law, but it included a written description invalidity defense that was absent from Defendants' pretrial proposed findings of fact and briefs. ALZA respectfully requests that the Court strike the portions of Dfs' Post-Trial Proposed FOF which reference this new written description defense.

{00228474;v1}

II.     **STATEMENT OF FACTS**

At the final pretrial conference on September 6, 2007, the Court instructed the parties to follow a new (for this Court) procedure for the bench trial. Specifically, the Court ordered that the parties submit their final briefs and proposed findings of fact and conclusions of law ***before*** the trial rather than after trial. (*See, e.g.*, D.I. 129, Order (Sept. 7, 2007), at 1.)

The parties followed the Court's instructions and worked out an orderly procedure so that they could respond to each other's arguments. Pursuant to this procedure, on November 2, 2007, Defendants served their opening trial brief and proposed findings of fact concerning Defendants' invalidity arguments. ALZA then served, on December 3, 2007, its responsive brief and proposed findings of fact addressing all the invalidity arguments Defendants had raised. Likewise, on November 2, 2007, ALZA served its opening trial brief and proposed findings of fact regarding infringement, and Defendants served their responsive brief and proposed findings of fact addressing ALZA's infringement arguments on December 3, 2007. Pursuant to the Court's order, each side filed its respective opening and responsive trial brief and proposed findings of fact with the Court on December 3. In preparing its responsive brief and proposed findings of fact, ALZA was guided by, and responded to, the defenses that Defendants actually briefed in their December 3 submission.

ALZA observed that although a written description defense had been listed along with several other defenses in the Pretrial Order, Defendants elected to drop this defense when they submitted their briefs and proposed findings of fact and conclusions of law just before trial. Nowhere in their 356 page December 3 submission did Defendants assert or so much as mention a written description invalidity defense. (*See, e.g.*, D.I. 134, Defendants' Opening Pretrial Brief with Proposed Findings of Fact and Conclusions of Law, at pp. i-iii; D.I. 135, Defendants'

Pretrial Reply Brief, at pp. i-ii.) Because Defendants' submissions did not raise this written description defense, ALZA did not address it in its trial brief. (D.I. 136, ALZA Pretrial Responsive Brief at 65-66.) Consistent with their briefs and proposed findings of fact, Defendants also did not offer any testimony at trial in support of a written description defense. In particular, Defendants' expert witness (Dr. Needham), whose expert report had included sections addressing written description issues, was not asked to offer any opinions on the subject. Accordingly, ALZA made no presentation at trial designed to refute such a defense.

At the close of the trial, ALZA's counsel sought the Court's guidance regarding the procedure for resolving evidentiary objections raised throughout the trial. During that discussion, the Court also instructed the parties to file revised findings of fact that cited to the evidence actually presented at trial:

> THE COURT: [The evidentiary objections] should really be done in the -- and I think you're suggesting this, but just to be sure, that it's done before the submission of your post trial findings of fact, proposed findings of fact and conclusions of law.
>
> MR. PRITIKIN: We had submitted the proposed findings and conclusions before the trial. Do you want us to redo them?
>
> THE COURT: Not redo them, but you get an opportunity to refine them.

(Exh. A, Trial Tr. at 1425:10-20.) However, the Court clearly instructed the parties *not* to file revised briefs:

> MR. PRITIKIN: We had filed briefs, too. Would we redo those?
>
> THE COURT: No.

(*Id.* at 1426:8-11.)

Defendants seek to circumvent the Court's order that there be no further briefing by incorporating extensive new legal argument into their updated post-trial proposed findings filed

on June 16. In particular, Defendants have included in their Post-Trial Proposed FOF numerous pages of legal argument completely devoid of any record citations. Indeed, extensive portions of the purported proposed findings of fact are nothing more than legal argument with case citations and little or no record support. *See, e.g.*, pp.59-60 (¶¶657-659) 61(¶¶ 664-665) 128-42 (¶¶884-928) 153-57 (¶¶965-75) 234 (¶¶1244-1247). ALZA believes that the Court will be able to differentiate pure legal argument from appropriate proposed findings of fact and is not moving to strike those portions.

However, also included in Dfs' Post-Trial Proposed FOF is an entirely new section purporting to raise a written description defense. D.I. 182, Dfs' Post-Trial Proposed FOF at pp.212-18 (¶¶1179-98). This section, too, is replete with legal arguments (presumably because Defendants chose not to brief the defense), and light on record citations. In fact, the seven-page section with 20 paragraphs includes a total of *four* record citations. *Id.* ALZA did not address written description in its revised proposed findings of fact filed on June 16 because that issue was not asserted or briefed in any manner in Defendants' trial brief and proposed findings of fact. (D.I. 136, ALZA Pretrial Responsive Brief at 65-66.)

The procedural history of this case confirms that Defendants consciously abandoned any written description defense. A written description invalidity defense was included in Defendants' portion of the Pretrial Order and Dr. Needham, one of Defendants' experts, submitted an expert report that included a section on written description. At trial, however, Dr. Needham was not asked to offer an opinion on the defense, and even the new proposed findings of fact offered by Defendants do not cite to Dr. Needham in support of a written description defense.

While ALZA has never had an opportunity to address Defendants' new written description defense, it is plainly without merit. To prevail on this defense, Defendants must

prove by clear and convincing evidence that the disclosure does not "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, [the inventor] was in possession of the invention." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991); *see also Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1072 (Fed. Cir. 2005) (clear and convincing evidence standard). The extensive evidence of record demonstrates that the written description of the patent-in-suit clearly conveys that both osmotic and non-osmotic dosage forms are encompassed by and can be used to implement the claimed treatment methods. *See, e.g.,* DTX 1 at col. 2, lines 51-62; col. 6, lines 1-14. ALZA believes that the evidence presented at trial cannot possibly meet the clear and convincing standard required to invalidate the asserted claims on the basis of a written description defense.

The parties have met and conferred in an attempt to reach agreement on the issues raised in this motion, but have been unable to do so.

### III.    ARGUMENT

Because of the procedures followed in this case, the briefs submitted before trial were the final briefs in the case and not mere pretrial briefs. They represented the parties' legal argument on the ultimate issues and accordingly narrowed and framed the issues for resolution by the Court. Claims and defenses not raised or argued at trial are deemed waived by the party failing to raise them. *Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1458 (5th Cir. 1987) (citing cases). That rule governs the outcome here. Having failed to assert and argue a written description defense in their briefs, Defendants have waived the defense.

Even when pretrial briefs are submitted, defenses not raised in a party's trial briefs before a bench trial are waived. *Koefoot v. American College of Surgeons*, 692 F. Supp. 843, 861 (N.D. Ill. 1988). Indeed, in the Third Circuit, "[i]t is well established that a trial judge possesses the

discretion to prohibit parties from raising matters they have failed to advance during the pretrial proceedings." *Sample v. Diecks*, 885 F.2d 1099, 1106-07 (3rd Cir. 1989). As explained by the District of New Jersey:

> A court which requires a party to disclose the theories underlying their claims or defenses may preclude a party from introducing evidence on a claim or defense which is not revealed. The application of preclusion is always a matter of judicial discretion. If the issue was within the knowledge of the party seeking to introduce it, or if inclusion would place a great burden on the opposing party, then the introduction of the issue should not be allowed.

*Metal Processing, Inc. v. Humm*, 56 F. Supp.2d 455, 471 (D.N.J. 1999) (citing 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1527). Because Defendants failed to include the written description defense in their brief and proposed findings of fact submitted prior to trial, the Court should preclude Defendants from now asserting it post-trial. *See, e.g., Es-Tee Realty Co., LLC v. Soumekhian*, No. 04-3482, 2006 U.S. Dist. LEXIS 73309, at *17 n. 6 (E.D.N.Y. Sept. 29, 2006) (new theories raised for first time in supplemental post-trial briefing not considered by the court); *Baron v. Hickey*, 292 F. Supp. 2d 248, 257 (D. Mass. 2003) (new defense raised for first time in post-trial briefing deemed waived).

There is no basis for allowing Defendants to now resurrect or assert defenses abandoned before trial. Defendants had ample opportunity to raise a written description defense in their trial briefs and proposed findings of fact submitted to the Court on December 3, 2007. They did not. That they did not do so despite listing it in the Pretrial Order and including such a defense in their expert reports demonstrates that Defendants made a strategic decision not to pursue the defense at trial. Defendants should be held to that decision, and the defense should be stricken from their Post-Trial Proposed FOF. *Metal Processing*, 56 F. Supp.2d at 471.

ALZA would be unfairly prejudiced if Defendants were allowed to present their new written description defense for the Court's consideration. The Court instructed the parties to set forth their claims and defenses in pretrial briefs and proposed findings of fact to guide the bench trial, in lieu of opening statements and closing arguments. ALZA justifiably relied on Defendants' trial briefs and proposed findings of fact to define the defenses to which it needed to respond in its own briefing and proposed findings, and in presenting evidence at trial. Moreover, ALZA did not have the opportunity to present testimony specifically refuting this defense and will have no opportunity to brief the issue, as the filing of post-trial proposed findings of fact was the final submission contemplated by the Court before issuing its decision.

No adequate basis exists for excusing Defendants' failure to include the defense in their briefs and proposed findings of fact. Defendants were well aware of the defense and made a calculated decision to drop it. *Metal Processing*, 56 F. Supp.2d at 471.

Finally, this case was not tried on the basis of any written description invalidity defense, and in view of the Court's explicit orders regarding the submission of briefs and findings of fact prior to trial, there was no reason for ALZA to present evidence concerning written description at trial. *Kaplan v. First Hartford Corp.*, 484 F. Supp. 2d 131, 143 (D. Me. 2007). Although ALZA does not believe that the evidence presented at trial comes close to supporting a written description defense, ALZA certainly would have presented responsive evidence and testimony had the papers submitted by Defendants before trial raised this issue. It would be manifestly unfair to allow Defendants to now proceed with this defense and ALZA respectfully requests, that the Court, in its discretion, not consider it.

**IV.    Conclusion**

For the foregoing reasons, ALZA respectfully requests that the Court strike paragraphs 1179 through 1198 of Dfs' Post-Trial Proposed FOF.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | /s/ *Tiffany Geyer Lydon* |
| *Of Counsel:* | Steven J. Balick (I.D. #2114) |
|  | John G. Day (I.D. #2403) |
| David T. Pritikin | Tiffany Geyer Lydon (I.D. #3950) |
| SIDLEY AUSTIN LLP | 500 Delaware Avenue, 8th Floor |
| One S. Dearborn Street | P.O. Box 1150 |
| Chicago, Illinois 60603 | Wilmington, Delaware 19899 |
| 312-853-7000 | 302-654-1888 |
|  | sbalick@ashby-geddes.com |
| -and- | jday@ashby-geddes.com |
|  | tlydon@ashby-geddes.com |
| Jeffrey P. Kushan |  |
| Todd A. Wagner | *Attorneys for Plaintiffs* |
| SIDLEY AUSTIN LLP | *ALZA Corporation and McNeil PPC, Inc.* |
| 1501 K Street, N.W. |  |
| Washington, D.C. 20005 |  |
| 202-736-8000 |  |

-and-

Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood
Suite 3400
Dallas, TX 75201
214-981-3300

Dated: July 9, 2008