IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>    Plaintiffs,<br> v.<br><br>ANDRX PHARMACEUTICALS, LLC, and<br>ANDRX CORPORATION,<br><br>    Defendants. | C.A. No. 05-642-JJF<br><br>HIGHLY CONFIDENTIAL:<br>FILED UNDER SEAL |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' POST-TRIAL FINDINGS OF FACT AND IN SUPPORT OF THEIR CONTINGENT CROSS-MOTION TO STRIKE PORTIONS OF PLAINTIFFS' POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Dated: July 28, 2008

RAWLE & HENDERSON LLP
William J. Cattie, III, Esq.
I.D. No. 953
George T. Lees, III, Esq.
I.D. No. 3647
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Facsimile: 302-778-1400

*Attorneys for Defendants*
*Andrx Pharmaceuticals, LLC and*
*Andrx Corporation.*

*Of Counsel:*

John W. Bateman
C. Kyle Musgrove
Robert F. Vroom
Douglas T. Lee
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
202-220-4200

## TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................ 3

    A. BECAUSE PLAINTIFFS, UNLIKE DEFENDANTS, DID NOT ADDRESS ALL THE INITIAL ISSUES IN THEIR OPENING PRETRIAL PAPERS, DEFENDANTS RAISED WRITTEN DESCRIPTION AT THE EARLIEST OPPORTUNITY ........................................ 3

    B. PLAINTIFFS WERE NOT PREJUDICED REGARDING TRIAL PRESENTATION ............... 6

    C. PLAINTIFFS NEVER INCLUDED FACTS OR CONCLUSIONS RELATED TO THE '129 PATENT IN THEIR PRETRIAL SUBMISSIONS SO FINDINGS AND CONCLUSIONS RELATED TO THE '129 PATENT IN PLAINTIFFS' POST-TRIAL SUBMISSION SHOULD BE STRICKEN ................................................................... 8

III. ARGUMENT .................................................................................................................... 11

    A. THE WRITTEN DESCRIPTION SECTION SHOULD NOT BE STRICKEN ...................... 11

        1. Written description was properly preserved ............................................ 11

        2. Plaintiffs will not be prejudiced by the Court addressing written description ................................................................................................. 12

    B. CONTINGENTLY, PAGES 212-220 OF PLAINTIFFS' POST-TRIAL PAPERS SHOULD BE STRICKEN ............................................................................................... 14

IV. CONCLUSION ................................................................................................................ 15

## TABLE OF AUTHORITIES

Page

*Capon v. Esher,*
    418 F.3d 1349 (Fed. Cir. 2005) ............................................................................ 8, 13

*Enzo Biochem, Inc. v. Gen-Probe Inc.,*
    323 F.3d 956 (Fed. Cir. 2002) ..................................................................................... 5

*In re Curtis,*
    354 F.3d 1347 (Fed. Cir. 2004) ........................................................................ 5, 8, 13

*In re Smythe,*
    480 F.2d 1376 (C.C.P.A. 1973) ........................................................................... 8, 13

*Koefoot v. American College of Surgeons,*
    692 F. Supp. 843 (N.D. Ill. 1988) .............................................................................. 11

*Morton Int'l, Inc. v. Staley Mfg. Co.,*
    343 F.3d 669 (3rd Cir. 2003) ..................................................................................... 12

*The Regents of the University of California v. Eli Lilly & Co.,*
    119 F.3d 1559 (Fed. Cir. 1997) .................................................................................. 5

*University of Rochester v. G.D. Searle & Company,*
    358 F.3d 916 (Fed. Cir. 2004) ..................................................................................... 6

*Weiss v. Green,*
    129 F. Supp. 2d 742 (M.D. Pa. 2001) ....................................................................... 12


**Statutes**

35 U.S.C. § 112 ................................................................................................................ 10, 13

I.  **INTRODUCTION**

Plaintiffs have moved to strike paragraphs 1179-1198 of Defendants' Proposed Findings of Fact and Conclusions of Law. Those paragraphs set forth an alternative basis, *i.e.*, lack of written description, for holding the asserted claims of the '373 patent and claim 1 of the '129 patent invalid. Plaintiffs argue that these paragraphs should be stricken because they raise a new issue not raised in Defendants' pretrial findings of facts and conclusions of law. Plaintiffs' motion should be denied because the written description issue was properly preserved and because Plaintiffs would not be prejudiced by having the Court decide the issue.

As to the question of whether written description was properly preserved, no one disputes that written description was properly raised as an issue in Defendants' expert reports and was responded to in Plaintiffs' expert reports. Similarly, it is indisputable that both parties identified written description as a triable issue in the final pretrial order. Plaintiffs admit the foregoing in passing, but then they focus only on the contents of Defendants' Pretrial Findings of Facts and Conclusions of Law, which did not specifically refer to a written description argument. The written description argument addressed in Defendants' post-trial papers, however, is a direct response to new arguments raised for the first time in Plaintiffs' responsive pretrial papers, *i.e.*, the final pretrial submission. In these circumstances, Defendants properly preserved the issue by responding in their post-trial papers.

As to the question of whether Plaintiffs would be unfairly prejudiced by the Court deciding the written description issue, Plaintiffs assert that they would have presented additional evidence at trial if they had believed that written description was an issue to be tried. Plaintiffs' arguments are contrary to the pretrial activities in this case wherein both parties consistently took the position that the evidence relevant to the written description issue was the same as the

evidence relevant to the scope of enablement issue during trial. Both parties submitted extensive evidence on scope of enablement. Since the facts on scope of enablement were addressed at trial, there was no other evidence for Plaintiffs to present on written description. On the other hand, Defendants would be prejudiced if the Court were to strike the provisions from Defendants' Findings and Conclusions because this alternative argument was presented in direct response to arguments raised for the first time in Plaintiffs' final pretrial submission to which Defendants had not previously had the opportunity to respond.

Plaintiffs' argument that the written description argument was not properly preserved is based on its represented understanding that no new issues could be raised in the post-trial submissions that a party did not raise in the final December 3, 2007 pretrial submissions. Plaintiffs' own actions, however, belie their argument. Plaintiffs explicitly represented to this Court that they would not allege infringement of the '129 patent throughout their December 3, 2007 pretrial submissions and did not elicit any rebuttal testimony to Defendants' presentation regarding the invalidity of claim 1 of the '129 patent. In their post-trial papers, however, Plaintiffs raise the issue of infringement and validity of not only claim 1, but also claims 4-6, of the '129 patent. Thus, Plaintiffs' own actions in submitting findings and conclusions regarding the '129 patent only in their post-trial submissions demonstrate, contrary to their present argument, that they understood that the Court *would* permit such new submissions.

Contingently, Defendants cross-move to strike Plaintiffs' Proposed Post-Trial Findings of Fact paragraphs 698-724 and Conclusions of Law paragraphs 58-69 on pages 212-220 *if* the Court strikes the requested portions of Defendants' submissions. Only Defendants presented evidence related to claim 1, and *no* party presented evidence on claims 4-6, of the '129 patent at trial based on Plaintiffs' representations to the Court that they were not asserting the '129 patent.

Plaintiffs' inclusion of findings and conclusions directed to the '129 patent after clearly indicating that they would not so argue is clearly improper.

Rather than striking portions of any party's submissions, however, Defendants propose that the Court permit the filing of short responsive findings and conclusions of law directed only to the material that either party requests be stricken. Defendants proposed to Plaintiffs that the parties jointly approach the Court regarding Defendants' proffered proposal in an effort to avoid these cross-motions. Plaintiffs declined.

## II.   STATEMENT OF FACTS

### A.   BECAUSE PLAINTIFFS, UNLIKE DEFENDANTS, DID NOT ADDRESS ALL THE INITIAL ISSUES IN THEIR OPENING PRETRIAL PAPERS, DEFENDANTS RAISED WRITTEN DESCRIPTION AT THE EARLIEST OPPORTUNITY.

Plaintiffs state repeatedly that the Court's new procedure discussed at the pretrial proceedings and directed in D.I. 129 ¶ 2 was clear as to what the Court wanted for pretrial submissions. Defendants likewise thought the Court's instructions were clear. The record that follows, including the submissions themselves (D.I. 133-136), however, makes clear that the parties were not in agreement with regard to what they believed the Court instructed.

The Court instructed the parties to have two rounds of submissions and to submit all the submissions on December 3, 2007, one week before trial. Plaintiffs and Defendants agreed to exchange the opening submissions on November 2, 2007. During the discussion with regard to the initial exchange, however, the parties' differences in understanding of the Court's instructions at the September pretrial conference became manifest.

Defendants communicated that their understanding was two-fold: (1) the Court did not want a typical pretrial brief but rather wanted modular findings of facts and conclusions of law on each point followed by some argument on each point so as to outline what was likely to occur

- 3 -

at trial, and (2) the opening submissions should address the issues on which a party bore the burden of proof as well as at least an initial position on the issues on which a party did not bear the burden of proof so the Court could be fully informed on each party's case and each party would have the chance to respond to each side's legal arguments. This understanding can be readily observed by what Defendants served and filed as D.I. 134. That paper is clearly not a traditional pretrial brief but rather followed the outline format that Defendants believe the Court suggested. Additionally, Defendants presented its initial non-infringement position and legal arguments at pages 128-150 of D.I. 134.[1] Thus, Plaintiffs were aware of Defendants' positions on the initial trial issues no later than November 2, 2007.

Plaintiffs, as can be observed from D.I. 133,[2] did not agree with Defendants' understanding. Rather, Plaintiffs served and later filed a typical pretrial brief accompanied by findings of facts and conclusions of law. More importantly, Plaintiffs only addressed infringement and did not present any of its counterarguments on invalidity. (*See* D.I. 133).

Defendants in their second pretrial submission responded to Plaintiffs' infringement allegations, findings of fact, and conclusions of law in the same format (brief and findings and conclusions) that Plaintiffs had used. (*See* D.I. 135). Defendants, however, could not respond to Plaintiffs' positions related to validity because Plaintiffs had not presented such positions in their opening pretrial submission.

---

[1] Plaintiffs' statement that "on November 2, 2007, Defendants served their opening trial brief and proposed findings of fact concerning Defendants' invalidity arguments," unfortunately leaves the mistaken impression that Defendants did not address infringement in their November 2, 2007 opening submission. (D.I. 188 at 2).

[2] As noted on D.I. 135, page 1, what became D.I. 133 was a moving target on infringement. Specifically, Plaintiffs added in allegations of infringement of claim 6 of the '373 patent on November 21, 2007, and, on the Friday afternoon (11/30/07) before the responsive pretrial papers were due, Plaintiffs sent a revised copy of D.I. 133 removing, for the first time, all allegations of infringement of the '129 patent. (Exhibit A (Mace e-mail to Musgrove of 11/30/07)). It was this version that Plaintiffs filed with the Court.

- 4 -

On the other hand, Plaintiffs submitted responses to Defendants' positions on both invalidity and non-infringement. (*See* D.I. 136). Due to Plaintiffs' late notice that they were attempting to pull the '129 patent from the case, Defendants had included in its opening findings and conclusions directed to the '129 patent, including claims 4-6 of that patent. (*See, e.g.,* D.I. 134 at ¶¶ 21-22, 121, 143, 160-162, 243, 262-273, 359-363). Thus, Plaintiffs could have chosen to respond on the '129 patent issues raised by Defendants, yet with one exception, they chose not to do so.[3]

Thus, through Plaintiffs' chosen method of pretrial submission, Plaintiffs had not provided its legal arguments addressing invalidity until approximately one week prior to trial. Defendants noted many new positions by Plaintiffs in this submission, including arguments requesting re-construction (or "clarification") of the Court's claim construction. (*See, e.g.,* D.I. 136 at 62-64). One specific new argument of note was that Plaintiffs sought to belatedly limit the Court's definition of the term "dosage form" to an "oral extended release dosage form." This argument was contrary to Plaintiffs' previous, successful arguments regarding the construction of that term. (*See* D.I. 182 at ¶¶ 884-928). In their arguments, Plaintiffs based their argument, at least in part, on the specification allegedly being specifically limited to oral dosage forms. (D.I. 136 at 62-64). This new argument supported findings and conclusions, as exemplified in Defendants' post-trial submission, that the claims as construed by the Court (so as to include all dosage forms) lacked written description under Federal Circuit case law. *See The Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1568 (Fed. Cir. 1997); *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 323 F.3d 956, 968 (Fed. Cir. 2002); *In re Curtis*, 354 F.3d 1347 (Fed.

---

[3] Plaintiffs addressed the argument of anticipation of claim 1 of the '129 patent in footnote 2 on pages 10-11 of D.I. 136.

Cir. 2004); and *University of Rochester v. G.D. Searle & Company*, 358 F.3d 916 (Fed. Cir. 2004).

Additionally, Plaintiffs cited written description cases in support of their enablement arguments. (*See* discussion at pages 12-13, *infra*). Defendants had no opportunity to address these inaccurate arguments by Plaintiffs in their pretrial submissions. Defendants presented their responsive arguments at their earliest opportunity, *i.e.*, as conclusions of law under the Court's procedure provided at the conclusion of trial.

**B.     PLAINTIFFS WERE NOT PREJUDICED REGARDING TRIAL PRESENTATION.**

Plaintiffs argue that they would be prejudiced if the portions of Defendants' post-trial papers are permitted. The arguments of prejudice are two-fold: (1) the Plaintiffs' would have presented testimony specifically addressing the written description point, and (2) Plaintiffs would have rebutted Defendants' legal points on written description. (D.I. 188 at 7).

With regard to the first point, it is factually incorrect. There is no dispute that Andrx's expert Dr. Needham addressed the issue of written description in his expert report. Dr. Needham's conclusions on written description are at paragraphs 179-182 of his opening expert report. (Attached as Exhibit B).[4] A brief review of that report indicates that it relies on the same facts as the enablement defense.[5]

---

[4] This report is in the record because it was cited in, and submitted with, Alza's pretrial papers. At trial, the Court indicated that all the pretrial papers are in the record absent an objection. (12/10/07 Trial Tr. at 9:18-10:15; 12/12/07 at 866:16-867:4) No one objected to the inclusion of Dr. Needham's report in the record. In fact, Alza cited to Dr. Needham's report in its post-trial submission, and even hyperlinked to a specific portion of the report as well. (D.I. 181 at ¶ 634).

[5] Paragraph 179 relates to the scope of the claims. Paragraph 180 relates to the legal standard Dr. Needham applied for written description. Paragraph 181 again relates to the size of the genus claimed in the patents in suit and the lack of disclosure of other embodiments or common structural features of that embodiment. Paragraph 182 reiterates those facts and applies them to Dr. Needham's legal understanding.

In apparent acknowledgement of the overlap of the enablement and written description facts, Alza's expert, Dr. Davies, responded in his rebuttal report in a total of two paragraphs. (Exhibit C at ¶¶ 79-80). Those paragraphs continually refer back to the same facts Dr. Davies relied on with regard to his enablement conclusions:

> 79.  *As discussed above*, I disagree with Dr. Needham's contention that formulation is an "unpredictable art" akin to biochemistry, and his attempted analogy to written description cases from that technical area that I understand were based on the possession of a function without corresponding structure.
>
> 80.  Based on that understanding, I do not agree with Dr. Needham's analogy, *as previously discussed*. I also do not agree with Dr. Needham's conclusion based on this analogy: "I do not believe that the inventors' description of their invention demonstrated that they were in possession of all dosage forms that could provide the desired (claimed) results." Needham ¶ 182. On the contrary, *as explained in detail above*, the inventors generally referred the interested reader to the literature, which would guide the reader through the routine experimentation necessary to develop these dosage forms. Accordingly, in my view, they were in possession of all that was needed to produce suitable dosage forms for what was claimed in the patents.

(*Id.*) (emphasis added).

No testimony could have been offered from the inventors, or any other fact witness, relating to written description because (1) written description is based on the specification itself and (2) Mr. Ayer acknowledged that Alza never created a non-osmotic ascending release rate methylphenidate dosage form. (12/10/08 Trial Tr. at 195:15-196:11 [Ayer]). Finally, Plaintiffs' opening submission even acknowledges that the facts in Defendants' Post-Trial submission are based on the same facts as the enablement argument when it notes that there are only four record citations in the written description section. (*See* D.I. 188 at 4). The lack of additional record citations is because the written description fact section just reiterates what was stated previously in the enablement facts. (*See* D.I. 182 at ¶¶ 1180-86).

In response to Plaintiffs' argument that they are prejudiced because they have not had an opportunity to rebut Defendants legal points on written description, two facts are relevant. First, with regard to their enablement arguments presented for the first time in the final pretrial submissions, Alza relied heavily on written description cases while calling them enablement cases, again indicating the overlap of these issues. Those cases are *In re Smythe*, 480 F.2d 1376, 1383 (C.C.P.A. 1973);[6] *In re Curtis*, 354 F.3d 1347, 1355-56 (Fed. Cir. 2004); *Capon v. Esher*, 418 F.3d 1349, 1359 (Fed. Cir. 2005).[7] (D.I. 136 at 65-68 and 254, conclusion of law 16). Defendants noted that they were responding to these citations in their post-trial Findings and Conclusions because they had not previously been able to do so. (*See* D.I. 182 at ¶¶ 1169-75, 1179).

Secondly, Defendants reached out to Alza to try to settle this dispute and the related one regarding Alza's submission of findings of fact and conclusions of law regarding the '129 patent in Alza's post-trial submission. Specifically, Defendants suggested that the parties approach the Court to request short supplemental pleadings of similar length to the allegedly offending portions of the pleadings to permit response on those issues and eliminate any prejudice. Plaintiffs declined.

### C. PLAINTIFFS NEVER INCLUDED FACTS OR CONCLUSIONS RELATED TO THE '129 PATENT IN THEIR PRETRIAL SUBMISSIONS SO FINDINGS AND CONCLUSIONS RELATED TO THE '129 PATENT IN PLAINTIFFS' POST-TRIAL SUBMISSION SHOULD BE STRICKEN.

The opening pretrial submission that Plaintiffs exchanged with Defendants on November 2, 2007 included facts and conclusions directed to the '129 patent (although it did not include

---

[6] This case deals with both written description and enablement but the pinpoint cite to 1383 refers to the written description portion of the case.
[7] Indeed in *Capon*, the Board decision presumed, and thus the Federal Circuit likewise did not debate, that enablement for the full scope existed. *Id.* at 1354, 1360.

any facts or conclusions related to claim 6 of the '373 patent). Over the course of the month prior to submission of the final versions to the Court, Plaintiffs first added in facts and conclusions directed to claim 6 of the '373 patent. This submission was permitted by Defendants. However, at the last moment, on Friday, November 30, 2007, prior to the Monday submission of all the pre-trial papers, Plaintiffs revised their opening brief so as to not address the '129 patent at all. (Exhibit A).

As indicated earlier, Defendants had raised issues relating to the invalidity of the '129 patent in its opening pretrial papers. Defendants did not change its pretrial papers because it felt the '129 patent was still in the case. Plaintiffs did not respond to those invalidity arguments in their responsive pretrial submission except to the extent that a single footnote addressed the anticipation of claim 1 of the '129 patent. Nor did Plaintiffs specifically respond to any of Defendants' non-infringement arguments directed specifically to the '129 patent.

At trial, Plaintiffs asked to have the '129 patent pulled from the case and to also dismiss Defendants counterclaims directed to that patent. (12/10/07 Trial Tr. at 3:6-9:9). Despite the Court holding that decision in abeyance during trial, Plaintiffs never presented any direct evidence of infringement of the '129 patent at trial, and more importantly, never rebutted any of Defendants' evidence specifically directed to the invalidity of *claim 1* of the '129 patent. Based on Plaintiffs' not seeking an infringement determination of claims 4-6 of the '129 patent at trial, Defendants did not put on any evidence directed to the validity of those claims despite such evidence clearly being included in Defendants' expert reports.[8] (*See, e.g.*, Exhibit B at ¶¶ 118-

---

[8] Moreover, as noted in footnote 1 on page 1 of Defendants' post-trial submissions, Defendants did not submit findings and conclusions related to non-infringement of claim 1 of the '129 patent in that submission. (D.I. 182 at 1, n.1). These facts and conclusions will also be submitted with Defendants' reply, but many, if not all, of them will be the same as the specific additional grounds of non-infringement of the additional limitations of dependant claim 7 of the '373 patent.

119; Exhibit D (Mayersohn Opening Expert Rep.) at ¶¶ 61-62, 77-78, 99-102, 120; Exhibit E (Mayersohn Rebuttal Expert Rep.) at ¶ 75).

Despite Plaintiffs' actual removal of the issue pretrial and failure to address it at trial, Plaintiffs have now submitted findings and conclusions of law addressed not only to claim 1 of the '129 patent (which was addressed exclusively by Defendants at trial) but also to claims 4-6 of that patent. Defendants have clearly been prejudiced because they did not put on factual evidence specifically related to claims 4-6 based on their reliance that Plaintiffs would not assert those claims.

Defendants do not request that the Court strike pages 212-220 of Plaintiffs proposed findings *unless the Court decides to grant Plaintiffs' motion.*[9] Rather, Defendants request that this Court permit Defendants to file findings of fact and conclusions of law directed to the '129 patent. Those proposed findings and conclusions will be attached to their reply on the cross-motion. Similarly, Defendants request that Plaintiffs submit similar such findings and conclusions that they feel are needed to address Defendants' written description argument when they submit their reply brief. Defendants believe this will alleviate any prejudice to both parties and more readily permit disposition of this action.

---

[9] Plaintiffs gratuitously allege that "extensive portions of [Defendants'] purported proposed findings of fact are nothing more than legal argument with case citations and little or no record support" *but then request that the Court not strike the portions.* (D.I. 188 at 3-4). Plaintiffs again hastily allege some form of impropriety on behalf of Defendants which is not supported by the facts. Almost all the sections cited to are specifically identified as being conclusions of law, not findings of fact, so the citation and discussion of law should not be surprising. Additionally, the one portion that is substantially findings of facts are pages 128-42 of Defendants post-trial submission. (D.I. 182). That portion, however, is in response to Plaintiffs' changing positions on claim construction, and while it addresses the issue of law of claim construction and why Plaintiffs changing position is wrong, it is more often a recitation of facts regarding Plaintiffs' continually changing claim construction position throughout the case so as to avoid the invalidity of the claims under Section 112 of the Patent Statute after *having prevailed* on their claim construction arguments. Moreover, the section title specifically notes that it is an argument that Defendants should prevail as a matter of law.

### III. ARGUMENT

#### A. THE WRITTEN DESCRIPTION SECTION SHOULD NOT BE STRICKEN.

There is no dispute that Plaintiffs were on notice of the written description issue pretrial, including the notice provided by Dr. Needham's report. Similarly, **both** Plaintiffs and Defendants presented this as a triable issue of fact in the Joint Pretrial Order. (D.I. 126 [Proposed Joint Pre-Trial Order] at Tab 2 (Plaintiffs' Statement of Issues of Fact Which Remain to be Litigated) and Tab 3 (Andrx's Statement of Issues of Fact Which Remain to be Litigated)). Thus, the sole question is whether, despite the foregoing notice, the issue should be stricken from the post-trial papers because it was not specifically argued in Defendants' December 3rd submissions. (D.I. 134 and 135). It should not be stricken.

##### 1. Written description was properly preserved.

Written description was addressed in all the pretrial papers except Defendants' December 3rd submissions. The issue is an alternative argument based on the scope of the construction of the claims and was addressed in the post-trial papers in response to Plaintiffs' overt effort to re-construe the claims and in rebuttal to Plaintiffs' argument of written description case law. Nevertheless, Plaintiffs argue that the lack of submission in the pretrial findings and conclusions should be fatal to Defendants' submission of the argument.

Plaintiffs support their argument by citing to *Koefoot v. American College of Surgeons*, 692 F. Supp. 843, 861 (N.D. Ill. 1988) for the proposition that when pretrial briefs are submitted that defenses not raised in a party's brief before trial are waived. *Koefoot* is clearly distinguishable from this case as it dealt with the application of a specific local rule that precluded such later submissions. *Id.* In this instance, the procedure was new for this Court, so no local rule applies.

With regard to Plaintiffs' argument that the Court's instructions indicated such issues were waived if not argued in the final pretrial submissions, their own actions undercut their arguments. Plaintiffs submitted findings and conclusions regarding the '129 patent despite their explicit dropping of infringement allegations on that patent. (*Compare* Exhibit A, D.I. 133 at 1, n.1 and 12/10/07 Trial Tr. at 3:6-9:9 *with* D.I. 181 at pages 212-220). Thus, Plaintiffs clearly did not understand the Court to be requiring inclusion of all arguments in the pretrial submissions or else they would be waived. Indeed, Defendants' written description submission is based on the facts that Plaintiffs changed their arguments at the last minute pre-trial, re-raising the issue of written description. Thus, the written description defense was properly preserved.

### 2. Plaintiffs will not be prejudiced by the Court addressing written description.

Courts have declined to exclude arguments, even when they have not been preserved by inclusion in pretrial papers, when prejudicial surprise is lacking. *See, e.g., Morton Int'l, Inc. v. Staley Mfg. Co.*, 343 F.3d 669, 684-85 (3rd Cir. 2003) (considering an issue on appeal even though the issue was not presented in the Statement of Contested Facts in the Pretrial Order); *see also Weiss v. Green*, 129 F. Supp. 2d 742, 744-46 (M.D. Pa. 2001) (permitting an issue at trial because of sufficient notice from the complaint, interrogatory responses, and documents and further noting lack of prejudice because no additional preparation was needed).

Thus, the issue here is a question of the degree of surprise and prejudice to Plaintiffs. Here, the surprise and prejudice are, at most, minimal. Indeed, Defendants would be more prejudiced in not having the opportunity to respond to Plaintiffs arguments raised for the first time in their final pretrial submission.

It cannot be disputed that Plaintiffs argued for re-construction of the claims based on a professed limitation in the specification to oral extended release dosage forms, nor can it be

- 12 -

disputed that, at that same time, Plaintiffs' argued written description cases *Smythe*, *Curtis* and *Capon* as being enablement cases. (D.I. 136 at 62-68). Therefore, it can be of little surprise that arguments of re-construction and citations to written description cases that were misrepresented as enablement cases would lead Defendants to raise an additional, alternative Section 112 argument, *i.e.*, written description, in the post-trial papers.

Moreover, there is little question that one of the central issues at trial was whether the claims construed as broadly as Plaintiffs' initially requested, and as this Court ruled, are invalid under Section 112 because the claims are so much broader than what is described and enabled by the specification. Indeed, the factual issues on written description in both Dr. Needham's and Dr. Davies' reports were addressed in trial testimony. (*See, e.g.*, 12/12/07 Trial Tr. at 694:22-704:15, 709:18-714:6 [Needham]; 12/14/07 Trial Tr. at 1210:23-1211:13; 1213:3-1215:1; 1219:19-1221:21 [Davies]). Thus, there is no surprise that the factual testimony related to written description was raised in Defendants' post-trial papers.

The only possible surprise regards Defendants' citations and specific points of law directed to written description. With regard to the citations, they would appear to come as little surprise since Dr. Davies' report noted the issue of the "written description cases from" the biotechnology area. (Exhibit C at ¶¶ 79-80). Thus, the only true argument of prejudice is that Plaintiffs' did not submit findings and conclusions on that specific contention.

Here any prejudice could be eliminated by permitting both parties to submit short supplemental findings and conclusions on the specific issues each party moves to strike. Plaintiffs should include any such findings and conclusions as an attachment to their reply brief as Defendants will do with regard to their reply brief on the cross-motion with regard to the claims of the '129 patent. This would alleviate any harm to Plaintiffs while permitting an

orderly disposition of this case. Plaintiffs should not be permitted to delay this proceeding longer by abstaining from such a submission until the Court decides not to strike the portions of Defendants' papers. If they so wait, they should be determined to have waived their opportunity to respond substantively.

Such a procedure clearly avoids any prejudice and should be adopted. In any event, Defendants written description section should not be stricken.

### B. CONTINGENTLY, PAGES 212-220 OF PLAINTIFFS' POST-TRIAL PAPERS SHOULD BE STRICKEN.

There can be little question that the issues relating to the '129 patent in Plaintiffs Post-trial submission should be stricken. Far from the mere failure to mention written description in one pretrial submission such as with Defendants' written description argument, Plaintiffs actively represented to this Court that they would not raise the '129 patent at trial. (D.I. 133 at 1, n.1; 12/10/07 Trial Tr. at 3:6-9:9). Indeed, Plaintiffs did not present any evidence rebutting Defendants charges of invalidity of the claims of the '129 patent. No party even mentioned claims 4-6 of the '129 patent at any point during trial.

It is true that Defendants did address claims 1 and 4-6 of the '129 patent *pretrial* because they were unaware, until the last minute, of Plaintiffs' desire to pull those claims from the trial. It is also true that Defendants pursued the invalidity of claim 1 of the '129 patent at trial and in its post-trial papers. But it also true that Defendants would have submitted evidence relating particularly to claims 4-6 of the '129 patent had it understood those claims to still be in suit. (*See, e.g.*, Exhibit B at ¶¶ 118-119; Exhibit D at ¶¶ 61-62, 77-78, 99-102, 120; Exhibit E at ¶ 75). Thus, a clearer case of prejudice and estoppel is hard to imagine.

Defendants, however, are willing to have the Court consider Plaintiffs' arguments if (1) the Court does not strike the written description portion of Defendants' post-trial papers, and (2)

- 14 -

the Court considers their supplemental submission which will be attached to the reply brief and which will address only pages 212-220 of Plaintiffs' post-trial papers.

As stated previously, Defendants believe these short supplemental submissions alleviate prejudice to any party and permit the Court to decide the case on the merits rather than through procedural submissions. Additionally, while Defendants have submitted their cross-motion with a notice of motion for the Court's non-dispositive argument day, the Defendants believe this issue can be addressed sufficiently on the parties' submissions and decided at the same time the Court decides the merits of the case. Of course, should the Court like to hear argument on any point relating to these submissions, Defendants would be happy to appear at the Court's pleasure.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs motion to strike the written description portion of Defendants' Post-Trial Submission should be denied. Alternatively, if the Court does decide to strike this section, the Court should also strike pages 212-220 of Plaintiffs' Post-Trial Submission to the extent they relate to the '129 patent.

Respectfully submitted,

Dated: July 28, 2008

/s/ George T. Lees, III
William J. Cattie, III, Esq.
I.D. No. 953
George T. Lees, III, Esq.
I.D. No. 3647
300 Delaware Avenue, Suite 1015
Wilmington, DE 19899-0588
(302) 778-1200
Attorneys for Defendant
ANDRX PHARMACEUTICALS, LLC
ANDRX CORPORATION

*Of Counsel*:

John W. Bateman, Esq.
C. Kyle Musgrove, Esq.
Robert F. Vroom, Esq.
Douglas T. Lee, Esq.
KENYON & KENYON LLP
1500 K Street, NW, Suite 700
Washington, D.C. 20005
(202) 220-4200