IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | C.A. No. 05-642-JJF |
| ANDRX PHARMACEUTICALS, L.L.C., and<br>ANDRX CORPORATION, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' COMBINED REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE PORTIONS OF DEFENDANTS' POST-TRIAL FINDINGS OF FACT, AND ANSWERING MEMORANDUM IN RESPONSE TO DEFENDANTS' CONTINGENT MOTION**

**I.    Introduction**

Plaintiffs ALZA Corporation and McNeil-PPC, Inc. (collectively "ALZA") hereby submit this combined reply memorandum in further support of their Motion to Strike Portions of Defendants Andrx Pharmaceuticals, L.L.C. and Andrx Corporation's (collectively "Defendants") Post-Trial Findings of Fact (D.I. 188), and answering memorandum in response to Defendants' Contingent Motion (D.I. 189).

In response to ALZA's Motion to Strike the new written description defense Defendants belatedly inserted in their Post-Trial Findings of Fact, Defendants filed a Memorandum: (1) asserting that the defense was properly preserved; (2) asserting that, regardless, even if it was not properly preserved, ALZA is not prejudiced by allowing Defendants to assert this new patentability defense now; and (3) that, even if this prejudices ALZA, such prejudice can be cured by allowing ALZA to file supplemental findings and conclusions regarding the defense. And, for good measure, Defendants filed a Contingent Motion arguing that certain portions of

{00234258;v1}

ALZA's Post-Trial Findings of Fact should also be stricken if the Court grants ALZA's Motion to Strike the written description defense section of Defendants' Post-Trial Findings of Fact.

As explained in ALZA's Motion to Strike and further addressed below, Defendants' written description defense was not properly preserved. ALZA thus respectfully requests that the Court grant ALZA's Motion to Strike. As for Defendants' Contingent Motion, as also explained below, ALZA does not object to the Court granting the requested relief so long as both sides are given the opportunity to brief the issues if the claims of the '129 Patent are not dismissed.

**II.    Reply In Further Support of ALZA's Motion to Strike**

In the Motion to Strike, ALZA explained that Defendants waived the written description defense because they did not include it in their proposed findings of fact and conclusions of law submitted before the bench trial in this case, and did not otherwise raise it at trial.[1] In their Response, Defendants ask the Court to excuse the waiver of this defense, asserting that the first opportunity Defendants had to address this defense was in their revised Post-Trial Findings of Fact, supposedly in response to ALZA's *pre-trial* submissions. This is both illogical and incorrect.

Initially, ALZA notes that the Defendants had the burden to establish this invalidity defense by clear and convincing evidence. Any argument or evidence Plaintiffs might have presented before or at trial on this issue would have been responsive to Defendants' pleadings and assertions -- *i.e.*, it would have been presented by ALZA only *after* the issue first was affirmatively raised by Defendants. Defendants' argument that they had no opportunity to raise a written description challenge to the '373 patent until Plaintiffs filed their responsive pre-trial

---

[1] As Defendants admit in their Response: "Defendants' Pretrial Findings of Fact and Conclusions of Law … did not specifically refer to a written description argument." (D.I. 189, [Memorandum], at 1.)

briefing therefore makes no sense and completely ignores the fact that it was Defendants' burden to raise this issue in the first instance.

Indeed, Defendants included a written description defense in their expert reports and the joint proposed pre-trial order. Defendants consciously elected to drop this defense from their trial briefs and proposed findings of fact, which were required in this case to be submitted before the bench trial. Defendants thus did not need any language in ALZA's *responsive* pre-trial submissions to prompt them to consider the possibility of pursuing this defense. Defendants already had expressly raised a written description defense and made a strategic decision, prior to trial, to abandon it -- a decision ALZA relied upon when developing the record during the bench trial.

However, even accepting, *arguendo*, Defendants' assertions that something in ALZA's responsive pre-trial submissions prompted Defendants to reconsider a challenge to the patent based on the written description requirement, it does not follow that the submission of Defendants' Post-Trial Findings of Fact was Defendants' first opportunity to raise this defense. This argument simply ignores the 5-day bench trial that occurred between the filing of ALZA's responsive pre-trial brief and the parties' post-trial submissions. Not once during that 5-day bench trial did Defendants raise or present testimony regarding a written description defense or in any way indicate that they thought it should be addressed by the Court.

Had Defendants raised the defense at any time during the bench trial, ALZA at least would have been able to cross-examine Defendants' witnesses or present direct testimony from ALZA's own witnesses on this issue. Allowing the parties to brief the issue now, on a record created without the issue being specifically addressed at trial, would be improper and unfair to ALZA and would reward the Defendants for failing to follow the Court's instructions.

Finally, this defense is meritless. Defendants cannot come close to meeting their burden of proving a lack of written description by clear and convincing evidence. To prevail, Defendants must prove by clear and convincing evidence that the disclosure does not "convey with reasonable clarity to those skilled in the art that, as of the filing date sought, [the inventor] was in possession of the invention." *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991).

Defendants' challenge to written description essentially is that the written description in the specification does not describe examples of both osmotic <u>and</u> non-osmotic dosage forms that meet the requirements of the claimed invention. But the specification explicitly states that the treatment methods that are claimed can be carried out using both osmotic and non-osmotic dosage forms:

> Although the present invention is illustrated herein by exemplary dosage forms containing specific exemplary drugs ..., the invention is not limited by the exemplary embodiments. The invention broadly embraces oral sustained-release dosage forms that provide an ascending drug release rate over an extended time period ... as would be apparent to a person of skill in the art in view of the disclosure herein.

DTX 1, at col. 6, lines 1-14; *see also id.* at col. 2, lines 51-62. Defendants plainly cannot carry their burden to establish by clear and convincing evidence that a person skilled in the art would conclude that there is an insufficient written description of the invention from the '373 patent disclosure.

Clearly, if the defense were to be addressed in this litigation, ALZA should have been given the opportunity to develop a complete record -- an opportunity it was denied when Defendants withdrew the issue from the case by omitting it from their briefs, proposed findings of fact and conclusions of law (required to be submitted in advance of trial), and from their questioning of witnesses at trial.

### III. Response to Defendants' Contingent Motion

In addition to responding in opposition to ALZA's Motion to Strike, Defendants filed a Contingent Motion requesting:

> the Court to strike portions of Plaintiffs' Post-Trial Findings of Fact and Conclusions of Law to the extent that the Court strikes portions of Defendants' post-trial submissions as requested by Plaintiffs.

(D.I. 189, [Contingent Motion], at 1.) Specifically, Defendants request that the Court "strike pages 212-220 of Plaintiffs' Post-Trial Submission to the extent they relate to the '129 patent," if the Court grants ALZA's Motion to Strike Defendants' written description defense. (D.I. 189, [Memorandum], at 15.)

ALZA initially asserted two patents against Defendants, the '373 Patent and the '129 Patent. ALZA voluntarily withdrew its claims of infringement based on the '129 Patent before trial, giving Defendants a covenant not to sue on the patent for the products currently the subject of their ANDAs, and moving to dismiss the '129 Patent-related claims from the case. The Court took the motion under advisement and has not yet acted upon it.

The section of ALZA's Post-Trial Findings of Fact that Defendants seek to strike is the section ALZA submitted in the event the Court does not dismiss the claims based on the '129 Patent. ALZA maintains that there is no case or controversy concerning the '129 patent, and that the Court is required to dismiss the claims in this action concerning this patent. ALZA's Findings also make it clear that they are contingent:

> Because the Court has not yet ruled on the motion to dismiss, Plaintiffs submit contingent proposed findings of fact and conclusions of [law] relating to infringement and validity issues pertaining to the previously asserted claims of the '129 patent.

(D.I. 181, [Pltfs' Post-Trial Findings of Fact], at 213.) Defendants did not submit a similar section addressing the '129 Patent in their post-trial submissions. This is presumably why Defendants seek to strike this section of ALZA's Post-Trial Findings.

ALZA, of course, maintains that Defendants' written description defense should be stricken from Defendants' Post-Trial Findings of Fact, and, rather than burden the Court with further argument and the potential of additional submissions on what should be a moot point, hereby states that it does not object to Defendants' requested relief that the Court "strike pages 212-220 of Plaintiffs' Post-Trial Submission to the extent they relate to the '129 patent." ALZA's agreement is conditioned on the Court's allowing both parties to submit appropriate proposed findings and conclusions directed at the '129 Patent should the Court eventually deny ALZA's request to dismiss the '129 Patent from the case.

## IV. Conclusion

For the foregoing reasons, ALZA respectfully requests that the Court strike paragraphs 1179 through 1198 of Defendants' Proposed Findings of Fact and Conclusions of Law. Further, pursuant to the statements above, ALZA does not object to Defendants' requested relief that the Court "strike pages 212-220 of Plaintiffs' Post-Trial Submission to the extent they relate to the '129 patent" so long as both sides are given the opportunity to brief the issues if the '129 Patent claims are not dismissed.

*Of Counsel:*

David T. Pritikin
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, Illinois 60603
312-853-7000

-and-

Jeffrey P. Kushan
Todd A. Wagner
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
202-736-8000

-and-

Michael D. Hatcher
SIDLEY AUSTIN LLP
717 North Harwood
Suite 3400
Dallas, TX 75201
214-981-3300

Dated: August 7, 2008

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiffs
ALZA Corporation and McNeil PPC, Inc.*