IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALZA CORPORATION, and<br>McNEIL-PPC, INC.,<br><br>            Plaintiffs,<br>v.<br><br>ANDRX PHARMACEUTICALS, LLC, and<br>ANDRX CORPORATION,<br><br>            Defendants. | C.A. No. 05-642-JJF |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
CONTINGENT CROSS-MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Dated: August 14, 2008

RAWLE & HENDERSON LLP
William J. Cattie, III, Esq.
I. D. No. 953
George T. Lees, III, Esq.
I.D. No. 3647
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Facsimile: 302-778-1400

*Attorneys for Defendants
Andrx Pharmaceuticals, LLC and
Andrx Corporation.*

*Of Counsel:*

John W. Bateman
C. Kyle Musgrove
Robert F. Vroom
Douglas T. Lee
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
202-220-4200

I. **ARGUMENT**

    A. **PLAINTIFFS REPRESENTED THAT THEY WOULD NOT—AND THEY DID NOT—SUBMIT EVIDENCE RELATING TO THE '129 PATENT AT TRIAL, SO THEY SHOULD NOT BE PERMITTED TO RAISE THE ISSUE POST-TRIAL.**

In response to Defendants' Contingent Cross-Motion to Strike Portions of Plaintiffs' Post-Trial Findings of Fact and Conclusions of Law, Plaintiffs state that they do not object to Defendants' cross-motion *if* they are granted the initial relief they request, *i.e.*, the dismissal of Defendants' counterclaims directed to the '129 patent. (D.I. 191 at 6). Plaintiffs, however, do object to Defendants' cross-motion if the '129 patent is still in the case because they argue that they should be entitled to brief an issue that they expressly abandoned multiple times before trial and intentionally failed to address at trial. (*Id.*) Plaintiffs' position is illogical and involves an open repudiation of what they requested just prior to, and throughout, trial.

Defendants presented multiple reasons why Plaintiffs' submissions regarding the '129 patent should be stricken in their opening brief. (D.I. 189 at 8-10, 14-15). Defendants noted that while they raised the issue of the '129 patent in their opening pretrial brief, Plaintiffs did not respond except on one minor point. (D.I. 189 at 4-5 & n. 2, 3; 9-10; 14-15; *see also* Exhibit A to D.I. 189). Plaintiffs also explicitly stated in their opening pretrial brief that "[i]n the interest of streamlining this case for trial, plaintiffs will not assert infringement of any claims of the '129 patent at trial." (D.I. 133 at 1, n.1). Plaintiffs' representations in their pretrial briefs that infringement of the '129 patent would not be alleged was *not* conditioned on the dismissal of Defendants' counterclaims, rather they were a calculated decision.

At trial, Defendants indicated that they would pursue evidence of the invalidity of claim 1 of the '129 patent while the Court considered whether the '129 patent was in the case or not. (12/10/07 Trial Tr. at 8:14-18). The Court then stated:

    Well, I think if we get it done --- yes, you could do that. *What [Alza's counsel is]*

- 1 -

> ***saying is he's not going to present anything on the '129 patent because he's dismissing.*** You want to maintain your declaratory judgment claim and he's not concerned about it because he's feeling confident that it's going to go away because he's not making any assertions under the patent.

(*Id.* at 8:19-9:3) (emphasis added). Thereafter, trial proceeded with Defendants offering evidence relating to the invalidity of claim 1, but not claims 4-6, of the '129 patent, and Plaintiffs offered no contrary evidence and did not even cross-examine Defendants' experts regarding the '129 patent.[1] Thus, Defendants' evidentiary record that claim 1 of the '129 patent is invalid on multiple grounds stands unrebutted. (*See, e.g.,* D.I. 182 at ¶¶ 791-792, 884-911, 929-964, 977-986 and 1057-1122).

Yet now, Plaintiffs try to renege on their representation to the Court and openly plead for the opportunity to brief the issue if the '129 patent remains in the case due to Defendants' counterclaims. The reason for Plaintiffs' altered course is clear. Plaintiffs realize that the case of *Caraco Pharmaceutical Laboratories, Ltd. v. Forest Laboratories, Inc.*, 527 F.3d 1278 (Fed. Cir. 2008) mandates that Defendants' counterclaims remain in place. (*See* D.I. 182 at ¶¶ 1199-1243). Plaintiffs also realize that the unrebutted evidence in this case is that claim 1 of the '129 patent is invalid, and Defendants are entitled to judgment to that effect based on the undisputed record. Faced with such a conclusion, Plaintiffs attempt to re-open the case and respond for the first time to Defendants' assertions regarding claim 1 of the '129 patent despite not having any record evidence addressed to the validity of that claim.[2] Plaintiffs, however, do not stop with claim 1. Rather, Plaintiffs now attempt to inject claims 4-6 of the '129 patent into this case. Defendants

---

[1] A conclusion of non-infringement or invalidity on any claim of the '129 patent is sufficient to provide Defendants the court decision they seek.

[2] Defendants recognize that their initial post-trial submissions address invalidity, but not non-infringement, of claim 1 of the '129 patent. Nevertheless, under Alza's argument that mere lack of specific mention of a point in the pretrial submissions waives that point, Alza logically would not be permitted to address claim 1 of the '129 patent even in response to Defendants' arguments because Alza never addressed those arguments, or indeed addressed the '129 patent (except for one small footnote regarding anticipation).

did not address those claims at trial based on Plaintiffs' representation that they were no longer being asserted.

Defendants demonstrated in their opening brief, which included citations to expert reports, that they would have presented specific evidence relating to claims 4-6 of the '129 patent had Plaintiffs asserted those claims at trial. (D.I. 189 at 9-10, 14-15). Plaintiffs do not dispute that Defendants' trial presentation was prejudiced; they only argue that Defendants "presumably" seek to strike the requested section of Alza's Post-Trial Findings because Defendants did not submit a similar section on the '129 patent. (D.I. 191 at 6).

Plaintiffs' "presumption" is wrong. Defendants' opening brief on their contingent motion makes very clear the prejudice of allowing Alza to insert claims 4-6 of the '129 patent into the case at this late date. (D.I. 189 at 9-10, 14-15). Additionally, it would be error and prejudicial to permit Alza to attempt to rebut Defendants' factual evidence relating to the invalidity of claim 1 of the '129 patent through attorney argument when Plaintiffs do not dispute that they did not put in any evidence, either through direct or cross-examination, on claim 1 of the '129 patent.

Plaintiffs' proposal to permit it to now brief the '129 patent issues is nothing less than an attempt to re-open the trial when Defendants' counterclaims relating to the '129 patent are not dismissed. For all the foregoing reasons, Plaintiffs' proposal should not be accepted.

### B. PLAINTIFFS' PROPOSAL IS INCONSISTENT WITH ITS POSITION REGARDING DEFENDANTS' WRITTEN DESCRIPTION SUBMISSION.

Alza's proposal is even more notable when compared to its position on Andrx's written description defense. Alza's position is that Defendants waived their written description defense merely for lack of a specific mention of that defense in Defendants' December 3, 2007 pretrial submissions. Yet Alza's proposal on the '129 patent is that Alza should be permitted to brief the issues regarding that patent despite (1) not asserting infringement of that patent in its December

- 3 -

3rd pretrial submissions, (2) not responding to Defendants' assertions in Defendants' pretrial submissions regarding the '129 patent, (3) explicitly representing that Plaintiffs were not pursuing infringement of that patent, and (4) not taking any evidence at trial relating to that patent. According to Alza's position relating to the written description defense, merely failing on point (1) would constitute waiver. Yet Alza still proposes that it be permitted to brief the '129 patent issues. Such an approach is entirely inconsistent with its position on written description.

Alza does not deny that it sought re-construction of the claims in its final pre-trial submission as noted in Andrx's opposition. (D.I. 189 at 5). Nor does Alza demonstrate any evidence that they would have put forward on written description, as Andrx did with regard to claims 4-6 of the '129 patent by pointing to Dr. Needham's and Dr. Mayersohn's reports. (D.I. 189 at 9-10, 14). Nor does Alza dispute that only two paragraphs of their own reports addressed written description and that the evidence relating to written description was the same as the evidence regarding scope of enablement. (D.I. 189 at 6-7). Nor does Alza take Andrx up on the offer it proposed to the Court and include supplemental findings and conclusions on the issue in an exhibit to its reply brief. (D.I. 189 at 8, 10, 13-14, 15).[3]

Alza defends its position in seeking to strike the written description argument by stating:

> Had Defendants raised the defense at any time during the bench trial, ALZA at least would have been able to cross-examine Defendants' witnesses or present direct testimony from ALZA's own witnesses on this issue. *Allowing the parties to brief the issue now, on a record created without the issue being specifically addressed at trial, would be improper and unfair to ALZA and would reward*

---

[3] Instead, Alza spends one page of its brief attempting to address the merits of Andrx's argument by citing to a portion of the specification addressed to oral sustained-release dosage forms while failing to note that the term "dosage form" has been construed to be any "pharmaceutical composition," *i.e.*, including transdermals, injectables, suspensions, suppositories, *etc.*, and has not been limited to just an oral dosage form. (*Compare* D.I. 191 at 4 *with* D.I. 130 at ¶ 1). How a passage limiting the scope of the invention to oral dosage forms provides adequate written description for a claim encompassing all "pharmaceutical composition[s]" providing the function claimed is something that Alza does not even attempt to explain.

- 4 -

> ***the Defendants for failing to follow the Court's instructions.***
>
>                                    *    *    *
>
> ***Clearly, if the defense were to be addressed in this litigation, ALZA should have been given the opportunity to develop a complete record –*** an opportunity it was denied when Defendants withdrew the issue from the case by omitting it from their briefs, proposed findings of fact and conclusions of law (required to be submitted in advance of trial, and from their questioning of witnesses at trial.

(D.I. 191 at 3, 4) (emphasis added).

Alza's argument on written description could not be more inconsistent with its argument to permit its briefing on the '129 patent. Alza was not merely silent in its pretrial papers; it specifically represented in its papers and at trial that it would not address the '129 patent. Moreover, Alza never specifies what new evidence would be relevant on written description, despite having Andrx's Findings and Conclusions on the point, whereas Andrx has specifically noted the information that it was prevented from putting into the case based on Alza's representation. To argue that Plaintiffs should be given the opportunity to brief an issue they expressly abandoned despite Defendants' consistent presentation of evidence relating to the invalidity of claim 1, and claim 1 only, of the '129 patent at trial while at the same time arguing that Defendants are precluded merely because a single pretrial paper did not specifically mention written description is simply incredible.

Plaintiffs' arguments are entirely inconsistent, and as such, Alza's proposal should not be granted.

### C. DEFENDANTS' HAVE INCLUDED SUPPLEMENTAL FINDINGS AND CONCLUSIONS; PLAINTIFFS' HAVE FOREGONE THEIR OPPORTUNITY TO DO SO.

Despite the inconsistency of Plaintiffs' arguments, Defendants' position has not changed. Clearly, neither party viewed the pre-trial briefs as foreclosing future issues. Otherwise, Plaintiffs would not have added a section in their brief devoted to the '129 patent despite their

express abandonment of that issue in their pretrial papers. The prejudice that would occur if the opposing party did not have an opportunity to address those Post-Trial Findings and Conclusions can be ameliorated by permitting supplemental findings and conclusions. Despite the fact that Defendants have shown exactly the evidence they would have offered and were thus prejudiced in terms of trial presentation (Defendants present as Exhibit F hereto proposed Findings and Conclusions addressed to the '129 patent), Defendants do not object to Plaintiffs' submission on the '129 patent being considered by the Court *if* Exhibit F is considered and *if* the Court does not strike its written description submission. If either of these events do not occur, however, then Defendants request that the Court strike the portions of Plaintiffs' Post-Trial paper that refer to the '129 patent.

Defendants proposed the same opportunity for responsive supplemental findings on behalf of Plaintiffs. Specifically, Defendants noted that if Plaintiffs wanted to submit anything post-trial regarding the written description issue, they should attach their submission to their reply brief as Defendants herein do. (D.I. 189 at 8, 10, 13-14, 15; *see also* Exhibit F hereto). Plaintiffs, however, did not present such findings and conclusions and should be held to have foregone the opportunity to do so other than to the extent such a submission is reflected on page 4 of their reply brief. Their failure to include such a submission (or note any specific evidence they would have put forward in response to Defendants' submission) speaks volumes as to the lack of prejudice associated with Defendants' presentation on written description. Rather than attempt to meet the argument substantively, Plaintiffs instead attempt to rely on procedural arguments to foreclose an issue they cannot rebut absent a complete re-construction of the claims.

## II. CONCLUSION

From the post-trial submissions, it is apparent that both sides thought that issues properly raised pretrial, but not specifically mentioned in the December 3rd submissions, could be included. The Court should not strike any portions of either the Defendants' or Plaintiffs' post-trial proposed findings and conclusions and should simply decide the case upon those submissions supplemented by the findings and conclusions attached hereto at Exhibit F. Clearly, however, the Court should grant Defendants' Contingent Cross-Motion to Strike if it strikes the portions of Defendants' Findings and Conclusions devoted to their alternative argument of written description.

                                              Respectfully submitted,

Dated: August 14, 2008                          /s/ William J. Cattie, III  #953
                                              RAWLE & HENDERSON LLP
                                              William J. Cattie, III, Esq.
                                              I. D. No. 953
                                              George T. Lees, III, Esq.
                                              I.D. No. 3647
                                              300 Delaware Avenue, Suite 1015
                                              P. O. Box 588
                                              Wilmington, DE 19899-0588
                                              302-778-1200
                                              Facsimile:  302-778-1400

                                              *Attorneys for Defendants*
                                              *Andrx Pharmaceuticals, LLC and*
*Of Counsel:*                                *Andrx Corporation.*

John W. Bateman
C. Kyle Musgrove
Robert F. Vroom
Douglas T. Lee
KENYON & KENYON LLP
1500 K Street NW
Washington, DC 20005
202-220-4200